IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-048-SLR |
| | ) |
| BORGWARNER INC., and | ) |
| BORGWARNER MORSE TEC INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| BORGWARNER INC., | ) |
| | ) |
| Counterclaimant and | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HITACHI, LTD., | ) |
| | ) |
| Counterdefendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNISIA NORTH AMERICA, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**COUNTERDEFENDANT'S REPLY TO COUNTERCLAIM
AND THIRD-PARTY DEFENDANT'S ANSWER AND
<u>COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>**

Plaintiff Hitachi, Ltd. ("Hitachi"), for its reply to defendants' counterclaim, and Third-Party Defendant Unisia North America, Inc. ("UNAI"), for its answer and counterclaim to defendant BorgWarner Inc.'s third-party complaint, state as follows:[1]

**REPLY TO COUNTERCLAIM AND ANSWER TO THIRD-PARTY COMPLAINT**

17. Denied, except that Hitachi and UNIA admit that the "Counterclaim and Third Party Complaint" purports to state a cause of action seeking a claim that arises under the patent laws of the United States, Title 35, United States Code.

18. Upon information and belief, Hitachi and UNAI admit the allegations in paragraph 18.

19. Hitachi and UNAI admit the allegations in paragraph 19.

20. Hitachi Automotive Products (USA) Inc. has been dismissed from this action, so no responsive pleading is necessary.

21. Hitachi and UNAI state that UNAI's principal place of business is located in Farmington Hills, MI, but admit the remaining allegations in paragraph 21.

22. Hitachi and UNAI admit the allegations in paragraph 22.

23. Hitachi and UNAI admit the allegations in paragraph 23.

24. In response to paragraph 24, Hitachi and UNAI repeat and re-allege paragraphs 17-23 above as in fully set forth herein.

25. Hitachi and UNAI are without knowledge or information sufficient to form a conclusive belief as to the truth regarding BorgWarner Inc.'s ownership of the '738 patent and its right to recover for past and future damages from infringement. Hitachi and UNAI deny that the '738 patent was properly issued. Hitachi and UNAI admit the remaining allegations of paragraph 25.

26. Hitachi and UNAI deny the allegations in paragraph 26.

---

[1] Hitachi Automotive Products (USA), Inc. has been dismissed from this action and does not set forth any statements herein.

27. Hitachi and UNAI deny the allegations in paragraph 27.

28. Hitachi and UNAI deny the allegations in paragraph 28.

29. Hitachi and UNAI deny the allegations in paragraph 29.

## Prayer for Relief

Hitachi and UNIA deny that BorgWarner Inc. is entitled to any relief as requested in its "Prayer for Relief."

## THIRD-PARTY DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

### The Parties

30. Third-Party Counterclaimant Unisia North America, Inc. ("UNAI") is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 34500 Grand River Ave., Farmington Hills, MI 48335.

31. Defendant BorgWarner Inc. ("BorgWarner") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Troy, Michigan.

### The Nature of the Action

32. This is an action regarding patent infringement arising under the patent laws of the United States, Title 35, United States Code, in particular, sections 271 and 285.

### Jurisdiction and Venue

33. This Court has jurisdiction over the Counts set forth below, relating to the noninfringement, invalidity, and unenforceability of United States Patent No. 5,497,738 pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and

under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

34.     Personal jurisdiction and venue properly lies in this Court under 28 U.S.C. §§ 1391 and 1400 because BorgWarner resides in this judicial district and because BorgWarner has filed a Counterclaim and Third-Party Complaint in this district against UNAI.

**Declaratory Judgment of Non-Infringement,
Invalidity, and Unenforceability of United States Patent No. 5,497,738**

35.     On March 12, 1996, United States Patent No. 5,497,738 ("the '738 patent") entitled "VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR" was issued with Borg-Warner Automotive, Inc. listed as the named assignee, and Edward C. Siemon and Stanley B. Quinn, Jr., listed as the named inventors.

36.     In this action, BorgWarner Inc. has alleged that it owns all right and interest to the '738 patent.

37.     BorgWarner Inc. alleges in this action that UNAI is infringing the '738 patent.

38.     Upon information and belief, the accused variable timing control system does not infringe the '738 patent.

39.     Upon information and belief, the '738 patent is invalid under one or more provisions of Title 35 of the United States Code, including the provisions of 35 U.S.C. §§ 102, 103, and 112.

40.     Upon information and belief, the '738 patent is unenforceable due to inequitable conduct. At least the following basis exists:

4

      a.    Interference No. 102,923 ("Interference") in the U.S. Patent & Trademark Office ("PTO") involved U.S. Patent No. 5,002,023, another patent relating to variable camshaft timing for internal combustion engines and assigned to Borg-Warner Automotive, Inc. Borg-Warner Automotive, Inc.'s Interference counsel (1) prosecuted the then-pending application leading to the '738 patent and/or (2) was substantively involved in the prosecution of the then-pending application leading to the '738 patent and was associated with the assignee Borg-Warner Automotive, Inc.

      b.    During the Interference, Borg-Warner Automotive, Inc.'s counsel was made aware of U.S. Patent No. 4,627,825 to Bruss *et al.* (the "Bruss patent"). The Bruss patent is prior art that is material to the patentability of claim 10 of the '738 patent, and, specifically, renders claim 10 invalid. Though Borg-Warner Automotive, Inc.'s counsel was made aware of the Bruss Patent during prosecution of the '738 patent, it never cited the Bruss patent to the PTO during the prosecution of the '738 patent.

      c.    On information and belief, Borg-Warner Automotive, Inc.'s counsel knowingly and willfully withheld the Bruss patent from the PTO during prosecution of the '738 patent. Consequently, the Bruss patent was not considered by the PTO during prosecution of the '738 patent. Borg-Warner Automotive, Inc.'s counsel's intentional withholding of the Bruss patent was the proximate cause of the issuance of claim 10 of the '738 patent.

41.    As a consequence of the foregoing, there is an actual and justiciable controversy between UNAI and BorgWarner Inc. over the infringement, validity, and

enforceability of the '738 patent, with respect to which Hitachi is entitled to a declaratory judgment in its favor.

## **Prayer for Relief**

WHEREFORE, UNAI respectfully prays for the following relief:

a. Judgment declaring that UNAI has not infringed the '738 patent;

b. Judgment declaring that the '738 patent is invalid;

c. Judgment declaring that the '738 patent is unenforceable;

d. Judgment declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding to UNAI its reasonable attorneys' fees expended in bringing and maintaining this action; and

e. Judgment awarding UNAI such other and further relief as this Court may deem just and proper.

ASHBY & GEDDES

　　　/s/ *John G. Day*　　　
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated:  March 17, 2005
154729.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2005, the attached

**COUNTERDEFENDANT'S REPLY TO COUNTERCLAIM AND THIRD-PARTY DEFENDANT'S ANSWER AND COUNTERCLAIM FOR DECLARATORY JUDGMENT** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899 | HAND DELIVERY |
| Hugh A. Abrams, Esq.<br>Marc A. Cavan, Esq.<br>Hillary A. Mann, Esq.<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, IL  60603 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*
John G. Day