IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-048-SLR |
| | ) | |
| BORGWARNER INC., and | ) | |
| BORGWARNER MORSE TEC INC., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— | ) | |
| | ) | |
| BORGWARNER INC., | ) | |
| | ) | |
| Counterclaimant and | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HITACHI, LTD., | ) | |
| Counterdefendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNISIA NORTH AMERICA, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| —————————————————— | ) | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
THEIR MOTION UNDER FED.R.CIV.P. 12(F) TO STRIKE PLAINTIFF'S
ALLEGATIONS OF INEQUITABLE CONDUCT IN THE COMPLAINT**

Hugh A. Abrams                          Richard K. Herrmann (I.D. #405)
Marc A. Cavan                           Lewis H. Lazarus (I.D. #2374)
Hillary A. Mann                         Morris James Hitchens & Williams LLP
Sidley Austin Brown & Wood, LLP         222 Delaware Avenue, 10th Floor
10 South Dearborn Street                P.O. Box 2306
Chicago, Illinois 60603                 Wilmington, DE  19899
(312) 853-7000                          (302) 888-6800

Dated: March 18, 2005

# TABLE OF CONTENTS

**Page**

I.      HITACHI'S PLEADING FAILS TO SPECIFICALLY IDENTIFY "WHO"
         ALLEGEDLY COMMITTED INEQUITABLE CONDUCT AND "WHEN"
         THAT PERSON ALLEGEDLY LEARNED OF THE NON-CITED
         REFERENCE DURING THE PROSECUTION OF THE '738 PATENT ........................ 1

II.     HITACHI'S PLEADING FAILS TO SATISFY THE REQUIREMENTS OF
         RULE 9(B) ................................................................................................................ 3

III.    IF NOT STRICKEN, HITACHI'S PLEADING SHOULD BE LIMITED TO
         THE SPECIFIC CIRCUMSTANCES ALLEGED IN ITS ANSWERING BRIEF ......... 5

IV.    CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

## CASES

*Advanced Cardiovascular Sys. Inc. v Medtronic Inc.*,
  41 U.S.P.Q.2d 1770, 1996 WL 467273 (N.D. Cal. 1996) ................................5

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*,
  394 F.3d 126 (3d Cir. 2004)...........................................................................3

*EMC Corp. v. Storage Tech. Corp.*,
  921 F. Supp. 1261 (D. Del. 1996)................................................................4, 6

*FMC Corp. v. Hennessy Indus., Inc.*,
  836 F.2d 521 (Fed. Cir. 1987)........................................................................1

*Lum v. Oriani*,
  361 F.3d 217 (3d Cir. 2004)...........................................................................3

*Norian Corp. v. Stryker Corp.*,
  363 F.3d 1321 (Fed. Cir. 2004)......................................................................2

*In re Papst Licensing, GmbH Patent Litigation*,
  174 F. Supp. 2d 446 (E.D. La. 2001) ............................................................3

*Schwarzkopf Techs. Corp v. Ingersoll Cutting Tool Co.*,
  820 F. Supp. 150 (D. Del. 1992) ....................................................................4

*Seville Indus. Mach. Corp v. Southmost Mach. Corp.*,
  742 F.2d 786 (3d Cir. 1984)....................................................................... 1, 4

*Sun-Flex Co. v. Softview Computer Prods. Corp.*,
  750 F. Supp. 962 (N.D. Ill. 1990) ..................................................................5

*Townshend v. Rockwell Int'l Corp.*,
  55 U.S.P.Q.2d 1011, 2000 WL 433505 (N.D. Cal. 2000) ..............................3

*Trueposition, Inc. v. Allen Telecom, Inc.*,
  No. 01-823 GMS, 2003 U.S. Dist. LEXIS 881 (D. Del. Jan. 21, 2003)............4

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*,
  No. 99-CV-274, 2000 U.S. Dist. LEXIS 14648 (D. Del. Sept. 29, 2000)..................1, 5, 6

*Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc.*,
  14 F. Supp. 2d 1046 (N.D. Ill. 1998) .............................................................3

*Wolf v. Wagner Spray Tech. Corp.*,
 715 F. Supp. 504 (S.D.N.Y. 1989)......................................................................................4

## RULE

Fed.R.Civ.P. 9(b) .............................................................................................................1, 3, 4, 5

Defendants (collectively "BorgWarner") submit this reply in support of their motion to strike plaintiff's allegations of inequitable conduct in paragraph 15 of the Complaint.

