IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and <br> UNISIA NORTH AMERICA, INC., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Civil Action No. 05-048-SLR |
| v. | ) <br> ) | |
| BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC. | ) <br> ) <br> ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI"), for their Second Amended Complaint against Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. (collectively "BW"), state as follows:

### The Parties

1. Plaintiff Hitachi, Ltd. is a corporation organized and existing under the laws of the country of Japan and having its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280 Japan.

2. Plaintiff Unisia North America, Inc. is a Delaware Corporation, having its principal place of business in Farmington Hills, Michigan.

3. Upon information and belief, Defendant BorgWarner Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Troy, Michigan.

4.	Upon information and belief, Defendant BorgWarner Morse TEC Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Ithaca, New York.

### The Nature of the Action

5.	This is an action regarding patent infringement arising under the patent laws of the United States, Title 35, United States Code, in particular, sections 271 and 285.

### Jurisdiction and Venue

6.	This Court has jurisdiction over the Count set forth below, relating to the noninfringement, invalidity, and unenforceability of United States Patent No. 5,497,738 pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7.	Venue properly lies in this Court under 28 U.S.C. §§ 1391 and 1400 because BW resides in this judicial district.

### Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of United States Patent No. 5,497,738

8.	On March 12, 1996, United States Patent No. 5,497,738 ("the '738 patent") entitled "VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR" was issued with Borg-Warner Automotive Inc. listed as the named assignee, and Edward C. Siemon and Stanley B. Quinn listed as the named inventors. A copy of the '738 patent is attached as Exhibit A.

9. Borg-Warner Automotive Inc. is understood to be a former corporate name for BorgWarner Inc., which alleges to own all right and interest to the '738 patent. In addition, BorgWarner Morse TEC Inc. approached Hitachi regarding the '738 patent.

10. Since November 2003, BW has accused Hitachi of infringing claim 10 of the '738 patent by Hitachi's variable timing control systems.

11. Since December of 2003, representatives of BW and representatives of Hitachi have met repeatedly to discuss the dispute. In addition to the meetings, BW and Hitachi have corresponded with each other extensively about the details of BW's infringement allegations in this dispute. These discussions and correspondence have been unsuccessful in resolving the dispute. BW has threatened an infringement suit against Hitachi over the '738 patent.

12. On February 25, 2005, BW filed a third-party complaint against UNAI, alleging that UNAI is infringing the '738 patent.

13. Upon information and belief, the accused variable timing control systems do not infringe any claim of the '738 patent.

14. Upon information and belief, each claim of the '738 patent is invalid under one or more provisions of Title 35 of the United States Code, including the respective provisions of 35 U.S.C. §§ 102, 103, and 112.

15. Upon information and belief, the '738 patent is unenforceable for inequitable conduct. At least the following basis exists:

   a. Interference No. 102,923 ("Interference") in the U.S. Patent & Trademark Office ("PTO") involved U.S. Patent No. 5,002,023, another patent relating to variable camshaft timing for internal combustion engines and assigned

3

to Borg-Warner Automotive, Inc. Borg-Warner Automotive, Inc.'s Interference counsel (1) prosecuted the then-pending application leading to the '738 patent and/or (2) was substantively involved in the prosecution of the then-pending application leading to the '738 patent and was associated with the assignee Borg-Warner Automotive, Inc.

  b. During the Interference, Borg-Warner Automotive, Inc.'s counsel was made aware of U.S. Patent No. 4,627,825 to Bruss *et al.* (the "Bruss patent"). The Bruss patent is prior art that is material to the patentability of claim 10 of the '738 patent, and, specifically, renders claim 10 invalid. Though Borg-Warner Automotive, Inc.'s counsel was made aware of the Bruss Patent during prosecution of the '738 patent, it never cited the Bruss patent to the PTO during the prosecution of the '738 patent.

  c. On information and belief, Borg-Warner Automotive, Inc.'s counsel knowingly and willfully withheld the Bruss patent from the PTO during prosecution of the '738 patent. Consequently, the Bruss patent was not considered by the PTO during prosecution of the '738 patent. Borg-Warner Automotive, Inc.'s counsel's intentional withholding of the Bruss patent was the proximate cause of the issuance of the '738 patent.

16. As a consequence of the foregoing, there is an actual and justiciable controversy between Hitachi, UNAI and BW over the infringement, validity, and enforceability of the '738 patent, with respect to which Hitachi and UNAI are entitled to a declaratory judgment in their favor.

**Prayer for Relief**

WHEREFORE, Hitachi and UNAI respectfully pray for the following relief:

a. Judgment declaring that Hitachi and UNAI have not infringed any claim of the '738 patent;

b. Judgment declaring that each claim of the '738 patent is invalid;

c. Judgment declaring that the '738 patent is unenforceable;

d. Judgment declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding to Hitachi and UNAI their reasonable attorneys' fees expended in bringing and maintaining this action; and

e. Judgment awarding Hitachi and UNAI such other and further relief as this Court may deem just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: April 27, 2005
156424.1

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2005, the attached **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esq.<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899 | **HAND DELIVERY** |
| Hugh A. Abrams, Esq.<br>Marc A. Cavan, Esq.<br>Hillary A. Mann, Esq.<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, IL  60603 | **VIA FEDERAL EXPRESS** |

*/s/ Steven J. Balick*
_____
Steven J. Balick