IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) Civil Action No. 05-048-SLR ) ) ) JURY TRIAL DEMANDED ) ) ) ) ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT,
COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. (collectively "BorgWarner" where appropriate), for their Answer, and BorgWarner Inc.'s Counterclaim, in response to the Second Amended Complaint for Declaratory Judgment ("Second Amended Complaint") filed by Plaintiffs Hitachi, Ltd., ("Hitachi") and Unisia North America, Inc. ("UNAI") state as follows:

**The Parties**

1.     BorgWarner is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Second Amended Complaint and therefore denies them.

2.  BorgWarner is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Second Amended Complaint and therefore denies them.

3.  BorgWarner admits that BorgWarner Inc. is a Delaware corporation. BorgWarner admits that BorgWarner Inc. formerly had its principal place of business in Troy, Michigan. BorgWarner Inc. now has its principal place of business in Auburn Hills, Michigan.

4.  BorgWarner Morse TEC Inc. is a wholly-owned subsidiary of BorgWarner Inc. BorgWarner admits the remaining allegations of paragraph 4 of the Second Amended Complaint.

## The Nature of the Action

5.  Denied, except BorgWarner admits that the Second Amended Complaint purports to state a cause of action seeking a declaratory judgment that arises under the patent laws of the United States, Title 35, United States Code.

## Jurisdiction and Venue

6.  Denied, except BorgWarner admits that this Court has jurisdiction of actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a), that this Court has jurisdiction of actions seeking declaratory judgments under 28 U.S.C. §§ 2201 and 2202 and does not contest the declaratory judgment jurisdiction of this Court for this action.

7.  BorgWarner admits the allegations of paragraph 7 of the Second Amended Complaint.

**Declaratory Judgment Claim**

8.     BorgWarner admits the allegations of paragraph 8 of the Second Amended Complaint, except as to Stanley B. Quinn being listed as a named inventor on the '738 patent. BorgWarner admits that Stanley B. Quinn, Jr., is listed as a named inventor of the '738 patent. BorgWarner admits a copy of the '738 patent is attached to the Second Amended Complaint as Exhibit A.

9.     BorgWarner admits that the '738 patent is assigned to BorgWarner Inc. BorgWarner admits that Borg-Warner Automotive, Inc. is a former corporate name for BorgWarner Inc.  BorgWarner admits that BorgWarner Inc., through its BorgWarner Morse TEC Inc. subsidiary, approached Hitachi to offer a license under the '738 patent.

10.    BorgWarner admits that Hitachi was given notice of infringement of the '738 patent at least as early November 2003.  BorgWarner admits the remaining allegations of paragraph 10 of the Second Amended Complaint.

11.    Denied, except BorgWarner admits that representatives of BorgWarner and representatives of Hitachi have met at various times since at least as early as December 2003 to discuss the dispute and that representatives of Hitachi and BorgWarner have corresponded with each other regarding the dispute in an unsuccessful effort to resolve the dispute.  BorgWarner admits that it has filed a counterclaim alleging infringement of the '738 patent against Hitachi and UNAI in this action.

12.    BorgWarner admits the allegations of paragraph 12 of the Second Amended Complaint.

13. BorgWarner denies the allegations of paragraph 13 of the Second Amended Complaint.

14. BorgWarner denies the allegations of paragraph 14 of the Second Amended Complaint.

15. For its response to the allegations of paragraph 15, BorgWarner has separately moved to strike paragraph 15 of the original Complaint under Fed.R.Civ.P. 12(f). By Stipulation of the Parties (D.I. 19), entered April 6, 2005, the motion to strike paragraph 15 is agreed to apply equally to paragraph 15 of the Amended Complaint. Accordingly, no responsive pleading to paragraph 15 of the Second Amended Complaint is required at this time.

16. Denied, except BorgWarner admits that an actual and justiciable controversy concerning the '738 patent exists between BorgWarner and Hitachi and UNAI.

## Prayer for Relief

a. BorgWarner denies that Hitachi and UNAI should be entitled to a declaration that Hitachi and UNAI have not infringed any claim of the '738 patent, or any other claim.

b. BorgWarner denies that Hitachi and UNAI should be entitled to a declaration that any claim of the '738 patent is invalid.

c. BorgWarner denies that Hitachi and UNAI should be entitled to a declaration that the '738 patent is unenforceable.

    d.    BorgWarner denies that Hitachi and UNAI should be entitled to a declaration that this is an exceptional case pursuant to 35 U.S.C. §285 and that Hitachi and UNAI are entitled to any attorneys' fees.

    e.    BorgWarner denies that Hitachi and UNAI are entitled to any additional relief.

