IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. <br><br>——————————————————————<br><br> BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC. <br><br> Counterdefendants. | Civil Action No. 05-048-SLR |

## SCHEDULING ORDER

This ____ day of _____, 2005, the Parties having satisfied their obligations under

Fed.R.Civ.P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to

Fed.R.Civ.P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**: The Parties have exchanged the information

required by Fed.R.Civ.P. 26(a)(1) and D. Del. LR 16.2 on <u>April 29, 2005</u>.

2. **Discovery:**

(a) The Parties anticipate requiring discovery from each other and third parties to support their claims, affirmative defenses, and/or counterclaims, including discovery regarding Hitachi's claims of invalidity, noninfringement, unenforceability, and inequitable conduct, and BorgWarner's claims of infringement, willfulness and damages.

(b) All fact discovery shall be commenced in time to be completed by January 13, 2006.

(1) Document production shall begin as soon as practicable and shall continue on a rolling basis such that it is substantially complete by August 5, 2005.

BorgWarner requests that Hitachi commit to production of documents by mid-June 2005 relating to the structure and operation of the accused products (See BorgWarner Document Requests Nos. 1-15), and prior art. The requested documents relate to Plaintiff Hitachi's allegations of noninfringement and invalidity in its Complaint and will likely require translation from Japanese language to English (unless Hitachi provides translations with its document production). Hitachi has committed to production of documents in mid-July 2005, but BorgWarner requests that at least the above-identified documents be produced no later than mid-June 2005 to allow BorgWarner to obtain the necessary translations, begin its review of documents and prepare for depositions.

In response, Hitachi's attorneys state that they are working diligently with Hitachi and UNAI on the document discovery efforts. However, they can not commit to specific production of a large amount of documents with a deadline that is two or three weeks away. Many of the

documents that BorgWarner is requesting are currently located in Japan and are presumably in Japanese; therefore, BorgWarner's request will be burdensome. Further, if the Court grants BorgWarner's request for an early June 2005 production, then Hitachi requests that BorgWarner similarly commit to production of documents in early June 2005 relating to the structure, operation, design and development of the patented invention, including prior art known to BorgWarner.

Any remaining document production shall be completed no later than <u>September 16, 2005</u>.

   (2)  Maximum of <u>25</u> interrogatories by each named party to each other named party.

   (3)  Maximum of <u>35</u> requests for admission by each party to any other party, not including requests directed to the authentication of documents and the proper translation of foreign documents.

   (4)  In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed.R.Civ.P. 30(b)(6)) shall be scheduled prior to the completion of document production.

   (5)  Hitachi proposes that each party is collectively limited <u>100</u> hours for depositions of all witnesses, except expert witnesses. BorgWarner proposes that each party is collectively limited to <u>200</u> hours for depositions of all witnesses, except expert witnesses. BorgWarner anticipates that most, if not all, the depositions of Hitachi will be through an interpreter, in contrast to the depositions of BorgWarner. (Hitachi objects to the

characterization that "if not all" of the depositions will be in a foreign language.) Because of the difficulties in working through an interpreter, BorgWarner requests that it be allowed to petition the Court for additional deposition testimony upon the showing of good cause, which may include language difficulties and delays associated with using an interpreter. Hitachi similarly requests that it be allowed to petition the Court for additional deposition testimony upon the showing of good cause. Hitachi also objects to the characterization that "language difficulties and delays associated with using an interpreter" will necessarily result. The parties shall not engage in duplicative discovery. The parties agree that, for the convenience of the witnesses and parties, depositions may be taken in Japan at a site other than the United States Consulate (such as the Tokyo office of either Hitachi's counsel or BorgWarner's counsel) and such depositions will be conducted under the Federal Rules of Civil Procedure and shall be binding on the parties and subject to the Court's jurisdiction as if the depositions had been taken in the United States.

(6)    Hitachi shall advise BorgWarner by <u>November 16, 2005</u> whether it intends to rely on advice of counsel in defense to BorgWarner's charge of willful infringement. If Hitachi intends to rely on the advice of counsel defense, it shall produce all documents related to that advice of counsel within the scope of Hitachi's waiver of privilege (as set forth by applicable case law) on or about <u>November 16, 2005</u>. Hitachi agrees to produce a witness on this topic in the United States, unless other depositions of Hitachi are scheduled to be taken in Japan after November 16, 2005.

