IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BORGWARNER INC., and BORGWARNER MORSE TEC INC.,<br><br>　　　　Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Counterdefendants. | |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and among the parties to the above-captioned action through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern the production of documents, answers to interrogatories, responses to requests for admission, deposition testimony, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information exchanged by the parties in the above-captioned action or produced by a third party witness, which the disclosing party designates as confidential hereunder.

NOW, THEREFORE, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c), IT IS ORDERED:

### DEFINITIONS

1. For the purposes of this Order, "Confidential Information" shall mean all information or material which is (i) produced for or disclosed to a Receiving Party, and (ii) considered by a Producing or Designating Party to constitute or to contain trade secrets or other confidential information, including but not limited to, technical, financial or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which information has been designated in good faith by the Producing or Designating Party as "Confidential Information."

2. "Confidential Attorneys' Eyes Only Information" shall mean Confidential Information deemed by the Producing or Designating Party to be sensitive technical, financial or commercial information that the Producing or Designating Party reasonably and in good faith believes could result in serious competitive disadvantage if disclosed to the other parties, and which information is designated in good faith by the Producing or Designating Party as "Confidential Attorneys' Eyes Only Information" at the time of production.

3. "Confidential Information" and/or "Confidential Attorneys' Eyes Only Information" shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries and abstracts of the foregoing. No item shall be deemed protected by this Order if it is available to the public at the time of disclosure or becomes publicly known through means not constituting breaches of this Order by the Receiving Party. Further, this Order shall not be deemed to cover items where the Receiving Party can show the information was already known to it, was independently developed by it, was

2

received by the Receiving Party after the time of disclosure hereunder from a third party having the right to make such a disclosure, or was legitimately obtained by a party independently of this proceeding.

    4.    "Producing Party" means a party or third party that produces Confidential Information or Confidential Attorneys' Eyes Only Information.

    5.    "Receiving Party" means any party receiving Confidential Information or Confidential Attorneys' Eyes Only Information.

    6.    "Designating Party" means a party or third party that designated its own materials or those of any other party or entity as Confidential Information or Confidential Attorneys' Eyes Only Information.

    7.    "Authorized Personnel" who have access to Confidential Attorneys' Eyes Only Information means:

    a.    Outside counsel for the plaintiffs, namely partners and associates of Foley & Lardner LLP (including its Tokyo office) and Ashby & Geddes, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

    b.    Outside counsel for the defendants, namely partners and associates of Sidley Austin Brown & Wood, LLP (including its Tokyo office) and Morris, James, Hitchens & Williams LLP, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

    c.    Employees of outside vendors acting under the direction of outside U.S. counsel identified above and providing translation, interpreting, copy services, coding,

imaging or other document management services, jury research and/or analysis, and/or exhibit preparation services in connection with this litigation, provided that such employees of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business;

      d.    Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

      e.    The Court, the Court's staff, and the jury in this litigation;

      f.    Outside experts or outside consultants for any party, whose advice and consultation are being or will be used by such party in connection with this proceeding, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company. Outside experts or outside consultants, as used in this Paragraph, shall not include any employee of the Receiving Party. Each such outside expert or outside consultant shall execute an undertaking in the form annexed hereto as Appendix A, prior to the disclosure to him or her of any Confidential Information or Confidential Attorneys' Eyes Only Information. All such undertakings executed by outside experts or consultants, together with a copy of his or her C.V. that includes the following information: the expert's full name, professional address, educational background, publications within the last five years, all present nonconfidential employment and consultancies, all prior nonconfidential full-time employment and consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years, shall be transmitted to the other parties no less than seven (7) business days prior to the disclosure of any such information. If a party believes that disclosure of Confidential

Information or Confidential Attorneys' Eyes Only Information to such person could injure or prejudice the Producing Party, that party may object, in writing, within seven (7) business days of the receipt of the undertaking to the party who selected the expert or consultant. Each party's counsel agrees to attempt to promptly contact their respective clients and receive an indication of whether any objection is forthcoming within 3 business days, with the understanding that up to 7 business days is available to provide any objection, if a response cannot in good faith be made in 3 business days. If a party objects pursuant to the provisions of this Paragraph and the parties cannot resolve their dispute on the terms of disclosure, no disclosure of Confidential Information or Confidential Attorneys' Eyes Only Information shall be made to any such expert or consultant with respect to whom an objection has been made except upon further order of this Court; and

  g. Any person who (1) is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium, or (2) has been identified in writing by the Designating Party as having been provided with the document, information therein or tangible medium.

  h. In no event shall a Receiving Party use Confidential Attorneys' Eyes Only Information of any Producing Party for the purpose of preparing or prosecuting any patent application or in connection with any other proceeding before the U.S. Patent and Trademark Office. Any individual who is given access to another party's Confidential Attorneys' Eyes Only Information pursuant to Paragraph 7 shall not counsel, assist, or participate in any way with the preparation, filing, or prosecution of any patent

application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301, or request for certificate of correction concerning all VCT systems, which expressly includes the patent-in-suit, any counterpart patent/application to the patent-in-suit, any patent/application claiming priority to the patent-in-suit or any counterpart, and any patent/application to which the patent-in-suit or counterpart claims priority, until two (2) years following the earlier of (a) the date that a respective Receiving Party is dismissed from this lawsuit, or (b) the date of final termination of this lawsuit.

