IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC. <br><br> Counterdefendants. | |

## DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, commencing at a time and place to be mutually agreed upon by counsel, Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. ("BorgWarner"), by and through its counsel, will take the deposition upon oral examination, of Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. ("Hitachi"), through one or more officers, directors, managing agents or other persons who consent to testify on Hitachi's behalf with regard to the deposition topics set forth in Schedule A (attached hereto).

The depositions will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The depositions will be recorded by stenographic means by a court reporter and by audio and visual means by a videographer. No later than five (5) business days prior to the deposition, you are requested to set forth in writing the identity of each witness who will testify in response to this notice and the matters on which the person will testify.

Dated: August 29, 2005

Respectfully submitted,

_____
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## SCHEDULE A

## DEFINITIONS

A.      "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including plaintiff Unisia North America, Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.      "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

C.      The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

D.      The term "variable camshaft timing components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves,(4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

E.   The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

F.   The term "prosecution history" shall mean proceedings before the United States Patent and Trademark Office, including any interview, correspondence or other materials, whether or not included in the prosecution file history maintained at the United States Patent and Trademark Office.

G.   The term "date of conception" shall mean the earliest date that Hitachi contends the patented invention was conceived.

H.   "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

I.   "Communications" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, or whether face-to-face, by telephone, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations,

memoranda, dialogue, discussions, meetings, interview, consultations, agreements and other understandings.

J.    "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

K.    "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.    "Any," "all," "each" or "every" means any and all, each and every.

M.    The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under U.S.C. § 154 and 35 U.S.C. §271(a).

N.    The term "prior art" means any patent publication, document, tangible thing, or event falling within any of the classes of information set forth in 35 U.S.C. §102 or §103 or 37 C.F.R. §1.56.

## DEPOSITION TOPICS

1.    Any trade, sale or product literature, brochures, promotional materials, printed advertisements, journal articles, scientific presentations, trade presentations, papers, publications, abstracts, speeches, videotapes, patents, published patent applications, patent applications, and other descriptive materials relating to variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United

States by or for Hitachi, or imported or exported by or on behalf of Hitachi, or imported into the United States as part of an engine system.

2. Hitachi's factual basis for its contentions, if any, that it has not infringed claims 10 and 11 of the '738 patent.

3. Hitachi's factual basis for its contentions, if any, that claims 10 and/or 11 of the '738 patent are invalid.

4. Hitachi's factual basis for its contentions, if any, that claims 10 and/or 11 of the '738 patent are unenforceable.

5. All documents that Hitachi intends to rely on, in whole or in part, as prior art to demonstrate that the '738 patent is invalid for anticipation and/or obviousness under 35 U.S.C. §§ 102 and/or 103.

6. Hitachi's sales forecasts, marketing, or business or strategic plans for its variable camshaft timing components.

7. Hitachi's reasons and motivations for developing and seeking to market any variable camshaft timing components.

8. The global market and respective market shares for variable camshaft timing component products.

9. The monetary value for Hitachi's sales of variable camshaft timing products, as well as revenues, profits and costs associated with the sale of these products.

10. The existence of any non-infringing substitute products.

11.     All benefits Hitachi claims are possessed by its variable camshaft timing components in comparison to those currently available.

12.     Hitachi's corporate organization, structure, and management for research, engineering, testing, marketing, distribution and sale of variable camshaft timing components.

13.     The circumstances upon which Hitachi first became aware of the patent-in-suit including the dates and the identities of the persons involved.

14.     Any opinions of counsel regarding the '738 patent received by Hitachi.

15.     All actions taken by Hitachi concerning the patent-in-suit and variable camshaft timing products, including any design around attempts.

16.     The names, titles, roles and responsibilities of the individuals having material involvement in the development and marketing of Hitachi's variable camshaft timing components.

17.     Any communications between or among Hitachi employees, or between Hitachi and any third party, concerning variable camshaft timing components manufactured and/or sold by BorgWarner.

18.     Any communications between or among Hitachi employees, or between Hitachi and any third party, concerning the patent-in-suit.

19.     Hitachi's efforts to search for, identify, collect and produce documents in response to BorgWarner's Request for Documents and Things.

20.     Documents relating to the topics identified in the above paragraphs.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2005, I electronically filed the foregoing document, **DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 31st day of August, 2005, the foregoing document was served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Paven K. Agarwal, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
pagarwal@foley.com

Further, both law firms above were served via email and overnight courier with this document on August 29, 2005.

                                                           _/s/ Richard K. Herrmann_
Richard K. Herrmann (#405)
Lewis H. Lazarus (I.D. #2374)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
llazarus@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.