**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>                Plaintiffs, <br><br>                v. <br><br>BORGWARNER INC., and <br>BORGWARNER MORSE TEC INC., <br><br>                Defendants. <br><br>BORGWARNER INC., <br><br>                Counterclaimant, <br><br>                v. <br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>                Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     C.A. No. 05-048-SLR |

**DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S REVISED FIRST
NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

PURSUANT TO RULE 30(b)(6), defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") hereby respond and object to plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") Revised Notice of Deposition ("Notice") as follows:

**GENERAL OBJECTIONS**

1.     BorgWarner objects to each topic to the extent it seeks information that is not in the possession, custody or control of BorgWarner.

2. BorgWarner objects to the deposition notice to the extent it seeks testimony regarding disparate topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3. BorgWarner objects to the Notice as overly broad and unduly burdensome.

4. BorgWarner objects to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5. BorgWarner objects to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which BorgWarner has an obligation of confidentiality.

Subject to these general objections, and subject to additional objections made to the specific deposition below, BorgWarner answers as follows.

## RESPONSE TO SPECIFIC TOPICS

1. BorgWarner's corporate organization, structure, and management from January 1, 1988 to the present for research, engineering, manufacturing, assembly, testing, marketing, distributing and sale of VCT products.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general objections, BorgWarner will produce a witness who is generally knowledgeable about BorgWarner's corporate organization, structure and management from January 1, 1988 to

the present for research, engineering, manufacturing, assembly, testing, marketing, distributing and sale of VCT products.

2. BorgWarner's acquisition and ownership of the '738 patent.

RESPONSE: BorgWarner objects to the terms "acquisition" and "ownership" as vague and ambiguous as used in this deposition topic. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness who is generally knowledgeable about the assignment to BorgWarner and chain of title for the '738 patent.

3. All contracts or agreements relating to the '738 patent, including but not limited to all license or sublicense agreements, and all assignments.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation. BorgWarner objects to the term "agreement" as vague and ambiguous as used in this deposition topic. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this deposition topic to the extent it seeks information that does not exist, as there are no licenses or sublicenses to third parties related to the '738 patent. BorgWarner will

3

    produce a witness who will confirm that no licenses or sublicenses under the '738 patent have been granted to third parties.

4. All negotiations or offers to license, including all communications associated with the same, relating to the '738 patent.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks evidence inadmissible under Federal Rules of Evidence 408. On-going negotiations with third parties about possible licenses under the '738 patent are not discoverable. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about contacts made by BorgWarner to third parties with offers to license the '738 patent.

5. The research, production, structure, operation, and sale or offer to sell, of products manufactured by BorgWarner or related entities, including any third person performing any activity on behalf of BorgWarner, embodying subject matter disclosed or claimed in the '738 patent; and all external indicia applied to those products or applied to packaging related to those products.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects. BorgWarner further objects to the phrases "related entities," "any third person," and "all external indicia applied to those products" as vague and ambiguous. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness generally knowledgeable about BorgWarner's research and development efforts relating to variable camshaft timing systems and BorgWarner's efforts to sell variable camshaft timing systems that utilize the subject matter of the '738 patent and BorgWarner's marking of the patent number of the '738 patent on components sold to customers.

6. Business units, groups, or affiliates of BorgWarner involved in the manufacture, sale, distribution or marketing of products embodying subject matter disclosed or claimed in the '738 patent.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the phrase "embodying subject matter" as vague and ambiguous. In addition, BorgWarner objects to this deposition topic as it seeks BorgWarner's sales information, based on the parties' agreement over 30(b)(6) deposition topics. (*See* Email from Michael Kaminski to Hugh Abrams, 8/25/2005). BorgWarner further objects to this deposition topic as duplicative of deposition topic nos. 1 and 5 and directs Hitachi to the response to deposition topic nos. 1 and 5.

7. Investigations into and communications regarding the validity or enforceability of the '738 patent, including but not limited to communications within BorgWarner or with any third person or entity.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual familiar with the content of a wide variety of communications without identifying the particular communications at issue. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this deposition topic to the extent it seeks expert testimony or a legal opinion. BorgWarner will produce a witness who will provide information on this subject, to the extent any such information exists and is not subject to claims of attorney-client privilege and work product immunity.

8. Investigations into and communications regarding actual or potential infringement of the '738 patent by anyone, including but not limited to communications within BorgWarner or with any third person.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks inadmissible evidence under Federal Rule of Evidence 408. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

BorgWarner also objects to this deposition topic to the extent it seeks expert testimony or a legal opinion. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about contacts made by BorgWarner to third parties with offers to license the '738 patent.

9. The date upon which BorgWarner first became aware of Hitachi's or Unisia's allegedly infringing activity.

RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness generally knowledgeable about this topic.

10. All communications between BorgWarner and any third party regarding the Hitachi and Unisia Accused Devices, including BorgWarner's allegation that these devices infringe one or more claims of the '738 patent.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which does not exist. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness

generally knowledgeable about communications, if any, made by BorgWarner to third parties about Hitachi's infringement of the '738 patent.

11. All public or private statements by BorgWarner regarding subject matter claimed in the '738 patent.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to this deposition topic's use of the phrases "public statements" and "private statements" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it seeks statements which contain confidential information or information protected by the attorney-client privilege and/or work product protection. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness generally knowledgeable about statements made by BorgWarner to third parties, if any exist, regarding the subject matter claimed in the '738 patent.

12. Identification and collection of documents in BorgWarner's production that originated from Brinks Hofer Gilson & Lione regarding the '738 patent, and patents and applications related to the '738 patent.

    RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its general and

specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

13. Documents relating to the topics identified in above paragraphs.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks an individual witness familiar with the content of documents covering a wide variety of topics without identifying the specific documents at issue. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its general and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

Dated: September 6, 2005

   */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Hugh A. Abrams *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc. and
BorgWarner Morse Tec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2005, I electronically filed the foregoing document, **DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S REVISED FIRST NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 6th day of September, 2005, the foregoing document was served via email and Federal Express on the following non-registered participants:

Michael D. Kaminski, Esq.
Paven K. Agarwal, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
pagarwal@foley.com

        */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Attorneys for Defendants and Counterclaimant*
*BorgWarner Inc. and*
*BorgWarner Morse Tec Inc.*