IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BORGWARNER INC., and BORGWARNER MORSE TEC INC.,<br><br>　　　　Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Counterdefendants. | |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST NOTICE OF DEPOSITION**

Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") respond to Defendants' First Notice of Deposition.

**GENERAL OBJECTIONS**

1.　Plaintiffs object to each Topic to the extent it seeks information that is not in the possession, custody or control of Plaintiffs.

2.  Plaintiffs object to the Notice to the extent it seeks testimony regarding disparate Topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3.  Plaintiffs object to the Notice as overly broad and unduly burdensome.

4.  Plaintiffs object to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Nothing contained in these Responses or the upcoming testimony is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine. Hitachi and UNAI will only provide non-privileged, non-protected information, unless otherwise specifically indicated.

5.  Plaintiffs object to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which Plaintiffs have an obligation of confidentiality.

6.  Plaintiffs object to the Notice to the extent that any Topic seeks to impose requirements or obligations on Hitachi and UNAI in addition to or different from those imposed by the Federal Rules of Civil Procedure. Hitachi and UNAI will answer in accordance with the applicable Rules and the decisions interpreting them.

7.  Plaintiffs object to the Topics to the extent they seek information that is not relevant to issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

8.  Plaintiffs object to the Topics to the extent that they are premature in that they seek information not known or not yet discovered by Hitachi and UNAI, or information that will be produced at a later time or as otherwise ordered. Hitachi and UNAI reserve the right to

correct, amend, modify and/or supplement all of its responses upon discovery of relevant information, or in accordance with the Federal Rules of Civil Procedure.

9. Plaintiffs object to the Topics to the extent that they purport to cover products manufactured and sold outside of the United States without being imported or being known to be imported into the United States by Hitachi or UNAI. To the extent that information is provided regarding such categories of products, this is not an admission regarding their relevance.

10. Plaintiffs object to the use of the term "all" or "each" in the Topics as overly broad, unduly burdensome and oppressive. Hitachi's and UNAI's discovery and investigation in this matter is continuing. Hitachi and UNAI reserve the right to amend or supplement the following responses based on any further investigation, review of documents, or other discovery in this case.

11. Hitachi and UNAI object to the definition of the term "variable camshaft timing components" as irrelevant, overbroad and burdensome. For example, the definition encompasses "electronic control units." The "electronic control units" have many functions that are not related to the methods claimed in the '738 patent. In addition, there are many types of "electronic control units" depending on the type of vehicle the electronic control unit is intended for. In addition, various of the components are undefined and their meaning and scope is not clearly understood. Further, the request purports to cover all exports of Hitachi, without regard to destination, known or unknown. Yet further, Hitachi and UNAI do not know all engines or vehicles that are imported into the United States by a party other than Hitachi or UNAI. Moreover, the definition purportedly covers engines and vehicles not having Hitachi or UNAI VCT components.

12. Hitachi and UNAI object to the Topics to the extent they request information on components not supplied by Hitachi or UNAI and/or intended for use in any engine that has not been commercialized. For example, Hitachi and UNAI have not yet commercialized in the U.S. any products or components thereof for use in a Ford 3.5L Duratec engine. Therefore, there can be no infringement of the method claims of the '738 patent on the basis of components intended for use in any possible future product that has not yet been commercialized in the U.S.

Subject to these General Objections, and subject to additional objections made to the specific objections below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

The structure and operation of all variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United States by Hitachi, or imported or exported by or on behalf of Hitachi, or imported into the United States as part of an engine or vehicle system, including without limitation, any variable camshaft timing components for use in or relating to the Nissan 3.5L V-6 engine, the 2004 Nissan Altima, the Ford Duratec engine (2.5L V-6 and 3.0L V-6), and the Jaguar X-type vehicles, including the Jaguar XJ6.

### RESPONSE

Plaintiffs object to this Topic to the extent that it calls for the identification of "all" variable camshaft timing components as overly broad, unduly burdensome and oppressive. Plaintiffs further object to this Topic to the extent it requests information not in their possession, custody, or control, such as certain OEM information and information about the "operation" of the components. Subject to and without waiver of the foregoing specific objections and General Objections, Plaintiffs will produce at least one witness who is generally knowledgeable about the

structure and operation of variable camshaft timing components that have been commercialized in the United States by Hitachi or UNAI.

**TOPIC NO. 2**

The structure and operation of all engine systems using or containing variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United States, or imported or exported by or on behalf of Hitachi, or imported into the United States as part of an engine system, including without limitation, the following engine systems (or engine systems for the following vehicles) the Nissan 3.5L V-6 engine, the 2004 Nissan Altima, and the Ford Duratec engine (2.5L V-6 and 3.0L V-6).

**RESPONSE**

Plaintiffs object to this Topic to the extent that it calls for the identification of "all" engine systems as overly broad, unduly burdensome and oppressive. In addition, Plaintiffs object to this Topic as overly broad, unduly burdensome and oppressive to the extent it requests information on the "structure and operation of all engine systems" rather than the structure and operation of variable camshaft timing components in the engine systems. Plaintiffs further object to this Topic to the extent it requests information not in its possession, custody, or control, such as certain OEM information and information about the "operation" of the components. Subject to and without waiver of the foregoing specific objections and General Objections, Plaintiffs will produce at least one witness who is generally knowledgeable about the structure and operation of variable camshaft timing components in engine systems that have been commercialized in the United States by Hitachi or UNAI, to the extent that Hitachi or UNAI have possession, custody or control of such information.

**TOPIC NO. 3**

The design and development of all variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United States by or for Hitachi, or imported or exported by or on behalf of Hitachi, or imported into the United States as part of an engine or vehicle system, including without limitation, any variable camshaft timing

5

components for use in or relating to the Nissan 3.5L V-6 engine, the 2004 Nissan Altima, the Ford Duratec engine (2.5L V-6 and 3.0L V-6), and the Jaguar X-type vehicles, including the Jaguar XJ6.

**RESPONSE**

Plaintiffs object to this Topic to the extent that it calls for the identification of "all" variable camshaft timing components as overly broad, unduly burdensome and oppressive. Plaintiffs further object to this Topic to the extent it requests information not in its possession, custody, or control, such as certain OEM information. Subject to and without waiver of the foregoing specific objections and General Objections, Plaintiffs will produce at least one witness who is generally knowledgeable about the design and development of variable camshaft timing components that have been commercialized in the United States by Hitachi or UNAI.

ASHBY & GEDDES

/s/

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: September 16, 2005
161444.1

## CERTIFICATE OF SERVICE

I hereby certify that on 16th day of September, 2005, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST NOTICE OF DEPOSITION** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann<br>Lewis H. Lazarus<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899<br>(302) 888-6800 | <u>HAND DELIVERY</u> |
| Hugh A. Abrams<br>Lara Hirshfeld<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>(312) 853-7000 (phone)<br>(312) 853-7036 (fax) | <u>VIA FEDERAL EXPRESS</u> |

_____
John G. Day