IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>BORGWARNER INC., and BORGWARNER MORSE TEC INC.,<br><br>    Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>    Counterclaimant,<br><br>v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>    Counterdefendants. | |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND NOTICE OF DEPOSITION**

Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") respond to Defendants' Second Notice of Deposition.

**GENERAL OBJECTIONS**

Plaintiffs hereby incorporate by reference in their entirety the General Objections set forth in "Plaintiffs' Responses to Defendants' First Notice of Deposition."

Subject to those General Objections, and subject to the specific objections below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

Any trade, sale or product literature, brochures, promotional materials, printed advertisements, journal articles, scientific presentations, trade presentations, papers, publications, abstracts, speeches, videotapes, patents, published patent applications, patent applications, and other descriptive materials relating to variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United States by or for Hitachi, or imported or exported by or on behalf of Hitachi, or imported into the United States as part of an engine system.

### RESPONSE

Plaintiffs objects to this Topic in its entirety. This is more akin to a document request than a Rule 30(b)(6) deposition Topic. Plaintiffs will have produced to Defendants the documents that have been located that are described in this Topic, subject to any objections. It would be unduly burdensome to have to prepare a witness designated under Rule 30(b)(6) for any and all such documents. Further, the definition of some of the categories of documents is vague and ambiguous and/or overly broad and unduly burdensome, including but not limited to the references to "patents, published patent applications, [and] patent applications" and components that are only prototyped or "intended to be sold" in the United States. Plaintiffs object to the topic to the extent that it seeks information not in their possession, custody, or control, such as certain OEM information. Subject to and without waiving its General Objections and specific objections, Plaintiffs' witness may be able to respond to questions about specific documents that are placed in front of him. However, Plaintiffs caution that the witness's ability to discuss the contents of such documents, particularly specific "patents, published patent applications, [and] patent applications" falling under the topic, will be very limited, especially to the extent not authored by the witness.

**TOPIC NO. 2**

Hitachi's factual basis for its contentions, if any, that it has not infringed claims 10 and 11 of the '738 patent.

**RESPONSE**

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. While this "contention" Topic refers to the respective underlying factual basis, the correct characterization is that this Topic relates to a mixture of law and fact, including claim interpretation issues. Accordingly, such a topic is not permissible for a Rule 30(b)(6) witness. Also, such a Topic should be deferred until the expert discovery phase and/or after some of the claim interpretation issues are settled. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 3**

Hitachi's factual basis for its contentions, if any, that claims 10 and/or 11 of the '738 patent are invalid.

**RESPONSE**

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. While this "contention" Topic refers to the respective underlying factual basis, the correct characterization is that this Topic relates to a mixture of law and fact, including claim interpretation issues. Accordingly, such a topic is not permissible for a Rule 30(b)(6) witness. Also, such a Topic should be deferred until the expert discovery phase and/or after some of the claim interpretation issues are settled. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 4**

Hitachi's factual basis for its contentions, if any, that claims 10 and/or 11 of the '738 patent are unenforceable.

**RESPONSE**

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. While this "contention" Topic refers to the respective underlying factual basis, the correct characterization is that this Topic relates to a mixture of law and fact, including claim interpretation issues. Accordingly, such a topic is not permissible for a Rule 30(b)(6) witness. Also, such a Topic should be deferred until the expert discovery phase and/or after some of the claim interpretation issues are settled. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 5**

All documents that Hitachi intends to rely on, in whole or in part, as prior art to demonstrate that the '738 patent is invalid for anticipation and/or obviousness under 35 U.S.C. §§ 102 and/or 103.

**RESPONSE**

Plaintiffs object to this Topic in its entirety. This is more akin to a document request than a deposition Topic. Plaintiffs have identified to Defendants any prior art that is described in this Topic, subject to any objections. This prior art was identified to Defendants in prior Interrogatory Responses, as well as the "Supplemental Responses" that were filed on September 16, 2005. It will be unduly burdensome to have to produce a witness designated under Rule 30(b)(6) for any and all such documents. Therefore, Plaintiffs will not produce a witness for this Topic.

## TOPIC NO. 6

Hitachi's sales forecasts, marketing, or business or strategic plans for its variable camshaft timing components.

## RESPONSE

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. In addition, Plaintiffs object to this Topic as it seeks Plaintiffs' sales information, based on the parties' agreement over Rule 30(b)(6) deposition topics. Further, this Topic is premature as discovery is still proceeding in this case. Also, such a Topic should be deferred until the expert discovery phase. However, subject to and without waiving its General Objections and specific objections, Plaintiffs' witness will respond to questions about Hitachi's sales forecasts, marketing, or business or strategic plans for its variable camshaft timing components that may be available.

## TOPIC NO. 7

Hitachi's reasons and motivations for developing and seeking to market any variable camshaft timing components.

## RESPONSE

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. In addition, Plaintiffs further object to the phrase "reasons and motivations" as vague and ambiguous. In addition, Plaintiffs object to this Topic to the extent that it seeks Plaintiffs' sales information, based on the parties' agreement on Rule 30(b)(6) deposition topics. However, subject to and without waiving its General Objections and specific

objections, Plaintiffs will produce a witness generally knowledgeable about Plaintiffs' rationale for developing and seeking to market VCT components as known.

### TOPIC NO. 8

The global market and respective market shares for variable camshaft timing component products.

