**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC. <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' THIRD NOTICE OF DEPOSITION OF PLAINTIFFS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, commencing at a time and place to be mutually agreed upon by counsel, Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. ("BorgWarner"), by and through its counsel, will take the deposition upon oral examination, of Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. ("Hitachi"), through one or more officers, directors, managing agents or other persons who consent to testify on Hitachi's behalf with regard to the deposition topics set forth in Schedule A (attached hereto).

The depositions will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The depositions will be recorded by stenographic means by a court reporter and by audio and visual means by a videographer. No later than five (5) business days prior to the deposition, you are requested to set forth in writing the identity of each witness who will testify in response to this notice and the matters on which the person will testify.

Dated: October 19, 2005
    /s/ Richard K. Herrmann
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## SCHEDULE A

## DEFINITIONS

A.  "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including plaintiff Unisia North America, Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.  "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

C.  The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

D.  The term "variable camshaft timing components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves, (4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

E.  The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

F.  The term "prosecution history" shall mean proceedings before the United States Patent and Trademark Office, including any interview, correspondence or other materials, whether or not included in the prosecution file history maintained at the United States Patent and Trademark Office.

G.  The term "date of conception" shall mean the earliest date that Hitachi contends the patented invention was conceived.

H.  "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

I.  "Communications" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, or whether face-to-face, by telephone, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations,

memoranda, dialogue, discussions, meetings, interview, consultations, agreements and other understandings.

J.      "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

K.      "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.      "Any," "all," "each" or "every" means any and all, each and every.

M.      The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under U.S.C. § 154 and 35 U.S.C. §271(a).

N.      The term "prior art" means any patent publication, document, tangible thing, or event falling within any of the classes of information set forth in 35 U.S.C. §102 or §103 or 37 C.F.R. §1.56.

**DEPOSITION TOPICS**

1. Hitachi's knowledge of how any variable camshaft timing components supplied by Hitachi to its customers, including, but not limited to Nissan, are used by its customers, including, but not limited to, how those variable camshaft timing components interact with other engine components.

2. Any efforts made by Hitachi to ensure operability of its variable camshaft timing components in the engines of its customers.

3. Hitachi's understanding of statements made in the Variable Timing Control System Technical Report (HIT2400-2414) (also marked as Defendant's Exhibit 14).

4. Hitachi's understanding of the Continuous Variable Timing Control System diagrams at HIT 1599 and HIT1490 (also marked as Defendant's Exhibits 12 and 13B).

5. Hitachi's understanding of the documents entitled "CVTC Solenoid Valve" (HIT0032-46) and "Vane Type VTC" (HIT0047-75) (also marked as Defendant's Exhibits 22 and 23).

6. Hitachi's understanding of the information on the document entitled "VVT Development Capacity" (HIT1538) (also marked as Defendant's Exhibit 16).

7. Hitachi's understanding of the document entitled "Working Principles of Continuous VTC" (UGC3969) (also marked as Defendant's Exhibit 18).

8. The structure and operation, both alone and when incorporated into an engine, of all variable timing control (VTC) components that have been supplied by Hitachi for the following engine systems:

  a.  QR Engine (C-VTC Components);

  b.  TR Engine (C-VTC Components, VTC assembly and cover );

  c.  TR2K Engine (VTC assembly, solenoid assembly);

  d.  SD VQ Engine;

  e.  Honda Engines; and

  f.  Ford Duratec Engine.

9. The cooperation agreement between Hitachi and BorgWarner, including any benefits and information received by Hitachi under the cooperation agreement, as well as any meetings between Hitachi and BorgWarner pursuant to the agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of October, 2005, I electronically filed the foregoing document, **DEFENDANTS' THIRD NOTICE OF DEPOSITION OF LAINTIFF**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 19th day of October, 2005, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
lpeterson@foley.com

                                                */s/ Richard K. Herrmann*
                                               Richard K. Herrmann (#405)
                                               Mary B. Matterer (I.D. #2696)
                                               MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                               222 Delaware Avenue, 10th Floor
                                               Wilmington, Delaware 19801
                                               302.888.6800
                                               mmatterer@morrisjames.com

                                               Attorneys for Defendants and Counterclaimant,
                                               BORGWARNER INC., and
                                               BORGWARNER MORSE TEC INC.