### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>             Plaintiffs, <br><br>      v. <br><br>BORGWARNER INC., and <br>BORGWARNER MORSE TEC INC., <br><br>             Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br>             Counterclaimant, <br><br>      v. <br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>             Counterdefendants. | |

**PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S SECOND NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND <u>BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(B)(6)</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") will take the deposition of defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") commencing at a time and place as may be agreed upon by counsel.  The deposition will continue from day to day until complete.  The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure.  Some or all of the

deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

Pursuant to Rule 30(b)(6), BorgWarner must designate one or more officers, directors, or managing agents or other persons who are competent to testify on its behalf concerning the matters set forth in Schedule A, and who consents to give such testimony. No later than five (5) business days prior to the deposition, BorgWarner is requested to set forth in writing the identity of each witness who will testify in response to this notice and the matters on which the person will testify.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: October 26, 2005
162855.1

## **SCHEDULE A**

### **Definitions**

1. "BorgWarner" refers to Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc., BorgWarner Automotive, Inc., any predecessor or successor of BorgWarner Inc., BorgWarner Morse Tec Inc. and BorgWarner Automotive, Inc., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of BorgWarner Inc., BorgWarner Morse Tec Inc and BorgWarner Automotive, Inc.

2. The term "document" and/or "documents" shall be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any information containing paper, computer file or other medium and materials, including drafts, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic process and includes writings and printed matter of any kind and description, computer generated documents, Communication, e-mails, faxes, photographs, graphs, charts, drawings, tapes, computer disks, notes, messages, laboratory notebooks, notebooks, reports, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by FED. R. EVID. 1001(1) and (2), in the possession, custody or control of BorgWarner, or known to it, wherever located. The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure. Any translation of a document as well as any copy of any document that contains any marking, comment, or notation not appearing on the original document or that is an alteration of the original in any way is to be considered a separate document. Each copy of any document that is discovered at a different location or in the possession or custody of a different person than

the original is to be considered a separate document. The term "document" also shall be construed to include "tangible things" in the broadest meaning permitted under the Federal Rules of Civil Procedure.

3. The "'738 patent" refers to U.S. Patent No. 5,497,738, titled "VCT Control with a Direct Electromechanical Actuator."

4. "Hitachi and UNAI Accused Devices" means the Hitachi or UNAI product(s) that BorgWarner accused of infringement in its Counterclaim and Third Party Complaint, and any other Hitachi or UNAI product(s) that BorgWarner alleges infringes the '738 patent.

5. "Prior Art" includes, by way of example and without limitation, subject matter described in 35 U.S.C. § 103 and each and every subdivision of 35 U.S.C. § 102, including any patent, publication, or other activity asserted by anyone to be prior art.

6. "related to the '738 Patent" means and includes:

   a. all U.S. and non-U.S. patents and patent applications that claim the benefit, directly or indirectly, of the filing date of the '738 patent;

   b. all U.S. and non-U.S. patents and patent applications from which the '738 patent claims the benefit, directly or indirectly, of the filing date;

   c. all U.S. and non-U.S. patents and patent applications that claim the benefit, directly or indirectly, of the filing date of the same patent or patent application from which the '738 patent claims benefit;

   d. all U.S. and non-U.S. patents and patent applications cited in the "Background of the Invention" section of the '738 patent; and

   e. any U.S. and non-U.S. patents and patent applications having a substantially similar disclosure as the '738 patent.

7. "All" or "each" shall be construed as "all and each."

8. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. "Communication" or "Communications" shall be construed to mean any transmission of letters, numbers, images, symbols, data or other information by any means, including, but not limited to, any oral, written or electronic means.

10. "relate," "related," "related to," and "relating to" shall be construed in its broadest sense to require information or documents which construe, comprise, concern, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of the request for documents and things.

11. "Person," "persons," "entity," or "entities" refers to any natural person or legal, business or governmental entity or association.

### Deposition Topics

1. The preparation and prosecution of all patents and patent applications related to the '738 Patent, including without limitation Japanese patent application number JP06-078426 and German patent application numbers DE4415524 and DE4447997.

2. The basis for and all facts relating to Edward C. Siemon and Stanley B. Quinn Jr. being the inventors of subject matter claimed in the '738 patent.

3. The research and development, including conception, reduction to practice, and any alleged diligence, of subject matter disclosed or claimed in the '738 patent, and patents and applications related to the '738 Patent.

4. The sale of, or offer to sell, products manufactured by BorgWarner or related entities, including any third person performing any activity on behalf of BorgWarner, embodying subject matter disclosed or claimed in the '738 patent; and all external indicia applied to those products or applied to packaging related to those products.

5. Forecasts for the sale or production of products embodying subject matter claimed in the '738 patent.

6. Business units, groups, or affiliates of BorgWarner involved in the sale, distribution or marketing of products embodying subject matter disclosed or claimed in the '738 patent.

7. Prior art relating to the '738 patent, including prior art VCT systems that BorgWarner has asserted against other patented VCT systems and that have been asserted by third parties against BorgWarner VCT patents, including when all such prior art came to the attention of BorgWarner and all asserted differences between the '738 patent claims and the prior art.

8. Development, production, sale, and offers to sell VCT products and cooperation with third parties during the time period 1988 to 1995, including but not limited to any development done with OEMs such as Ford, Yamaha, and BMW.

9. Documents relating to the topics identified in the above paragraphs.

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2005, the attached **PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S SECOND NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(B)(6)** was served upon the following counsel of record in the manner indicated:

Richard K. Herrmann                                   VIA HAND DELIVERY
Lewis H. Lazarus
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800


Hugh A. Abrams                                        VIA EMAIL & FEDERAL EXPRESS
Lara Hirshfeld
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (phone)
(312) 853-7036 (fax)


                                   /s/ Tiffany Geyer Lydon

                                   Tiffany Geyer Lydon (#3950)