IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BORGWARNER INC., and BORGWARNER MORSE TEC INC.,<br><br>　　　　Defendants.<br><hr>BORGWARNER INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Counterdefendants. | Civil Action No. 05-048-SLR |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD NOTICE OF DEPOSITION

Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") respond to Defendants' Third Notice of Deposition.

## GENERAL OBJECTIONS

Plaintiffs hereby incorporate by reference in their entirety the General Objections set forth in "Plaintiffs' Responses to Defendants' First Notice of Deposition."

Subject to those General Objections, and subject to the specific objections below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

Hitachi's knowledge of how any variable camshaft timing components supplied by Hitachi to its customers, including, but not limited to Nissan, are used by its customers, including, but not limited to, how those variable camshaft timing components interact with other engine components.

### RESPONSE

Plaintiffs object to this Topic as being unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs object to the breadth and vagueness of the terms "any variable camshaft timing components," "used by its customers," and "interact with other engine components." Plaintiffs also object to this request to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about Hitachi's understanding of how accused VCT systems are used in vehicle engines.

### TOPIC NO. 2

Any efforts made by Hitachi to ensure operability of its variable camshaft timing components in the engines of its customers.

**RESPONSE**

Plaintiffs object to this Topic as being unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence, including information regarding "engines" not related to the matters at issue in this case. Plaintiffs object to this request to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. Plaintiffs also object to the breadth and vagueness of the terms "variable camshaft timing components" and "ensure operability." Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness who is generally knowledgeable about this Topic as best understood.

**TOPIC NO. 3**

Hitachi's understanding of statements made in the Variable Timing Control System Technical Report (HIT2400-2414) (also marked as Defendant's Exhibit 14).

**RESPONSE**

Plaintiffs object to this request as being duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. In particular, Exhibit No. 14 was extensively discussed during the 30(b)(6) deposition of Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this report to the extent not already covered in prior testimony.

## TOPIC NO. 4

Hitachi's understanding of the Continuous Variable Timing Control System diagrams at HIT 1599 and HIT1490 (also marked as Defendant's Exhibits 12 and 13B).

## RESPONSE

Plaintiffs object to this request as being duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. Exhibit No. 12 was extensively discussed during the 30(b)(6) deposition of Yoshinori Ichinosawa, and counsel did not even mention this exhibit during the 30(b)(6) deposition of Toshiro Ichikawa despite the opportunity to do so. Similarly, Exhibit No. 13(b) was extensively discussed during the 30(b)(6) deposition of Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about these diagrams to the extent not already covered in prior testimony.

## TOPIC NO. 5

Hitachi's understanding of the documents entitled "CVTC Solenoid Valve" (HIT0032-46) and "Vane Type VTC" (HIT0047-75) (also marked as Defendant's Exhibits 22 and 23).

## RESPONSE

Plaintiffs object to this request as being duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. Exhibit Nos. 22 and 23 were extensively discussed during the 30(b)(6) deposition of Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic to the extent that it seeks

information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about these documents to the extent not already covered in prior testimony.

**TOPIC NO. 6**

Hitachi's understanding of the information on the document entitled "VVT Development Capacity" (HIT1538) (also marked as Defendant's Exhibit 16).

**RESPONSE**

Plaintiffs object to this request as being duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. In particular, Exhibit No. 16 was extensively discussed during the 30(b)(6) deposition of Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this document to the extent not already covered in prior testimony.

**TOPIC NO. 7**

Hitachi's understanding of the document entitled "Working Principles of Continuous VTC" (UGC3969) (also marked as Defendant's Exhibit 18).

**RESPONSE**

Plaintiffs object to this request as being duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. In particular, Exhibit No. 18 was extensively

5

discussed during the 30(b)(6) deposition of Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this document to the extent not already covered in prior testimony.

**TOPIC NO. 8**

The structure and operation, both alone and when incorporated into an engine, of all variable timing control (VTC) components that have been supplied by Hitachi for the following engine systems:

    a. QR Engine (C-VTC Components);

    b. TR Engine (C-VTC Components, VTC assembly and cover );

    c. TR2K Engine (VTC assembly, solenoid assembly);

    d. SD VQ Engine;

    e. Honda Engines; and

    f. Ford Duratec Engine.

**RESPONSE**

Plaintiffs object to this request as being overly burdensome and harassing because it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. BorgWarner covered this topic for two full days during the 30(b)(6) depositions of Yoshinori Ichinosawa and Toshiro Ichikawa. Moreover, counsel for Defendants refused to use a third day for additional testimony during the time when the witnesses were already in Washington D.C. Plaintiffs also object to this Topic as being unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of

admissible evidence. Plaintiffs also object to the breadth and vagueness of the term "all variable timing control (VTC) components." Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the Hitachi VCT systems for the noted engines to the extent not already covered in prior testimony.

**TOPIC NO. 9**

The cooperation agreement between Hitachi and BorgWarner, including any benefits and information received by Hitachi under the cooperation agreement, as well as any meetings between Hitachi and BorgWarner pursuant to the agreement.

**RESPONSE**

Plaintiffs object to this deposition Topic as being unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. BorgWarner has provided no rationale of how this topic relates to the claims and defenses in the present litigation. Plaintiffs object to this topic as simply being a means for harassment of Hitachi. Plaintiffs also object to the terms "cooperation agreement" and "benefits" as being vague and ambiguous. Absent further explanation from BorgWarner, Plaintiffs will not produce a witness for this Topic.

          ASHBY & GEDDES

          */s/ Tiffany Geyer Lydon*
          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403)
          Tiffany Geyer Lydon (I.D. #3950)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, DE 19899
          (302) 654-1888
          sbalick@ashby-geddes.com
          jday@ashby-geddes.com
          tlydon@ashby-geddes.com

          *Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael Kaminski
Liane Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: November 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2005, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD NOTICE OF DEPOSITION** was served upon the following counsel of record in the manner indicated:

Richard K. Herrmann, Esquire   HAND DELIVERY
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801

Hugh A. Abrams, Esquire   VIA FEDERAL EXPRESS
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, IL 60603

/s/ *Tiffany Geyer Lydon*

_____

Tiffany Geyer Lydon