IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-048-SLR |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) ) | |
| Counterdefendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**

PURSUANT TO RULE 30(b)(6), defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") hereby respond and object to plaintiffs Hitachi, Ltd.'s and Unisia North America, Inc.'s (collectively "Hitachi") Notice of Deposition ("Notice") as follows:

**GENERAL OBJECTIONS**

1. BorgWarner objects to each topic to the extent it seeks information that is not in the possession, custody or control of BorgWarner.

2.  BorgWarner objects to the deposition notice to the extent it seeks testimony regarding disparate topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3.  BorgWarner objects to the Notice as overly broad and unduly burdensome.

4.  BorgWarner objects to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5.  BorgWarner objects to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which BorgWarner has an obligation of confidentiality.

Subject to these general objections, and subject to additional objections made to the specific deposition below, BorgWarner answers as follows.

## RESPONSE TO SPECIFIC TOPICS

1.  The preparation and prosecution of all patents and patent applications related to the '738 Patent, including without limitation Japanese patent application number JP06-078426 and German patent application numbers DE4415524 and DE4447997.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of information related to patents and patent applications that are not at issue in

this litigation. BorgWarner further objects to the phrase "preparation and prosecution of all patents and patent applications related to the '738 Patent" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about the prosecution of the applications that resulted in the '738 patent.

2. The basis for and all facts relating to Edward C. Siemon and Stanley B. Quinn Jr. being the inventors of subject matter claimed in the '738 patent.

RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner also objects to this deposition topic to the extent it seeks a legal conclusion. Subject to and without waiving its specific and general objections, BorgWarner states that Hitachi may ask Mr. Siemon and Mr. Quinn about the facts pertaining to their inventorship of the subject matter claimed in the '738 patent during their personal depositions.

3. The research and development, including conception, reduction to practice, and any alleged diligence, of subject matter disclosed or claimed in the '738 patent, and patents and applications related to the '738 Patent.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of information related to patents and patent applications that are not at issue in this litigation. BorgWarner further objects to the phrase "patents and patent applications related to the '738 Patent" as vague and ambiguous. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent it pertains to subject matter claimed in the '738 patent.

4. The sale of, or offer to sell, products manufactured by BorgWarner or related entities, including any third person performing any activity on behalf of BorgWarner, embodying subject matter disclosed or claimed in the '738 patent; and all external indicia applied to those products or applied to packaging related to those products.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects. BorgWarner further objects to the phrases "related entities," "any third person," and "all external indicia applied to those products" as vague and ambiguous. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work

4

product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

5. Forecasts for the sale or production of products embodying subject matter claimed in the '738 patent.

RESPONSE: BorgWarner objects to the phrase "embodying subject matter" as vague and ambiguous. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

6. Business units, groups, or affiliates of BorgWarner involved in the sale, distribution or marketing of products embodying subject matter disclosed or claimed in the '738 patent.

RESPONSE: BorgWarner objects to the phrase "embodying subject matter" as vague and ambiguous. BorgWarner also objects to this topic to the extent it seeks a legal conclusion. BorgWarner also objects to this deposition topic to the extent it is duplicative of prior deposition topics. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

7. Prior art relating to the '738 patent, including prior art VCT systems that BorgWarner has asserted against other patented VCT systems and that have been asserted by third parties

against BorgWarner VCT patents, including when all such prior art came to the attention of BorgWarner and all asserted differences between the '738 patent claims and the prior art.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent it seeks "Prior art relating to the '738 patent" and to the extent it seeks information regarding "when all such prior art came to the attention of BorgWarner and all asserted differences between the '738 patent claims and the prior art."  BorgWarner also objects to this deposition topic as vague and ambiguous, particularly to the extent it seeks "prior art VCT systems that BorgWarner has asserted against other patented VCT systems."  BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  BorgWarner further objects to this deposition topic as it demands information relating to expert discovery.  BorgWarner further objects to this topic to the extent it calls for a legal conclusion.  BorgWarner further objects to this deposition topic as it seeks evidence inadmissible under Federal Rules of Evidence 408.  The substance of on-going settlement negotiations with third parties related to infringement of the '738 patent is not discoverable, including discussions of "prior art."  Without revealing the substance of these settlement negotiations, BorgWarner has already produced all prior art that it is aware of to Hitachi.

8.  Development, production, sale, and offers to sell VCT products and cooperation with third parties during the time period 1988 to 1995, including but not limited to any development done with OEMs such as Ford, Yamaha, and BMW.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the terms "VCT products," "cooperation with third parties," and "development done with OEMS" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

9.  Documents relating to the topics identified in the above paragraphs.

    RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects and about unspecified documents that may number in the thousands. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client

7

privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

Dated: November 9, 2005

/s/ Mary Matterer
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800
mmatterer@morrisjames.com

Hugh A. Abrams *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2005, I electronically filed the foregoing document, **DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S SECOND NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 9th day of November, 2005, the foregoing document was served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
lpeterson@foley.com

_____
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
llazarus@morrisjames.com

Attorneys for Defendants BORGWARNER INC.
and BORGWARNER MORSE TEC INC.