IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>        Nissan, <br><br>        v. <br><br>BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br>        Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br>        Counterclaimant, <br><br>        v. <br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>        Counterdefendants. | |

## THIRD PARTY NISSAN NORTH AMERICA INC.'S RESPONSES TO DEFENDANTS' SUBPOENA

Third Party Nissan North America Inc.'s ("Nissan") respond to Defendants' Notice of Subpoena.

### GENERAL OBJECTIONS

1. Nissan objects to the Subpoena to the extent it seeks information that is not in the possession, custody or control of Nissan.

2.   Nissan objects to the Subpoena as being duplicative of documents that were produced by Hitachi, Ltd. and UNISIA North America, Inc. This duplicative discovery is burdensome and unnecessary against Nissan, a third party.

3.   Nissan objects to the Subpoena as being overly broad and unduly burdensome.

4.   Nissan objects to the Subpoena to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Nothing contained in these Responses or any upcoming testimony is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine. Nissan will only provide non-privileged, non-protected information, unless otherwise specifically indicated to the contrary.

5.   Nissan objects to the Subpoena to the extent it seeks to obtain information that is highly confidential and proprietary or for which Nissan has an obligation of confidentiality. Nissan will not produce any documents without an appropriate "protective order" signed between Nissan and the different parties to the litigation and also not without designation into a level of confidentiality that is akin to "outside counsel's eyes only."

6.   Nissan objects to the Subpoena to the extent that any Request imposes requirements or obligations on Nissan in addition to or different from those imposed by the Federal Rules of Civil Procedure. Nissan will answer in accordance with the applicable Rules and the decisions interpreting them.

7.   Nissan objects to the Subpoena to the extent it seeks information that is not relevant to issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

8.  Nissan reserves the right to correct, amend, modify and/or supplement all of its responses upon discovery of relevant information, or in accordance with the Federal Rules of Civil Procedure.

9.  Nissan objects to the Subpoena to the extent it purports to cover products manufactured and sold outside of the United States without being imported or being known to be imported into the United States by Nissan. To the extent that information is provided regarding such categories of products, this is not an admission regarding their relevance.

10. Nissan objects to the use of the terms "any," "all" or "each" in the Subpoena as being overly broad, unduly burdensome and oppressive. Nissan's discovery and investigation in this matter is continuing. Nissan reserves the right to amend or supplement the following responses based on any further investigation, review of documents, or other discovery in this case.

11. Nissan objects to the definition of the term "variable camshaft timing components" as being irrelevant, overbroad and burdensome. For example, the definition encompasses "electronic control units." The "electronic control units" have many functions that are not related to the methods claimed in the '738 patent. In addition, there are many types of "electronic control units" depending on the type of vehicle the electronic control unit is intended for. In addition, various of the components are undefined and their meaning and scope is not clearly understood. Further, the request purports to cover all exports of Nissan, without regard to destination, known or unknown. Moreover, the definition purportedly covers engines and vehicles not having Hitachi or UNAI VCT components.

12. Nissan objects to the Subpoena to the extent it requests information on components not supplied to Nissan by Hitachi or UNAI and/or intended for use in any future

3

engine that has not actually been commercialized or sold, offered for sale, or imported into the United States. There can be no infringement of the method claims of the '738 patent on the basis of components intended for use in any possible future product that has not yet been commercialized in the United States.

13.     Nissan objects to the Subpoena to the extent that it requires Nissan to provide descriptions of its products by vehicle line and engine designation as being irrelevant, overbroad and burdensome.

14.     The foregoing objections and limitations shall be applicable to, and included in, Nissan's response to every request.

Subject to these General Objections, and subject to additional objections made to the specific objections below, Nissan answers as follows:

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

### REQUEST NO. 1

Documents sufficient to identify any variable camshaft timing components, as defined in the Definitions herein, that have been supplied to Nissan by Hitachi, and all engine systems and/or vehicles using or intending to use those variable camshaft timing components as part of an engine or vehicle system for manufacture and/or sale in the United States.

### RESPONSE

Nissan objects to the terms "any variable camshaft timing components," "all engine systems" and "an engine or vehicle system" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information on systems or vehicles "intending to use," but not actually using timing components supplied to Nissan by Hitachi. Nissan will not produce

4

any documents relating to future vehicle plans. Nissan also objects to this Request to the extent it seeks information about variable camshaft timing components and engine systems not related to the '738 patent. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

## REQUEST NO. 2

Documents sufficient to identify the following about the Nissan vehicles identified as the Altima, Maxima, Sentra, Infiniti FX45, Infiniti M45, Infiniti Q, Frontier, Infinity FX35, Infinity G Coupe, Infinity G Sedan, Infinity M35, Murano, Pathfinder, Quest, Z, and Xterra, that are manufactured and/or sold in the United States containing any variable camshaft timing components, as defined in the Definitions herein, that have been supplied by Nissan to Hitachi: (a) identification of the engine system using said variable camshaft timing components (e.g., QR engine, VK engine); (b) identification of years of production of vehicles having said variable camshaft timing components (e.g., 2000, 2001, etc.); (c) number of vehicles manufactured and/or sold for each of said years in (b) above; (d) identification of size and configuration of said engine systems identified in (a) above (e.g., 3.0L V-6, 1.5L I-4, etc.).

