# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br>      Plaintiffs, <br><br>     v. <br><br> BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC., <br><br>      Defendants. <br><br> BORGWARNER INC., <br><br>      Counterclaimant, <br><br>     v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>      Counterdefendants. | Civil Action No. 05-048-SLR |

**PLAINTIFFS' RESPONSES TO DEFENDANTS'**
**FOURTH NOTICE OF DEPOSITION OF PLAINTIFFS**

   Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") hereby respond to Defendants' Fourth Notice of Deposition.

**GENERAL OBJECTIONS**

   Plaintiffs hereby incorporate by reference in their entirety the General Objections set forth in "Plaintiffs' Responses to Defendants' First Notice of Deposition." In addition, Plaintiffs object to the Definition of "Hitachi" as unreasonably broad to the extent it encompasses all financial divisions of Hitachi. Hitachi will provide a witness who is generally knowledgeable

about the financial division of the Engine Management System Division, the group responsible for VCT.

Subject to those General Objections, and subject to the specific objections below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

The unit and dollar volumes (on a monthly basis) of Hitachi's sales in the U.S. that are attributable to variable camshaft timing components.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the unit and dollar volumes (on a monthly basis) of Hitachi's sales in the U.S. that are attributable to variable camshaft timing components.

### TOPIC NO. 2

The costs to Hitachi (on a per unit basis) that are associated with variable camshaft timing components that Hitachi offers for sale in the U.S.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions.  Plaintiffs further object to the phrase "associated with" as vague and ambiguous.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by Hitachi in the ordinary course of business.  Plaintiffs further object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to

discovery of admissible evidence. This Topic is premature as BorgWarner has not identified what legal theories it intends to rely on for damages in this case.

      Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the estimated costs to Hitachi associated with variable camshaft timing components that Hitachi offers for sale in the U.S.

**TOPIC NO. 3**

Hitachi's pricing of variable camshaft timing components (either singly or in connection with other components), and the manner in which Hitachi establishes its prices.

**RESPONSE**

      Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent there is not one standard procedure for pricing variable camshaft timing components. Plaintiffs further object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. This Topic is premature as BorgWarner has not identified what legal theories it intends to rely on for damages in this case.

      Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the general process by which Hitachi prices its variable camshaft timing components.

**TOPIC NO. 4**

The commercial success or popularity of variable camshaft timing components sold in the U.S.

**RESPONSE**

      Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. This Topic relates to expert testimony, is not appropriate for a Rule 30(b)(6) witness, and should

3

be deferred until the expert discovery phase. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 5**

Alternatives to variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic as identical to Topic No. 10 in BorgWarner's Second Notice. Plaintiffs further object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs further object to this Topic as premature as BorgWarner has not identified what legal theories it intends to rely on for damages in this case. Also, this is a Topic that should be deferred until the expert discovery phase.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about alternatives to variable camshaft timing components.

**TOPIC NO. 6**

Customary royalty rates in the automotive industry.

**RESPONSE**

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. This topic relates to expert testimony, is not appropriate for a Rule 30(b)(6) witness, and should be deferred until the expert discovery phase. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 7**

The percentage of Hitachi's sales that involve variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the percentage of Hitachi's sales that involve variable camshaft timing components, to the extent such information is available.

**TOPIC NO. 8**

Market share breakdown by manufacturer in the field of variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions.  Plaintiffs further object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  In addition, such a Topic should be deferred until the expert discovery phase.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about market share breakdown in the field of variable camshaft timing components, to the extent such information is available.

**TOPIC NO. 9**

Customer comments or feedback regarding variable camshaft timing components.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about every customer comment or feedback regarding variable camshaft timing components. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about customer comments or feedback regarding Hitachi's variable camshaft timing components.

**TOPIC NO. 10**

Identification of the types of financial documents created and/or maintained by Hitachi and the persons responsible for such documents.

**RESPONSE**

Plaintiffs object to the use of the term "Hitachi" in this Topic as unreasonably broad to the extent it encompasses all financial divisions of Hitachi. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it covers all persons.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will provide a witness who is generally knowledgeable about the types of financial documents created and/or maintained by the financial division of the Engine Management System Division, the group responsible for VCT.

**TOPIC NO. 11**

Hitachi's contentions as to the proper measure of damages in this case if Hitachi is found liable of infringement of the patent-in-suit.

**RESPONSE**

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. This topic relates to expert testimony, is not appropriate for a Rule 30(b)(6) witness, and should be deferred until the expert discovery phase. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 12**

An explanation of the data reflected on the spreadsheets produced by Hitachi as HIT 439568-590; HIT 439591-630; and HIT 439631-678 (the "Hitachi spreadsheets").

**RESPONSE**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the data reflected on the "Hitachi spreadsheets."

**TOPIC NO. 13**

An explanation of the documents or data used to calculate the numbers reflected on the Hitachi spreadsheets.

**RESPONSE**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

7

      Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the documents or data used to calculate the numbers reflected on the Hitachi spreadsheets.

**TOPIC NO. 14**

The method for calculating the numbers on the Hitachi spreadsheets.

**RESPONSE**

      Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

      Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the method for calculating the numbers on the Hitachi spreadsheets.

**TOPIC NO. 15**

Hitachi's profits and losses statements regarding variable camshaft timing components that Hitachi offers for sale in the U.S.

**RESPONSE**

      Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by Hitachi in the ordinary course of business.

      Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the profits and losses statements maintained by the Hitachi division responsible for VCT.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

--------------------------------------
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: November 18, 2005

163766.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2005, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' FOURTH NOTICE OF DEPOSITION OF PLAINTIFFS** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | **VIA EMAIL & HAND DELIVERY** |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, IL  60603 | **VIA EMAIL & FEDERAL EXPRESS** |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon