IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S THIRD NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND <u>BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(b)(6)</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") will take the deposition of defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") commencing at a time and place as may be agreed upon by counsel. The deposition will continue from day to day until complete. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure. Some or all of the

1

deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

Pursuant to Rule 30(b)(6), BorgWarner must designate one or more officers, directors, or managing agents or other persons who are competent to testify on its behalf concerning the matters set forth in Schedule A, and who consents to give such testimony. No later than five (5) business days prior to the deposition, BorgWarner is requested to set forth in writing the identity of each witness who will testify in response to this notice and the matters on which the person will testify.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*
        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D. #2403)
        Tiffany Geyer Lydon (I.D. #3950)
        222 Delaware Avenue, 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

        *Attorneys for Plaintiff Hitachi, Ltd. and*
        *Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: November 22, 2005

163874.1

## SCHEDULE A

### Definitions

1. "BorgWarner" refers to Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc., BorgWarner Automotive, Inc., any predecessor or successor of BorgWarner Inc., BorgWarner Morse Tec Inc. and BorgWarner Automotive, Inc., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of BorgWarner Inc., BorgWarner Morse Tec Inc and BorgWarner Automotive, Inc.

2. The term "document" and/or "documents" shall be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any information containing paper, computer file or other medium and materials, including drafts, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic process and includes writings and printed matter of any kind and description, computer generated documents, communication, e-mails, faxes, photographs, graphs, charts, drawings, tapes, computer disks, notes, messages, laboratory notebooks, notebooks, reports, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by FED. R. EVID. 1001(1) and (2), in the possession, custody or control of BorgWarner, or known to it, wherever located. The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure. Any translation of a document as well as any copy of any document that contains any marking, comment, or notation not appearing on the original document or that is an alteration of the original in any way is to be considered a separate document. Each copy of any document that is discovered at a different location or in the possession or custody of a different person than

the original is to be considered a separate document. The term "document" also shall be construed to include "tangible things" in the broadest meaning permitted under the Federal Rules of Civil Procedure.

  3. The "'738 patent" refers to U.S. Patent No. 5,497,738, titled "VCT Control with a Direct Electromechanical Actuator."

  4. "All" or "each" shall be construed as "all and each."

  5. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  6. "Communication" or "Communications" shall be construed to mean any transmission of letters, numbers, images, symbols, data or other information by any means, including, but not limited to, any oral, written or electronic means.

  7. The terms "relate," "related," "related to," and "relating to" shall be construed in its broadest sense to require information or documents which construe, comprise, concern, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of the request for documents and things.

  8. "Person," "persons," "entity," or "entities" refers to any natural person or legal, business or governmental entity or association.

## Deposition Topics

1.  Alternatives to VCT systems.

2.  Customary royalty rates in the automotive industry.

3.  The percentage of BorgWarner's sales that involve VCT systems.

4.  Market share breakdown by manufacturer in the field of VCT systems.

5.  Identification of the types of financial documents created and/or maintained by BorgWarner and the persons responsible for such documents.

6.  Identification of the types of business and marketing plans created and/or maintained by BorgWarner and the persons responsible for such documents.

7.  BorgWarner's product launch plans for any VCT system.

8.  BorgWarner's strategic and long range plans for VCT systems.

9.  BorgWarner's contentions as the proper measure of damages in this case if Hitachi is found liable of infringement of the '738 patent.

10. Identification of the theory or theories BorgWarner intends to rely upon in claiming damages in this case if Hitachi is found liable of infringement of the '738 patent.

11. Identification of VCT systems for which BorgWarner contends it has suffered damages and identification of the entity responsible for the manufacture and sale of such VCT systems.

12. BorgWarner's profit and loss statements regarding VCT systems.

13. Documents relating to the topics identified in the above paragraphs.

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2005, the attached **PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S THIRD NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(b)(6)** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | <u>VIA EMAIL & HAND DELIVERY</u> |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>10 South Dearborn Street<br>Chicago, IL  60603 | <u>VIA EMAIL & FEDERAL EXPRESS</u> |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon