IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-048-SLR |
| v. | ) ) | |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC. | ) ) ) | |
| Counterdefendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S THIRD NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**

PURSUANT TO RULE 30(b)(6), defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") hereby respond and object to plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") Notice of Deposition ("Notice") as follows:

**GENERAL OBJECTIONS**

1.     BorgWarner objects to each topic to the extent it seeks information that is not in the possession, custody or control of BorgWarner.

2.  BorgWarner objects to the deposition notice to the extent it seeks testimony regarding disparate topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3.  BorgWarner objects to the Notice as overly broad and unduly burdensome.

4.  BorgWarner objects to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5.  BorgWarner objects to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which BorgWarner has an obligation of confidentiality.

Subject to these general objections, and subject to additional objections made to the specific deposition below, BorgWarner answers as follows.

**RESPONSE TO SPECIFIC TOPICS**

1.  Alternatives to VCT systems.

    RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to the term "VCT systems" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it calls for a legal conclusion. BorgWarner further objects to this deposition topic to the extent it seeks expert testimony. Subject to and without waiving its general

and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

2. Customary royalty rates in the automotive industry.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this deposition topic to the extent it seeks expert testimony. Subject to and without waiving its general and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

3. The percentage of BorgWarner's sales that involve VCT systems.

RESPONSE: BorgWarner objects to the term "VCT system" as vague and ambiguous. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

4. Market share breakdown by manufacturer in the field of VCT systems.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the terms "market share breakdown" and "manufacturer in the field of VCT systems" as vague and

ambiguous. Subject to and without waiving its general and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

5. Identification of the types of financial documents created and/or maintained by BorgWarner and the persons responsible for such documents.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects. BorgWarner further objects to the term "types of financial documents" as vague and ambiguous. Subject to and without waiving its general and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

6. Identification of the types of business and marketing plans created and/or maintained by BorgWarner and the persons responsible for such documents.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects. BorgWarner further objects to the term "types of business and marketing plans" as vague and ambiguous. BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its general and specific objections,

BorgWarner will produce a witness who is generally knowledgeable regarding business and marketing plans related to VCT components.

7. BorgWarner's product launch plans for any VCT system.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks information on "any VCT system." BorgWarner further objects to the terms "product launch plans" and "any VCT system" as vague and ambiguous. BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its general and specific objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

8. BorgWarner's strategic and long range plans for VCT systems.

RESPONSE: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it requires an individual to be familiar with a wide range of subjects. BorgWarner further objects to the terms "strategic and long range plans" and "VCT system" as vague and ambiguous. BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its general and specific

objections, BorgWarner will produce a witness who is generally knowledgeable about this topic.

9. BorgWarner's contentions as the proper measure of damages in this case if Hitachi is found liable of infringement of the '738 patent.

RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this topic to the extent it calls for a legal conclusion. BorgWarner further objects to this deposition topic as it demands information relating to expert discovery, and the parties have agreed to a schedule for submission of expert reports.

10. Identification of the theory or theories BorgWarner intends to rely upon in claiming damages in this case if Hitachi is found liable of infringement of the '738 patent.

RESPONSE: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this topic to the extent it calls for a legal conclusion. BorgWarner further objects to this deposition topic as it demands information relating to expert discovery, and the parties have agreed to a schedule for submission of expert reports.

11. Identification of VCT systems for which BorgWarner contends it has suffered damages and identification of the entity responsible for the manufacture and sale of such VCT systems.

>RESPONSE:  BorgWarner objects to this deposition topic to the extent it is duplicative of prior deposition topics.  BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  BorgWarner further objects to the terms "VCT systems" and "entity responsible" as vague and ambiguous.  BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

12. BorgWarner's profit and loss statements regarding VCT systems.

   >RESPONSE:  BorgWarner objects to the term "VCT systems" as vague and ambiguous. Subject to and without waiving its specific and general objections, BorgWarner will produce a witness who is generally knowledgeable regarding BorgWarner's profit and loss statements.

13. Documents relating to the topics identified in the above paragraphs.

   >RESPONSE:  BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects and about unspecified documents that may number in the thousands.  BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

Dated: December 7, 2005           /s/ *Mary B. Matterer*
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. # 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December, 2005, I electronically filed the foregoing document, **DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S THIRD NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 7th day of December, 2005, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
lpeterson@foley.com

                        /s/ Mary B. Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.