I IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 05-048-SLR ) ) ) ) ) ) |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

Defendants BorgWarner Inc. and BorgWarner Morse TEC., Inc. (collectively "BorgWarner" ) move this Court (1) to amend Paragraph 2(b)(6) of the Scheduling Order to require the depositions of Mr. Suga and plaintiffs' Rule 30(b)(6) on willfulness to take place, respectively, on December 27 and 28 to require any depositions not scheduled that week to take place in Washington, D.C. or Hong Kong (or any other location mutually agreed upon by the parties); (2) to amend Paragraph 2(b) of the June 8, 2005 scheduling order to extend the fact discovery deadline in this case from January 13, 2006 until January 27, 2006; and (3) to amend Paragraph 2(c)(1) to amend the date for the first expert reports from February 13, 2006 to February 20, 2006. In support of this motion, BorgWarner states as follows:

1. On November 4, 2005, this Court issued a Commission authorizing certain depositions in Japan. The parties traveled to Japan and took depositions on November 28-30. Depositions that had been scheduled for December 1-2 did not occur because the United States based court reporter retained by BorgWarner for those days did not receive her visa in sufficient time to travel to Japan. BorgWarner made every available effort to locate a court reporter in Japan for December 1-2 (including advising plaintiffs' counsel and requesting any help they could provide), but could not find any available court reporter for those days.

2. Three depositions were scheduled to take place on December 1 and 2. BorgWarner has dropped its request for one of those depositions. The two remaining depositions are those of Mr. Suga (a technical witness) and plaintiffs' Rule 30(b)(6) witness on willfulness. Mr. Suga's deposition is expected to take one-half day and the Rule 30(b)(6) witness is expected to take one day.

3. After the first round of depositions in Japan, both BorgWarner and plaintiffs advised the Special Discovery Master that there were problems scheduling depositions in Japan and that BorgWarner wished to take additional depositions of plaintiffs. Specifically, BorgWarner wanted to take the two remaining depositions and also believed that plaintiffs' prior Rule 30(b)(6) witnesses were unprepared, thus requiring additional depositions.

4. On December 5, the Special Discovery Master ordered that BorgWarner identify any additional Hitachi witnesses it wished to depose and to also prepare a revised Rule 30(b)(6) notice covering any remaining topics that were not adequately addressed during the first round of depositions in Japan. Paragraph 1, First Teleconference Discovery Order. (Exhibit 1)(the "Order"). The Special Discovery Master also ordered that plaintiffs designate witnesses by

December 9, 2005 for 30(b)(6) depositions of Hitachi to be taken in Osaka, Japan. *Id.* at Paragraph 2. Plaintiffs provided a tentative list of names on December 7.

5.      The Order further states that "[c]ounsel are encouraged to schedule all depositions for the time period between December 12-16, 2005, and January 3-6, 2006. *Id.* at Paragraph 3.

6.      On December 16, 2005, the parties are required to supplement responses to all interrogatories answered with a Rule 33(d) designation. *Id.* at Paragraph 9. Supplementation by plaintiffs ideally should take place before any remaining depositions of Hitachi witnesses.

7.      The parties intended to submit an agreed-upon motion for a Commission, which is required to take the additional depositions in Osaka. This Commission could not be submitted prior to Hitachi identifying its witnesses, as all individuals to be deposed must be listed in the Commission. BorgWarner prepared such a motion immediately upon receiving the tentative list of witnesses from plaintiffs on December 7 and sent it to plaintiffs for their review.

8.      The Osaka consulate is only available for deposition on the following days between now and the close of discovery: December 13-16, December 19-22, 2005, December 27-30, 2005 and January 3-6, 2006. The Tokyo consulate is not available in December or early January. Hitachi has demanded the right to unilaterally schedule its witnesses at any of the available times in Osaka, potentially forcing BorgWarner to make multiple additional trips to Japan. In that vein, on the afternoon of December 8, Hitachi advised BorgWarner for the first time that its witnesses were unavailable on a large number of days that the Osaka consulate had been reserved, specifically December 29-30 and January 3-6, due to the New Year's holiday. Hitachi is now attempting to force BorgWarner to take depositions December 19-22 and

December 27 and 28, forcing BorgWarner to spend Christmas in Osaka, even though the consulate is reserved in January as well.

9.  Hitachi's position is unreasonable, particularly with the difficulties involved in obtaining a visa. The parties appear to be in agreement that there is insufficient time to obtain the necessary visas in time to take depositions in Japan the week of December 13, 2005. Fourteen days were required to obtain the visas in November from the time the certified Commission was submitted until the visas issued. While BorgWarner anticipates the process could be quicker next time,[1] the process will not be quick enough to obtain the visas in time for depositions beginning December 13. It also appears that there is insufficient time to obtain visas for the week of December 19, 2005, as any such visa would need to issue no later than December 16 in order to have the visa in hand prior to boarding a flight. The Japanese consulate in Chicago has advised counsel for BorgWarner that, even if the Order is received and submitted today, it is doubtful whether the visa will be received prior to December 16. Only the December 27 and 28 days and the week of January 3, 2006 appears realistic to Borg Warner for scheduling these depositions, if they are required to go forward in Japan.

10.  Furthermore, it is unreasonable to expect BorgWarner to ask court reporters, videographers and translators to "hold" dates over the holidays when there is no reasonable expectation that a visa can be obtained. BorgWarner is willing to travel to Osaka on December 27 and 28 to conduct the two depositions it was unable to conduct previously, but should not be required to "hold" virtually the entire month of December -- and to ask others to do the same -- while waiting to see if the visas are obtained.

---

[1] BorgWarner initially submitted a photocopy of the certified Commission and later learned that an original certified document was required.

11. The Special Discovery Master indicated depositions should proceed in Japan. At that time, however, Hitachi had not advised anyone of the limited availability of its witnesses and their refusal to produce witnesses in late December or early January in light of the New Year's holiday. Furthermore, the Special Discovery Master indicated that he felt bound by the January 13 fact discovery deadline in the scheduling order. Exhibit 2, 12/5/05 Transcript at 20:5-8 ("I'm sympathetic to the holidays, but it seems like without moving the discovery cutoff, I don't know what the other alternatives are, frankly, to working over the holidays.").

12. This Court's prior ruling did not state that *all* remaining depositions of Hitachi witnesses were to occur in Japan. Rather, the Court stated: "Generally, when a foreign party comes to the United States and is the one to fight the suit in the United States, I do not believe it is untoward for there to be some discovery in the United States. So on the one hand, I'm happy to say that a good portion of these depositions will take place in Japan, and I'm happy to see that if they're particularly -- if there are witnesses who are particularly not used to foreign travel, have illness, you know, have problems with coming to the United States, I'm happy for those to go forward in Japan, but I do not believe that it's appropriate for a Japanese plaintiff in Delaware to say that all of their deposition should be taken at great expense to everyone in Japan." Exhibit 3, 11/3/2005 Transcript at 39.

13. Similarly, at the prior hearing, counsel for Hitachi conceded that some depositions may occur in the United States: "We're not saying everybody has to be in Japan; we're just saying to the extent we can accomplish through satisfy [sic] procedure on both sides, that would be great." Exhibit 3, 11/3/2005 Transcript at 40.

14. Consistent with the Special Discovery Master's ruling that these depositions are to take place in Osaka, Hitachi has been unwilling to produce these witnesses elsewhere. BorgWarner continues to be interested in alternate locations without the visa problems, such as Hong Kong or Washington, D.C. in order to complete this discovery within the time provided by the scheduling order. In light of the fact that plaintiffs chose to file this lawsuit in the United States, it is not unreasonable to expect them to bring their witnesses to the United States.

14. Hitachi's insistence that depositions be scheduled in Osaka over the Christmas holiday is unreasonable. The Scheduling Order expressly provides that depositions are to be held in Japan only if they can be "arranged satisfactorily." Exhibit 1, Order at 2(b)(6). Requiring BorgWarner to travel to Japan on multiple occasions over the Christmas holidays is not a "satisfactory" arrangement.

15. BorgWarner is concurrently herewith submitting a proposed Order to take depositions in Japan that includes all of the remaining dates that the Consulate is available. However, as explained in this motion, BorgWarner believes Hitachi should be required to make most of the remainder of its witnesses available in the United States. BorgWarner also intends to raise this issue with the Special Discovery Master on a telephone call on Monday. However, in light of the urgency of the situation and the interplay between the proposed amendment of the schedule and the discovery issues, BorgWarner thought it advisable to file this motion with service to the Special Master at this time.

15. BorgWarner respectfully requests that the Court amend the Scheduling Order to require Hitachi to make the witnesses originally scheduled for December 1 and 2 available in Osaka on December 27 and 28 and to require Hitachi to produce in the United States or Hong

Case 1:05-cv-00048-SLR   Document 133   Filed 12/09/2005   Page 7 of 20

Kong any witnesses whose depositions do not take place that week. BorgWarner further requests that the Court extend fact discovery to January 27, 2006 and to adjust the timing of expert reports from February 13 to February 20, 2007 for reports from the party with the burden of proof. The remaining dates in the order would not be affected.

Dated: December 9, 2005

/s/ Mary Matterer
Richard K. Herrmann (I.D. # 405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D.#2696)
MORRIS JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

OF COUNSEL:

SIDLEY AUSTIN BROWN & WOOD, LLP

Hugh A. Abrams
Marc A. Cavan
Hillary A. Mann
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

## RULE 7.1.1 CERTIFICATION

Counsel for Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. hereby certifies that opposing counsel was contacted in an effort to resolve this issue to no avail.

_____
Mary B. Matterer

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2005, I electronically filed the foregoing document, **DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 9th day of December, 2005, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
lpeterson@foley.com

/s/ Mary Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for BORGWARNER INC., and BORGWARNER MORSE TEC INC.*

# EXHIBIT 1

Case 1:05-cv-00048-SLR   Document 133   Filed 12/09/2005   Page 10 of 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER, INC., and BORGWARNER MORSE TEC, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 05-048-SLR ) ) ) ) ) |

### FIRST TELECONFERENCE DISCOVERY ORDER

The Special Master, having conducted a teleconference on December 5, 2005 following submissions by the parties setting forth outstanding discovery disputes, IT IS HEREBY ORDERED as follows:

1. At or before 5:00 p.m. EST on December 7, 2005, defendants shall file a new deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) stating with specificity the matters on which examination is requested which were not completed at previous depositions.

2. At or before 10:00 a.m. EST on December 9, 2005, plaintiffs shall submit to the Special Master and counsel a letter designating the individuals with knowledge who will testify in response to the categories listed in defendants' Rule 30(b)(6) deposition notice. The Rule 30(b)(6) deposition(s) will occur in Osaka, Japan.

3. At or before 5:00 p.m. EST on December 7, 2005, defendants shall submit to the Special Master and counsel a letter identifying all individuals to be

1

deposed in Osaka, Japan, including the amount of time required for each individual. Counsel are encouraged to schedule all depositions for the time period between December 12-16, 2005, and January 3-6, 2006.

4. At or before 5:00 p.m. EST on December 7, 2005, plaintiffs shall submit to the Special Master and counsel a letter of no more than two pages addressing the relevance of Mr. Beels' testimony, and justifying the expense of taking his deposition in Europe. At or before 10:00 a.m. EST on December 9, 2005, defendants shall submit to the Special Master and counsel a letter of no more than two pages in response thereto.

5. At or before 10:00 a.m. EST on December 9, 2005, the parties shall submit to the Special Master and counsel an agreed upon date for the deposition of Mr. Mott. Failing this, the Special Master will fix a date for the deposition.

6. At or before 5:00 p.m. EST on December 9, 2005, defendants shall complete their investigation into the existence of relevant Board minutes and either produce those documents, confirm in writing their non-existence, or schedule them on a privilege log.

7. At or before 5:00 p.m. EST on December 9, 2005, defendants shall submit to the Special Master and counsel a letter of no more than five pages addressing the discoverability of documents relating to ongoing negotiations with other companies concerning the '738 patent. At or before 5:00 p.m. EST on December 15, 2005, plaintiffs shall submit to the Special Master and counsel a letter of no more than five pages responding thereto.

8. At or before 5:00 p.m. EST on December 7, 2005, plaintiffs shall serve supplemental document requests. At or before 5:00 p.m. EST on December 14, 2005, defendants shall file responses thereto.

9. At or before 5:00 p.m. EST on December 16, 2005, the parties shall supplement their responses to all interrogatories answered with a Rule 33(d) designation. The supplementation shall include a reference to the document numbers or ranges relied upon to respond to each interrogatory.

10. Plaintiffs shall submit to the Special Master for review all discovery requests and responses relevant to invalidity contentions.

11. At or before 5:00 p.m. EST on December 16, 2005, defendants shall file a supplemental response to Interrogatory 13 identifying all prior art from third parties, with an identification of each third party from whom the prior art was obtained.

12. At or before 5:00 p.m. EST on December 7, 2005, plaintiffs shall notify the Special Master and Defendants whether Nissan's service manuals will be produced and which witnesses will testify as to the technical issues presented in the manuals.

13. At or before 5:00 p.m. EST on December 9, 2005, the parties shall produce all documents reflecting, referring or relating to the Collaboration Agreement.

_____
Special Master

Dated: December 6, 2005

# EXHIBIT 2

                                                              1


                 IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF DELAWARE


HITACHI, LTD., and UNISIA  )
NORTH AMERICA, INC.,       )
                           )
           Plaintiffs,     )
                           )  Civil Action No.
v.                         )  1:05-cv-00048-SLR
                           )
BORGWARNER, INC., et al.,  )
                           )
           Defendants.     )


          Special Master Teleconference taken
pursuant to notice at the law offices of Connolly, Bove,
Lodge & Hutz, 1007 North Orange Street, 9th Floor,
Wilmington, Delaware, beginning at 10:00 a.m. on Monday,
December 5, 2005, before Kathleen White Palmer,
Registered Merit Reporter and Notary Public.


BEFORE:  SPECIAL MASTER C.J. SEITZ, ESQUIRE


APPEARANCES:

          STEVEN J. BALICK, ESQUIRE
          ASHBY & GEDDES
            222 Delaware Avenue
            Wilmington, Delaware   19899
                  -and-
          KENNETH E. KROSIN, ESQUIRE
          PAVAN K. AGARWAL, ESQUIRE
          LIANE M. PETERSON, ESQUIRE
          FOLEY & LARDNER
            3000 K Street, N.W.
            Washington, D.C.   20007
            for the Plaintiff Hitachi Ltd.

    ------------------------------------------------------
                       WILCOX & FETZER
     1330 King Street - Wilmington, Delaware 19801
                       (302) 655-0477

20

1  availability.
2              SPECIAL MASTER SEITZ:  Well, as I
3  understand it, there's a January 13th cutoff in this
4  case, and it seems like you all have been jamming all
5  this discovery in at the end.  I'm sympathetic to the
6  holidays, but it seems like without moving the discovery
7  cutoff, I don't know what the other alternatives are,
8  frankly, to working over the holidays.  And whether you
9  are working in Hong Kong or Osaka I'm not sure is that
10 big a difference.
11             So, Ms. Schneider, with my sympathies to
12 all of you for having to work over the holiday period,
13 unless we are going to all jointly go back to
14 Judge Robinson and ask for a little bit of break in the
15 schedule, I think we are going to have to stick with
16 this.
17             Now, so Mr. Krosin, is there any interest
18 in pushing the discovery cutoff date?
19             MR. KROSIN:  No, Special Master Seitz.
20             SPECIAL MASTER SEITZ:  All right.
21             MR. KROSIN:  We want to keep the date as it
22 is and we are prepared to have the depositions go forward
23 on those dates.
24             SPECIAL MASTER SEITZ:  Ms. Schneider, as I

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| HITACHI, LTD.,<br>Plaintiff<br>vs.<br>BORGWARNER INC.<br>BORG-WARNER AUTOMOTIVE, INC.,<br>BORGWARNER POWDERED METALS, INC.<br>and BORGWARNER MORSE TEC INC.,<br>Defendants | : | CIVIL ACTION |
| BORGWARNER INC.,<br>Counterclaimant and<br>Third Party Plaintiff<br>v.<br>HITACHI, LTD.,<br>Counterdefendant<br>and<br>HITACHI AUTOMOTIVE PRODUCTS<br>(USA), INC., and UNISIA<br>NORTH AMERICA, INC.,<br>Third Party<br>Defendants | : | NO. 05-48 (SLR) |

RECEIVED
NOV - 8 2005
RICHARD K. HERRMANN

- - -

Wilmington, Delaware
Thursday, November 3, 2005
11:00 o'clock, a.m.

- - -

BEFORE: HONORABLE SUE L. ROBINSON, Chief Judge

- - -

Valerie J. Gunning
Official Court Reporter

1  other, perhaps the embassy in Tokyo, and we will undertake
2  the responsibility of looking into that to find out if that
3  possibility exists between now and the end of discovery,
4  January 13th.
5          MR. HERRMANN: We have not -- we have not agreed
6  that we'll go to Japan a second time. We have not talked
7  about it. So just another thing we haven't talked about,
8  your Honor.
9          THE COURT: Generally -- may I say this?
10 Generally, when a foreign party comes to the United States
11 and is the one to fight the suit in the United States,
12 I do not believe it is untoward for there to be some
13 discovery in the United States. So on the one hand, I'm
14 happy to say that a good portion of these depositions will
15 take place in Japan, and I'm happy to see that if they're
16 particularly -- if there are witnesses who are particularly
17 not used to foreign travel, have illness, you know, have
18 problems with coming to the United States, I'm happy for
19 those to go forward in Japan, but I do not believe that it's
20 appropriate for a Japanese plaintiff in Delaware to say that
21 all of their depositions should be taken at great expense to
22 everyone in Japan. All right? So I hope you just keep that
23 in mind.
24          MR. BALICK: Your Honor, and I do understand that
25 that is the normal rule, but in this case the scheduling

40

1  order specifically addressed this issue because the parties
2  had reached some agreements that to the extent possible, they
3  would take place in Japan. And my only point was, assuming
4  that we still can accommodate that, and we don't know if we
5  can, we're going to check on whether there's an available
6  room. I didn't want the record to make it sound as though
7  we've now reached agreement otherwise because I don't think
8  we have.
9      MR. AGARWAL: Your Honor, if I may, we have
10 produced witnesses in the U.S. We're going to produce them
11 again in a couple weeks. We're not saying everybody has to
12 be in the Japan; we're just saying to the extent we can
13 accomplish it through satisfy procedure on both sides, that
14 would be great.
15     THE COURT: Sounds like a special master will be
16 involved, then. All right. Thank you.
17     (Counsel respond, "Thank you, your Honor.")
18     *** (At Mr. Herrmann's request, the following is
19 a list of witnesses that Mr. Herrmann referred to:
20     Tomio Hokari, Keiji Hisahara, Seiji Suga,
21 Shinichi Uchida, Yoshihisa Matsushita, Toshikazu Yoshikawa,
22 Kazuhiro Higashiyama, Toshihiro Inuzuka, Yoshinobu Moriyama,
23 Yoshinori Ichinosawa and Toshiro Ichikawa.)
24     (Hearing concluded at 12:25 p.m.)
25