IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BORGWARNER INC.,<br>and BORGWARNER MORSE TEC INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-048-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| BORGWARNER INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S
FOURTH NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**

PURSUANT TO RULE 30(b)(6), defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") hereby respond and object to plaintiffs Hitachi, Ltd.'s and Unisia North America, Inc.'s (collectively "Hitachi") Notice of Deposition ("Notice") as follows:

## **GENERAL OBJECTIONS**

1. BorgWarner objects to each topic to the extent it seeks information that is not in the possession, custody or control of BorgWarner.

2. BorgWarner objects to the deposition notice to the extent it seeks testimony regarding disparate topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3. BorgWarner objects to the Notice as overly broad and unduly burdensome.

4. BorgWarner objects to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5. BorgWarner objects to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which BorgWarner has an obligation of confidentiality.

Subject to these general objections, and subject to additional objections made to the specific deposition below, BorgWarner answers as follows.

## **RESPONSE TO SPECIFIC TOPICS**

1. The delivery of any prototypes of VCT systems or components to third parties during the period 1988-1995, including but not limited to Ford, BMW, Yamaha, Mercedes Benz, INA, Porsche, and General Motors.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "any prototypes of VCT systems or components" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

2.  The structure and operation of any prototypes of VCT systems or components to third parties during the period 1988-1995, including but not limited to Ford, BMW, Yamaha, Mercedes Benz, INA, Porsche, and General Motors.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "any prototypes of VCT systems or components" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and

admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

        3.    The structure and operation of the prototypes listed in BorgWarner production document BW 0068219, including but not limited to the structure and operation of the (a) actuation mechanism for the spool (e.g., DPCS, stepper motor, variable force solenoid, electric motor), (b) electronic control module, (c) cam and crank sensors, (d) spool valve, (e) VCT structure (e.g., vane or opposed pistons) and (f) VCT actuation method (e.g., cam torsionals, torsional assist, hybrid system).

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks information concerning subject matter not claimed in the '738 patent. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

        4.    The prototype deliveries to Ford listed in BorgWarner production document BW 0068243, including but not limited to (a) the date any purchase order, or other order, by Ford, (b) the date BorgWarner accepted any such order, and (c) the date each prototype was delivered to Ford.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "prototype deliveries" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

5.  Prototype deliveries to Ford relating to the Zeta program, including but not limited to prototype deliveries referenced in BorgWarner production document BW 009534-35.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "prototype deliveries" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence

exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

      6.    Prototype deliveries to Yamaha relating to the JTT program, including but not limited to prototype deliveries referenced in BorgWarner production document BW 0067990-91.

      **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "prototype deliveries" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

      7.    Facts regarding the following Ford vehicle designations (*see* BW 0068219): CDT 139, CDW 27, DN 101, FN-09, FN-10, FN-116, MN-12.

      **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner also objects to this deposition topic to the extent it seeks information not within BorgWarner's possession. BorgWarner also objects to this deposition topic as vague, ambiguous and hopelessly overbroad because it does not describe which "facts" are requested. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

        8.     Ford's testing of any BorgWarner VCT systems or components, including but not limited to (a) any testing inside of Ford or at its facility, (b) fleet vehicle testing, (c) testing relating to law enforcement vehicles in Detroit, and (d) testing relating to taxi cabs in Las Vegas.

        **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner also objects to this deposition topic to the extent it seeks information not within BorgWarner's possession. BorgWarner further objects to the phrase "any BorgWarner VCT systems or components" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to

the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

   9.  The length of testing for any prototype BorgWarner VCT system or components.

   **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "length of testing for any prototype" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

   10.  Payment received by BorgWarner for any prototype VCT systems or components to third-parties, including but not limited to Ford, BMW, Yamaha, Mercedes Benz, INA, Porsche, and General Motors.

   **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner also objects to the phrase "any prototype VCT systems or components to third-parties" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

11.   Confidentiality or secrecy agreements between BorgWarner and third parties (including but not limited to Ford, BMW, Yamaha, Mercedes Benz, INA, Porsche, and General Motors) relating to any BorgWarner VCT system or components.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner also objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

    12. All records relating to prototype testing of any BorgWarner VCT system.

    **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrase "all records relating to prototypes" as vague and ambiguous. BorgWarner also objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

    13. The manner, method, or system by which third-parties (including but not limited to Ford, BMW, Yamaha, Mercedes Benz, INA, Porsche, and General Motors) tested any BorgWarner VCT system or components, and BW's interaction with any such third party regarding such testing.

    **RESPONSE**: BorgWarner objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been covered in previous depositions. BorgWarner further objects to this deposition topic as unduly broad, overly burdensome and

seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks disclosure of confidential and sensitive information of non-parties to the present litigation and to the extent it seeks information concerning subject matter not claimed in the '738 patent. BorgWarner further objects to the phrases "any BorgWarner VCT systems or components" and "BW's interaction with any such third party" as vague and ambiguous. BorgWarner also objects to this deposition topic to the extent it seeks information not within BorgWarner's possession. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

14.  All facts concerning the IMECHE article and the IMECHE presentation.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to the terms "IMECHE article" and "IMECHE presentation" as vague and ambiguous. BorgWarner also objects to this deposition topic as vague, ambiguous and hopelessly overbroad because it does not describe which "facts" are requested. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

15.     Preparation of the IMECHE article, including but not limited to (a) the decision to present this article at the Camshaft Drives Seminar, (b) all drafts of the article, and (c) all persons having knowledge regarding the IMECHE article.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it calls for "all drafts" and "all persons having knowledge." BorgWarner further objects to the extent that Roger Butterfield previously testified regarding this topic in his deposition on November 14, 2005. BorgWarner also objects to the terms "IMECHE article" and "Camshaft Drives Seminar" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

16.     The IMECHE presentation, including but not limited to (a) the person(s) presenting the IMECHE article at the Camshaft Drives Seminar on behalf of BorgWarner, (b) all persons attending the Camshaft Drives Seminar during presentation of the IMECHE article, (c) all materials made available at the Camshaft Drives Seminar, and (d) all persons having knowledge regarding the IMECHE presentation.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the phrases "IMECHE presentation," "the person(s)," and "all persons" as vague and ambiguous.

Roger Butterfield previously testified regarding this topic in his deposition on November 14, 2005, in which he had no knowledge of an "IMECHE presentation." Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence of an "IMECHE presentation" exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

17. The slides referenced in BorgWarner production document BW 0049647, including but not limited to (a) the person(s) who prepared the slides, (b) the person(s) who presented the slides at the Camshaft Drives Seminar and (c) any changes to the slides prior to the Camshaft Drives Seminar.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the extent that Roger Butterfield previously testified regarding this topic in his deposition on November 14, 2005. BorgWarner also objects to the terms "slides" and "Camshaft Drives Seminar" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

18. The figures referenced in the IMECHE article.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the

13

extent that Roger Butterfield previously testified regarding this topic in his deposition on November 14, 2005. BorgWarner also objects to the terms "IMECHE article" and "the figures" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

19. The handwritten notes on BorgWarner production documents BW 0049639, 0049648, 0049653, 0049664 and 0049666.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the extent that Roger Butterfield previously testified regarding this topic in his deposition on November 14, 2005. BorgWarner also objects to the terms "handwritten notes" as vague and ambiguous. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic to the extent not already covered in prior testimony.

20. BorgWarner's actions regarding the IMECHE article following its use at the deposition of Roger Butterfield in August 1993 during the Interference involving U.S. Patent No. 5,002,023.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to the

phrase "BorgWarner's actions" as vague and ambiguous and requests clarification from Hitachi. BorgWarner also objects to this deposition topic to the extent it appears to seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner will supplement this response after receiving clarification from Hitachi regarding this deposition topic.

21. Documents relating to the topics identified in above paragraphs.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects and about unspecified documents that may number in the thousands. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

Dated: December 12, 2005

      /s/ Mary B. Matterer
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. # 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Hugh A. Abrams *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, I electronically filed the foregoing document, **DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S FOURTH NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 12th day of December, 2005, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
lpeterson@foley.com

                                                      /s/ Mary B. Matterer
                                        Richard K. Herrmann (#405)
                                        Mary B. Matterer (I.D. #2696)
                                        MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        302.888.6800
                                        mmatterer@morrisjames.com

                                        *Attorneys for BORGWARNER INC. and*
                                        *BORGWARNER MORSE TEC INC.*