## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ———————————————— ) | |
| HITACHI, LTD., and UNISIA NORTH ) | |
| AMERICA, INC., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-048-SLR |
| ) | |
| BORGWARNER INC., and ) | |
| BORGWARNER MORSE TEC INC., ) | |
| ) | |
| Defendants. ) | |
| ————————————————) | |
| ) | |
| BORGWARNER INC., ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| HITACHI, LTD., and UNISIA NORTH ) | |
| AMERICA, INC., ) | |
| ) | |
| Counterdefendants. ) | |
| ————————————————) | |

### PLAINTIFFS' RESPONSES TO DEFENDANTS'
### FIFTH NOTICE OF DEPOSITION OF PLAINTIFF HITACHI, LTD.

Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. ("Plaintiffs") hereby respond to

Defendants' Fifth Notice of Deposition of Plaintiff Hitachi, Ltd.

### GENERAL O BJECTIONS

Plaintiffs hereby incorporate by reference in their entirety the General Objections set

forth in "Plaintiffs' Responses to Defendants' First Notice of Deposition." Plaintiffs also object

to any topic to the extent it is duplicative to an earlier topic for which BW already took, or had

the opportunity to take, testimony.

Subject to those General Objections, and subject to the specific objections below,

Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

## TOPIC NO. 1

The circumstances upon which Hitachi first became aware of the patent-in-suit including the dates and the identities of the persons involved.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other 30(b)(6) topics.

Plaintiffs further object to the term "circumstances" as vague and ambiguous. In addition,

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege or immunity. Plaintiffs

further object to this Topic as overly broad and unduly burdensome in seeking information which

is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 2

Any opinions of counsel regarding the '738 patent received by Hitachi.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other 30(b)(6) topics. In

addition, Plaintiffs object to this Topic to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, or any other applicable privilege or

immunity. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the

extent a single witness may not be able to testify about this Topic.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about this Topic.

## TOPIC NO. 3

All actions taken by Hitachi concerning the patent-in-suit and variable camshaft timing products, including any design around attempts.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other 30(b)(6) topics. In addition, Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Therefore, Plaintiffs object to this Topic in its entirety as Plaintiffs consider any and all design around considerations, if any, to have been done pursuant to such privileges and immunities. Plaintiffs have not implemented alternative designs because of the patent-in-suit. Therefore, Plaintiffs will not produce a witness for this Topic.

## TOPIC NO. 4

Any communications between or among Hitachi employees, or between Hitachi and any third party, concerning the patent-in-suit.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which may not exist. Plaintiffs further object to this deposition Topic to the extent it seeks information protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving its General Objections and specific objections, and to the extent any non-privileged and admissible evidence exists, Plaintiffs will produce a witness generally knowledgeable about such communications, if any.

3

## TOPIC NO. 5

Hitachi's understanding concerning the documents marked HIT441250-372.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other 30(b)(6) topics. In addition, Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about the documents marked HIT441250-372.

## TOPIC NO. 6

The corporate structure of Hitachi, including, but not limited to, the relationship between EMS, UNAI, UGC, and HAP.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions, such as Topic No. 12 of Defendants' Second Notice of Deposition which was covered on November 29 and 30, 2005. Plaintiffs further object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs object to the phrase "corporate structure" as vague and ambiguous.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness who is generally knowledgeable about this Topic and to the extent testimony has not already been provided.

**TOPIC NO. 7**

The manner in which any variable camshaft timing components supplied by Hitachi (whether by EMS, UNAI, HAP, or UGC) to its customers located in the United States or who sell, offer to sell or import VCT components into the United States (whether as individual components or in an engine or in a vehicle), including, but not limited to Nissan, are used by its customers, including, but not limited to, how those variable camshaft timing components interact with each other and other engine components.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions, e.g., during the 30(b)(6) depositions on November 17 and 18, 2005. Plaintiffs object to this Topic as being unduly broad and overly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs object to the breadth and vagueness of the terms "any variable camshaft timing components," "used by its customers," and "interact with other engine components." Plaintiffs further object to this Topic as covering information for "engines" not related to the matters at issue in this case. Plaintiffs further object to this Topic to the extent it requests information not in Plaintiffs' possession, custody, or control, such as certain OEM information.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about this Topic to the extent known and to the extent not previously covered.

**TOPIC NO. 8**

Communications concerning VCT components manufactured and/or sold by Hitachi between Hitachi (whether by EMS, UNAI, HAP, or UGC) and any third party located in the United States who sells, offers to sell or imports VCT components into the United States (whether as individual components or in an engine or in a vehicle).

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions, including depositions taken on November 17 and 18, 2005 and November 30, 2005.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information on any form of communications and does not distinguish between technical, sales, marketing, or other forms of communicated information.  Further, the Topic seems to include any communications with potential customers and other third parties, no matter whom.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about this Topic and to the extent testimony has not already been provided.

**TOPIC NO. 9**

Financial statements prepared by UGC related to VCT components, including but not limited to balance sheets, profit and loss statements, and cash flow calculations.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by UGC in the ordinary course of business.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks

information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about such financial statements, if any exist.

## TOPIC NO. 10

Financial statements prepared by UNAI related to VCT components, including but not limited to balance sheets, profit and loss statements, and cash flow calculations.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by UNAI in the ordinary course of business.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about such financial statements, if any exist.

## TOPIC NO. 11

Financial statements prepared by HAP related to VCT components, including but not limited to balance sheets, profit and loss statements, and cash flow calculations.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by HAP in the ordinary course of business.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks

information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about such financial statements, if any exist.

## TOPIC NO. 12

Identification of all companies known to Hitachi (whether by EMS, UNAI, HAP, or UGC) that sell VCT components to customers in the United States, including the valve body, solenoid, cam angle sensor, and crank angle sensor.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. Plaintiffs further object to the phrase "valve body" as vague and ambiguous.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it is not limited to companies or subsidiaries associated with Hitachi, Ltd.  Plaintiffs further object to this interrogatory as overly broad and unduly burdensome to the extent it seeks information that is not kept by Hitachi in the ordinary course of business.  In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for expert testimony.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 13

Alternatives to VCT.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics,

and because it calls for expert testimony.  Subject to and without waiving its General Objections

and specific objections, Plaintiffs will produce a witness generally knowledgeable about various

valve timing control products.

**TOPIC NO. 14**

Hitachi's (including EMS, UNAI, UGC, or HAP) knowledge of whether or not VCT systems with PWM solenoids are acceptable for the customer applications for which Hitachi supplies, directly or indirectly, VCT systems or components.

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already

been covered in previous depositions (e.g., the 30(b)(6) deposition of November 18), and

because it calls for expert and legal testimony.  Plaintiffs object to the phrase "PWM solenoid"

as vague and ambiguous.  Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 15**

Hitachi's (including EMS, UNAI, UGC, or HAP) future plans to sell VCT components to customers in the United States, including but not limited to Ford, Nissan and Honda, or to customers who sell, offer to sell or import VCT components into the United States (whether as individual components or in an engine or in a vehicle).

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already

been extensively covered in the November 29 and November 30 depositions of Mr. Moriyama.

Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 16**

The price that UGC sells VCT components to any third party customers in the United States and the manner of establishing or setting that price.

9

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it

seeks information that is not kept by Hitachi in the ordinary course of business.  Plaintiffs further

object to this Topic as overly broad and unduly burdensome to the extent a single witness may

not be able to testify about this Topic.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will produce a witness or witnesses generally knowledgeable about this Topic.

**TOPIC NO. 17**

An explanation of why the spreadsheets marked as defendants' exhibits 48-50 do not contain
entries for all model numbers of the components listed on defendants' exhibit 15.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics

that have already been covered in previous depositions.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will provide a written explanation to avoid unnecessary depositions on this limited topic.

**TOPIC NO. 18**

An explanation of whether the spreadsheets marked as defendants' exhibits 48-50 contain all
sales for the model numbers of the components listed on defendants' exhibit 15.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics

that have already been covered in previous depositions.  In addition, Plaintiffs object to the

phrase "all sales" as vague and ambiguous.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will provide a written explanation to avoid unnecessary depositions on this limited topic.

## TOPIC NO. 19

An explanation of why the price listed on the spreadsheets marked as defendants' exhibits 48-50 is sometimes zero.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics

that have already been covered in previous depositions.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will provide a written explanation to avoid unnecessary depositions on this limited topic.

## TOPIC NO. 20

An identification of all components sold by Hitachi (whether by EMS, UNAI, HAP, or UGC) to any customer in the United States that are or can be used in an engine containing VCT components purchased from Hitachi.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics.

Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it

seeks information that is not kept by Hitachi in the ordinary course of business.  Plaintiffs further

object to this Topic as overly broad and unduly burdensome to the extent it is not limited to the

sale of VCT components.  In addition, Plaintiffs object to this Topic as overly broad and unduly

burdensome to the extent it seeks information which is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence and to the extent it calls for expert testimony.

Subject to and without waiving its General Objections and specific objections, Plaintiffs

will produce a witness or witnesses generally knowledgeable about this Topic.

## TOPIC NO. 21

The total number of VCT components sold by Hitachi (whether by EMS, UNAI, HAP, or UGC) in the United States or to customers who sell, offer to sell or import VCT components into the United States (whether as individual components or in an engine or in a vehicle), the total price

received for those components, the total costs involved in the manufacture and sale of those components and the total profits received on those components.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information regarding indirect sales that Plaintiffs do not possess in the ordinary course of business or in any accurate fashion. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about the information requested in this Topic to the extent such information exists.

**TOPIC NO. 22**

Any profitability analysis for VCT components sold in the United States, including data on budgeted and actual sales within the United States.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions on November 29 and 30, 2005. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it seeks information that is not kept by Hitachi in the ordinary course of business. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic. In addition, Plaintiffs object to the phrase "profitability analysis" as vague and ambiguous.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about the information requested in this Topic, if such information exists, and to the extent testimony has not already been provided.

## TOPIC NO. 23

Any marketing efforts for VCT components, including those that occurred within the United States, that were directed to customers in the United States, or occurred at events attended by customers located in the United States.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions on November 29 and 30, 2005. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including related to efforts outside the United States. In addition, Plaintiffs object to the phrase "events attended by customers" as vague and ambiguous.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic, to the extent testimony has not already been provided.

## TOPIC NO. 24

Hitachi's knowledge regarding past, present and future sales of VCT components to customers outside the United States that are sold, offered for sale or imported into the United States (whether as individual components or in an engine or in a vehicle).

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions on November 29 and 30, 2005. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it seeks information regarding indirect sales that Hitachi does not retain in the ordinary course of business and does not possess in any accurate fashion.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about the general sales distribution of Hitachi's

commercialized VCT systems that have been sold outside of the United States but are likely to enter the United States.

**TOPIC NO. 25**

Any license agreements between any Hitachi corporate affiliate and UGC, including, but not limited to, the amount of any royalties paid by UGC to that Hitachi corporate affiliate and the method of calculating the royalty rate.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions on November 29 and 30, 2005. In addition, Plaintiffs object to the phrases "corporate affiliate," "royalties" and "royalty rate" as vague and ambiguous. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about this Topic, to the extent testimony has not already been provided.

**TOPIC NO. 26**

Any agreements between Hitachi (whether EMS, UNAI, HAP, or UGC) and customers, including but not limited to Nissan and Ford, regarding the amount of VCT components to be sold to those customers in the United States.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent a single witness may not be able to testify about this Topic. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

14

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness or witnesses generally knowledgeable about this Topic.

## TOPIC NO. 27

Any license agreements between Hitachi and Denso, including, but not limited to, the amount of any royalties paid by Hitachi to Denso and the method of calculating the royalty rate.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics that have already been covered in previous depositions on November 30, 2005. In addition, Plaintiffs object to the phrases "royalties" and "royalty rate" as vague and ambiguous. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic, to the extent testimony has not already been provided.

## TOPIC NO. 28

Customary royalty rates in the automotive industry.

## RESPONSE

Plaintiffs object to this Topic in its entirety and will not produce a witness for this Topic. This topic relates to expert testimony, is not appropriate for a Rule 30(b)(6) witness, and should be deferred until the expert discovery phase. Therefore, Plaintiffs will not produce a witness for this Topic.

## TOPIC NO. 29

Hitachi's product launch plans for any VCT component.

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 29 deposition of Mr. Moriyama.  Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 30**

Hitachi's strategic and long range plans for VCT components.

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 29 deposition of Mr. Moriyama.  Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 31**

The proportion of EMS' sales, costs and profits attributable to VCT components.

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 28 through November 30 depositions of Mr. Matsushita and Mr. Moriyama.  Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 32**

Hitachi's understanding of the document marked HIT 24622-31 (also marked as Defendant's Exhibit 52).

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 29 and November 30 depositions of Mr. Moriyama. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 33**

Hitachi's understanding of the document marked HIT 5398 (also marked as Defendant's Exhibit 54).

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 17 deposition of Mr. Ichinosawa. Further, BW's counsel has previously stated that helical VTC systems are not of interest in this litigation. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 34**

Hitachi's understanding of the document marked UGC00561 (also marked as Defendant's Exhibit 56).

**RESPONSE**

In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 35**

Hitachi's understanding of the document regarding Nissan Part Numbers and corresponding purchase prices from UJ and sales price to Nissan (UGC00441) (also marked as Defendant's Exhibit 58).

**RESPONSE**

In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 36**

Hitachi's understanding of the document marked UGC005322-5338 (also marked as Defendant's Exhibit 59).

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 37**

Hitachi's understanding of the document marked HIT 441384-441403 (also marked as Defendant's Exhibit 62).

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 29 and November 30 depositions of Mr. Moriyama. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 38**

Hitachi's understanding of the document marked HIT 0441418-0441423 (also marked as Defendant's Exhibit 63).

**RESPONSE**

Plaintiffs object to this Topic as duplicative of previous 30(b)(6) topics that have already been extensively covered in the November 30 deposition of Mr. Moriyama. Therefore, Plaintiffs will not produce a witness for this Topic.

**TOPIC NO. 39**

Hitachi's understanding of the document marked HIT 006833 (also marked as Defendant's Exhibit 70).

**RESPONSE**

      In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome to the extent it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 40**

Hitachi's understanding of the document marked HIT 0441248 (also marked as Defendant's Exhibit 73).

**RESPONSE**

      The document marked HIT 0441248 is attorney work product and was inadvertently produced.  Plaintiffs therefore request the return of this document (and confirmation that all copies, translations or the like have been destroyed) pursuant to the Protective Order and will not produce a witness for this Topic.

**TOPIC NO. 41**

Hitachi's understanding of the document marked HIT 0441249 (also marked as Defendant's Exhibit 74).

**RESPONSE**

      The document marked HIT 0441249 is attorney work product and was inadvertently produced.  Plaintiffs therefore request the return of this document (and confirmation that all copies, translations or the like have been destroyed) pursuant to the Protective Order and will not produce a witness for this Topic.

**TOPIC NO. 42**

Hitachi's understanding of the document marked HIT 119823-119830.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 43**

Hitachi's understanding of the document marked HIT 0439729.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 44**

Hitachi's understanding of the document marked HIT 029805.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

**TOPIC NO. 45**

Hitachi's understanding of the document marked UNAI 11469-11472.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 46

Hitachi's understanding of the document marked UNAI 10385-10387.

## RESPONSE

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 47

Hitachi's understanding of the document marked UNAI 10317-10318.

## RESPONSE

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 48

Hitachi's understanding of the document marked UNAI 09717-09719.

## RESPONSE

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 49

Hitachi's understanding of the document marked HIT 57934-57945.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 50

Hitachi's understanding of the document marked HIT 129836-37.

## RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of previous 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 51

The cooperation agreement between Hitachi and BorgWarner, including any benefits and information received by Hitachi under the cooperation agreement, as well as any meetings between Hitachi and Borg Warner pursuant to the agreement.

## RESPONSE

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of

admissible evidence.  In addition, Plaintiffs object to this Topic to the extent that UNAI was not involved in any cooperation agreement between Hitachi and BorgWarner and has no relevant information.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic.

## TOPIC NO. 52

Documents relating to the topics identified in the above paragraphs.

## RESPONSE

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In addition, Plaintiffs object to this Topic to the extent it seeks an individual witness familiar with the content of documents covering a wide variety of topics without identifying the specific documents at issue.  Further, Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Subject to and without waiving its General Objections and specific objections, Plaintiffs' witness will generally respond to questions about specific documents that are placed in front of him.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated:  December 15, 2005

164660.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2005, the attached **PLAINTIFFS'**

**RESPONSES TO DEFENDANTS' FIFTH NOTICE OF DEPOSITION OF PLAINTIFF**

**HITACHI, LTD.** was served upon the following counsel of record in the manner indicated:


Richard K. Herrmann, Esquire                     <u>VIA EMAIL & HAND DELIVERY</u>
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19801


Hugh A. Abrams, Esquire                          <u>VIA EMAIL & FEDERAL EXPRESS</u>
Sidley Austin Brown & Wood, LLP
One South Dearborn Street
Chicago, IL  60603




*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon