IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC. <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' SIXTH NOTICE OF DEPOSITION
OF PLAINTIFF HITACHI, LTD.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, commencing at a time and place to be mutually agreed upon by counsel, Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. ("BorgWarner"), by and through its counsel, will take the deposition upon oral examination, of Plaintiff Hitachi, Ltd. and Unisia North America, Inc. ("Hitachi"), through one or more officers, directors, managing agents or other persons who consent to testify on Hitachi's behalf with regard to the deposition topics set forth in Schedule A (attached hereto).

The depositions will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The depositions will be recorded by stenographic means by a court reporter and by audio and visual means by a videographer.

Dated: December 27, 2005

/s/ Mary Matterer
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams *(pro hac vice)*
Thomas D. Rein *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## SCHEDULE A

## DEFINITIONS

A. "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including Unisia North America, Inc., Unisia of Georgia Corporation and Hitachi Automotive Products (USA), Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B. "UNAI" as used herein shall mean plaintiff Unisia North America, Inc., any corporate affiliates, and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

C. "UGC" as used herein shall mean Unisia of Georgia Corporation, any corporate affiliates, and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

D. "EMS" shall mean Hitachi EMS (Engine Management System) Division.

E. "HAP" shall mean Hitachi Automotive Products (USA), Inc., any corporate affiliates, and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

F. "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

G. The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

H.      The term "variable camshaft timing components" or "VCT components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves, (4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

I.      The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

J.      "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

K.      "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.   "Any," "all," "each" or "every" means any and all, each and every.

M.   The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under U.S.C. § 154 and 35 U.S.C. §271(a).

### DEPOSITION TOPICS

1.   The manner in which documents and things were collected and produced by Hitachi in response to Defendants' Document Requests, sets 1 through 4, including identification of the person(s) responsible for the collection and production of documents and things.

2.   Documents relating to the topics identified in the above paragraphs.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2005, I electronically filed the foregoing document, DEFENDANTS' SIXTH NOTICE OF DEPOSITION OF PLAINTIFF HITACHI LTD., with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 27th day of December, 2005, the foregoing document was served via email and first class mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
lpeterson@foley.com

/s/ Mary Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.

6