IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>BORGWARNER INC., and<br>BORGWARNER MORSE TEC INC.,<br><br>　　　　　Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>　　　　　Counterclaimant,<br><br>　　　v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　　Counterdefendants. | |

**PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S FIFTH NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND <u>BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(b)(6)</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") will take the deposition of defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") commencing at a time and place as may be agreed upon by counsel. The deposition will continue from day to day until complete. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure. Some or all of the

deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

Pursuant to Rule 30(b)(6), BorgWarner must designate one or more officers, directors, or managing agents or other persons who are competent to testify on its behalf concerning the matters set forth in Schedule A, and who consents to give such testimony. No later than five (5) business days prior to the deposition, BorgWarner is requested to set forth in writing the identity of each witness who will testify in response to this notice and the matters on which the person will testify.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated:  January 4, 2006

165242.1

## SCHEDULE A

### Definitions

1.  "BorgWarner" refers to Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc., BorgWarner Automotive, Inc., any predecessor or successor of BorgWarner Inc., BorgWarner Morse Tec Inc. and BorgWarner Automotive, Inc., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of BorgWarner Inc., BorgWarner Morse Tec Inc and BorgWarner Automotive, Inc.

2.  "Hitachi" refers to Plaintiff Hitachi, Ltd., any predecessor or successor of Hitachi, Ltd., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of Hitachi, Ltd., including Unisia North America, Inc., Unisia Jecs Corporation and Hitachi Unisia Automotive, Ltd.

3.  The term "document" and/or "documents" shall be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any information containing paper, computer file or other medium and materials, including drafts, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic process and includes writings and printed matter of any kind and description, computer generated documents, Communication, e-mails, faxes, photographs, graphs, charts, drawings, tapes, computer disks, notes, messages, laboratory notebooks, notebooks, reports, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by FED. R. EVID. 1001(1) and (2), in the possession, custody or control of BorgWarner, or known to it, wherever located.  The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil

Procedure. Any translation of a document as well as any copy of any document that contains any marking, comment, or notation not appearing on the original document or that is an alteration of the original in any way is to be considered a separate document. Each copy of any document that is discovered at a different location or in the possession or custody of a different person than the original is to be considered a separate document. The term "document" also shall be construed to include "tangible things" in the broadest meaning permitted under the Federal Rules of Civil Procedure.

4. The "'738 patent" refers to U.S. Patent No. 5,497,738, titled "VCT Control with a Direct Electromechanical Actuator."

5. "All" or "each" shall be construed as "all and each."

6. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. "Communication" or "Communications" shall be construed to mean any transmission of letters, numbers, images, symbols, data or other information by any means, including, but not limited to, any oral, written or electronic means.

8. "Relate," "related," "related to," and "relating to" shall be construed in its broadest sense to require information or documents which construe, comprise, concern, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of the request for documents and things.

9. "Person," "persons," "entity," or "entities" refers to any natural person or legal, business or governmental entity or association.

10. The term "VCT product" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation: (a) camshaft sprockets capable of being hydraulically adjusted (*e.g.*, sprockets with body vanes); (b) camshaft and crankshaft position sensors; (c) variable timing control solenoids and electric motors; (d) variable timing control systems and related components, (e) camshaft phase adjustment systems, and (f) electronic control units, and hardware and software contained therein.

## **Deposition Topics**

1. All cooperation agreements between Hitachi and BorgWarner relating to VCT products (*see*, *e.g.*, BW 0102259), including any benefits and information received by BorgWarner under the cooperation agreement, and any meetings between Hitachi and BorgWarner pursuant to the agreement.

2. BorgWarner's reasons for entering into any collaboration agreement with Hitachi relating to VCT products.

3. The technology advantage held by Japanese companies relating to VCT products (*e.g.*, BW 0037989) prior to any cooperation agreement between Hitachi and BorgWarner.

4. BorgWarner's research and development of VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

5. The cancellation of any VCT systems, product lines, engine programs, or joint development work with third-parties (including, but not limited to, Ford, Yamaha, BMW

and GM) due to poor performance of BorgWarner's VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

6. BorgWarner's prototype VCT products that existed prior to any collaboration agreement between Hitachi and BorgWarner.

7. BorgWarner's commercially available VCT products that existed prior to any collaboration agreement between Hitachi and BorgWarner.

8. BorgWarner's sales of VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

9. Facts relating to any attempts by BorgWarner to acquire Unisia Jecs Corporation (including any subsidiaries) prior to any collaboration agreement between Hitachi and BorgWarner.

10. Facts relating to any attempts by BorgWarner to acquire any company relating to the research, development and sales of VCT products.

11. BorgWarner's disclosure of technical information related to its VCT products in connection with any collaboration agreement between Hitachi and BorgWarner, including without limitation all specifications, samples, and reports provided thereto.

12. The exchange of technical information between BorgWarner and Hitachi regarding Hitachi VCT components, including without limitation all specifications, samples, and reports provided thereto.

13. BorgWarner's understanding concerning any meeting between Mr. Ishida of Nissan, Mr. Tony Messina of BorgWarner, and Mr. Hasegawa of Hitachi Automotive Products in 2001, to discuss BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

14. Communications between Tony Messina and/or Roger Wood of BorgWarner and Mr. Hasegawa of Hitachi Automotive Products in 2001 regarding BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

15. BorgWarner's reasons and motivations for meeting with Hitachi and Nissan in 2001 to discuss BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

16. BorgWarner's understanding of the technological relationship between Nissan, Hitachi and BorgWarner in 2001 regarding VCT technology, as referenced in HIT 0443379-80.

17. Communications between BorgWarner and Nissan regarding BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

18. Hitachi's alleged copying of BorgWarner's design of VCT components, as alleged by Defendants and described in BorgWarner's Second Supplemental Response to Interrogatory No. 14.

19. BorgWarner's understanding of meetings between BorgWarner and General Motors where Hitachi was in attendance.

20. Roger Wood's business proposal to Hitachi to cooperate on an oil actuated VCT, as referenced in HIT 443066.

21. BorgWarner's offer to purchase a portion or the entirety of Hitachi Unisia's VCT business, including BorgWarner's reasons and motivations associated with the offer, as referenced in HIT 443071.

22. Documents relating to the topics identified in the above paragraphs.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2006, the attached **PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S FIFTH NOTICE OF DEPOSITION OF DEFENDANTS BORGWARNER INC. AND BORGWARNER MORSE TEC INC. PURSUANT TO RULE 30(b)(6)** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | <u>VIA EMAIL & HAND DELIVERY</u> |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | <u>VIA EMAIL & FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon