**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-048-SLR |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) ) | |
| Counterdefendants. | ) ) ) | |

**PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S
NOTICE OF DEPOSITION OF THE INSTITUTE OF MECHANICAL ENGINEERS**

PLEASE TAKE NOTICE that, pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters and Rules 30(b)(6) and 28(b) of the Federal Rules of Civil Procedure, Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") will take the deposition of the Institute of Mechanical Engineers (IMECHE) commencing at 9:30 a.m. on January 24, 2006 at the IMECHE library, 1 Birdcage Walk, London, England (the Whittle room). The deposition will be taken for the purposes of discovery relating to issues in the above-titled case, for use at trial or hearings, and for any other purpose allowed under the

Orders of the presiding Court and the Federal Rules of Civil Procedure.  Some or all of the deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

Hitachi requests, pursuant to Rule 30(b)(6), that IMECHE designate one or more officers, directors, or managing agents or other persons who are competent to testify on its behalf concerning the matters set forth in Schedule A, and who consents to give such testimony.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Kenneth Krosin
Michael D. Kaminski
Pavan Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated:  January 4, 2006

165257.1

## SCHEDULE A

### Definitions

1.      The term "document" and/or "documents" shall be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any information containing paper, computer file or other medium and materials, including drafts, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic process and includes writings and printed matter of any kind and description, computer generated documents, Communication, e-mails, faxes, photographs, graphs, charts, drawings, tapes, computer disks, notes, messages, laboratory notebooks, notebooks, reports, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by FED. R. EVID. 1001(1) and (2), in the possession, custody or control of BorgWarner, or known to it, wherever located.  The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.  Any translation of a document as well as any copy of any document that contains any marking, comment, or notation not appearing on the original document or that is an alteration of the original in any way is to be considered a separate document.  Each copy of any document that is discovered at a different location or in the possession or custody of a different person than the original is to be considered a separate document.  The term "document" also shall be construed to include "tangible things" in the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.      The term "relating to" shall be construed in its broadest sense to require information or documents which construe, comprise, concern, pertain to, mention, explain,

identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of the request for documents and things.

    3.    The "Butterfield article" refers to the article entitled "A UNIQUE APPROACH TO DESIGN OF A VCT MECHANISM," as shown Hitachi production document HIT 0441379-83.

    4.    The "IMECHE presentation" refers to any oral, document, slide, overhead or computer generated presentation derived from, based upon, associated with, or related to the Butterfield article.

    5.    The "IMECHE seminar" refers to the seminar hosted, organized, or sponsored by the Institute of Mechanical Engineers on or about September 24, 1991 entitled "A European Seminar – Camshaft Drives."

## Deposition Topics

1. IMECHE's practices and procedures for cataloguing and indexing seminar papers during the period between January 1990 and May 3, 1992.

2. IMECHE's practices and procedures for making seminar papers available to the public during the period between January 1990 and May 3, 1992.

3. The public availability of the Butterfield article during the period between September 24, 1991 and May 3, 1992.

4. The cataloguing and indexing of the Butterfield article during the period between September 24, 1991 and May 3, 1992.

5. Documents relating to the above topics.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 4, 2006, the attached **PLAINTIFFS HITACHI, LTD.'S AND UNISIA NORTH AMERICA, INC.'S NOTICE OF DEPOSITION OF THE INSTITUTE OF MECHANICAL ENGINEERS** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | VIA EMAIL & HAND DELIVERY |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | VIA EMAIL & FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon