IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BORGWARNER INC., and<br>BORGWARNER MORSE TEC INC.,<br><br>　　　　Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>　　　　Counterdefendants. | |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' SEVENTH NOTICE OF DEPOSITION OF PLAINTIFF HITACHI, LTD.

Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. ("Plaintiffs") hereby respond to Defendants' Seventh Notice of Deposition of Plaintiff Hitachi, Ltd.

### GENERAL OBJECTIONS

Plaintiffs hereby incorporate by reference in their entirety the General Objections set forth in "Plaintiffs' Responses to Defendants' First Notice of Deposition." Plaintiffs also object to all topics as seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to those General Objections, and subject to the specific objections below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

Hitachi's understanding concerning a meeting between Ishida-San of Nissan, Tony Messina of BorgWarner, and Mr. Hasegawa of Hitachi Automotive Products in 2001, to discuss BorgWarner TEC's new VCT technology, as referenced in HIT 0443379-380.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. Plaintiffs further object to the term "understanding" as vague and ambiguous. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

### TOPIC NO. 2

Communications between Tony Messina and/or Roger Wood of BorgWarner and Mr. Hasegawa of Hitachi Automotive Products in 2001 regarding BorgWarner TEC's new VCT technology, as referenced in HIT 0443379-380.

### RESPONSE

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

**TOPIC NO. 3**

Hitachi's reasons and motivations for meeting with Borg Warner and Nissan in 2001 to discuss BorgWarner TEC's VCT technology, as reference in HIT 0443379-380.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. Plaintiffs further object to the phrase "reasons and motivations" as vague and ambiguous. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

**TOPIC NO. 4**

Hitachi's understanding of the technological relationship between Nissan, Hitachi and BorgWarner in 2001 regarding VCT technology, as reference in HIT 0443379-380.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. Plaintiffs further object to the terms "understanding" and "technological relationship" as vague and ambiguous. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

**TOPIC NO. 5**

Communications between Hitachi and Nissan regarding BorgWarner TEC's new VCT technology, as referenced in HIT 0443379-380.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

**TOPIC NO. 6**

The exchange of technical information between BorgWarner and Hitachi regarding BorgWarner VCT components, including without limitation all specifications, samples, and reports provided thereto.

**RESPONSE**

Plaintiffs object to this Topic to the extent it is duplicative of other Rule 30(b)(6) topics. In addition, Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiffs further object to this Topic as overly broad and unduly burdensome to the extent it refers to "all specifications, samples, and reports."

Subject to and without waiving its General Objections and specific objections, Plaintiffs will produce a witness generally knowledgeable about this Topic. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

**TOPIC NO. 7**

Documents relating to the topics identified in the above paragraphs.

**RESPONSE**

Plaintiffs object to this Topic as overly broad and unduly burdensome in seeking information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. In addition, Plaintiffs object to this Topic to the extent it seeks an individual witness familiar with the content of documents covering a wide variety of topics without identifying the specific documents at issue. Further, Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving its General Objections and specific objections, Plaintiffs' witness will generally respond to questions about specific documents that are placed in front of him. It is possible that no witness can be found who can answer all questions that may be posed by Defendants.

          ASHBY & GEDDES

          */s/ Tiffany Geyer Lydon*
          _____
          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403)
          Tiffany Geyer Lydon (I.D. #3950)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, DE 19899
          (302) 654-1888

          *Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

*Of Counsel*:

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: January 11, 2006

165499.1

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2006, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' SEVENTH NOTICE OF DEPOSITION OF PLAINTIFF HITACHI, LTD.** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | <u>VIA EMAIL & HAND DELIVERY</u> |
| Hugh A. Abrams, Esquire<br>Sidley Austin Brown & Wood, LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | <u>VIA EMAIL & FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon