IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-048-SLR |
| v. | ) ) | |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC. | ) ) ) ) | |
| Counterdefendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S
FIFTH NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**

PURSUANT TO RULE 30(b)(6), defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") hereby respond and object to plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") Notice of Deposition ("Notice") as follows:

**GENERAL OBJECTIONS**

1.  BorgWarner objects to each topic to the extent it seeks information that is not in the possession, custody or control of BorgWarner.

2. BorgWarner objects to the deposition notice to the extent it seeks testimony regarding disparate topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3. BorgWarner objects to the Notice as overly broad and unduly burdensome.

4. BorgWarner objects to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

5. BorgWarner objects to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which BorgWarner has an obligation of confidentiality.

Subject to these general objections, and subject to additional objections made to the specific deposition below, BorgWarner answers as follows.

## RESPONSE TO SPECIFIC TOPICS

1. All cooperation agreements between Hitachi and BorgWarner relating to VCT products (see, e.g., BW 0102259), including any benefits and information received by BorgWarner under the cooperation agreement, and any meetings between Hitachi and BorgWarner pursuant to the agreement.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence. BorgWarner further objects to the extent the document produced at BW 0102259 does not mention any cooperation agreements. Subject to and without waiving its specific and general objections, and to the extent any admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about the document produced at BW 0102259.

2. BorgWarner's reasons for entering into any collaboration agreement with Hitachi relating to VCT products.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to this topic as vague and ambiguous, particularly the use of the terms "reasons" and "any collaboration agreement." Subject to and without waiving its specific and general objections, and to the extent any admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic in connection with the October 1, 2001 Collaboration Agreement as referenced in Defendants' Exhibit 226.

3. The technology advantage held by Japanese companies relating to VCT products (*e.g.*, BW 0037989) prior to any cooperation agreement between Hitachi and BorgWarner.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to this topic's use of the phrase "technology advantage held by Japanese companies" as it

3

mischaracterizes statements made in the document produced at BW 0037989 and lacks foundation. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

      4.    BorgWarner's research and development of VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

      **RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to this topic to the extent it does not limit its scope to a specific point in time nor to any particular BorgWarner VCT products. BorgWarner further objects to the use of the terms "VCT products" and "any collaboration agreement" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

      5.    The cancellation of any VCT systems, product lines, engine programs, or joint development work with third-parties (including, but not limited to, Ford, Yamaha, BMW and GM) due to poor performance of BorgWarner's VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

      **RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks

disclosure of confidential and sensitive information of non-parties to the present litigation. BorgWarner objects to the phrases "cancellation of any VCT systems, product lines, engine programs, or joint development work," "poor performance of BorgWarner's VCT products," and "any collaboration agreement" as vague and ambiguous. BorgWarner also objects to the extent it does not limit its scope to a specific point in time nor to any particular BorgWarner VCT products. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

6. BorgWarner's prototype VCT products that existed prior to any collaboration agreement between Hitachi and BorgWarner.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to this topic to the extent it does not limit its scope to a specific point in time nor to any particular BorgWarner VCT prototypes. BorgWarner further objects to the use of the terms "BorgWarner's VCT products" and "collaboration agreement" as vague and ambiguous. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

7. BorgWarner's commercially available VCT products that existed prior to any collaboration agreement between Hitachi and BorgWarner.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the terms "commercially available VCT products" and "any collaboration agreement" as vague and ambiguous. BorgWarner also objects to this topic to the extent it does not limit its scope to a specific point in time nor to any particular BorgWarner VCT products. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

8.   BorgWarner's sales of VCT products prior to any collaboration agreement between Hitachi and BorgWarner.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the phrase "sales of VCT products" and "any collaboration agreement" as vague and ambiguous. BorgWarner also objects to this topic to the extent it does not limit its scope to a specific point in time nor to any particular BorgWarner VCT products. BorgWarner further objects to this deposition topic to the extent it is duplicative of prior 30(b)(6) topics that have already been extensively covered in previous depositions. Therefore, BorgWarner will not produce a witness for this topic.

9. Facts relating to any attempts by BorgWarner to acquire Unisia Jecs Corporation (including any subsidiaries) prior to any collaboration agreement between Hitachi and BorgWarner.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to the phrases "attempts" and "prior to any collaboration agreement" as vague and ambiguous. Therefore, BorgWarner will not produce a witness for this topic.

10. Facts relating to any attempts by BorgWarner to acquire any company relating to the research, development and sales of VCT products.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner also objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to the phrases "attempts by BorgWarner to acquire any company" and "VCT products" as vague and ambiguous. Therefore, BorgWarner will not produce a witness for this topic.

11. BorgWarner's disclosure of technical information related to its VCT products in connection with any collaboration agreement between Hitachi and BorgWarner, including without limitation all specifications, samples, and reports provided thereto.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to this topic as vague and ambiguous, particularly the use of the terms "technical information related to its VCT products" and "any collaboration agreement." Subject to and without waiving its specific and general objections, and to the extent any admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic in connection with the October 1, 2001 Collaboration Agreement as referenced in Defendants' Exhibit 226.

12. The exchange of technical information between BorgWarner and Hitachi regarding Hitachi VCT components, including without limitation all specifications, samples, and reports provided thereto.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the use of the terms "exchange of technical information" and "Hitachi VCT components" as vague and ambiguous. BorgWarner also objects to this topic to the extent it does not provide any specifics in terms of how, what and when was involved in this "exchange of technical information" and requests clarification. BorgWarner further objects to this deposition topic to the extent it is duplicative of other 30(b)(6) topics. BorgWarner will not produce a witness for this topic.

13. BorgWarner's understanding concerning any meeting between Mr. Ishida of Nissan, Mr. Tony Messina of BorgWarner, and Mr. Hasegawa of Hitachi

Automotive Products in 2001, to discuss BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

**RESPONSE**: Topic Withdrawn

14. Communications between Tony Messina and/or Roger Wood of BorgWarner and Mr. Hasegawa of Hitachi Automotive Products in 2001 regarding BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

**RESPONSE**: Topic Withdrawn

15. BorgWarner's reasons and motivations for meeting with Hitachi and Nissan in 2001 to discuss BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

**RESPONSE**: Topic Withdrawn

16. BorgWarner's understanding of the technological relationship between Nissan, Hitachi and BorgWarner in 2001 regarding VCT technology, as referenced in HIT 0443379-80.

**RESPONSE**: Topic Withdrawn

17. Communications between BorgWarner and Nissan regarding BorgWarner's new VCT technology, as referenced in HIT 0443379-80.

**RESPONSE**: Topic Withdrawn

18. Hitachi's alleged copying of BorgWarner's design of VCT components, as alleged by Defendants and described in BorgWarner's Second Supplemental Response to Interrogatory No. 14.

**RESPONSE**: BorgWarner objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. BorgWarner further objects to this deposition topic to the extent it seeks expert testimony. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

19. BorgWarner's understanding of meetings between BorgWarner and General Motors where Hitachi was in attendance.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. BorgWarner further objects to the use of the term "meetings" as vague and ambiguous and requests clarification from Hitachi. BorgWarner also objects to this deposition topic as vague, ambiguous and hopelessly overbroad because it does not provide any limit as to when these meetings took place, who attended, and what topics were discussed. Therefore, BorgWarner will not produce a witness for this topic.

20. Roger Wood's business proposal to Hitachi to cooperate on an oil actuated VCT, as referenced in HIT 443066.

**RESPONSE**: BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its specific and general objections, and to the extent any admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about the subject matter of the document produced at HIT 443066.

21.   BorgWarner's offer to purchase a portion or the entirety of Hitachi Unisia's VCT business, including BorgWarner's reasons and motivations associated with the offer, as referenced in HIT 443071.

**RESPONSE**:  BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  BorgWarner further objects to the extent this topic mischaracterizes the document produced at HIT 440371.  Subject to and without waiving its specific and general objections, and to the extent any admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about the document produced at BW 443071.

22.   Documents relating to the topics identified in the above paragraphs.

**RESPONSE**:  BorgWarner objects to this deposition topic as unduly broad, overly burdensome and seeking information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it seeks an individual to be familiar about a wide variety of subjects and about unspecified documents that

may number in the thousands. BorgWarner further objects to this deposition topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, BorgWarner will produce a witness generally knowledgeable about this topic.

Dated: January 19, 2006

/s/ Mary Matterer

Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. # 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800
mmatterer@morrisjames.com

Hugh A. Abrams *(pro hac vice)*
Thomas D. Rein
Lisa A. Schneider *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Fleishman *(pro hac vice)*
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2006, I electronically filed the foregoing document, **DEFENDANTS' RESPONSE TO PLAINTIFF HITACHI, LTD.'S FIFTH NOTICE OF DEPOSITION PURSUANT TO 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 19th day of January, 2006, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
mkaminski@foley.com
lpeterson@foley.com

/s/ Mary Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for BORGWARNER INC. and BORGWARNER MORSE TEC INC.*