IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 05-048-SLR ) ) **REDACTED VERSION** ) ) ) ) |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

Originally Filed: January 18, 2006
Publicly Filed: January 25, 2006

Richard K. Herrmann (I.D. # 405)
Mary B. Matterer (I.D.#2696)
MORRIS JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com
*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

OF COUNSEL:

SIDLEY AUSTIN BROWN & WOOD, LLP
Hugh A. Abrams
Marc A. Cavan
Hillary A. Mann
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-048-SLR ) |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) REDACTED VERSION ) ) |
| Defendants. | ) ) |
| BORGWARNER INC., | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) |
| Counterdefendants. | ) |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

Defendants BorgWarner Inc. and BorgWarner Morse TEC., Inc. (collectively "BorgWarner") move this Court to amend the First Amended Scheduling Order, dated December 14, 2005, (1) to further extend the fact discovery deadline in this case from January 27, 2006 until February 24, 2006; and (2) to amend the date for initial expert reports from February 20, 2006 to March 13, 2006, and for rebuttal expert reports from March 13, 2006 to March 31, 2006. In support of this motion, BorgWarner states as follows:

1. On December 14, 2005 this Court amended the Scheduling Order slightly by moving the fact discovery deadline from January 13, 2006 to January 27, 2006, and moving the deadline for expert reports regarding issues on which a party bears the burden of proof from

February 13, 2006 to February 20, 2006. The March 13, 2006 deadline for rebuttal reports remained unchanged, as did the close of expert discovery deadline of April 13, 2006.

2. While that short adjustment to the schedule permitted additional discovery to be taken, unfortunately important discovery relating to damages and liability, including third party discovery, cannot be completed by the current deadline of January 27, 2006.

3. BorgWarner respectfully requests that the Court amend the Scheduling Order to extend the close of fact discovery to February 24, 2006 and to adjust the timing of expert reports from February 20, 2006 to March 13, 2006 for reports from the party with the burden of proof, and from March 13, 2006 to March 31, 2006 for rebuttal expert reports. The remaining dates in the order would not be affected. The close of expert discovery would remain April 13, 2006.

4. The requested adjustment to this schedule is due to Hitachi's failure to produce witnesses fully prepared to address the noticed topics in our 30(b)(6) notices and Hitachi's refusal to produce relevant requested documents. This missing information is fundamental to the damages and liability aspects of the pending litigation. BorgWarner is now pursuing relief from the Special Discovery Master regarding these discovery deficiencies. A copy of the letter to the Special Discovery Master setting forth in more detail the problems relating to discovery is attached; however the following is a brief outline as to these deficiencies:

- Hitachi has produced insufficient documentation and testimony regarding fundamental financial information to allow BorgWarner's damages experts to conduct the necessary damages analysis. For example, Hitachi has produced almost no documentation relating to the costs and profitability of its VCT components despite its apparent intention to attempt to introduce at trial testimony on profitability of its own VCT components.

- Hitachi has withheld documentation within its possession and control relating to the technical and financial aspects of VCT components supplie **REDACTED** s lack of information pertaining to VCT components sold to Honda makes it virtually impossible to present an infringement and damages case. In fact, Hitachi revealed, despite previous representations to the contrary, only on January 16, 2006 that it has been selling **REDACTED**

- Hitachi has produced precious few license agreements potentially significant to the determination of a reasonable royalty rate.

- BorgWarner learned in a 30(b)(6) deposition of Hitachi as recent as January 17th that a

    **REDACTED**

    which will impact BorgWarner's damages analysis.

- Hitachi has withheld other types of evidence, including VCT samples and forecasts.

This continued thwarting of the discovery process by Hitachi impinges BorgWarner's ability to develop its liability and damages case. Consequently, BorgWarner has been forced to seek discovery through third party subpoenas directed at Hitachi's customers, such as Ford, Honda and Nissan, to fill in these significant evidentiary gaps. BorgWarner has yet to receive the requested third party discovery (Hitachi's counsel also represents Nissan), and BorgWarner expects that it will not obtain the sought documentation nor conduct depositions of these customers until after the current discovery cut-off date of January 27th. The third party

discovery is also relevant to BorgWarner's inducement and contributory infringement case, as pertaining to customers and uses of the accused system.

Even if the discovery disputes are resolved in the next week or so through the Special Discovery Master, BorgWarner believes it will not be possible to incorporate this key evidence into expert reports under the current schedule.

5.  None of the remaining dates in the scheduling order is affected by this request.

Dated: January 18, 2006

/s/ Mary Matterer
Richard K. Herrmann (I.D. # 405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D.#2696)
MORRIS JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com

*Attorneys for BorgWarner Inc. and
BorgWarner Morse TEC Inc.*

OF COUNSEL:

SIDLEY AUSTIN BROWN & WOOD, LLP

Hugh A. Abrams
Marc A. Cavan
Hillary A. Mann
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

# TAB A

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Mary B. Matterer
(302) 888-6960
mmatterer@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

January 18, 2006

**VIA EMAIL AND HAND DELIVERY**

Collins J. Seitz, Jr., Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

    Re:   *Hitachi Ltd. et al. v. BorgWarner, Inc. et al.*,
           D. Del., C.A. No. 05-048-SLR

Dear Special Discovery Master Seitz:

    Given the impending discovery cut-off date of January 27th, BorgWarner respectively requests the immediate assistance of the Special Discovery Master regarding the following outstanding discovery disputes. Plaintiffs have failed to produce documents fundamental to the damages and liability aspects of the pending litigation.

- First, Hitachi has produced almost no documentation relating to the costs and profitability of its VCT components, and yet wants to introduce at trial testimony on profitability of its VCT components.
- Second, Hitachi has unilaterally decided to withhold documentation within its possession and control relating to the technical and financial aspects of VCT components supplied **REDACTED** thereby frustrating BorgWarner's development of its infringement analysis pertaining to VCT components for Honda.
- Third, Hitachi has produced precious few license agreements related to automotive parts, which are potentially significant to the determination of a reasonable royalty rate.
- Fourth, **REDACTED**
- Finally, Hitachi has withheld additional materials including VCT samples and forecasts that are necessary for liability and damages purposes.

Collins J. Seitz, Jr., Esq.  MORRIS, JAMES, HITCHENS & WILLIAMS LLP
January 18, 2006
Page 2

Because of these discovery deficiencies, and because depositions of Hitachi's customers (including Nissan which is represented by Hitachi's counsel) have yet to be scheduled, BorgWarner is also separately filing a motion with the Court to adjust the schedule for the submission of expert reports to allow sufficient time to obtain this needed discovery and incorporate it into Expert Reports. Through this letter motion, however, BorgWarner seeks only assistance in its ongoing discovery disputes.

1. <u>Hitachi's Financial Documentation</u>

BorgWarner, along with guidance from BorgWarner's damages expert, has observed significant gaps in Hitachi's production of financial documents. To date, BorgWarner has received only a single "profitability analysis" on VCT components undertaken for a part of the 2005 time period. This analysis provides results without any underlying support (e.g., the cost data used and the methodology for allocating costs for each cost category). BorgWarner needs this information in order to analyze and test this "profitability analysis." After such documentation is produced, BorgWarner will also require a competent 30(b)(6) deposition witness who is able to explain Hitachi's manner of preparing its profitability analysis, as well as how Hitachi collects, maintains, and allocates the underlying cost data.

In addition, BorgWarner requires similar cost data for VCT components dating back to when sales of the alleged infringing products began. The cost data BorgWarner seeks should include standard costs and variances, as well as any accounting procedures and policies used by Hitachi. More, specifically, BorgWarner seeks Hitachi's costs on a monthly and yearly basis, both standard and actual, broken out separately for the following categories: costs of materials, processing costs, other administrative and overhead costs, sales and marketing costs and any taxes. BorgWarner additionally seeks from Hitachi the price of all VCT components included in these cost breakdowns, either as individual components (e.g., VCT actuator and solenoid) or as a single unit. Further, BorgWarner needs all profit and loss statements maintained by the Atsugi Plant, which is where Hitachi manufactures its VCT components. This information is needed to test and verify Hitachi's so-called 2005 "profitability analysis" for VCT components. According to recent deposition testimony, Hitachi prepared its profit and loss statements on an annual basis.

In the alternative, if Hitachi refuses to provide such information, it should be precluded from introducing any evidence related to the costs and profitability of VCT sales. Hitachi should not be permitted to shield its cost information and then introduce a self-serving "profitability analysis."

Collins J. Seitz, Jr., Esq.                     MORRIS, JAMES, HITCHENS & WILLIAMS LLP
January 18, 2006
Page 3

2.      **REDACTED**

To BorgWarner's dismay, Hitachi's counsel informed BorgWarner during a meet and confer yesterday (January 16) that contrary to prior representations, Hitachi has for several

**REDACTED**

Hitachi has stonewalled BorgWarner on the financial and technical front to the point where BorgWarner has insufficient evidence, both in terms of documents and deposition testimony, for its infringement case and damages analysis related **REDACTED**

     a.      Financial information

As BorgWarner raised in the January 6th teleconference. BorgWarner still needs information o

**REDACTED**

production. If Hitachi is not willing to provide such a chart, BorgWarner requires, at a minimum, documentation sufficient to permit BorgWarner to prepare such a chart. BorgWarner also requires financial documentation reflecting the date of sale, units sold, the price and the location of the buyer for all VCT components identified in this chart.
should be similar to reports previously provided for VCT components sol

**REDACTED**

This is, however, no excuse for Hitachi to withhold relevant information within its possession and control.

     b.      Technical Information

Nor has BorgWarner received sufficient documentation and testimony from Hitachi on the technical side to allow us to present our infringement case for VCT components used in Honda engines and/or vehicles. BorgWarner requires the immediate production of this technical information, including without limitation all drawings, specifications and physical samples. After the production of such documentation, BorgWarner will need to conduct a 30(b)(6) deposition of Hitachi pertaining to the structure and operation of such VCT systems. Alternatively, if Hitachi will stipulate that any such VCT systems are materially the same and

Collins J. Seitz, Jr., Esq.  MORRIS, JAMES, HITCHENS & WILLIAMS LLP
January 18, 2006
Page 4

work the same way as those supplied to Ford and Nissan, BorgWarner is willing to forego a deposition as to the technical operation of the Honda VCT components.

3.  Hitachi Licenses

In order to determine a reasonable royalty, our damages experts need to examine Hitachi licenses related to automotive parts. To date, Hitachi has produced only a handful of licenses. All Hitachi licenses must be produced.

4.  Documentation Related to **REDACTED**

During yesterday's 30(b)(6) deposition of Hitachi, BorgWarner learned that

**REDACTED**

5.  Miscellaneous Deficiencies

In addition to the foregoing, there are many remaining discovery deficiencies that have been identified in recent depositions, some examples of which are the following:

- Hitachi has yet to produce physical samples of components referenced in

**REDACTED**

- Internal forecasts (both one and three year forecasts), customer forecasts, and forecasts from third party providers. Hitachi's counsel has suggested that all

Collins J. Seitz, Jr., Esq.  
January 18, 2006  
Page 5

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

    forecasts had been produced, but Hitachi's recent witnesses have confirmed that they have not even been collected.

- Any long term agreements and purchase orders for the future supply of VCT components. These are important to identify infringing sales and quantify damages.
- Documentation sufficient to allow BorgWarner to cross reference between internal Hitachi VCT part numbers and internal customers' part numbers. Hitachi's counsel has agreed to produce such documentation, but it is important that it be produced promptly.

    In recent depositions we have specifically requested several other documents and expect to learn of additional documents in the damages depositions this week and next. We respectfully reserve the right to seek your assistance in obtaining such documents if Hitachi refuses to produce them voluntarily. Addressing the above issues, however, would take us far in terms of completing our liability and damages analysis. Thus, BorgWarner would be grateful for the opportunity to discuss this further during the telephone conference scheduled for today.

Respectfully,

Mary B. Matterer

cc: Steven J. Balick, Esq. (via email)  
    Michael D. Kaminski, Esq. (via email)

# TAB 1
# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2006, I electronically filed the foregoing document, **REDACTED DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 25th day of January, 2006, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Liane Peterson, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
lpeterson@foley.com

/s/ Mary Matterer
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for BORGWARNER INC. and BORGWARNER MORSE TEC INC.*