IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BORGWARNER INC., and<br>BORGWARNER MORSE TEC INC.,<br><br>        Defendants. | Civil Action No. 05-048-SLR |
| BORGWARNER INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,<br><br>        Counterdefendants. | |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' EIGHTH NOTICE OF DEPOSITION**

Plaintiffs Hitachi, Ltd. ("Hitachi") and Unisia North America, Inc. ("UNAI") respond to Defendants' Eighth Notice of Deposition.

**GENERAL OBJECTIONS**

1.    Plaintiffs object to each Topic to the extent it seeks information that is not in the possession, custody or control of Plaintiffs.

2.    Plaintiffs object to the deposition Notice to the extent it seeks testimony regarding disparate Topics that may require the designation of more than one witness and more than seven total hours of testimony from those witnesses.

3. Plaintiffs object to the Notice as overly broad and unduly burdensome.

4. Plaintiffs object to the Notice to the extent it seeks to invade or undermine the attorney client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. Nothing contained in these Responses or the upcoming testimony is intended to be, or in any way shall be deemed, a waiver of such an available privilege or doctrine. Hitachi and UNAI will only provide non-privileged, non-protected information, unless otherwise specifically indicated.

5. Plaintiffs object to the Notice to the extent it seeks to obtain information that is highly confidential and proprietary or for which Plaintiffs have an obligation of confidentiality.

6. Plaintiffs object to the Notice to the extent that any Topic seeks to impose requirements or obligations on Hitachi and UNAI in addition to or different from those imposed by the Federal Rules of Civil Procedure. Hitachi and UNAI will answer in accordance with the applicable Rules and the decisions interpreting them.

7. Plaintiffs object to the Topics to the extent they seek information that is not relevant to issues in this litigation or are not reasonably calculated to lead to the discovery of relevant and admissible information.

8. Plaintiffs object to the Topics to the extent that they are premature in that they seek information not known or not yet discovered by Hitachi and UNAI, or information that will be produced at a later time or as otherwise ordered. Hitachi and UNAI reserve the right to correct, amend, modify and/or supplement all of its responses upon discovery of relevant information, or in accordance with the Federal Rules of Civil Procedure.

9. Plaintiffs object to the Topics to the extent that they purport to cover products manufactured and sold outside of the United States without being imported or being

known to be imported into the United States by Hitachi or UNAI. To the extent that information is provided regarding such categories of products, this is not an admission regarding their relevance.

10. Plaintiffs object to the use of the term "all" or "each" in the Topics as overly broad, unduly burdensome and oppressive. Hitachi's and UNAI's discovery and investigation in this matter is continuing. Hitachi and UNAI reserve the right to amend or supplement the following responses based on any further investigation, review of documents, or other discovery in this case.

11. Plaintiffs objected to the belated nature of this Notice given that the documents at issue were produced to Borg Warner on <u>September 22, 2005</u>. Hitachi has brought numerous witnesses to the United States for deposition testimony and Borg Warner had ample opportunity to questions Hitachi's witnesses on these documents. Hitachi therefore objects to bringing any witness to the United States to be deposed on these topics.

Subject to these General Objections, and subject to additional objections made below, Plaintiffs answer as follows:

## RESPONSES TO SPECIFIC TOPICS

### TOPIC NO. 1

The February 2, 2004 Automatic Deletion report produced at HIT 03452254-56.

### RESPONSE

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general

3

objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this topic or in a written explanation.

**TOPIC NO. 2**

The statement "The Result of BW Patent Related Investigation (PWM Control) (drafted by Yoshinori Ichinosawa) was deleted" found in HIT 0345254-56.

**RESPONSE**

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this IT topic or in a written explanation. To the extent that this topic goes beyond the IT topic, then Hitachi objects to this deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine. The statement refers to the documents previously identified by privilege log entries 134 and 135. Therefore, Hitachi will not provide a witness.

**TOPIC NO. 3**

The BW Patent Related Investigation referred to in HIT 0345254-56.

**RESPONSE**

Hitachi objects to this deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine. The statement refers to the documents previously identified by privilege log entries 134 and 135. Hitachi will not produce a witness for this topic.

## TOPIC NO. 4

The February 16, 2004 Automatic Deletion Report produced at HIT 0345260.

## RESPONSE

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this IT topic or in a written explanation. To the extent that this topic goes beyond the IT topic, then Hitachi objects to this deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine and Hitachi will not produce a witness.

## TOPIC NO. 5

The statement "The result of BW Patent Related Investigation (PWM Control) (drafted by Yoshinori Ichinosawa) was deleted" found in HIT 0345260.

## RESPONSE

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. Hitachi can not find any statement drafted by Yoshinori Ichinosawa in HIT 0345260. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this IT topic or in a written explanation. To the extent that this topic goes beyond the IT topic, then Hitachi objects to this

deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine. The statement refers to the documents previously identified by privilege log entries 134 and 135. Therefore, Hitachi will not provide a witness.

## TOPIC NO. 6

The BW Patent Related Investigation referred to in HIT 0345260.

## RESPONSE

Hitachi objects to this deposition topic in its entirety as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine. The statement refers to the documents previously identified by privilege log entries 134 and 135. Hitachi will not produce a witness for this topic.

## TOPIC NO. 7

Hitachi's reasons and motivations for deleting documents related to VCT, as indicated in HIT 0345254-56 and HIT 324560.

## RESPONSE

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this IT topic or in a written explanation. To the extent that this topic goes beyond the IT topic, then Hitachi objects to this deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine and Hitachi will not produce a witness.

**TOPIC NO. 8**

The purpose of deletion reports such as those produced at HIT 0345254-56 and HIT 324560, the individuals involved in creating, reviewing or modifying the deletion reports, the manner in which Hitachi uses such reports, and the meaning of the reports.

**RESPONSE**

Hitachi objects to this deposition topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, it is not clear what subject matter is being asked for here. This is primarily an "information technology" question of how this record was created by the Hitachi computer system. Subject to and without waiving its specific and general objections, and to the extent any non-privileged and admissible evidence exists, Hitachi will produce a witness in Japan generally knowledgeable about this IT topic or in a written explanation. To the extent that this topic goes beyond the IT topic, then Hitachi objects to this deposition topic as seeking information that is covered by the attorney client privilege and/or the attorney work product doctrine and Hitachi will not produce a witness.

**TOPIC NO. 9**

Documents relating to the topics identified in the above reports.

**RESPONSE**

Hitachi objects to this topic to the extent it seeks documents which are protected by the attorney client privilege and/or the attorney work product doctrine. The other copies of the e-mails referred to in these topics were previously identified on Hitachi's privilege log as entries 134 and 135. Besides the other copies of these e-mails, no other documents exist.

7

*Of Counsel*:

Kenneth Krosin
Michael D. Kaminski
Pavan Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: March 6, 2006

167267.1

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March, 2006, the attached **PLAINTIFFS' RESPONSES TO DEFENDANTS' EIGHTH NOTICE OF DEPOSITION** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| Hugh A. Abrams, Esquire<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL  60603 | **VIA FEDERAL EXPRESS** |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon