IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD. and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC. and BORGWARNER MORSE TEC INC., <br><br> Defendants. <br><br> BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD. and UNISIA NORTH AMERICA, INC., <br><br> Counterdefendants. | C.A. No. 05-048-SLR <br><br> **<u>REDACTED PUBLIC VERSION</u>** |

### JOINT STIPULATION

The parties, by and through their undersigned counsel, do hereby stipulate and agree, as follows:

1. On January 25, 2006, BorgWarner moved to compel the production of discovery related to Hitachi's sales of Engine Control Units (ECUs) containing VCT modules, including Hitachi's ECU sales to customers other than **REDACTED** (*See* Ltr. Brief to Special Discovery Master Seitz from M. Matterer, 1/25/06; *see also* Ltr. to Special Discovery Master Seitz from M. Matterer, 3/1/06). Special Master Seitz ruled against compelling the production of such discovery. (*See* Third Discovery Order, 2/27/06 and Ltr. from Special Master Seitz, 3/13/06). In his ruling, the Special Master explained that ECU sales to customers other than **REDACTED** are

unrelated to the pending litigation, and would delay the proceedings and expand discovery unreasonably. (*See id.*).

2. Upon a request for reconsideration of the Special Master's decision, he again stated that he was denying discovery, and stated that his "March 13, 2006 Decision shall not preclude BorgWarner from filing a separate lawsuit against Hitachi in the future, for which discovery was precluded by the March 13, 2006 Decision. If Hitachi wants to address in the pending litigation the infringement issue for ECU sales to customers other than **REDACTED** then the Special Master will revisit his ECU discovery ruling at Hitachi's request." (*See* 4/3/06 Fourth Discovery Order).

3. On April 21, 2006, BorgWarner filed Defendants' Motion to Bifurcate Claims of Indirect and Contributory Infringement relating to Hitachi's sales of ECUs to customers other than **REDACTED** ("Motion to Bifurcate"). (*See* Defendants' Motion to Bifurcate Claims, 4/21/06).

4. On May 10, 2006, Hitachi represented to BorgWarner that, upon its reasonable investigation, no Hitachi entity has made any direct or indirect sales of ECUs to **REDACTED** for their U.S. engines/vehicles that employ VCT systems (solenoids/actuators). In other words, Hitachi does not know or have reason to believe, based on a reasonable, good faith investigation, that any of its ECUs will ultimately find their way on **REDACTED** engines/vehicles in the U.S. that employ VCT systems.

5. Based on the foregoing, and in order to settle the aforementioned Motion to Bifurcate, the parties agree and hereby stipulate that BorgWarner shall not be barred, under the principles of res judicata/claim preclusion or collateral estoppel/issue preclusion, from bringing (and preserves its right to bring) a future action against Hitachi for sales of ECU's containing VCT control modules (or sales of just the VCT control modules themselves or related control

data) to customers other than REDACTED However, Hitachi preserves all other defenses that would be available to it in any such future action (including arguing collateral estoppel/issue preclusion as to any issues of claim construction, validity, and enforceability that are actually litigated and decided in the present action). In addition, the parties agree that in the present litigation no further claims shall be asserted relating to sales of ECUs for customers other than REDACTED. In addition, the parties agree that no party to this litigation may use or rely on this stipulation to argue for the expansion or contraction of any discovery obligations or rights in the present litigation.

6.  Hitachi will not contend in any future action that BorgWarner is barred under the principles of res judicata/claim preclusion or collateral estoppel/issue preclusion from bringing an action against Hitachi for induced and/or contributory infringement for sales of ECUs containing VCT modules to customers other than REDACTED. Hitachi preserves all other defenses as outlined in paragraph 5 above.

7.  Borg Warner agrees to withdraw its Motion to Bifurcate and hereby withdraws that motion as moot.

<table>
<tr><td>

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
tlydon@ashby-geddes.com

*Of Counsel:*

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

*Attorneys for Hitachi, Ltd. and Unisia North America, Inc.*

</td><td>

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ Mary B. Matterer*

Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800
mmatterer@morrisjames.com

*Of Counsel:*

Hugh A. Abrams
Thomas D. Rein
Lisa A. Schneider
Marc A. Cavan
Lara V. Hirshfeld
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

</td></tr>
</table>

169551.1