IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD. and <br> UNISIA NORTH AMERICA, INC., <br> <br> Plaintiff, <br> <br> v. <br> <br> BORGWARNER INC. <br> and BORGWARNER MORSE TEC INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-048-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| BORGWARNER INC., <br> <br> Counterclaimant, <br> <br> v. <br> <br> HITACHI, LTD. and <br> UNISIA NORTH AMERICA, INC., <br> <br> Counterdefendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' FIRST NOTICE OF SUBPOENA FOR DEPOSITION
AND PRODUCTION OF DOCUMENTS TO
<u>AMERICAN HONDA MOTOR CO., INC.</u>**

PLEASE TAKE NOTICE that, pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the attached subpoena, commencing on June 19, 2006 at 9:00 a.m. at the offices of Weston Benshoof Rochefort Rubalcava MacCuish, LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California or at a time and place to be mutually agreed upon by counsel, Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. ("BorgWarner"), by and through its counsel, will take the deposition upon oral examination, of American Honda Motor Co., Inc. ("American Honda"), through one or more officers, directors, managing agents or

other persons who consent to testify on American Honda's behalf with regard to the deposition topics set forth in Schedule A (attached hereto).

The deposition(s) will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The deposition(s) will be recorded by stenographic means by a court reporter and by audio and visual means by a videographer.

Additionally, American Honda is to produce the documents set forth in Schedule B on or before June 12, 2006 at the offices of Weston Benshoof Rochefort Rubalcava MacCuish, LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California.

Dated: May 30, 2006

/s/ Mary Matterer
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800
mmatterer@morrisjames.com

Hugh A. Abrams *(pro hac vice)*
Thomas D. Rein *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Lara V. Hirshfeld *(pro hac vice)*
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

# Issued by the
# United States District Court

### Central District of California
## SUBPOENA IN A CIVIL CASE

Hitachi, Ltd. and
Hitachi Automotive Products (USA), Inc.
   Plaintiffs

v.         CASE NUMBER: 05-048 (SLR) (District of Delaware)

BorgWarner Inc. and
BorgWarner Morse TEC, Inc.
   Defendants

TO: American Honda Motor Co., Inc.
   Attn: General Counsel
   1919 Torrance Boulevard
   Torrance, CA 90501

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE 9ND TIME |
|---|---|
| Weston Benshoof Rochefort Rubalcava MacCuish LLP<br>333 South Hope Street, Sixteenth Floor<br>Los Angeles, CA 90071<br>**See attached Schedule A for topics** | **June 19, 2006 at 9:00 a.m.**<br><br>**The depositions will be recorded by stenographic means by a court reporter and by audio and visual means by a videographer** |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule B, attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Weston Benshoof Rochefort Rubalcava MacCuish LLP<br>333 South Hope Street, Sixteenth Floor<br>Los Angeles, CA 90071 | June 12, 2006 at 10:00 a.m. |

YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* Mary Matterer (Attorney for Defendants) | May 30, 2006 |

Issuing Officer's Name, Address, and Phone Number
Mary Matterer, Morris James Hitchens & Williams LLP, 222 Delaware Avenue, 10th Floor, Wilmington, DE 19801 (302) 888-6800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the clai

## SCHEDULE A

## DEFINITIONS

A.  "Honda" as used herein shall mean Honda Motor Co., Ltd., any corporate affiliates, including American Honda Motor Co., Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.  "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including Unisia North America, Inc., Unisia of Georgia Corporation and Hitachi Automotive Products (USA), Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them, including Unisia JECS.

C.  "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

D.  The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

E.  The term "variable camshaft timing components" or "VCT components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves, (4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

F.  "Honda Engine" as used herein is any engine that uses VCT Components, as defined in (E).

G.  "Honda Vehicle" as used herein is any vehicle that uses VCT Components, as defined in (E).

H.  "Hitachi VCT Component System" as used herein means any components (both in combination and on a component-by-component basis) used to vary the camshaft timing in a Honda engine that (1) are purchased by Honda from Hitachi (either directly or indirectly) in the United States or (2) are purchased by Honda from Hitachi (either directly or indirectly) outside of the United States and then imported into the United States.

I.  The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

J.  "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically

2

generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

K.  "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.  "Any," "all," "each" or "every" means any and all, each and every.

M.  The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under 35 U.S.C. § 154 and 35 U.S.C. §271(a).

**DEPOSITION TOPICS**

1. The documents produced in response to Schedule B of this subpoena.

2. The number of Honda Vehicles and Honda Engines containing Hitachi VCT Component Systems made, assembled, or sold in the United States, by year, and by engine and vehicle.

3. The number of Honda Vehicles and Honda Engines with VCT that have been made or assembled in the Saitama or Suzuku factories in Japan and subsequently shipped into the United States, by year, and by engine and vehicle.

4. The volume and price of Hitachi VCT Component Systems purchased by Honda in the United States on a yearly basis, including the volume of each part or component forming such a system.

5. The volume and price of Hitachi VCT Component Systems imported into the United States by Honda in the United States on a yearly basis, including the volume of each part or component forming such a system.

6. The ECU manufacturer for each Honda Engine with VCT Component Systems, by engine.

7. Communications between Honda and Hitachi concerning the pending litigation between Hitachi and BorgWarner, including communications regarding the discovery sought from Honda.

8. The structure and operation of the VCT systems employed by Honda in each of its vehicles.

9. The service manuals for each Honda vehicle utilizing VCT.

10. Documents relating to the topics identified in the above paragraphs, including the search for and location of responsive documents and information.

## SCHEDULE B

## DEFINITIONS

In the document requests appearing below, the following definitions shall apply:

A.  "Honda" as used herein shall mean Honda Motor Co., Ltd., any corporate affiliates, including American Honda Motor Co., Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.  "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including Unisia North America, Inc., Unisia of Georgia Corporation and Hitachi Automotive Products (USA), Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them, including Unisia JECS.

C.  "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc. and BorgWarner Morse TEC Inc.

D.  The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

E.  The term "variable camshaft timing components" or "VCT components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves, (4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

F.      "Honda Engine" as used herein is any engine that uses VCT Components, as defined in (E).

G.      "Honda Vehicle" as used herein is any vehicle that uses VCT Components, as defined in (E).

H.      "Hitachi VCT Component System" as used herein means any components (both in combination and on a component-by-component basis) used to vary the camshaft timing in a Honda engine that (1) are purchased by Honda from Hitachi (either directly or indirectly) in the United States or (2) are purchased by Honda from Hitachi (either directly or indirectly) outside of the United States and then imported into the United States.

I.      The term "Honda Variable Camshaft Timing Component System" or "Honda VCT Component System" as used herein shall mean any components (both in combination and on a component-by-component basis) used to vary the camshaft timing in the Honda engines.

J.      "The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

2

K.  "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

L.  "Communications" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, or whether face-to-face, by telephone, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interview, consultations, agreements and other understandings.

M.  "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

N.  "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

O.  The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under 35 U.S.C. § 154 and 35 U.S.C. §271(a).

## INSTRUCTIONS

Please comply with the following instructions:

3

A.  All documents that respond, in whole or in part, to any portion of the requests below are to be produced in their entirety, including all attachments and enclosures.

B.  All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Request. The documents shall be produced in their original file folder, binder or other cover or container unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

C.  Any document called for herein that you claim to be privileged against discovery on any ground shall be identified on a privilege log.

D.  Notwithstanding any claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

E.  To the extent no responsive documents exist in response to a Request, and therefore no responsive documents will be produced in response to that Request, please so indicate in the response.

F.  Documents containing confidential information shall be marked "confidential" or "confidential attorneys eyes only" and their disclosure shall be limited in accordance with the Protective Order entered in Civil Action No. 05-048-SLR.

## REQUESTS

1. Documents sufficient to determine the number of Honda Vehicles and Honda Engines containing Hitachi VCT Component Systems made, assembled, or sold in the United States, by year, and by engine and vehicle.

2. Documents sufficient to determine the number of Honda Vehicles and Honda Engines with VCT that have been made or assembled in the Saitama or Suzuku factories in Japan and subsequently shipped into the United States, by year, and by engine and vehicle.

3. Documents sufficient to determine volume and price of Hitachi VCT Component Systems purchased by Honda in the United States on a yearly basis, including the volume of each part or component forming such a system.

4. Documents sufficient to determine the volume and price of Hitachi VCT Component Systems imported into the United States by Honda on a yearly basis, including the volume of each part or component forming such a system.

5. Documents sufficient to determine the ECU manufacturer for each Honda Engine with VCT Component Systems, by engine.

6. Documents sufficient to show the structure and operation of the VCT systems employed by Honda in each of its vehicles.

7. All service manuals for each Honda vehicle utilizing VCT.

8. All communications between Honda and Hitachi concerning the pending litigation between Hitachi and BorgWarner, including communications regarding the discovery sought from Honda.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2006, I electronically filed the foregoing document, **DEFENDANTS' FIRST NOTICE OF SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS TO AMERICAN HONDA MOTOR CO., INC.**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 30th day of May, 2006, the foregoing document was served via email and overnight mail on the following non-registered participants:

Michael D. Kaminski, Esq.
Kenneth Krosin, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5109
202.672.5490
mkaminski@foley.com
kkrosin@foley.com

_/s/ Mary Matterer_
Richard K. Herrmann (#405)
Mary B. Matterer (I.D. #2696)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC., and
BORGWARNER MORSE TEC INC.