IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and <br> HITACHI AUTOMOTIVE PRODUCTS (USA), INC. <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC. <br><br> Defendants. | **PUBLIC VERSION** <br><br> Civil Action No. 05-048-SLR |

### REDATED PUBLIC VERSION OF MOTION OF
### PLAINTIFFS FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Hitachi Automotive Products (USA), Inc.*

*Of Counsel*:

William J. Robinson
Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: June 30, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| HITACHI, LTD., and <br> HITACHI AUTOMOTIVE PRODUCTS (USA), INC. <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC. <br><br> Defendants. | Civil Action No. 05-048-SLR |

## MOTION OF PLAINTIFFS FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Hitachi, Ltd and Hitachi Automotive Products (USA), Incorporated (collectively "Hitachi") respectfully move for leave to file a "Third Amended Complaint" to conform the Complaint with the evidence. Specifically, Hitachi seeks to add factual allegations in support of three newly-discovered bases for Hitachi's inequitable conduct defense. These new factual allegations arose from documents and deposition testimony obtained during discovery indicating that BorgWarner: (1) knowingly withheld at least two prior art references from the United States Patent & Trademark Office ("PTO") during prosecution of the asserted '738 patent and (2) knowingly misrepresented the inventorship of the '738 patent. A copy of the Third Amended Complaint, as well as a version showing the changes from the Second Amended Complaint, are attached to this motion as Exhibit 1.

This motion is timely. BorgWarner has had notice of these allegations since about mid-November 2005, when Hitachi first updated its interrogatory responses. Hitachi then took

discovery pursuant to those responses thereafter. Hitachi later further supplemented its interrogatory responses accordingly. Thereafter, on March 13, 2006, all of the allegations were laid out in detail in a "motion to pierce the attorney client privilege for BorgWarner's prosecution documents" with the Special Discovery Master; briefing on that motion ended on April 12, 2006; that motion is still pending. On May 26, 2006, counsel for Hitachi e-mailed counsel for BorgWarner to inform them that Hitachi intended to file the attached Third Amended Complaint. Nearly a <u>month later</u>, counsel for BorgWarner stated that BorgWarner will oppose the present motion on grounds of "undue delay, bad faith on the part of Hitachi and/or prejudice to BorgWarner as a result of Hitachi's delay." This e-mail correspondence is attached to this motion as Exhibit 2.

### I.    Legal Standard Regarding "Leave to Amend"

Leave to amend pursuant to Fed. R. Civ. P. 15(a) should be "freely given" in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 183 (1962); *see also Enzo Life Sciences, Inc. v. Digene Corp*, 270 F. Supp.2d 484 (D. Del. 2003) (granting leave to add inequitable conduct defense); *Symbol Techs., Inc. v. Proxim Inc.*, No. 01-801-SLR, 2003 WL 1905637 (D. Del. April 17, 2003) (granting leave to supplement inequitable conduct defense based upon information learned during discovery); *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp.2d 726 (D. Del. 2002) (granting leave to amend inequitable conduct defense to include additional bases concerning new prior art and misnaming of inventorship).

Indeed, this Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his

claim on the merits." *Symbol Tech.*, 2003 WL 1905637, at *1 (quoting *Foman v. Davis*, 371 U.S. at 182).

As detailed below, the present motion to amend (1) reflects highly relevant information, (2) is being timely submitted by Hitachi and (3) will not prejudice BorgWarner should leave to amend the complaint be granted by the Court.

## II.   Argument

### A.   The Additional Inequitable Conduct Allegations Are Highly Relevant to this Case And Have Been Heavily Debated Already.

*The* REDACTED *Article*

About September 2005, Hitachi discovered a prior-art article in BorgWarner's production that expressly discloses almost every element of claim 10 of the asserted '738 patent.[1]  This article

REDACTED

-- the subject of U.S. Patent No. 5,497,738 ("the '738 patent") which has been asserted against Hitachi in this case.    REDACTED

The '738 patent has an effective filing date of May 3, 1993.

On September 24, 1991, a BorgWarner employee    REDACTED
REDACTED
presented the           Article at a technical seminar on camshafts hosted by the Institute of Mechanical Engineers in London, England.  As is evident, the presentation of this

---

[1]   BorgWarner has only asserted claims 10 and 11 of the '738 patent against Hitachi. Claim 10 is an independent claim and claim 11 depends from claim 10.

-3-

article occurred well-over a year before BorgWarner filed the asserted '738 patent.

**REDACTED**

**REDACTED**

Three months after BorgWarner filed the '738 patent, **REDACTED** was deposed in an interference proceeding, during which he was extensively questioned about his article, *i.e.*, the **REDACTED** Article. **REDACTED** neither **REDACTED** nor the attorney defending him at that deposition, **REDACTED** disclosed the highly-material **REDACTED** Article to the USPTO during prosecution of the '738 patent. **REDACTED**

The facts and circumstances surrounding BorgWarner's non-disclosure of the **REDACTED** Article have been *heavily* briefed by both parties in the context of Hitachi's pending "motion to pierce the attorney client privilege for BorgWarner's prosecution documents", now before the Special Discovery Master, based upon the crime-fraud exception. Hitachi's opening brief, filed March 13, 2006, was 41 pages long. BorgWarner's opposition brief and Hitachi's reply brief both consisted of 32 pages. In sum, the **REDACTED** Article has become a hotly debated issue and an important part of Hitachi's inequitable conduct defense.

*The '735 Patent Application*

During discovery, Hitachi also learned about a highly-material, co-pending patent application ("the '735 Application") that was never disclosed to the USPTO during prosecution of the asserted '738 patent. A brief summary of the facts surrounding the '735 Application will

show its relevance to Hitachi's inequitable conduct allegations. When BorgWarner filed the asserted '738 patent, it was not linked to any other BorgWarner patent application as either a parent or child. During prosecution, however, the examiner on his own discovered a co-pending BorgWarner application that rendered the pending claims in the asserted '738 patent obvious. To avoid a double-patenting rejection, the examiner required that BorgWarner link the asserted '738 patent as a child of the newly-discovered patent application and file a terminal disclaimer so that the asserted '738 patent would now expire with its newly-added parent.

BorgWarner did not, however, inform that examiner that it also had another co-pending application -- the '735 application -- that was nearly identical to the new parent of the asserted '738 patent. Importantly, BorgWarner could not have simply filed a terminal disclaimer to avoid the non-disclosed '735 application. Rather, it would have had to overcome the '735 application on the merits. Given the examiners obvious concerns with the similar disclosure in the parent application, the '738 patent may never have issued. Or, may have issued in a much more limited scope. The facts and circumstances surrounding BorgWarner's non-disclosure of the '735 application have also been *heavily* briefed by both parties in the context of Hitachi's pending motion to pierce the attorney client privilege under the crime-fraud exception. In sum, the '735 application has also become a primary bases for Hitachi's inequitable conduct defense.

*Misnamed Inventorship*

**REDACTED**

**REDACTED**

Conception, rather than reduction to practice, is the "touchstone" of inventorship. *Gemstar-TV Guide Inter., Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1381 (Fed. Cir. 2004) ("Because conception is the touchstone of inventorship each 'joint inventor must contribute in some significant manner to the conception of the invention.'"). As such, there are substantial questions regarding the inventorship of the '738 patent. This too has become a central bases for Hitachi's inequitable conduct defense.

Based upon the clear relevance of these three new bases for Hitachi's inequitable conduct defense, Hitachi respectfully requests leave to file the attached Third Amended Complaint. *See Symbol Tech.*, 2003 WL 1905637, at *1 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (quoting *Foman v. Davis*, 371 U.S. at 182).

### B.  This "Motion for Leave to Amend" is Timely.

Hitachi respectfully submits that the present motion is being timely made and will not cause undue prejudice to BorgWarner.

The Scheduling Order in this case provides that all motions to amend the pleading shall be filed on or before June 3, 2005. However, Hitachi did not learn of the three additional grounds for its inequitable conduct defense until well-after this deadline had already passed. In particular, BorgWarner did not begin producing documents until several weeks after this deadline. And, Hitachi did not identify the relevant documents until after BorgWarner started

producing its documents. Hitachi then took several depositions in late 2005 and Early 2006 to test the veracity of its new inequitable conduct allegations, including the depositions of REDACTED and the Institute of Mechanical Engineers in London, England. Accordingly, Hitachi could not have filed the present motion before the June 3, 2005 deadline.

Nonetheless, Hitachi is presenting the present motion over a month before discovery closes. And, in any event, there is no need for any additional discovery. As detailed below, BorgWarner has been well-aware of Hitachi's three new bases for its inequitable conduct defense and Hitachi seeks now to conform its pleading to the evidence.

### C. BorgWarner Will Not be Unduly Prejudiced by the Proposed Amendment Since it Has Been Aware of These Inequitable Conduct Allegations.

Finally, in accessing whether the opposing party will be "unduly prejudiced," courts generally look to whether that party will have a fair opportunity to respond to the new allegations. *See, e.g., Symbol Tech.*, 2003 WL 1905637, at *2-3 (addressing defendant's arguments that the proposed amendment would "require it to take additional discovery which would increase costs and potentially delay the case"). Hitachi's proposed amendment would not "unduly prejudice" BorgWarner in this case. As in *Symbol Technologies*, the "proposed amendment is narrow and largely based on facts defendant ***has known throughout the case***." 2003 WL 1905637, at *3 (emphasis added); *see also Enzo Life Sciences*, 270 F. Supp. 2d at 489 (finding no prejudice because the new defense was disclosed through prior written discovery); *Agere Systems*, 190 F. Supp. 2d. at 734-35 (finding no prejudice because the opposing party was "sufficiently put on notice" regarding the additional bases for the movant's inequitable conduct defense).

As noted, Hitachi's additional inequitable conduct bases have already been the subject of *extensive* briefing and oral argument before Special Master Seitz. In addition, these new bases

for inequitable conduct were disclosed to BorgWarner several months ago through Hitachi's responses to BorgWarner's contention interrogatories. Three examples are provided below.

*First*, on November 18, 2005, Hitachi served a second supplemental response (attached as Exh. 3) to BorgWarner's first set of interrogatories that read in relevant part:

> With respect to subpart (c), Hitachi and UNAI supplement its response to include BorgWarner's failure to disclose "A Unique Approach to Design of a VCT Mechanism," Solid Mechanics and Machine Systems Group, A European Seminar – Camshaft Drives, September 24, 1991, IMECHE HQ, London to the USPTO.

Exh. 3, at 3. From this response, BorgWarner was made aware of Hitachi's inequitable conduct allegations regarding the **REDACTED** Article.

*Second*, on February 21, 2006, Hitachi served a fourth supplemental response (attached as Exhibit 4) to BorgWarner's first set of interrogatories that read in relevant part:

> 2. The '738 patent is unenforceable due to BorgWarner's failure to disclose third party contributions **REDACTED** to the conception and/or reduction to practice of the VCT system described in claims 10 and 11 of the '738 patent, and its parent application.

**REDACTED**

> 3. The '738 patent is unenforceable due to Borg Warner's failure to disclose to the patent office **U.S. Patent No. 5,361,735 to Butterfield et. al.** and U.S. Patent No 5,289,805 to Quinn et. al.

Exh. 4, at 3 (emphasis added). From this response, BorgWarner was made aware of Hitachi inequitable conduct contentions regarding improper inventorship of the '738 patent and BorgWarner's failure to disclose the '735 patent application to the USPTO.

*Third*, on April 20, 2006, Hitachi served a fifth supplemental response (attached as Exhibit 5) to BorgWarner's first set of interrogatories that read in relevant part:

> 1. In supplementation to previous contentions, the '738 patent is also unenforceable on the grounds presented in Hitachi's Motion to Compel the Production of Withheld Prosecution Documents

filed with the Special [D]iscovery Master on March 13, 2006 and reply filed on April 12, 2006.

    2.    The '738 patent is unenforceable based upon the knowing, willful and intentional misrepresentation by **REDACTED** **REDACTED** regarding the inventorship of the '738 patent.

Exh. 5, at 3. Through this response, BorgWarner was again reminded of all three inequitable conduct contentions at issue in the present motion.

As is evident, BorgWarner is well aware of and has had ample opportunity to respond to Hitachi's new inequitable contentions. There certainly is no prejudice to BorgWarner in allowing Hitachi to file the attached Third Amended Complaint. Indeed, the proposed amendment to Hitachi's complaint merely formalizes the many issues that the parties have extensively addressed throughout discovery.

## III.   CONCLUSION

For the reasons set forth above, Hitachi respectfully requests that its motion for leave to amend its complaint be granted and that it be permitted to supplement its inequitable conduct defense to include BorgWarner's: (1) nondisclosure of the **REDACTED** Article, (2) non-disclosure of the '735 patent and (3) misnaming of the inventorship of the '738 patent.

                                           ASHBY & GEDDES

                                           */s/ Tiffany Geyer Lydon*
                                           _____
                                           Steven J. Balick (I.D. #2114)
                                           John G. Day (I.D. #2403)
                                           Tiffany Geyer Lydon (I.D. #3950)
                                           222 Delaware Avenue, 17th Floor
                                           P.O. Box 1150
                                           Wilmington, DE 19899
                                           (302) 654-1888

                                           *Attorneys for Plaintiffs Hitachi, Ltd. and*
                                           *Hitachi Automotive Products (USA), Inc.*

*Of Counsel*:

William J. Robinson
Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: June 23, 2006

170730.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and<br>HITACHI AUTOMOTIVE PRODUCTS (USA), INC. | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action No. 05-048-SLR |
| v. | )<br>)<br>) | |
| BORGWARNER INC., and<br>BORGWARNER MORSE TEC INC. | )<br>)<br>) | |
| Defendants. | ) | |

## ORDER

This _____ day of _____, 2006, Plaintiffs, Hitachi, Ltd. and Hitachi Automotive Products (USA), Inc., having moved for leave to file their Third Amended Complaint, and the Court, after considering the motion, having concluded that good grounds exist for the requested relief, now therefore,

IT IS HEREBY ORDERED that Plaintiffs' motion is granted.

_____
Chief Judge

170741.1

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that counsel for plaintiffs have discussed the subject of the attached motion with counsel for defendants, but that no agreement could be reached.

_____
Tiffany Geyer Lydon