# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and <br> HITACHI AUTOMOTIVE PRODUCTS (USA), INC. <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC. <br><br> Defendants. | Civil Action No. 05-048-SLR |

## THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Hitachi, Ltd. ("Hitachi") and Hitachi Automotive Products (USA), Inc. ("HAP"), for their Third Amended Complaint against Defendants BorgWarner Inc. and BorgWarner Morse TEC Inc. (collectively "BW"), state as follows:

### The Parties

1. Plaintiff Hitachi, Ltd. is a corporation organized and existing under the laws of the country of Japan and having its principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8280 Japan.

2. Plaintiff Hitachi Automotive Products (USA), Inc. is a Delaware Corporation, having its principal place of business in Harrodsburg, Kentucky.

3. Upon information and belief, Defendant BorgWarner Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Troy, Michigan.

4. Upon information and belief, Defendant BorgWarner Morse TEC Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Ithaca, New York.

## The Nature of the Action

5. This is an action regarding patent infringement arising under the patent laws of the United States, Title 35, United States Code, in particular, sections 271 and 285.

## Jurisdiction and Venue

6. This Court has jurisdiction over the Count set forth below, relating to the noninfringement, invalidity, and unenforceability of United States Patent No. 5,497,738 pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7. Venue properly lies in this Court under 28 U.S.C. §§ 1391 and 1400 because BW resides in this judicial district.

## Count: Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of United States Patent No. 5,497,738

8. On March 12, 1996, United States Patent No. 5,497,738 ("the '738 patent") entitled "VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR" was issued with Borg-Warner Automotive Inc. listed as the named

assignee, and Edward C. Siemon and Stanley B. Quinn listed as the named inventors. A copy of the '738 patent is attached as Exhibit A.

9. Borg-Warner Automotive Inc. ("BWAI") is understood to be a former corporate name for BorgWarner Inc. BWAI alleges that it owns all right and interest to the '738 patent. In addition, BorgWarner Morse TEC Inc. approached Hitachi regarding the '738 patent.

10. Since November 2003, BW has accused Hitachi of infringing at least claim 10 of the '738 patent by Hitachi's variable timing control ("VTC") systems.

11. Since December of 2003, representatives of BW and representatives of Hitachi met repeatedly to discuss the dispute. In addition to the meetings, BW and Hitachi corresponded with each other extensively about the details of BW's infringement allegations in this dispute. These discussions and correspondence were unsuccessful in resolving the dispute. BW threatened an infringement suit against Hitachi over the '738 patent.

12. On February 25, 2005, BW filed a third party complaint against Unisia North America, Inc. (now HAP), alleging that it was infringing the '738 patent.

13. Upon information and belief, the accused variable timing control systems do not infringe any claim of the '738 patent.

14. Upon information and belief, each claim of the '738 patent is invalid under one or more provisions of Title 35 of the United States Code, including the respective provisions of 35 U.S.C. §§ 102, 103, and 112.

15. Upon information and belief, the '738 patent is unenforceable for inequitable conduct, based upon at least the following grounds:

3

## NON-DISCLOSURE OF THE BRUSS PATENT

a.  Interference No. 102,923 ("Interference") in the U.S. Patent & Trademark Office ("PTO") involved U.S. Patent No. 5,002,023, another patent assigned to BWAI relating to variable camshaft timing for internal combustion engines. BWAI's Interference counsel (1) prosecuted the then-pending application leading to the '738 patent and/or (2) was substantively involved in the prosecution of the then-pending application leading to the '738 patent and was associated with BWAI.

b.  During the Interference BWAI's counsel was made aware of U.S. Patent No. 4,627,825 to Bruss et al. (the "Bruss patent"). The Bruss patent is prior art that is material to the patentability of claim 10 of the '738 patent, and, specifically, renders claim 10 invalid. Though BWAI's counsel was made aware of the Bruss Patent during prosecution of the '738 patent, it never cited the Bruss patent to the PTO during the prosecution of the '738 patent.

c.  On information and belief, BWAI's counsel knowingly and willfully withheld the Bruss patent from the PTO during prosecution of the '738 patent. Consequently, the Bruss patent was not considered by the PTO during prosecution of the '738 patent. The '738 patent would not have issued if BWAI had not intentionally withheld the Bruss patent from the examiner during prosecution of the '738 patent.

## NON-DISCLOSURE OF THE BUTTERFIELD ARTICLE

a.  Roger Butterfield, an employee of BW, wrote an article entitled "A Unique Approach to Design of a VCT mechanism" ("the Butterfield Article") for

publication as part of a seminar hosted by the Institute of Mechanical Engineers ("IMECHE") in London, England on September 24, 1991.

  b. On September 24, 1991, another BW employee, Mr. Philip Mott, presented the contents of the Butterfield Article at the IMECHE seminar.

  c. Upon information and belief, Roger Butterfield and Thomas Meehan, BWAI's outside patent counsel, were substantively involved in preparing and prosecuting the '738 patent. They owed the PTO a duty of candor and good faith under 37 C.F.R. § 1.56 in connection with the prosecution of the '738 patent.

  d. In August 1993, less than three months after BWAI filed the '738 patent, the Butterfield Article was specifically brought to the attention of both Mr. Butterfield and Mr. Meehan during a deposition of Mr. Butterfield in the Interference. Even though Mr. Butterfield and Mr. Meehan were made aware of the Butterfield Article during prosecution of the '738 patent, neither of them ever disclosed the Butterfield Article to the PTO during prosecution of the '738 patent.

  e. The Butterfield Article constitutes prior art under 35 U.S.C. §102 that is highly material to patentability of the claims of the '738 patent, including rendering at least claim 10 of the '738 patent invalid.

  f. BWAI made several arguments to the PTO in support of patentability of the claims of the '738 patent that it could not have made in view of the Butterfield Article.

  g. Upon information and belief, Mr. Butterfield and Mr. Meehan knowingly and willfully withheld the Butterfield Article from the PTO during prosecution of the '738 patent. Consequently, the Butterfield Article was not

considered by the PTO during prosecution of the '738 patent. The '738 patent would not have issued the if BWAI had not intentionally withheld the Butterfield Article from the examiner during prosecution of the '738 patent.

NON-DISCLOSURE OF THE '735 PATENT

h.  On April 16, 1992, BWAI filed U.S. Patent Application No. 870,473, which ultimately issued as U.S. Patent No. 5,361,735 ("the '735 patent"). Roger P. Butterfield, Stanley K. Dembosky and Franklin R. Smith are the named inventors for the '735 patent. The '735 patent issued on November 8, 1994.

i.  Although the '735 patent application was pending before the PTO when BWAI filed the '738 patent, BWAI did not disclose the co-pending '735 patent application/'735 patent to the PTO during prosecution of the '738 patent.

j.  Upon information and belief, of the three named inventors for the '735 patent, at least Roger Butterfield was substantively involved in preparing and/or simultaneously prosecuting both the '735 patent and the '738 patent.

k.  Upon information and belief, Mr. Meehan and David Spenard were substantively involved in preparing and/or simultaneously prosecuting both the '735 patent and the '738 patent.

l.  During prosecution of the '738 patent, the PTO indicated that the '738 patent application claims would be rejected as being obvious over the claims of another patent, U.S. Patent No. 5,218,935 ("the '935 patent"), which BWAI did not refute and instead disclaimed patent term for the '738 patent. Just like the '935 patent, the '735 patent described and claimed a stepper-motor VCT system.

6

As a prosecuting attorney for the '738 patent, Mr. Spenard was aware of the examiner's obviousness concerns. On information and belief, both Mr. Butterfield and Mr. Meehan also were made aware of the examiner's obviousness concerns. Unlike the '935 patent, BWAI could not have removed the '735 patent as a prior art reference by filing a terminal disclaimer.

      m.      The '735 patent constitutes prior art under 35 U.S.C. §102 that is highly material to patentability of the claims of the '738 patent, including rendering at least claim 10 of the '738 patent invalid in combination with other references and/or the knowledge of the person of ordinary skill in the art.

      n.      BWAI made arguments to the PTO in support of patentability of the claims of the '738 patent that it could not have made if the examiner had been aware of the '735 patent application/'735 patent.

      o.      Upon information and belief, Mr. Spenard, Mr. Meehan, and Mr. Butterfield knowingly and willfully withheld the '735 patent application/'735 patent from the PTO during prosecution of the '738 patent. Consequently, the '735 patent application/'735 patent was not considered by the PTO during prosecution of the '738 patent. The '738 patent would not have issued if Mr. Spenard, Mr. Meehan, and Mr. Butterfield had not intentionally withheld the '735 patent application/'735 patent from the examiner during prosecution of the '738 patent.

7

NON-DISCLOSURE OF PRIOR VCT SALES TO FORD MOTOR COMPANY

p. BorgWarner supplied certain VCT components to Ford Motor Company ("Ford") and BMW, Inc. ("BMW") more than a year before BorgWarner filed the '738 patent.

q. Upon information and belief, some of these components sold to Ford and BMW constitute prior art under 35 U.S.C. §102 that are highly material to patentability of the claims of the '738 patent, including rendering at least claim 10 of the '738 patent invalid.

r. BWAI made several arguments to the PTO in support of patentability of the claims of the '738 patent that it could not have made in view of the VCT component sales to Ford and BMW.

s. Persons substantively involved in preparing and/or prosecuting the '738 patent, including at least Roger Butterfield, were aware of BorgWarner's prior VCT component sales to Ford and BMW, but never disclosed these sales to the PTO.

t. Upon information and belief, at least Mr. Butterfield knowingly and willfully withheld the VCT component sales to Ford and BMW from the PTO during prosecution of the '738 patent. Consequently, the VCT component sales were not considered by the PTO during prosecution of the '738 patent. The '738 patent would not have issued the if Mr. Butterfield had not intentionally withheld information on these sales of VCT components from the examiner during prosecution of the '738 patent.

8

## FAILURE TO DISCLOSE PROPER INVENTORSHIP

u. The '738 patent claims certain mechanical and electrical components associated with a VCT system. The mechanical components include a cam-torque actuated VCT phaser, as described in several patent applications filed by BorgWarner prior to the May 3, 1993 filing date of the '738 patent. These prior patents include U.S. Patent Nos. 5,002,023 ("the 023 patent") and 5,107,804 ("the '804 patent"). These two patents issued in the names of Roger P. Butterfield, Franklin R. Smith and others within BorgWarner.

v. On information and belief, Mr. Siemon and Mr. Quinn, the named inventors on the '738 patent, did not conceive of (or invent) the mechanical or electrical components claimed in this patent. On information and belief, the mechanical components were conceived of by, at least, Roger Butterfield and Frank Smith as demonstrated by the '023 and '804 patents. Further, on information and belief, the claimed electrical components were conceived by others at BorgWarner and/or a third party.

w. Mr. Quinn and Mr. Siemon were aware that they were not the true inventors of the subject matter claimed in the '738 patent; yet never disclosed this fact to the PTO. To the contrary, they signed declarations submitted to the PTO stating that they were the inventors of the '738 patent.

x. Upon information and belief, the knowing and willful misrepresentation of inventorship by Mr. Siemon and Mr. Quinn violated their duty of candor and good faith to the PTO. The '738 patent would not have issued

9

if Mr. Siemon and Mr. Quinn had not intentionally made these misrepresentations to the examiner during prosecution of the '738 patent.

16. As a consequence of the foregoing, there is an actual and justiciable controversy between Hitachi, HAP and BW over the infringement, validity, and enforceability of the '738 patent, with respect to which Hitachi and HAP are entitled to a declaratory judgment in their favor.

### **Prayer for Relief**

WHEREFORE, Hitachi and HAP respectfully pray for the following relief:

a. Judgment declaring that Hitachi and HAP have not infringed any claim of the '738 patent;

b. Judgment declaring that each claim of the '738 patent is invalid;

c. Judgment declaring that the '738 patent is unenforceable;

d. Judgment declaring this to be an exceptional case pursuant to 35 U.S.C. §285 and awarding to Hitachi and HAP their reasonable attorneys' fees expended in bringing and maintaining this action; and

e. Judgment awarding Hitachi and HAP such other and further relief as this Court may deem just and proper.

ASHBY & GEDDES

/s/ Tiffany Lydon
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Plaintiff Hitachi, Ltd. and Hitachi Automotive Products, Inc.*

*Of Counsel*:
William J. Robinson
Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk, Jr.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: June 23, 2006
170738.1

11