## I.    Hitachi's Pleading Fails To Specifically Identify "Who" Allegedly Committed Inequitable Conduct And "When" That Person Allegedly Learned Of The Non-Cited Reference During The Prosecution Of The '738 Patent.

The purpose of Fed.R.Civ.P. 9(b) is to place the parties on notice of the precise misconduct with which they are charged and to safeguard the parties against spurious charges of immoral and fraudulent behavior. *See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, No. 99-CV-274, 2000 U.S. Dist. LEXIS 14648, at *8 (D. Del. Sept. 29, 2000), *citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Pleadings that disclose the relevant prior art *and alert the patentee to the alleged fraud* satisfy the requirements of Rule 9(b). *Id.* Thus, disclosure of the relevant prior art, without more, is not sufficient to satisfy Rule 9(b). (*See* Hitachi Brief, D.I. 15 at 6-7).

In its motion, BorgWarner identified two specific deficiencies in the inequitable conduct defense as pleaded by plaintiff Hitachi, Ltd. ("Hitachi"). First, the pleading does not identify "who" committed the alleged inequitable conduct. "One attempting to prove inequitable conduct must prove by clear and convincing evidence that the conduct of the person *charged* was inequitable." *FMC Corp. v. Hennessy Indus., Inc.*, 836 F.2d 521, 525 n. 5 (Fed. Cir. 1987)(emphasis in original). Hitachi's Complaint fails to identify specifically "who" is charged with inequitable conduct. Hitachi's Complaint therefore fails to place BorgWarner on notice of the *precise misconduct* alleged. (*See* Hitachi Brief, D.I. 15 at 6).

In Paragraph 15 of the Complaint, Hitachi vaguely identifies BorgWarner's "Interference counsel" and BorgWarner's "counsel." (Complaint, D.I. 1 at 4). In its Answering

Brief, Hitachi now specifically identifies Mr. Greg Dziegielewski, in-house counsel at BorgWarner, as the accused actor. (Hitachi Brief, D.I. 15 at 9). Hitachi apparently makes no allegations of misconduct against outside counsel for BorgWarner who acted as "Interference counsel" or counsel who prosecuted the '738 patent.

Second, BorgWarner also sought identification of "when" during the prosecution of the '738 patent the alleged inequitable conduct occurred. In Paragraph 15(b), Hitachi specifically states that BorgWarner's counsel "was made aware of the Bruss Patent *during the prosecution of the '738 patent.*" (Complaint, D.I. 1 at 4). The timing of the alleged knowledge is significant because inequitable conduct can *only* occur *during* prosecution. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1330 (Fed. Cir. 2004)("A patent may be rendered unenforceable if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO *during prosecution*)(emphasis added).

Hitachi's Complaint makes reference to an interference proceeding involving a patent *other* than the '738 patent in suit as "when" the attorney allegedly learned about the Bruss Patent. (Complaint, D.I. 1 at 4). However, that interference proceeding commenced long before the prosecution of the '738 patent, and involved a different, unrelated patent. Nothing in the Complaint identifies when (or how) the unidentified counsel who prosecuted the '738 patent was made aware of the Bruss Patent *during the prosecution of the '738 patent*, as alleged in Paragraph 15(b).

In its Answering Brief, Hitachi now identifies five papers from the interference record as being the basis for BorgWarner's counsel's knowledge of the non-disclosed Bruss

Patent.  However, four of those papers (dated September 28, 1992; October 17, 1992; November

23, 1992; and, December 9, 1992) are all dated *prior* to the commencement of the prosecution of

the '738 patent in May 1993. (*See* Hitachi Brief, D.I. 15 at 10).  Accordingly, *none* of those

previously non-identified papers from the interference record could have made the unnamed

counsel aware of the Bruss Patent *during* the prosecution of the '738 patent.

Hitachi does identify *one* paper that is dated during the pendency of the

application for the '738 patent – a 57-page paper filed on January 31, 1994, which mentions the

Bruss Patent only in passing, on page 33.  (*See* D.I. 15, Hitachi Ex. 2, p. 105).  This paper is the

only document that allegedly supports Hitachi's contention in Paragraph 15(b) of its Complaint.

## II.    Hitachi's Pleading Fails To Satisfy The Requirements Of Rule 9(b).

Hitachi focuses on the "date, place or time" requirement discussed in the case

authorities, yet virtually ignores the cases cited by both BorgWarner and Hitachi that require the

*actor* of the alleged misconduct be identified.   *See In re Papst Licensing, GmbH Patent*

*Litigation*, 174 F. Supp. 2d 446, 449 (E.D. La. 2001)(requiring inequitable conduct allegations

"identify the *person* who made misrepresentations")(emphasis added); *Townshend v. Rockwell*

*Int'l Corp.*, 55 U.S.P.Q.2d 1011, 1024, No. C-990400 SBA, 2000 WL 433505 (N.D. Cal.

2000)(requiring inequitable conduct claim to include identities of the parties who made

misrepresentations); *Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D.

Ill. 1998)(requiring defendant to plead "the 'who, what, when, and where' of the alleged

inequitable conduct"). *See also, e.g.*, *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d

126, 144 (3d Cir. 2004)(noting that Rule 9(b) allegations of securities fraud must specify who

committed the alleged fraud); *Lum v. Oriani*, 361 F.3d 217, 224 (3d Cir. 2004)(holding as

insufficient under Rule 9(b) wire fraud allegations that failed to indicate which defendant made

misrepresentations, to whom and general content of misrepresentation); *Wolf v. Wagner SprayTech Corp.*, 715 F. Supp. 504, 507 (S.D.N.Y. 1989)(noting that under Rule 9(b), allegations must identify the defendant who made the alleged fraudulent statements). While not *requiring* identification of a specific "date, time or place," the cases cited by Hitachi *do* require "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *See Seville Indus. Mach. Corp.*, 742 F.2d at 791.

Hitachi relies on precedent where the issue was whether the non-disclosed prior art was identified in the pleading; not whether there was a failure to identify the person who allegedly committed inequitable conduct. For example, in *EMC Corp. v. Storage Technology Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996), this Court found that Rule 9(b) does not require that the complaint allege the date, time of place of the alleged inequitable conduct, *provided the complaint gives the defendants notice of the precise misconduct alleged*. In *EMC Corp.*, this Court found that the allegations of inequitable conduct were insufficient under Rule 9(b) specifically because they did not identify the relevant art. No issue was raised with regard to the identification of the person who allegedly committed the inequitable conduct.

Similarly, in the *Schwarzkopf* case cited by Hitachi, the court's holding was based on the lack of identification of the non-disclosed prior art in the pleading. *See Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 820 F. Supp. 150, 154 (D. Del. 1992). Again, Hitachi misses the point by relying on situations where the issue is unidentified prior art, rather than a failure to identify the actor who allegedly committed the inequitable conduct. *See also Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823 GMS, 2003 U.S. Dist. LEXIS 881, at *18-20 (D. Del. Jan. 21, 2003)(holding based on lack of identification of prior art and not addressing the issue of identification of the actor who allegedly committed inequitable conduct). Without

4

identification of the specific actor accused of inequitable conduct, Hitachi's pleadings fail to disclose the precise misconduct alleged, as intent is a necessary element of a charge of inequitable conduct.

Contrary to Hitachi's assertions, the cases cited by BorgWarner also make clear that a party must specifically allege when the inequitable conduct occurred; merely stating "during the prosecution" is insufficient. *See Advanced Cardiovascular Sys. Inc. v. Medtronic, Inc.*, 41 U.S.P.Q.2d 770, 1775, No. C-960942 DLJ, 1996 WL 467273 (N.D. Cal. 1996); *see also, e.g., Sun-Flex Co. Inc., v. Softview Computer Prods. Corp.*, 750 F. Supp. 962, 964-65 (N.D. Ill. 1990)(noting "defendants have not disclosed the time frame in which the inequitable conduct occurred" when granting motion to strike).

Hitachi cites no legal authority for its contention that the specifics of its allegations need not be identified in its pleadings because such information is apparent and available from the public records and BorgWarner's internal records.  Hitachi's contention flies in the face of the numerous cases it cites requiring identification of *at least* the non-disclosed prior art ─ information that can be gleaned from public records and internal records, but nevertheless required to be specifically identified in pleadings.  Accordingly, reliance on unidentified information in the public record does not satisfy Rule 9(b).

**III.    If Not Stricken, Hitachi's Pleading Should Be Limited To The Specific Circumstances Alleged In Its Answering Brief.**

Hitachi asserts that its brief in opposition should be sufficient to clarify the deficiencies in its pleading.  (*See* Hitachi Brief, D.I. 15 at 10).  BorgWarner recognizes that this Court has allowed parties to clarify insufficient inequitable conduct allegations through an opposition brief, rather than requiring amendment of the pleadings.  *Union Carbide Chems.*, No. 99-CV-274, 2000 U.S. Dist. LEXIS 14648, at *10.

However, as this Court ruled in *Union Carbide Chems.,* insufficiently pled allegations of inequitable conduct shall not be used to justify subsequent discovery into such allegations. *Id. citing EMC Corp.*, 921 F. Supp. at 1263. Discovery should not be permitted to extend beyond the specific allegations identified in Hitachi's Answering Brief. *Id.*

In its opposition brief, Hitachi identifies BorgWarner's in-house counsel, Greg Dziegielewski, as the person who allegedly engaged in inequitable conduct. (*See* Hitachi Brief, D.I. 15 at 9). Accordingly, discovery on this issue should be limited to the identified person, Mr. Dziegielewski, and not permitted of BorgWarner's Interference counsel or of BorgWarner's counsel who prosecuted the '738 patent.

Similarly, the single paper cited in support of the allegation in Paragraph 15(b) of counsel's alleged knowledge *during* the prosecution of the '738 patent is the January 1994 paper filed in the interference. Discovery on this issue should be limited to Mr. Dziegielewski's knowledge, if any, of the contents of that paper, and should not extend into other areas.

## IV.    Conclusion

Paragraph 15 of Hitachi's Complaint fails to meet the standards of Rule 9(b), Fed.R.Civ.P., and should be stricken. Although the Federal Rules liberally permit amendment of the pleadings, Hitachi makes no specific motion for leave to amend, other than a passing request buried in a footnote at the end of its Answering Brief. (*See* Hitachi Brief, D.I. 15 at 12, n. 2).

In the event the Court permits Hitachi to rely on its Answering Brief as a clarification of its pleading, BorgWarner requests that, as in *Union Carbide*, this Court enter an Order limiting discovery to the specific individual referenced in Hitachi's brief, and the single

6

paper referenced in its Answering Brief that supports the allegations in Paragraph 15(b) of

Hitachi's Complaint.

Dated: March 18, 2005                    Respectfully submitted,

                                         MORRIS, JAMES, HITCHENS & WILLIAMS LLP


                                         _____/s/ Richard K. Herrmann_ _____
                                         Richard K. Herrmann (I.D. #405)
                                         Lewis H. Lazarus (I.D. #2374)
                                         222 Delaware Avenue, 10th Floor
                                         Wilmington, DE 198019
                                         (302) 888-6800

                                         Of Counsel:

                                         Hugh A. Abrams
                                         Marc A. Cavan
                                         Hillary A. Mann
                                         Sidley Austin Brown & Wood, LLP
                                         10 South Dearborn Street
                                         Chicago, Illinois 60603
                                         (312) 853-7000

                                         Attorneys for BorgWarner Inc., Borg-Warner
                                         Automotive, Inc., BorgWarner Powdered Metals,
                                         Inc., and BorgWarner Morse Tec Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 18th day of March, 2005, I electronically filed the foregoing document, **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION UNDER FED.R.CIV.P. 12(f) TO STRIKE PLAINTIFF'S ALLEGATIONS OF INEQUITABLE CONDUCT IN THE COMPLAINT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 18th day of March, 2005, the foregoing document was served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Paven K. Agarwal, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
pagarwal@foley.com

_____/s/ Richard K. Herrmann_____
Richard K. Herrmann (#405)
Lewis H. Lazarus (I.D. #2374)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
llazarus@morrisjames.com

Attorneys for Defendants