## COUNTERCLAIM

BorgWarner Inc., for its Counterclaim, alleges and avers against Counterdefendants Hitachi, Ltd., and Unisia North America, Inc., as follows:

### The Nature of the Counterclaim

17.    This Counterclaim for patent infringement arises under the United States Patent Laws, 35 U.S.C. §§ 101, *et seq*.

### The Parties

18.    Counterclaimant BorgWarner Inc. is a Delaware corporation, having its principal place of business in Auburn Hills, Michigan.

19.    On information and belief, and as alleged in its Second Amended Complaint, counterdefendant Hitachi, Ltd. is a corporation organized and existing under the laws of Japan, having its principal place of business at 6-6 Marunouchi, 1-chome, Chiyoda-ku, Tokyo, 100-8280 Japan.

20.    On information and belief, and as alleged in its Second Amended Complaint, counterdefendant Unisia North America, Inc. ("UNAI") is a Delaware corporation, having its

principal place of business in Farmington Hills, Michigan. On information and belief, UNAI is a subsidiary of Hitachi, Ltd.

### Jurisdiction and Venue

21.     This Court has subject matter jurisdiction of this Counterclaim pursuant to 28 U.S.C. § 1338(a). Venue is proper in this District based on 28 U.S.C. §§ 1391(c) and 1400(b).

22.     Counterdefendants Hitachi, Ltd. and UNAI are subject to the personal jurisdiction of this Court by having filed this action in this Court. UNAI also resides in this judicial district.

### Count I

23.     BorgWarner Inc. hereby realleges Paragraphs 17-22 of this Counterclaim.

24.     On March 12, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,497,738 ("the '738 patent"), entitled "VCT Control With A Direct Electromechanical Actuator," to Edward C. Siemon and Stanley B. Quinn, Jr. BorgWarner Inc. owns all right and interest in the '738 patent, and has the right to recover for past and future damages from infringement. A true and correct copy of the '738 patent is attached hereto as Exhibit A.

25.     Hitachi, Ltd. and/or UNAI have infringed and continue to infringe, contributorily infringe and/or induce the infringement of, the '738 patent by making, using, selling, offering for sale and/or importing into the United States variable camshaft timing components, including without limitation, cam phasers, spool valves and/or solenoids, which are combined with other components to utilize the patented invention.

26.     Hitachi, Ltd. and/or UNAI have sold these variable camshaft timing components to vehicle manufacturers, including without limitation Nissan Motor Co., Ltd. and/or Ford Motor Company and/or their United States subsidiaries and/or suppliers, for use in combination with engines in vehicles manufactured, used, sold, offered for sale and/or imported into the United States.

27.     Hitachi, Ltd. and UNAI have been given appropriate notice of the '738 patent under 35 U.S.C. § 287.

28.     Hitachi, Ltd. and/or UNAI have infringed the '738 patent willfully, making this an exceptional case and justifying the assessment of treble damages pursuant to 35 U.S.C. § 284 and the award of attorney fees pursuant to 35 U.S.C. § 285.

**<u>Prayer for Relief</u>**

WHEREFORE, BorgWarner Inc. demands judgment against Hitachi, Ltd. and UNAI and respectfully prays that the Court enter an order which:

(a)     awards to Counterclaimant BorgWarner Inc. damages incurred by reason of Hitachi, Ltd.'s and/or UNAI's acts of infringement, including increased damages for willfulness of up to three times the amount;

(b)     awards to Counterclaimant BorgWarner Inc. its costs and expenses of this suit, including reasonable attorney fees for bringing and prosecuting this action;

(c)     awards to Counterclaimant BorgWarner Inc. such pre-judgment and post-judgment interest as is allowed by law;

    (d)    permanently enjoins Counterdefendants Hitachi, Ltd. and UNAI from further acts of infringement; and

    (e)    awards to Counterclaimant BorgWarner Inc. such other and further relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendants and Counterclaimant, BorgWarner Inc. and BorgWarner Morse TEC Inc., hereby demand trial by jury of any and all issues triable of right by jury.

Dated: May 6, 2005                      MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                                                      /s/ Richard K. Herrmann
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.

OF COUNSEL:

SIDLEY AUSTIN BROWN & WOOD, LLP
Hugh A. Abrams
Marc A. Cavan
Hillary A. Mann
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2005, I electronically filed the foregoing document, **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, COUNTERCLAIM AND DEMAND FOR JURY TRIAL**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 6th day of May, 2005, the foregoing document was served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Paven K. Agarwal, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
pagarwal@foley.com

    */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Lewis H. Lazarus (I.D. #2374)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
llazarus@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.