(7)    The Parties agree that service of discovery, motions or other materials during this case shall be made on lead counsel of record (with copies to all counsel of record) by hand-delivery, facsimile or e-mail. If service was made by facsimile or e-mail on a particular

4

counsel, a confirmation hard copy shall be sent overnight mail to that counsel. Exhibits to such materials are not required to be served with an e-mail or facsimile provided that the exhibits are served with the confirmation hard copy by overnight delivery. However, if a party chooses to serve such exhibits with the corresponding materials by e-mail or facsimile, confirmation hard copies may be served by First Class mail instead of overnight mail. Service by hand-delivery/facsimile/e-mail shall be considered served on the date hand-delivered, faxed or e-mailed provided that any necessary confirmation hard copies were sent by overnight mail in accordance with this paragraph. Nothing in this paragraph shall preclude any party from otherwise serving materials not filed with the Court by any other acceptable service methods under the Federal Rules.

   (c) Expert discovery shall be commenced in time to be completed by <u>May 31, 2006</u>.

   (1) Expert reports on issues for which the Parties have the burden of proof are due <u>March 3, 2006</u>. Rebuttal expert reports are due <u>May 5, 2006</u>.

   (2) Expert depositions to be limited to a maximum of <u>7</u> hours unless extended by agreement of the parties.

   (3) To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d) Supplementations under Rule 26(e) shall take place <u>in a timely manner throughout discovery</u>, but at the very least shall be made on <u>September 16, 2005</u> and <u>November 18, 2005</u>.

(e) Discovery Disputes:

(1) The Court shall conduct in-person at least two (2) discovery status conferences – the first on _____ from _____ a.m. to _____ p.m., and the second on _____ from ____ a.m. to _____ p.m., or at some other date and time convenient for the Court. The parties suggest that the first discovery status conference occur on or about August 5, 2005 (in order to discuss any document production issues) and the second discovery status conference to occur on or about December 16, 2005 (in order to discuss any issues relating to depositions).

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to Fed.R.Civ.P. 37 shall be filed.

(f) Fact Witnesses to be Called at Trial:

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each

6

party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

    (g)  E-mail Discovery:

    The parties shall exchange lists by <u>June 10, 2005</u> of the most likely custodians of highly relevant e-mail materials, including their titles and a brief description of their responsibilities. The parties agree to initially examine the hard drives of the most likely custodians for highly relevant e-mail materials, including individuals listed on the parties' Initial Disclosures, and their co-workers, and produce those accordingly. The parties agree to examine the hard drives of select individuals identified by June 24, 2005, by the other party on the basis of discovery for highly relevant e-mail materials.

    E-mail shall be produced in a timely manner in accordance with the Federal Rules of Civil Procedure after document requests have been received. The parties shall provide e-mail to the requesting party as image files (either PDF or TIFF), in hard copy, or in a format as otherwise mutually agreed upon in writing. E-mail that contains privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or upon notice of the inadvertent production by the producing party within a reasonable time. Costs of discovery shall generally be borne by each party. The court may apportion the costs of e-mail discovery upon a showing of good cause.

3.  **Joinder of Other Parties and Amendment of Pleadings**: All motions to join other Parties and/or amend the pleadings shall be filed on or before June 3, 2005.

4.  **Settlement Conference**: Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5.  **Claim Construction Issue Identification**: If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 14, 2005, the Parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.  **Summary Judgment Motions**: All summary judgment motions shall be served and filed with an opening brief on or before April 7, 2006. Response briefs in opposition to motions for summary judgment shall be filed no later than April 21, 2006. Reply briefs in support of such motions for summary judgment shall be filed no later than April 28, 2006. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court. Hitachi reserves the right to request an early summary judgment motion on a case dispositive issue.

7.  **Claim Construction:** Opening briefs on issues of claim construction shall be simultaneously submitted by all Parties to the Court, along with the Joint Claim Construction Statement, on _____ [BorgWarner proposes March 17, 2006; Hitachi proposes Feb. 10, 2006], to be considered by the Court in conjunction with the summary judgment motions.

8

Response briefs on Issues of Claim Construction shall be submitted to the Court 30 days after the opening brief.

8.  **Applications by Motion**:  Any application to the Court shall be by written motion filed with the clerk.  The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1**.

(b)  No telephone calls shall be made to chambers.

(c)  Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.  **Motions in Limine**:   All motions in limine shall be filed on or before the date that is two weeks before the pre-trial conference.  All responses to said motions shall be no later than one week before the pre-trial conference.

10.  **Pre-trial Conference**:  A pre-trial conference will be held on _____ at ____ m. in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pre-trial conference.

11.  **Trial**:  This matter is scheduled for jury trial commencing on _____in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.  For

purposes of completing pre-trial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Honorable Sue L. Robinson
United States District Judge