8.  "Authorized Personnel" who have access to Confidential Information means:

    a.  All persons identified in Paragraph 7; and

    b.  One (1) additional designated in-house attorney for each party, who needs to have access to Confidential Information for the purpose of prosecuting this action for the respective party in this action. Each party may submit, in writing, the name of the designee for approval at any time during this litigation with a description of his or her title, job description and role with respect to this action. Upon receiving a submission, a party shall have seven (7) business days to object to the proposed designee, if a party does not object, it shall be deemed to approve such designation. Upon approval, any designee shall execute an Undertaking in the form annexed hereto as Appendix A, prior to the disclosure to him or her of any Confidential Information. Objections shall be in writing with detailed reasons for the objection. Each party's counsel agrees to attempt to promptly contact their respective clients and receive an indication of whether any objection is forthcoming within 3 business days, with the understanding that up to 7 business days is available to provide any objection, if a response cannot in good faith be

6

made in 3 business days. Parties shall, in good faith, attempt to resolve disputes over objections, but no party shall disclose any Confidential Information to a designee who is the subject of a standing objection except upon further order of this Court. In the event that the parties cannot resolve promptly a dispute regarding a designation under this Paragraph, the Designating Party will have the burden of filing a motion within ten (10) days of the objection and the objecting party shall have the burden of proving that the objection is proper. Pursuant to Paragraph 19 of this Order, no Confidential Attorneys' Eyes Only Information shall be disclosed to designees under this Paragraph 8(b). No replacement or substitution of any employee previously designated and approved under this provision shall be permitted unless such designated employee's relationship with the party (as well as any entity related to the party) ends, in which case a replacement employee may be designated.

  c. The same restriction under Paragraph 7h applies for Confidential Information.

## DESIGNATION OF MATERIAL

9. All documents and things produced by any party or third party shall be numbered by the Producing Party and may thereafter be identified by the parties by such numbers.

10. At the time documents containing Confidential Information or Confidential Attorneys' Eyes Only Information are produced or disclosed, any document that the Producing or Designating Party desires to designate as such shall be stamped or marked on each page:

**CONFIDENTIAL**

**OR**

**CONFIDENTIAL ATTORNEYS' EYES ONLY**

11. All documents, or any portions thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed Confidential Attorneys' Eyes Only Information subject to the provisions of this Order, regardless of whether so identified by the legend Confidential Attorneys' Eyes Only, until copies thereof are produced to the inspecting party by an agreement of the Producing Party and the inspecting party. Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because (i) it is protected from disclosure under the attorney-client privilege or work product doctrine, (ii) it constitutes current research and development only if not related to VCT systems, or (iii) it is not related to VCT systems and is otherwise particularly sensitive information. Any and all documents from which material is redacted shall identify in all redacted areas that a redaction has occurred. The parties reserved the right to pursue additional categories for redaction, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

12. Deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information or Confidential Attorneys' Eyes Only Information shall be appropriately designated either as set forth in Paragraph 10 at the time of the deposition or by written notice to all counsel of record no later than thirty (30) days after the deposition testimony. Prior to the expiration of the thirty (30) day period, all material in deposition transcripts shall be treated as "Confidential Attorneys' Eyes Only Information." The party claiming confidentiality for any deposition, transcript, or portion thereof, or any deposition exhibit, shall notify the reporter to label the relevant portion(s) of the transcript and exhibit(s):

**CONFIDENTIAL**

**OR**

**CONFIDENTIAL ATTORNEYS' EYES ONLY**

13. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legends above if written notice is given within the thirty (30) day period. Portions of a deposition that contain Confidential Information or Confidential Attorneys' Eyes Only Information shall be taken only in the presence of persons entitled access to such information under Paragraphs 18 and 19.

14. If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34, or by agreement, will reveal or disclose Confidential Information or Confidential Attorneys' Eyes Only Information, the Producing Party shall advise the party seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Confidential Attorneys' Eyes Only Information subject to the terms of this Stipulated Protective Order. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised reveals Confidential Information or Confidential Attorneys' Eyes Only Information, such pictures or tapes shall bear the legend Confidential Information or Confidential Attorneys' Eyes Only Information on the photograph or videotape itself, and on any exterior packaging of the same.

## CHALLENGE TO DESIGNATION

15. In the event that the Receiving Party disagrees with the designation by the Producing or Designating Party of any Confidential Information or Confidential Attorneys' Eyes Only Information, then the Receiving Party shall notify the Producing Party of its disagreement in writing at any time during this action. The parties initially will try to resolve the dispute on an

informal basis. If the parties are unable to resolve such a dispute informally within seven (7) business days of the written notice by the Receiving Party, the Receiving Party may apply to the Court for relief, with the burden on the Designating Party to establish the appropriateness of its designation. Any such disputed items shall be treated as Confidential Information or Confidential Attorneys' Eyes Only Information, as designated, and subject to the protections of this Order unless and until the Court determines otherwise.

## THIRD PARTY WITNESSES

16. Discovery of a third party may involve receipt of that party's Confidential Information or Confidential Attorneys' Eyes Only Information. Third parties may produce documents designated as Confidential or Confidential Attorneys' Eyes Only pursuant to the terms of this Order and all such information shall be treated in accord with this Order, subject to Paragraph 17. A third party's confidentiality designations shall be subject to review in accord with Paragraph 15.

## LIMITATIONS ON ACCESS TO INFORMATION

17. Subject to Paragraph 20 of this Order, no Confidential Information or Confidential Attorneys' Eyes Only Information shall, without prior written consent of the Producing Party, (a) be disclosed to anyone other than the Court and the personnel specified in Paragraphs 18 and 19 hereof; or (b) be used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this proceeding without prior written consent. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

18. Access to and disclosure of Confidential Information marked and identified in accordance with this Order shall be limited to Authorized Personnel listed in Paragraph 8 and shall not be provided, shown, made available or communicated to any other person or entity.

19. Access to and disclosure of Confidential Attorneys' Eyes Only Information marked and identified in accordance with this Order shall be limited solely to Authorized Personnel listed in Paragraph 7 and shall not be provided, shown, made available or communicated to any other person or entity.

20. Nothing contained in this Stipulated Protective Order shall affect the right of the Designating Party to disclose or use for any purpose the information, documents, or things produced and/or designated by it as Confidential or Confidential Attorneys' Eyes Only.

## GENERAL PROVISIONS

21. Execution of this Order by outside counsel for a party shall constitute a representation by outside counsel that they, all persons employed by their firm, and the party they represent will abide by the terms of this Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

22. To the extent that documents containing Confidential Information or Confidential Attorneys' Eyes Only Information are submitted with any Court filing, such documents shall remain subject to the provisions of this Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement in substantially the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

If the document is electronically filed, then such document will be similarly designated as "CONFIDENTIAL."

23. If accepted for filing, such documents are to be maintained under seal by the clerk or the court reporter. In the event that any party intends to use another party's Confidential Information or Confidential Attorneys' Eyes Only Information in any court proceeding in connection with this litigation, the party that intends to use such information shall provide notice to the Producing Party that its Confidential Information or Confidential Attorneys' Eyes Only Information may be used in the proceeding. Any information used at a court proceeding shall not lose its status as Confidential or Confidential Attorneys' Eyes Only through such use, provided that the Producing Party takes (and, if necessary, obtains the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use. Any party that intends to use any third party Confidential Information or Confidential Attorneys' Eyes Only Information in any court proceeding in connection with this litigation is obligated to take (or to seek the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use. A party or third party may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Information or Confidential Attorneys' Eyes Only Information is disclosed be restricted to court personnel and persons authorized to receive Confidential Information or Confidential Attorneys' Eyes Only Information under this Order.

24. If a Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential", or "Confidential Attorney's Eyes Only" by someone other than the Party; the

Party shall give prompt actual written notice, by hand or facsimile transmission, to the Producing Party, and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process to order, or to seek any relief from this Court.

25. This Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Order, subject to the approval of the Court.

26. Within sixty (60) days after the final termination of this proceeding, each party and all other persons subject to the terms of this Order shall collect and return to the Producing Party all copies of that Producing Party's Confidential Information or Confidential Attorneys' Eyes Only Information or certify that they have been destroyed; provided, however, that each outside counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other party and may retain attorney work product documents that incorporate Confidential Information or Confidential Attorneys' Eyes Only Information. A party to this action who has disclosed Confidential Information or Confidential Attorneys' Eyes Only Information to persons identified in Paragraph 7(f) is responsible for obtaining all documents and things containing Confidential Information or Confidential Attorneys' Eyes Only Information from those persons, and for disposing of those documents or things in a manner provided in this

Paragraph, or, alternatively, is responsible for obtaining a certificate of destruction by any such persons. With respect to any documents or things that have been filed with the court under Paragraph 22, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court, provided that a party who seeks protection of confidentiality of its confidential document or information filed with the Court may apply to the Court for further protection of the confidentiality of such confidential materials after conclusion of this action with respect to it.

27. This Order shall survive the final termination of this proceeding with respect to any retained Confidential Information or Confidential Attorneys' Eyes Only Information. Termination of the proceedings shall not relieve any person from the obligations of this Stipulated Protective Order, unless the Court orders otherwise.

28. All notices required by this Stipulated Protective Order are to be served via facsimile or courier to the appropriate attorney(s) at the parties' outside counsel. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile or courier package was delivered. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating or affected party.

29. Confidential Information and Confidential Attorneys' Eyes Only Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Stipulated Protective Order. All Confidential Information or

Confidential Attorneys' Eyes Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

30.    The designation of information, documents or things as Confidential or Confidential Attorneys' Eyes Only pursuant to this Stipulated Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as Confidential Information or Confidential Attorneys' Eyes Only Information hereunder constitute a concession that the information, documents or things are confidential.

31.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney who is an authorized recipient under the terms of Paragraphs 7 and 8 hereof from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of Confidential Information or Confidential Attorneys' Eyes Only Information. In rendering such advice or in otherwise communicating with his or her client, such attorney shall not disclose the specific content of any information, document or thing identified as Confidential or Confidential Attorneys' Eyes Only hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

32.    The inadvertent or unintentional disclosure by the Producing Party of information, documents or things which it believes should have been designated as Confidential or Confidential Attorneys' Eyes Only regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, provided that the Producing Party notifies the Receiving Party

promptly upon discovery of the inadvertent or unintentional failure to designate. Any document that is produced without being designated Confidential or Confidential Attorneys' Eyes Only may be so designated or redesignated, with respect to future disclosure by the Producing Party, and the Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in Paragraphs 7 and 8 hereof as authorized to receive such document as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons. The Receiving Party or Parties must treat such information or material as Confidential Information or Confidential Attorneys' Eyes Only Information from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Confidential Attorneys' Eyes Only Information shall not be deemed a violation of this Stipulated Protective Order.

33.     The production of any information, documents or things governed by this Order shall be without prejudice to any claim by the Producing Party that such information, documents or things are protected from discovery on the basis of privilege and/or the work-product doctrine, so long as such production was made inadvertently. No Producing Party shall be held to have waived any of its rights by such an inadvertent production. If, after information, documents or things are produced, a claim of privilege and/or work-product is subsequently made, the Receiving Party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the Producing Party. After the return of the information, documents or things, the Receiving Party may challenge the Producing Party's claim of privilege and/or work-product by filing a motion with the Court. Any determination by

the Court on the Producing Party's claim of privilege and/or work-product shall be made without regard to the fact that such information, documents or things have been inadvertently produced.

34. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

## ORDER

**IT IS SO ORDERED:**

DATED:_____          _____
                                      Chief Judge

**STIPULATED AND AGREED:**

| | |
|---|---|
| ASHBY & GEDDES | MORRIS JAMES HITCHENS & WILLIAMS LLP |
| /s/ *John G. Day* | /s/ *Mary Matterer* |
| Steven J. Balick (I.D. #2114) | Richard K. Herrmann (I.D. #405) |
| John G. Day (I.D. #2403) | Mary Matterer (I.D. #2696) |
| 222 Delaware Ave., 17th Floor | 222 Delaware Avenue, 10th Floor |
| P.O. Box 1150 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 888-6800 |
| (302) 654-1888 | rherrmann@morrisjames.com |
| sbalick@ashby-geddes.com | mmatterer@morrisjames.com |
| jday@ashby-geddes.com | |
| | *Of Counsel:* |
| *Of Counsel:* | |
| | Hugh A. Abrams |
| Michael D. Kaminski | Marc A. Cavan |
| Pavan K. Agarwal | Hillary A. Mann |
| Liane M. Peterson | SIDLEY AUSTIN BROWN & WOOD, LLP |
| FOLEY & LARDNER LLP | 10 South Dearborn Street |
| Washington Harbour | Chicago, Illinois 60603 |
| 3000 K Street, N.W., Suite 500 | (312) 853-7000 |
| Washington, D.C. 20007-5143 | |
| (202) 672-5300 | *Attorneys for BorgWarner Inc. and BorgWarner Morse Tec Inc.* |
| *Attorneys for Hitachi, Ltd. and Unisia North America, Inc.* | |

17

# EXHIBIT A: NON-DISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Hitachi, Ltd. and Unisia North America, Inc. v. BorgWarner Inc. and BorgWarner Morse Tec Inc.*, Case No. 05-048-SLR, pending in the United States District Court for the District of Delaware, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information in said action and certify my understanding that such CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information and any copies I make of any documentary material containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I have reviewed Paragraph 25 of the Protective Order and agree to cooperate with counsel for the parties to ensure that the obligations for the return and/or destruction of materials at the end of the litigation are met. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed:_____
Date:_____
Current Address:_____
_____
Employer:_____

CH1 3250937v.1