### RESPONSE

Plaintiffs object to this deposition Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. In addition, Plaintiffs object to this Topic as it seeks Plaintiffs' sales information, based on the parties' agreement over Rule 30(b)(6) deposition topics. Further, this Topic is premature as discovery is still proceeding in this case. Also, such a Topic should be deferred until the expert discovery phase. However, subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the global market and respective market shares for variable camshaft timing component products to the extent known.

### TOPIC NO. 9

The monetary value for Hitachi's sales of variable camshaft timing products, as well as revenues, profits and costs associated with the sale of these products.

### RESPONSE

Plaintiffs object to this deposition Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. In addition, Plaintiffs object to this Topic as it seeks Plaintiffs' sales information, based on the parties' agreement over Rule 30(b)(6) deposition topics. In addition, Plaintiffs object to the phrase "monetary value" as vague and ambiguous. Plaintiffs also object

to the terms "revenue, profits and costs" as vague and ambiguous. Additionally, this Topic is premature as discovery is still proceeding in this case. Such a Topic should be deferred until the expert discovery phase. However, subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about Hitachi's sales of variable camshaft timing products, as well as information regarding general revenues, profits and costs.

**TOPIC NO. 10**

The existence of any non-infringing substitute products.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome. Also, this is a Topic that should be deferred until the expert discovery phase and/or after some of the claim interpretation issues are settled. While this Topic seems to refer to facts, the correct characterization is that this Topic relates to a mixture of law and fact, including claim interpretation issues such as whether something is "non-infringing." However, subject to and without waiving its General Objections and specific objections, Plaintiffs' witness will generally respond to questions about various valve control products, separate from the question of infringement, within their knowledge.

**TOPIC NO. 11**

All benefits Hitachi claims are possessed by its variable camshaft timing components in comparison to those currently available.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs object as this Topics seems duplicative of other Topics. In

7

addition, Plaintiffs further object to the phrases "benefits," "possessed," and "in comparison" as vague and ambiguous. Further, Plaintiffs object to this Topic to the extent that it seeks Plaintiffs' sales information, based on the parties' agreement on Rule 30(b)(6) deposition topics. However, subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the technical features of Hitachi's variable camshaft timing components.

**TOPIC NO. 12**

Hitachi's corporate organization, structure, and management for research, engineering, testing, marketing, distribution and sale of variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness who is generally knowledgeable about this Topic.

**TOPIC NO. 13**

The circumstances upon which Hitachi first became aware of the patent-in-suit including the dates and the identities of the persons involved.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. However, Plaintiffs will produce a witness who will provide information

on this Topic, to the extent any such information exists and is not subject to claims of attorney-client privilege and work product immunity.

**TOPIC NO. 14**

Any opinions of counsel regarding the '738 patent received by Hitachi.

**RESPONSE**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Further, this Topic is premature pursuant to Paragraph 2(d) of the scheduling order, in which Plaintiffs will advise Defendants by November 16, 2005 whether it intends to rely on advice of counsel in defense of Defendants' charge of willful infringement. Further, a witness will be produced on this Topic after November 16, 2005 pursuant to the same Paragraph.

**TOPIC NO. 15**

All actions taken by Hitachi concerning the patent-in-suit and variable camshaft timing products, including any design around attempts.

**RESPONSE**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Therefore, Plaintiffs object to this Topic in its entirety as Plaintiffs consider any and all design around considerations, if any, to have been done pursuant to such privileges and immunities. Plaintiffs have not implemented alternative designs because of the patent-in-suit. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 16**

The names, titles, roles and responsibilities of the individuals having material involvement in the development and marketing of Hitachi's variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence, including to the extent that the topic covers all individuals. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness who is generally knowledgeable about this Topic.

**TOPIC NO. 17**

Any communications between and among Hitachi employees, or between Hitachi and any third party, concerning variable camshaft timing components manufactured and/or sold by BorgWarner.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which may not exist or which is unrelated to the issues concerning the '738 patent, and accordingly neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this deposition Topic to the extent it seeks information protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity. Subject to and without waiving its General Objections and specific objections, and to the extent any non-privileged and admissible evidence exists, Plaintiffs will produce a witness generally knowledgeable about such communications, if any.

**TOPIC NO. 18**

Any communications between or among Hitachi employees, or between Hitachi and any third party, concerning the patent-in-suit.

10

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which may not exist. Plaintiffs further object to this deposition Topic to the extent it seeks information protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity. Subject to and without waiving its General Objections and specific objections, and to the extent any non-privileged and admissible evidence exists, Plaintiffs will produce a witness generally knowledgeable about such communications, if any.

**TOPIC NO. 19**

Hitachi's efforts to search for, identify, collect and produce documents in response to BorgWarner's Request for Documents and Things.

**RESPONSE**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness who is generally knowledgeable about this Topic.

**TOPIC NO. 20**

Documents relating to the topics identified in the above paragraphs.

**RESPONSE**

Plaintiffs object to this Topic as unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs object to this Topic to the extent it seeks an individual witness familiar with the content of documents covering a wide variety of topics without identifying the specific documents at issue. Further, Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine,

11

or any other applicable privilege or immunity. Subject to and without waiving its General Objections and specific objections, Plaintiffs' witness will generally respond to questions about specific documents that are placed in front of him.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: September 26, 2005
161735.1

### CERTIFICATE OF SERVICE

I hereby certify that on 26th day of September 2005, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND NOTICE OF DEPOSITION** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann<br>Lewis H. Lazarus<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899<br>(302) 888-6800 | HAND DELIVERY |
| Hugh A. Abrams<br>Lara Hirshfeld<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>(312) 853-7000 (phone)<br>(312) 853-7036 (fax) | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day