## RESPONSE

Nissan understands that Hitachi has already produced information relating to its sales to Nissan; therefore, the requested information is duplicative thereof. Nissan objects to producing documents to identify these vehicle lines, as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Similarly, Nissan objects to producing documents to identify engine designations, as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Nissan objects to the terms "any variable camshaft

timing components" and "engine system" as being overly broad, unduly burdensome and oppressive. Nissan also objects to identifying the years and quantity of production prior to 1999 as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

## REQUEST NO. 3

All communications between Nissan and Hitachi concerning the design, structure and operation of variable camshaft timing components for Nissan's engine system and/or vehicles for manufacture and/or sale in the United States.

## RESPONSE

Nissan understands that Hitachi has already produced information relating to this category; therefore, the requested information is duplicative thereof. It is not clear what would be gained from Nissan's production of these documents. Nissan objects to the terms "design, structure and operation" and "variable camshaft timing components" as being overly broad, unduly burdensome and oppressive. Nissan also objects to the Request as being overly broad, unduly burdensome and oppressive to the extent that it seeks information about engine systems or vehicles unrelated to the '738 patent. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in

this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 4**

All documents concerning the idea and/or decision to switch from an "on-off" valve timing components (VTC") system to a continuous VTC system, including but not limited to any communications between Nissan and Hitachi before January of 1998.

**RESPONSE**

Nissan objects to the terms "'on-off' valve timing components" and "continuous VTC system" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request to the extent that it calls for the identification of components and systems not related to the '738 patent. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 5**

All documents concerning the idea and/or decision to switch from a helical-type VTC device to a vane-type VTC device, including but not limited to any communications between Nissan and Hitachi in 200 discussing the VK and QR engines.

**RESPONSE**

Nissan objects to the terms "helical-type VTC device" and "vane-type VTC device" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request to the extent that it calls for the identification of engines or systems not related to the '738 patent. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 6**

Documents sufficient to identify all engines supplied to Nissan that use, or are intending to use, variable camshaft timing components supplied by Hitachi, and identify all such variable camshaft timing components including but not limited to the following engine systems: QR, QG, VK AND VQ engines, specifically the VK45DE, VK56D, VQ35DE, VQ40DE, QR25DE, QR20DE, QG18DE, SR20VET, SR20DET, and SR16VE engines.

**RESPONSE**

Nissan understands that Hitachi has already produced information relating to this category; therefore, the requested information is duplicative thereof. Nissan objects to producing documents to identify these engine designations, as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Nissan objects to the terms "all engines" and "variable camshaft timing components" as being overly broad, unduly burdensome and oppressive. Nissan objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information on engines "intending to use," but not actually using timing components supplied to Nissan by Hitachi. Nissan will not produce any documents relating to future vehicle plans. Nissan also objects to this Request to the extent that it calls for the identification of variable camshaft timing

components and engines not related to the '738 patent. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 7**

Documents sufficient to identify all vehicles made and /or sold by Nissan in the United States that use, or are intending to use, variable camshaft timing components supplied by Hitachi, and identify all such variable camshaft timing components including but not limited to the following vehicle models: Altima, Maxima, Sentra, Infiniti FX45, Infiniti M45, Infiniti Q45, Frontier, Infiniti FX35, Infiniti G Coupe, Infiniti G Sedan, Infiniti M35, Murano, Pathfinder, Quest, Z, and Xterra.

**RESPONSE**

Nissan understands that Hitachi has already produced information relating to its sales to Nissan; therefore, the requested information is duplicative thereof. It is not clear what would be gained from Nissan's production of these documents. Nissan objects to producing documents to identify these vehicle lines, as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Nissan objects to the terms "all vehicles" and "variable camshaft timing components" as being overly broad, unduly burdensome and oppressive. Nissan objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information on vehicles "intending to use," but not actually using timing components supplied to Nissan by Hitachi. Nissan will not produce any documents relating to future vehicle plans. Nissan also objects to this Request to the extent

that it calls for the identification of vehicles not related to the '738 patent. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

## REQUEST NO. 8

All documents relating to any agreements and/or development plans for Nissan to use Hitachi manufactured variable camshaft timing components after 2005 in an engine system and/or vehicle.

## RESPONSE

Nissan will not produce any documents relating to future engine that are yet to be commercialized. Nissan objects to the terms "agreements," "development plans" and "variable camshaft timing components" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information in this case. Nissan further objects to this Request as seeking information that is subject to confidentiality obligations to third-parties, including but not limited to Hitachi. Nissan will, therefore, not produce any documents responsive to this Request.

## REQUEST NO. 9

Documents sufficient to identify: (a) the method or mechanism for determination of the angle of the camshaft and/or the angle of the crankshaft including but not limited to the use of a camshaft or cam angle sensor and/or crankshaft or crank angle sensor, (b) whether electronic signals are sent to an engine control module with information relating to the camshaft angle and/or crankshaft angle, (c) the control strategy and/or engine condition parameters used by an

engine control module to determine a desired camshaft and/or crankshaft angle based on the sensed camshaft angle and/or sensed crankshaft angle, (d) whether electronic signals are sent to a solenoid valve from the engine control module to cause the solenoid to adjust the position of a valve that controls the flow of fluid to a camshaft phaser or camshaft vane component, (e) the hydraulic system relating to the use of any variable camshaft timing components, including schematic diagrams (*see e.g.,* Exhibit 1 attached hereto for the VQ and QG engines in the Nissan Altima) showing the flow of fluid from an oil pump or oil source to a camshaft phaser or camshaft vane components and through various inlet and return lines, and (f) the performance specifications for any solenoid valves for use in conjunction with each variable camshaft timing system.

**RESPONSE**

Nissan objects to this Request as being overly broad, unduly burdensome and oppressive in that it is not limited to any particular engine system or to any particular timing components supplied to Nissan by Hitachi. Nissan also objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information on timing systems or engines unrelated to the '738 patent. Nissan further objects to the following terms as being overly broad, unduly burdensome and oppressive: "method or mechanism," "angle of the camshaft," "angle of the crankshaft," "camshaft or cam angle sensor," "crankshaft or crank angle sensor," "electronic signals," "engine control module," "information relating to the camshaft angle and/or crankshaft angle," "control strategy," "engine condition parameters," "engine control module," "desired camshaft and/or crankshaft angle," "sensed camshaft angle and/or sensed crankshaft angle," "solenoid valve," "cause the solenoid to adjust the position of a valve that controls the flow of fluid to a camshaft phaser or camshaft vane component," "hydraulic system," "any variable camshaft timing components," "oil source," "camshaft phaser or camshaft vane components," "various inlet and return lines," "performance specifications," "any solenoid valves," and "variable camshaft timing system." The production of any documents by Nissan should not be construed as a position on the scope or meaning of any claim term within the '738 patent.

11

Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 10**

Documents sufficient to identify the quantity sold and price of any components that were purchased (or received) from Hitachi for use in an engine system or vehicle manufactured and/or sold in the United States having a variable camshaft timing system, including, without limitation, any sensors, solenoid valves, camshaft phasers or valve timing control devices, pumps (oil or water), sprockets, spool valves, and electronic components (including engine control modules or components thereof).

**RESPONSE**

Nissan understands that Hitachi has already produced information relating to its sales to Nissan; therefore, the requested information is duplicative thereof. It is not clear what would be gained from Nissan's production of these documents. Nissan objects to the terms "any components," "engine system or vehicle," "variable camshaft timing system," "sensors," "solenoid valves," "camshaft phasers," "valve timing control devices," "sprockets," spool valves," and "electronic components" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information about components, engines, or vehicles unrelated to the '738 patent. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce

non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST NO. 11**

The structure and operation of all variable camshaft timing components that have been made, used, prototyped, sold, offered for sale or intended to be sold in the United States by Nissan from Hitachi, or imported or exported by or on behalf of Nissan, or imported into the United Sates as part of a Nissan engine or vehicle.

**RESPONSE**

Nissan understands that Hitachi has already produced information relating to this category; therefore, the requested information is duplicative thereof. Nissan objects to the terms "structure and operation" and "all variable camshaft timing components" as being overly broad, unduly burdensome and oppressive. Nissan also objects to this Request as being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information to the extent that it seeks information about engines or systems "intending to use," but not actually using timing components supplied to Nissan by Hitachi. Nissan will not produce any documents relating to future vehicle plans. Nissan further objects to this Request to the extent that it requires Nissan to provide a description of its products by vehicle line and engine designation as being overly broad, unduly burdensome, oppressive and being neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of relevant and admissible information. Subject to and without waiver of the foregoing specific objections and General Objections, Nissan will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

## RESPONSES TO DEPOSITION SUBPOENA

Nissan objects to the deposition subpoena in its entirety and will not produce any witness. Nissan, a third party, is without any knowledge of what Requests may be included; a naked subpoena was all that was served. Therefore, the subpoena is fatally deficient, vague, and can not reasonably be responded to.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: November 14, 2005

163511.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2005, the attached **THIRD PARTY NISSAN NORTH AMERICA INC.'S RESPONSES TO DEFENDANTS' SUBPOENA** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899 | VIA HAND DELIVERY |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, Illinois 60603 | VIA E-MAIL & FEDERAL EXPRESS |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon