# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INC. | ) ) ) ) | **PUBLIC VERSION** |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-048-SLR |
| BORGWARNER INC. and BORGWARNER MORSE TEC INC., | ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) ) | |
| HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INC. | ) ) ) | |
| Counterdefendants. | ) ) | |

## BORGWARNER'S OPPOSITION TO HITACHI'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for Defendants and Counterclaimants*

BORGWARNER INC. and
BORGWARNER MORSE TEC INC.

*Of Counsel:*
Hugh A. Abrams
Thomas D. Rein
Lisa A. Schneider
Marc A. Cavan
Lara V. Hirshfeld
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated:  July 10, 2006
Redacted Version:  July 25, 2006

## <u>TABLE OF CONTENTS</u>

Page

INTRODUCTION ..........................................................................................1

I.      FACTUAL BACKGROUND ...............................................................2

II.     HITACHI'S MOTION SHOULD BE DENIED ...................................4

        A.      Hitachi's Motion for Leave to Amend is Not Timely ................4

        B.      Granting Hitachi's Motion for Leave to Amend Will Prejudice
                BorgWarner...................................................................................8

        C.      Hitachi's Interrogatory Responses Cannot Excuse Its Delay or Cure
                the Prejudice Suffered by BorgWarner.......................................10

        D.      Hitachi Has Acted in Bad Faith ................................................13

CONCLUSION.............................................................................................18

# TABLE OF AUTHORITIES
## CASES

Page

*Agere System Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726 (D. Del. 2002) ........................................................................................................12

*Aloe Vera of America, Inc. v. United States.*, 233 F.R.D. 532 (D. Ariz. 2005) ................................................................................5, 9, 11, 15

*Ameritek, Inc. v. Carolina Lasercut Corp.*, 891 F. Supp. 254 (M.D.N.C. 1994) ............................................................................................................8

*Corning Inc. v. SRU Biosystems*, 418 F. Supp. 2d 596 (D. Del. 2006) ............13

*Cureton v. National Collegiate Athletic Association*, 252 F.3d 267 (3d Cir. 2001)...........................................................................................4, 5, 8

*EMC Corp. v. Storage Technology Corp.*, 921 F. Supp. 1261 (D. Del. 1996) ...................................................................................................11, 12

*Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484 (D. Del. 2003) ........................................................................................................12

*Foman v. Davis*, 371 U.S. 178 (1962) ....................................................................4

*GSS Properties, Inc. v. Kendale Shopping Ctr, Inc.*, 119 F.R.D. 379 (M.D.N.C. 1988).................................................................................14

*In re Acceptance Insurance Cos.*, 352 F. Supp. 2d 928 (D. Neb. 2004)...........10

*In re Papst Licensing, GmbH Patent Litigation*, 174 F. Supp. 2d 446 (E.D. La. 2001)........................................................................................................11

*Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed. Cir. 1988).........................................................................................9

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993) ..........................................4, 5

*Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, No. 93 No. 93 C 5578, 1994 WL 113108 (N.D. Ill. March 30, 1994)...................................12

*Richardson Greenshields Sec. Inc. v. Mui-Hin Lau*, 113 F.R.D. 608 (S.D.N.Y. 1986).................................................................................10

*Shushany v. Allwaste Inc.*, 992 F.2d 517 (5th Cir. 1993) ....................................................13

*Site Microsurgical System, Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333 (D. Del. 1992) ...................................................................................................................4

*Symbol Techs., Inc. v. Proxim Inc.*, No. 01-801-SLR, 2003 WL 1905637 (D. Del. 2003) ...................................................................................................12

*USX Corp. v. Barnhart*, 395 F.3d 161 (3d Cir. 2004)..........................................................5

*Videojet System International, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046 (N.D. Ill. 1998)....................................................................................11

## STATUTES

Fed. R. Civ. P. 9(b) ...............................................................................................................11

## INTRODUCTION

Hitachi, Ltd. and Hitachi Automotive Products (USA), Inc. (collectively, "Hitachi") cannot prevail on its Motion for Leave to File Third Amended Complaint ("Hitachi's Motion") if Hitachi unduly delayed in seeking leave to amend its complaint, if the amendment will cause prejudice to BorgWarner Inc. and BorgWarner Morse Tec, Inc. (collectively, "BorgWarner") or if Hitachi has acted in bad faith or with dilatory motive. All of these reasons compel that Hitachi's motion be denied.

Hitachi is seeking leave to amend its complaint a year and a half after its initial complaint was filed, as long as a year after the underlying documents were produced, and no less than six months after the depositions it relies upon were concluded. Hitachi's motion for leave to amend is also filed over one year after the Court imposed deadline for amendment of the pleadings. Despite multiple amendments to the case schedule, necessitated by Hitachi's dilatory conduct in discovery, Hitachi never sought modification of the final date for amendment of the pleadings.

Hitachi's belated motion to amend will, if granted, cause substantial prejudice to BorgWarner because BorgWarner will be forced to rebut Hitachi's new allegations without having the opportunity to take necessary discovery. As the Special Discovery Master has made clear, the discovery cut-off date will not be extended again, and that cut-off date is July 24, 2006. Discovery would have closed long before then, were it not for the many motions to compel that BorgWarner needed to file and the many orders compelling Hitachi to provide additional discovery. These delays have already prejudiced BorgWarner, as the October 2005 trial date has been adjourned and no new trial date has been set. In waiting to file this motion until now, Hitachi has again acted in bad faith and with dilatory motive. For these and other reasons, Hitachi's Motion should be denied.

## I.    FACTUAL BACKGROUND

Hitachi filed its complaint for declaratory judgment on January 31, 2005. That complaint alleged a single theory of inequitable conduct, namely that BorgWarner failed to disclose to the PTO a document known as the Bruss patent which allegedly had been brought to BorgWarner's attention during an interference proceeding. BorgWarner filed a motion to strike the inequitable conduct allegations in the Complaint based on Hitachi's failure to identify the person(s) charged with the alleged misconduct and when the alleged misconduct occurred. *See* Motion Under Fed. R. Civ. P. 12(f) To Strike Plaintiff's Allegations Of Inequitable Conduct In The Complaint, Civ. No. 05-48-SLR, D.I. 8. In response, Hitachi took a liberal view of its pleading requirements, arguing that its pleadings were sufficient because they disclosed the "name of the relevant prior art and disclose the acts of the alleged fraud." *See* Answering Brief Opposing Defendants' Motion Under Fed. R. Civ. P. 12(f) To Strike Plaintiff's Allegations Of Inequitable Conduct In The Complaint, Civ. No. 05-48-SLR, D.I. 15 at 1. The Court concurred that Hitachi's Complaint was sufficient. *See* Order Denying BorgWarner's Motion Under Fed. R. Civ. P. 12(f) To Strike Plaintiff's Allegations Of Inequitable Conduct In the Complaint, Civ. No. 05-48-SLR, D.I. 81.

Since filing its initial Complaint, Hitachi amended its Complaint twice. Hitachi filed its first amended complaint on April 6, 2005, and its second amended complaint on April 25, 2005. Neither of these amended complaints altered Hitachi's inequitable conduct theories.

Hitachi now seeks to amend its complaint yet a third time, this time to allege four entirely new theories of inequitable conduct. Specifically, Hitachi now claims that BorgWarner committed inequitable conduct by allegedly withholding from the U.S. Patent and Trademark Office ("PTO") an    **REDACTED**    and by withholding a co-pending application Hitachi refers to as the '735 application. *See* D.I. 228, Hitachi Exhibit 1 (Third Amended Complaint for Declaratory Judgment) at 4-7.

Hitachi also claims that BorgWarner committed inequitable conduct    REDACTED

REDACTED    *See id.* at 9-10. And finally, while not discussed in

its motion, Hitachi seeks to add a theory of inequitable conduct    REDACTED

REDACTED    *See* D.I. 228, Hitachi Exhibit 1 (Third Amended Complaint for Declaratory

Judgment Redline Version) at 8-9. On top of these specific allegations, Hitachi tries to

keep its inequitable conduct allegations open-ended – by adding the vague allegation that

its inequitable conduct claim is based on "at least" the grounds set forth in its complaint.[1]

Hitachi does not explain why it waited to file its motion until now. The

deadline for amending the pleadings passed more than a year ago; that deadline was June

3, 2005. Since then, the scheduling order has been modified repeatedly. Through none

of those scheduling orders did Hitachi seek to extend the date for amending pleadings.

Fact discovery in this matter was initially scheduled to close on January

13, 2006. (*See* Exhibit A, D.I. 1 at ¶ 2(b)). Hitachi does not contend that it "discovered"

these new defenses after then and, indeed, seems to acknowledge otherwise. According

to Hitachi's moving papers, Hitachi alleges that BorgWarner was on notice of at least one

of these theories in November 2005. *See* Hitachi Motion, D.I. 228 at 8. And, Hitachi

admits it had all the facts it needed at least as of early 2006. *See* Hitachi Motion, D.I. 228

at 7 (noting that BorgWarner produced documents starting in June of 2005 and stating

that "Hitachi took several depositions in late 2005 and Early 2006 to test the veracity of

its inequitable conduct allegations").

Hitachi asserts that BorgWarner will not be prejudiced by its delay

because BorgWarner does not need to conduct discovery on these defenses, but that is

inaccurate. Indeed, given that no further extensions of fact discovery will be permitted,

---

[1] Based on the red-line version of the Third Amended Complaint submitted as Hitachi
Exhibit 1, it appears Hitachi also seeks to amend its complaint in other manners, such as
to substitute Unisia North America with Hitachi Automotive Products, to insert various
abbreviations, and to make various non-substantive changes. Although Hitachi's Motion
does not mention these changes, BorgWarner does not object to these revisions.

BorgWarner will be severely prejudiced if Hitachi is allowed to inject its new inequitable conduct defenses at this late date. Either BorgWarner will be deprived of needed discovery or this case will be delayed even more, both to the detriment of BorgWarner.

## II.    HITACHI'S MOTION SHOULD BE DENIED

Leave to amend a complaint should be denied where the amendment is futile, where the movant sought amendment of its complaint with undue delay, where the amendment causes prejudice to the opposing party, or where the movant acts with bad faith or dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993); *Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267, 272-73 (3d Cir. 2001).[2] While the standards for leave to amend are somewhat liberal, "this liberal policy of granting leave to amend must not be interpreted to permit amendment without restraint." *Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992). Those standards do not permit the type of delay and conduct committed by Hitachi in this case.

### A.    Hitachi's Motion for Leave to Amend is Not Timely

Hitachi submitted its motion for leave to amend its complaint with undue delay. While not all delay is undue, "'at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.'" *Cureton*, 252 F.3d at 273 (*quoting Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). In analyzing the question of undue delay, the focus should be on the movant's reasons for not moving sooner. *See Cureton*, 252 F.3d at 273; *see also USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004), *cert.*

---

[2] Hitachi's motion devotes significant discussion to the alleged merits of its claims of inequitable conduct. BorgWarner has previously advised Hitachi that "although we strongly disagree with the substance of your pleading, BorgWarner will not oppose the motion for leave to amend on grounds of futility in light of the liberal pleading standards." (*See* Exhibit B). BorgWarner disagrees with the substance of Hitachi's allegations, but will save those arguments for another day.

*denied*, 126 S. Ct. 420 (2005). And here, Hitachi has provided no justification for waiting until this late date to seek leave to amend, confirming that its delay is undue.

As Hitachi's own moving papers confirm, Hitachi has long been aware of the facts it relies on for its four new grounds of its inequitable conduct defense. Yet, Hitachi waited over a year and a half after first filing its complaint, as long as 12 months after the documents underlying its new theories were produced, no less than six months after the depositions underlying its new theories were completed and until there was only a single month remaining in the fact discovery period. That fact discovery period had been extended many times, including the most recent final two month extension to allow BorgWarner the opportunity to obtain discovery that Hitachi was ordered to provide. (*See* Exhibit C, May 22, 2006 Hearing Tr., 153-54). The parties have agreed, however, that no new discovery can be initiated. (*See* Exhibit D, D.I. 202 at ¶ 10(f)). Under these circumstances, Hitachi's delay is "undue." *See, e.g., Lorenz*, 1 F.3d at 1414 (affirming denial of motion on undue delay grounds where amendment was requested three years after action was filed, where facts had been known two years before amendment, and where movant had prior opportunities to amend); *Cureton*, 252 F.3d at 273-74 (affirming district court decision that delay was undue where, among other things, amendment was brought three years after complaint was filed and factual information on which amendment was based was known for over two years and movant had not explained the delay); *Aloe Vera of Am., Inc. v. United States.*, 233 F.R.D. 532, 536 (D. Ariz. 2005) (finding undue delay where movant waited until most discovery was complete).

Hitachi attempts to rebut any assertions of undue delay by arguing that it could not have amended its complaint to add these allegations prior to the June 3, 2005 deadline for amending pleadings. *See* Hitachi Motion, D.I. 228 at 6-7. That, however, is beside the point. Hitachi could have – and should have – filed its motion long before June 23, 2006.

Hitachi had the documents it claims support its theories for up to twelve months before bringing this motion. For example, the '735 application, which was publicly available from the PTO, was produced by BorgWarner a full year before Hitachi filed its motion – on June 23, 2005. (*See* Exhibits E and F).    REDACTED    was produced a week later, on June 30, 2005, (*see* Exhibits G and H), and Hitachi even admits it found this document no later than September 2005. *See* Hitachi Motion, D.I. 228 at 3. And, while Hitachi has never formally identified the document pertaining to the REDACTED    upon which it relies in support of its improper inventorship allegation, one such document cited in its interrogatory responses was produced on August 10, 2005. (*See* Exhibits I and J). Similarly, while Hitachi does not discuss its allegations    REDACTED    in its Motion and BorgWarner is left to guess which documents supposedly support this claim, the documents it mentions in its interrogatory response *on invalidity*    REDACTED    were produced starting in June 2005 and ending on February 6, 2006. (*See* D.I. 228, Hitachi Exhibit 4 at 4; *see also* Exhibit E; Exhibit K).

Hitachi likewise completed the relevant depositions long before filing its motion. Hitachi's amended complaint asserts that the following individuals have committed inequitable conduct:    REDACTED

REDACTED    Hitachi deposed    REDACTED    multiple occasions, but the depositions which focused on these inequitable conduct claims occurred on November 14, 2005 and January 17, 2006. Hitachi deposed    REDACTED on November 22, 2005. Hitachi deposed    REDACTED on December 1, 2005. Hitachi deposed    REDACTED    on December 7, 2005. Hitachi deposed REDACTED    on December 21, 2005. By Hitachi's own admission, the deposition testimony upon which it relies was completed by early 2006. *See* Hitachi Motion, D.I. 228 at 7. Certainly, Hitachi did not require a full six months after the completion of these depositions to draft

its amended complaint and prepare its motion papers, and Hitachi does not argue otherwise.

Nor does Hitachi explain why it needed to conduct a single deposition before amending its pleading. In response to BorgWarner's motion to strike Hitachi's initially pled inequitable conduct defense, Hitachi argued that all it needed to do was name the prior art and disclose the acts of alleged fraud. *See* Answering Brief Opposing Defendants' Motion Under Fed. R. Civ. P. 12(f) To Strike Plaintiff's Allegations Of Inequitable Conduct In The Complaint, Civ. No. 05-48-SLR, D.I. 15 at 1. By Hitachi's own admission, it did not need depositions to make its initial allegations and therefore did not need them to amend its Complaint. Indeed, as conceded by Hitachi in its moving papers here, all the depositions did was "test the veracity of its" allegations. Hitachi Motion, D.I. 228 at 7.

A quick perusal of Hitachi's bare-bones pleading similarly confirms that it could have amended its complaint long ago. Hitachi's Third Amended Complaint does little more than identify the alleged prior art and the individual(s) who allegedly withheld it from the PTO. Hitachi's Third Amended Complaint does not cite to any specific documents produced in this litigation or to any deposition testimony. Several of the allegations are based "[o]n information and belief" in spite of the fact that Hitachi has completed all of its noticed depositions and BorgWarner has completed document production. There was simply no need for Hitachi to wait this long to seek leave to amend, particularly in light of the limited facts Hitachi has now pled.

Hitachi's undue delay in seeking leave to amend its complaint should not be permitted, particularly since Hitachi has offered no viable explanation for waiting until this late date to move for leave to amend. Because of its undue delay, Hitachi's motion should be denied.

**B.    Granting Hitachi's Motion for Leave to Amend Will Prejudice BorgWarner**

Hitachi's motion to amend should be denied for yet another reason. If the motion is granted, Hitachi's delay in seeking leave to amend will severely prejudice BorgWarner. As explained below, Hitachi's amendment will require additional discovery, discovery that BorgWarner is unlikely to be able to obtain in a timely manner. *See Cureton*, 252 F.3d at 273-76 (affirming district court's denial of amendment because amendment would lead to further discovery and significant new preparation); *Ameritek, Inc. v. Carolina Lasercut Corp.*, 891 F. Supp. 254, 255-56 (M.D.N.C. 1994) (denying leave to amend to add new infringement claim since it would cause prejudice to non-movant who would not be able to properly and fully pursue defense without further discovery).

Through its latest pleading, Hitachi seeks to assert four entirely new theories of inequitable conduct. If Hitachi's motion to amend is granted, BorgWarner will be forced to develop and present defenses to each of these four new theories.

While a defense to an inequitable conduct claim generally involves knowledge within the possession of the patentee and/or its representatives, this is not entirely the case here.                    REDACTED

For example, some of Hitachi's new allegations involve the prosecuting

        REDACTED            once represented BorgWarner, but he does not do so any longer.

                    REDACTED

                    (*See* Exhibit L at 183, Exhibit M).

Because each of Hitachi's new allegations of inequitable conduct had not yet been announced to BorgWarner at the time     REDACTED    deposed, BorgWarner did not question ·  REDACTED  about these theories on cross-examination in the same manner it now would. *See, e.g., Aloe Vera*, 233 F.R.D. at 536 (finding prejudice because the court

8

was "persuaded that Defendant would have prepared its witnesses differently had it know[n] of this claim such that the witnesses could have clarified or elaborated on certain answers, unlike now where any such clarification or elaboration months after the fact might make the witness look less credible."). Moreover, in light of **REDACTED** **REDACTED** it is unlikely that he would be willing to meet with BorgWarner's attorneys to develop defenses absent a subpoena.

As another example, Hitachi now alleges that inequitable conduct took place surrounding the inventorship of the '738 patent because **REDACTED** **REDACTED** *See* Hitachi Motion, D.I. 228 at 5; *see also* D.I. 228, Hitachi Exhibit 1, Third Amended Complaint for Declaratory Judgment at 9 (alleging that claimed components were conceived by a third party). Although Hitachi asserts **REDACTED** it does not name those individuals. If Hitachi's allegations related to inventorship are permitted, BorgWarner may need to depose **REDACTED** [3] BorgWarner has previously sought discovery from *REDACTED* in connection with this litigation, with less than favorable results. Indeed, although a document and deposition subpoena was served *REDACTED* in December 2005, *REDACTED* produced a grand total of eight pages of documents and it took approximately six months to obtain those documents. Based upon **REDACTED** in responding to the previously served subpoena, BorgWarner does not expect to obtain discovery from *REDACTED* on this new topic in a timely fashion.

Fact discovery is scheduled to close on July 24, 2006, and the Special Discovery Master made clear that no additional extensions will take place in this case.

---

[3] It seems likely that Hitachi will also want to depose *REDACTED* Hitachi bears the burden of proof on the question of inequitable conduct. *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). If Hitachi truly intends to assert this claim, one would think Hitachi would need the testimony

**REDACTED**

(*See* Exhibit C at p. 154). Hitachi's Motion may not even be resolved by this date.[4] BorgWarner has already been prejudiced by its loss of the trial date in this action, stemming from Hitachi's failure to timely comply with discovery. BorgWarner should not be forced to choose between conducting full discovery on Hitachi's new defenses (which would mean suffering further delay) or proceeding on the current schedule without discovery. *See In re Acceptance Insurance Cos.*, 352 F. Supp. 2d 928, 935 (D. Neb. 2004) (denying motion to amend and stating "This case has moved through discovery more slowly than it should have, due in large part to the Plaintiffs' dilatory conduct during discovery.").

In light of the prejudice faced by BorgWarner, Hitachi should not now be allowed to amend its claims at this late date. *See, e.g., Richardson Greenshields Sec. Inc. v. Mui-Hin Lau*, 113 F.R.D. 608, 611-45 (S.D.N.Y. 1986) ("Unexcused delay, coupled with the probability that the addition of new claims would lead to a new wave of discovery, is also an adequate basis for denying leave to amend.").

### C.     Hitachi's Interrogatory Responses Cannot Excuse Its Delay or Cure the Prejudice Suffered by BorgWarner

Hitachi's only argument that BorgWarner will not be prejudiced by Hitachi's delay is its contention that BorgWarner has been on notice of these theories for some time, both through interrogatory responses and the motion to compel filed by Hitachi. Of course, if Hitachi's allegations were fully set forth in earlier submitted interrogatory responses and its motion to compel, as Hitachi suggests, then Hitachi has no excuse for failing to seek leave at that time. After all, trickling out information on potential inequitable conduct defenses in other ways is no substitute for seeking to amend the pleadings. *See, e.g., Aloe Vera*, 233 F.R.D. at 535-36 (denying motion for leave to

---

[4] Furthermore, BorgWarner was barred from issuing any new discovery requests for several months. The Joint Stipulation and Order to Amend Schedule submitted by the parties on April 3, 2006 included a prohibition against new discovery requests in paragraph 10(f).

amend even though movant had sent opposing counsel a letter regarding proposed amendments nearly a year prior to filing motion).

There are sound policy reasons for this. Allegations of inequitable conduct (i.e., fraud before the Patent Office), like other allegations of fraud, are subject to the requirements of Rule 9(b). *See EMC Corp. v. Storage Technology Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996). Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) results in stringent pleading requirements in the inequitable conduct context. *See In re Papst Licensing, GmbH Patent Litig.*, 174 F. Supp. 2d 446, 448-49 (E.D. La. 2001) (requiring that the alleged patent infringer specify the time, place, and nature of the alleged fraudulent activity, indicate "why or how a misrepresentation or omission [was] material and the reason why the alleged conduct [was] inequitable," and "identify the person who made misrepresentations and what that person obtained by making the misrepresentations."); *Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998) (requiring defendant to plead "the 'who, what, when, and where' of the alleged inequitable conduct.") (internal citation omitted).

Discovery responses are simply not a substitute for pleadings, particularly where Rule 9(b) is involved. *See EMC Corp.*, 921 F. Supp. at 1264 (holding that alleged infringer was not allowed to rely on interrogatory responses to fulfill particularity requirements of Rule 9(b) which requires fraud be pled with particularity); *see also Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, No. 93 C 5578, 1994 WL 113108, at *3 (N.D. Ill. March 30, 1994) (stating that Rule 9(b) is a pleading rule and parties cannot indirectly amend their complaint to include their responses to interrogatories). At best, interrogatory responses may be relied on to supplement allegations that have already been pled with particularity. *EMC Corp.*, 921 F. Supp. at 1263 ("Only a handful of courts have addressed the issue of whether pleadings found to be inadequate under Rule

11

9(b) may be salvaged by future discovery. The Courts that have examined the issue have held that they cannot."). Hitachi's allegations as to the theories now being asserted were non-existent in its prior pleadings. Accordingly, interrogatory responses cannot cure this deficiency.[5]

Even assuming, *arguendo*, that Hitachi could rely on its interrogatory responses, they too are insufficient. BorgWarner Interrogatory No. 3 specifically asked Hitachi to "state each fact, identify each document (including prior art), and identify each person known to or believed by Hitachi to have information that supports ... any of the following claims and/or defenses that Hitachi is asserting ... unenforceability of the '738 patent due to inequitable conduct." (Exhibit N at 7). Hitachi served a supplemental response to this interrogatory in November 2005, baldly stating that the '738 patent was unenforceable due to a failure to disclose   **REDACTED**   one of the theories now being asserted by Hitachi. *See* D.I. 228, Hitachi Exhibit 3 at 2. Although Hitachi's Third Amended Complaint alleges that   **REDACTED**   owed a duty of disclosure to the PTO and were the individuals who withheld the document from the PTO, *see* D.I. 228, Hitachi Exhibit 1 at 5, Hitachi's interrogatory response did not identify the person at BorgWarner who allegedly failed to disclose this document to the PTO. Indeed,   **REDACTED**   were not even mentioned in this response.

---

[5] Hitachi relies on three cases to support its argument that prior notice to BorgWarner eliminates any potential prejudice. Each of these cases is distinguishable. In *Symbol Techs., Inc. v. Proxim Inc.*, No. 01-801-SLR, 2003 WL 1905637, at *2-3 (D. Del. 2003), the defendant withheld a key document until shortly before the motion was filed and had already asserted a defense related to the newly brought inequitable conduct charges. In *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003), the motion was brought just over a month after depositions taken to confirm the inequitable conduct theories. In *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 729, 734 (D. Del. 2002), the accused infringer had properly pled inequitable conduct in its initial complaint and, faced with a motion to strike, had submitted three motions to amend before the Court ruled. In none of these cases was there any evidence that the patentee would be required to take additional discovery from third parties; nor did any of these cases discuss the case law holding that discovery responses are not a proper substitute for pleadings.

Hitachi's other interrogatory responses are similarly deficient. *See, e.g.*, D.I. 228, Hitachi Exhibit 4 at 3 (noting that BorgWarner failed to disclose the '735 application but failing to identify who had the burden of disclosure, how that person or persons knew of the '735 patent, and which person or persons failed to disclose to the PTO).

Interrogatory responses of this nature fall far below the specific pleading requirements called for by Rule 9(b). *See Shushany v. Allwaste Inc.*, 992 F.2d 517, 521-22 (5th Cir. 1993) (ruling that identifying only the defendant or the defendant's agent without identifying a specific individual was insufficient to satisfy Rule 9(b)); *Corning Inc. v. SRU Biosystems*, 418 F. Supp. 2d 596, 599 n.2 (D. Del. 2006) ("The Court concludes that allegations against 'the applicants' are too general to withstand scrutiny"). As such, they could not adequately have put BorgWarner on notice of Hitachi's claims.

### D.     Hitachi Has Acted in Bad Faith

Hitachi's Motion should be denied for yet a final reason. Hitachi's failure to provide any explanation for its delay and its failure even to discuss several of its proposed amendments in its moving papers, coupled with its dilatory tactics in the past, leads to the inescapable conclusion that Hitachi intentionally waited to file its motion until the eve of the close of discovery in an attempt to prejudice BorgWarner or further delay the litigation. Hitachi's bad faith in bringing this motion at this late date is reflective of its conduct throughout this litigation. But for Hitachi's bad faith failure to comply with its discovery obligations, discovery would have been completed months ago. Hitachi should not be allowed to benefit from its bad faith in the conduct of this litigation.

Hitachi's bad faith is readily apparent from many of its actions in this litigation. For example, the initial scheduling order dictated that all amendments to pleadings be submitted by June 3, 2005. (*See* Exhibit A, D.I. 1 at ¶ 3). No less than six revisions to this scheduling order have been submitted by the parties. (*See* Exhibit D,

D.I. 202; Exhibit O, 9/13/05 Stipulation Concerning Scheduling, D.I. 68; Exhibit P, 12/14/05 First Amended Scheduling Order, D.I. 137; Exhibit Q, 2/2/06 Order Setting Scheduling Order Deadlines, D.I. 182; Exhibit R, 2/14/06 Order Resetting Deadlines, D.I. 186; Exhibit S, 5/4/06 Joint Stipulation and Order to Amend Schedule, D.I. 211). At no time in the negotiations regarding revisions to the scheduling order did Hitachi even raise the issue of seeking an extension of the deadline for amending pleadings. Hitachi must have known when at least the more recent of these submissions was submitted that it intended to file the present motion. Indeed, it is far fetched for Hitachi to claim that BorgWarner should have been on notice of its intent to file this motion based on interrogatory responses when Hitachi itself had the opportunity to seek an amendment to the scheduling order that would permit it to file this motion, yet failed to do so. Hitachi had no good faith basis for hiding its intent to file this motion from BorgWarner. *See, e.g., GSS Props., Inc. v. Kendale Shopping Ctr, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988) ("Generally, when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise.").

Hitachi's bad faith is further reflected by the present Motion. Although the red-line version of the Third Amended Complaint attached at Hitachi Exhibit 1 demonstrates that Hitachi seeks to add four new theories of inequitable conduct, Hitachi's moving papers only discuss three of these theories. *See, e.g.*, Hitachi Motion, D.I. 228 at 9 (requesting in conclusion section permission to supplement to include three new theories). Similarly, Hitachi's moving papers neglect to mention other changes reflected in the red-line version of the Third Amended Complaint. This fact alone is sufficient to deny Hitachi the right to make the non-discussed changes. *See Aloe Vera*, 233 F.R.D. at 537 ("To the extent any of the 71 paragraphs do *anything* beyond what Plaintiffs have moved to do, such request to add those 71 paragraphs is denied.").

14

Hitachi's bad faith is also demonstrated by its conduct during discovery. Throughout discovery, Hitachi has repeatedly withheld critical information from BorgWarner, forcing BorgWarner to file motion to compel after motion to compel. Hitachi's failure to comply with its discovery obligations has resulted in several extensions of the close of fact discovery and, ultimately, the loss of the initially scheduled trial date.

As one example, BorgWarner's initial discovery requests, served April 25, 2005, sought information concerning Hitachi's VCT components, expressly including "electronic control units, and software and hardware contained therein." (*See* Exhibit T at 2). Electronic control units (or "ECU's") are an important part of the claimed invention. They provide the electronic signals that allow the various engine components to work together.



Notwithstanding this, BorgWarner learned during a deposition taken on January 17, 2006

REDACTED    (*See* Exhibit V at 132, 151-52).

Nevertheless,

REDACTED    (*See*

Exhibit W at 4; *see also* Exhibits X and Y). Ultimately, the Special Discovery Master compelled the production of much of the    REDACTED    sought by BorgWarner. (*See* Exhibit Z at 5-6). By that time, however, over ten months had gone by since BorgWarner first served discovery requests seeking the very same information compelled

by the Special Discovery Master, and the Special Discovery Master refused to allow a deposition on this subject. (*See id.*).

Once Hitachi obtained this initial ruling on **REDACTED**      its questionable litigation tactics continued. Specifically, although the Special Discovery Master ordered discovery concerning                  **REDACTED**

**REDACTED**      based on Hitachi's protestations about burden at that late date. BorgWarner then attempted to negotiate a stipulation          **REDACTED**

**REDACTED**    could be brought in another lawsuit; when Hitachi refused to enter into such a stipulation, BorgWarner was forced to file a motion. (*See, e.g.*, Exhibit AA). When the facts were put before the Special Discovery Master, he concluded: "I find that Hitachi's opposition comes with ill grace." (*See, e.g.*, Exhibit BB at 5).

Another example of Hitachi's bad faith comes in the form of its response to discovery requests seeking information concerning the costs of production of the accused products. Hitachi's consistent response to BorgWarner's requests was that no such documents exist. Because BorgWarner was skeptical of this response, it filed a motion with the Special Discovery Master on January 18, 2006, to compel Hitachi to produce additional cost and profit information. (*See* Exhibit W at 2). Again and again, Hitachi represented that such information did not exist. (*See* Exhibit CC at 2 ("Hitachi does not have such cost information."); Exhibit DD, 1/20/06 Hearing Tr. at 10-15 ("Hitachi has provided everything that it has in its files relating to costs."); *Id.* at 11 ("But it [Hitachi] doesn't have these other kinds of indirect costs or overhead costs, like SG&A. You know, if they don't have it, you can't ask them to go and make it up.").

In light of Hitachi's counsel's representations, the Special Discovery Master ordered Hitachi to file a declaration from someone with knowledge at Hitachi that explains in detail what cost data does and does not exist for VCT components at Hitachi. On January 31, 2006, Hitachi provided a declaration in which     **REDACTED**

**REDACTED**                                              **REDACTED**

**REDACTED**

*(See*

Exhibit EE at ¶¶ 7, 12, 15, 16, 17,).

BorgWarner was then forced to file another motion to compel to produce the **REDACTED** (*See* Exhibit FF)[6]. Only after this motion was filed did Hitachi agree to produce the **REDACTED** (*See* Exhibit GG, 2/7/06 Hearing Tr., at 5). The Special Discovery Master expressed his "disappointment" with Hitachi's conduct and reserved his decision on whether BorgWarner was entitled to sanctions. (*See id.* at 9, 11).

Hitachi has repeatedly concealed relevant information in an attempt to hamstring BorgWarner's case and delay trial. That is why the discovery cut-off date has been extended several times, causing BorgWarner to lose its trial date. For Hitachi to wait until a month before the final extension of the fact discovery deadline is simply inexcusable. It is too late in the day for Hitachi to add more defenses. Hitachi's Motion should be denied.

---

[6] BorgWarner will provide the exhibits attached to the motion to compel upon request.

## CONCLUSION

In summary, (1) Hitachi unduly delayed submitting its motion for leave to amend, (2) BorgWarner has been prejudiced by Hitachi's dilatory practices in this litigation, (3) BorgWarner will be further prejudiced if Hitachi is permitted to amend its complaint, and (4) Hitachi has acted with bad faith in waiting until a month before the close of the extended fact discovery cut-off to submit its motion. Accordingly, Hitachi's Motion should be denied.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


_____/s/ Mary B. Matterer_____
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Attorneys for Defendants and Counterclaimant,
BORGWARNER INC. and
BORGWARNER MORSE TEC INC.

*Of Counsel:*
Hugh A. Abrams
Thomas D. Rein
Lisa A. Schneider
Marc A. Cavan
Lara V. Hirshfeld
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7100

Dated:  July 10, 2006

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-048-SLR |
| v. | ) ) | |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) ) ) | |
| Defendants. | ) ) | |
| BORGWARNER INC., | ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC. | ) ) ) | |
| Counterdefendants. | ) ) | |

**SCHEDULING ORDER**

This __8th__ day of __June__, 2005, the Parties having satisfied their obligations under

Fed.R.Civ.P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to

Fed.R.Civ.P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures:**  The Parties have exchanged the information

required by Fed.R.Civ.P. 26(a)(1) and D. Del. LR 16.2 on April 29, 2005.

2.    **Discovery:**

(a)    The Parties anticipate requiring discovery from each other and third parties to support their claims, affirmative defenses, and/or counterclaims, including discovery regarding Hitachi's claims of invalidity, noninfringement, unenforceability, and inequitable conduct, and BorgWarner's claims of infringement, willfulness and damages.

(b)    All fact discovery shall be commenced in time to be completed by January 13, 2006.

(1)    Document production shall begin as soon as practicable and shall continue on a rolling basis such that it is substantially complete by August 5, 2005.

While both parties commit to working diligently on document discovery efforts, Hitachi commits to begin in good faith the production of documents by June 24, 2005, including documents relating to the structure and operation of the accused products (See BorgWarner Document Requests Nos. 1-15), and prior art. In the event that none of these documents have been produced by the above date, the parties shall confer with the Court through a telephone conference.

Any remaining document production shall be completed no later than September 16, 2005.

(2)    Maximum of 25 interrogatories by each named party to each other named party.

2

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of 35 requests for admission by each party to any other party, not including requests directed to the authentication of documents and the proper translation of foreign documents.

(5)    In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed.R.Civ.P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Each party is collectively limited 150 hours for depositions of all witnesses, except expert witnesses. Each party may petition the Court for additional deposition testimony upon the showing of good cause. The parties shall not engage in duplicative discovery. The parties agree that, for the convenience of the witnesses and parties, depositions may be taken in Japan according to permissible procedures that comply with Japanese law. However, in the event those procedures can not be arranged satisfactorily, then Hitachi agrees to produce its deposition witnesses in Washington D.C. Because some of these Hitachi witnesses reside in Japan, Hitachi reserves the right to object to any unnecessary, duplicative or unduly burdensome deposition request made by BorgWarner. The parties will work in good faith to resolve any disputes regarding the reasonableness of Borg Warner's deposition requests. If the

3

parties cannot resolve such a dispute, then Hitachi will move the Court for an appropriate protective order.

(7)   The Parties agree that service of discovery, motions or other materials during this case shall be made on lead counsel of record (with copies to all counsel of record) by hand-delivery, facsimile or e-mail. If service was made by facsimile or e-mail on a particular counsel, a confirmation hard copy shall be sent overnight mail to that counsel. Exhibits to such materials are not required to be served with an e-mail or facsimile provided that the exhibits are served with the confirmation hard copy by overnight delivery. However, if a party chooses to serve such exhibits with the corresponding materials by e-mail or facsimile, confirmation hard copies may be served by First Class mail instead of overnight mail. Service by hand-delivery/facsimile/e-mail shall be considered served on the date hand-delivered, faxed or e-mailed provided that any necessary confirmation hard copies were sent by overnight mail in accordance with this paragraph. Nothing in this paragraph shall preclude any party from otherwise serving materials not filed with the Court by any other acceptable service methods under the Federal Rules.

(c)   Expert discovery shall be commenced in time to be completed by April 13, 2006.

(1)   Expert reports on issues for which the Parties have the burden of proof are due February 13, 2006. Rebuttal expert reports are due March 13, 2006.

(2)   Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

4

(3)     All <u>Daubert</u> motions shall be filed no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

(d)     Hitachi shall advise BorgWarner by <u>November 16, 2005</u> whether it intends to rely on advice of counsel in defense to BorgWarner's charge of willful infringement. If Hitachi intends to rely on the advice of counsel defense, it shall produce all documents related to that advice of counsel within the scope of Hitachi's waiver of privilege (as set forth by applicable case law) on or about <u>November 16, 2005</u>. Hitachi agrees to produce a witness on this topic in the United States, unless other depositions of Hitachi are scheduled to be taken in Japan after November 16, 2005.

(e)     Supplementations under Rule 26(e) shall take place <u>in a timely manner</u> <u>throughout discovery</u>, but at the very least shall be made on <u>September 16, 2005</u> and <u>November 18, 2005</u>.

(f)     Discovery Disputes:

(1)     The Court shall conduct in-person at least two (2) discovery status conferences – the first on <u>August 9, 2005 at 4:30 p.m.</u>, and the second on <u>December 15 at 4:30</u> <sup>2005</sup> <u>p.m.</u>, or at some other date and time convenient for the Court.

(2)     The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the Court following a discovery conference, no motions pursuant to Fed.R.Civ.P. 37 shall be filed.

5

(g)    Fact Witnesses to be Called at Trial:

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

(h)    E-mail Discovery:

The parties shall exchange lists by June 10, 2005 of the most likely custodians of highly relevant e-mail materials, including their titles and a brief description of their responsibilities. The parties agree to initially examine the hard drives of the most likely custodians for highly relevant e-mail materials, including individuals listed on the parties' Initial Disclosures, and their co-workers, and produce those accordingly. The parties agree to examine the hard drives of select individuals identified by June 24, 2005, by the other party on the basis of discovery for highly relevant e-mail materials.

E-mail shall be produced in a timely manner in accordance with the Federal Rules of Civil Procedure after document requests have been received. The parties shall provide e-mail to the requesting party as image files (either PDF or TIFF), in hard copy, or in a format as otherwise mutually agreed upon in writing. E-mail that contains privileged information or

6

attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or upon notice of the inadvertent production by the producing party within a reasonable time. Costs of discovery shall generally be borne by each party. The court may apportion the costs of e-mail discovery upon a showing of good cause.

    3.    **Joinder of Other Parties and Amendment of Pleadings**: All motions to join other Parties and/or amend the pleadings shall be filed on or before <u>June 3, 2005</u>.

    4.    **Settlement Conference**: Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

    5.    **Claim Construction Issue Identification**: If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on <u>September 14, 2005</u>, the Parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

    6.    **Summary Judgment Motions**: All summary judgment motions shall be served and filed with an opening brief on or before <u>April 13, 2006</u>. Response briefs in opposition to motions for summary judgment shall be filed no later than <u>(to be set)</u> *May 1, 2006 SLR*. Reply briefs in support of such motions for summary judgment shall be filed no later than <u>May 15, 2006</u>. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court. Hitachi reserves the right to request an early summary judgment motion on a case dispositive issue.

7

7.   **Claim Construction:**  The parties shall agree upon and file the Joint Claim Construction Statement on April 3, 2006, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on April 3, 2006.  Simultaneous response briefs should be filed by April 17, 2006.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on June 15, at 3:00 p.m.

8.   **Applications by Motion:**  Any application to the Court shall be by written motion filed with the clerk.  **The Court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)   **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)   No telephone calls shall be made to chambers.

(c)   Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers at: slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.   **Motions in Limine:**  No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

8

10.    **Pre-trial Conference**:  A pre-trial conference will be held on <u>August 14, 2006</u> at 4:30 pm. in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pre-trial conference.

11.    **Trial**:  This matter is scheduled for a two-week jury trial commencing on <u>August 28, 2006</u>, in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pre-trial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.


_____
Honorable Sue L. Robinson
Chief Judge

158177.1

9

# EXHIBIT B

**From:**   Abrams, Hugh

**Sent:**   Wednesday, June 21, 2006 8:17 AM

**To:**   'Polk, Jr., C. Edward'

**Cc:**   Rein, Thomas D.; Cavan, Marc A.; Schneider, Lisa A.; Hirshfeld, Lara; Robinson, William J.; Kaminski, Michael D.; Krosin, Kenneth E.; Agarwal, Pavan K.; Peterson, Liane M.; MMatterer@morrisjames.com

**Subject:** RE: Third Amended Complaint

BorgWarner intends to oppose Hitachi's motion for leave to amend its Complaint on grounds of undue delay, bad faith on the part of Hitachi and/or prejudice to BorgWarner as a result of Hitachi's delay.  Although we strongly disagree with the substance of your pleading, BorgWarner will <u>not</u> oppose the motion for leave to amend on grounds of futility in light of the liberal pleading standards.  Our opposition will therefore be based on grounds other than futility.

# EXHIBIT C

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT D

## Other Documents
1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Matterer, Mary entered on 4/3/2006 at 1:55 PM EDT and filed on 4/3/2006

**Case Name:**      Hitachi Ltd. v. Borgwarner Inc., et al
**Case Number:**    1:05-cv-48
**Filer:**          Hitachi Ltd.
                    Borgwarner Inc.
                    BorgWarner Morse Tec Inc.
                    Unisia North America, Inc.
**Document Number:** 202

**Docket Text:**
Joint STIPULATION to Amend Schedule by Hitachi Ltd., Borgwarner Inc., BorgWarner Morse Tec Inc., Unisia North America, Inc.. (Matterer, Mary)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=4/3/2006] [FileNumber=194312-0]

[e4fc3f468a97559ae1e80242ddd697abc732191c8ef9f9fe30fba02be2b034a1dcdd6
d3a595b02148d82fd10fcc7d3f739bef3af05abaae32325c57e20eb8732]]

**1:05-cv-48 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-
geddes.com; dharker@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-
geddes.com; dharker@ashby-geddes.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Mary Matterer    mmatterer@morrisjames.com

**1:05-cv-48 Notice will be delivered by other means to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HITACHI, LTD. and
UNISIA NORTH AMERICA, INC.,       )
                                  )
        Plaintiffs,               )
                                  )   C.A. No. 05-048-SLR
        v.                        )
                                  )
BORGWARNER INC. and               )
BORGWARNER MORSE TEC INC.,        )
                                  )
        Defendants.               )
                                  )
BORGWARNER INC.,                  )
                                  )
        Counterclaimant,          )
                                  )
        v.                        )
                                  )
HITACHI, LTD. and                 )
UNISIA NORTH AMERICA, INC.,       )
                                  )
        Counterdefendants.        )


## JOINT STIPULATION AND ORDER TO AMEND SCHEDULE

The parties, by and through their undersigned counsel, do hereby stipulate and agree, subject to the approval of the Court, to further amend the Scheduling Order dated June 8, 2005, as amended on September 14, 2005, December 14, 2005, February 2, 2006 and February 14, 2006, as follows:

1.    The fact discovery deadline in this case is extended from February 24, 2006 until April 21, 2006.

2.      The date for initial expert reports is extended from March 20, 2006 to May 19, 2006, and the date for rebuttal expert reports is extended from April 10, 2006 to June 16, 2006. The expert discovery closing deadline is extended from April 13, 2006 to July 10, 2006.

3.      The date for Daubert Motions is extended from April 28, 2006 to July 17, 2006.

4.      The date for summary judgment motions and opening briefs is extended from April 13, 2006 to June 30, 2006.  The date for oppositions to summary judgment motions is extended from May 1, 2006 to August 1, 2006.  The date for replies in support of summary judgment motions is extended from May 15, 2006 to August 14, 2006.

5.      The date for opening claim construction briefs is extended from April 3, 2006 to June 23, 2006.  The date for responsive claim construction briefs is extended from April 17, 2006 to July 17, 2006.

6.      The date for exchanging fact witness lists is extended from May 12, 2006 to July 24, 2006 and the date for exchanging rebuttal fact witness lists is extended from June 12, 2006 to September 1, 2006.

7.      The hearing on claim construction and motion(s) for summary judgment will be held on September 11, 2006 at _____.

8.      A pre-trial conference will be held on _____ at _____in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.

9.      This matter is scheduled for a two-week jury trial commencing on _____ in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.

10.     Within five business days of the entry of this order, the parties each shall provide the Special Discovery Master with a joint letter regarding outstanding discovery.  The parties shall propose in the letter and thereafter work with the Special Discovery Master to set out a

detailed plan and schedule for conducting this remaining discovery. This detailed plan will include the following:

      a.    A schedule of when remaining documents to be produced will be produced;

      b.    A schedule of when the remaining "privileged documents" logs will be exchanged;

      c.    A listing of remaining depositions of both sides' witnesses known at that time;

      d.    A listing of outstanding third party discovery depositions to be taken by BorgWarner noticed but not yet taken;

      e.    A schedule for supplementation of written discovery; and

      f.    A prohibition against new discovery requests but allowing for "clean-up" discovery of prior requests. In the event production of documents concerning ECU's with VCT modules is compelled, the need and schedule for additional third party subpoenas will be discussed with the Special Master at that time. Hitachi would object to the taking of any such subpoenas and BorgWarner reserves its rights to issue such subpoenas.

The Special Master may be requested to decide disputes involving this detailed plan and schedule.

11.    All other provisions as set forth in the Court's June 8, 2005 Scheduling Order shall remain in full force and effect.

ASHBY & GEDDES                              MORRIS, JAMES, HITCHENS & WILLIAMS LLP


___/s/ Steven J. Balick_____            ___/s/ Mary B. Matterer_____
Steven J. Balick (I.D. #2114)                 Richard K. Herrmann (I.D. #405)
John G. Day (I.D. #2403)                      Lewis H. Lazarus (I.D. #2374)
Tiffany Geyer Lydon (I.D. #3950)              Mary B. Matterer (I.D. #2696)
222 Delaware Ave., 17th Floor                 222 Delaware Avenue, 10th Floor
P.O. Box 1150                                 Wilmington, DE 19801
Wilmington, DE 19899                          (302) 888-6800
(302) 654-1888                                mmatterer@morrisjames.com
jday@ashby-geddes.com


Of Counsel:                                   Of Counsel:

Michael D. Kaminski                           Hugh A. Abrams
Pavan K. Agarwal                              Thomas D. Rein
Liane M. Peterson                             Lisa A. Schneider
FOLEY & LARDNER LLP                           Marc A. Cavan
Washington Harbour                            Lara V. Fleishman
3000 K Street, N.W., Suite 500                10 South Dearborn Street
Washington, D.C. 20007-5143                   Chicago, Illinois 60603
(202) 672-5300                                (312) 853-7000

*Attorneys for Hitachi, Ltd. and*             *Attorneys for BorgWarner Inc. and*
*Unisia North America, Inc.*                  *BorgWarner Morse TEC Inc.*


**SO ORDERED** this _____ day of _____, 2006.


_____
Chief Judge Sue L. Robinson

# EXHIBIT E

## SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | BANK ONE PLAZA | LOS ANGELES |
| BRUSSELS | 10 S. DEARBORN STREET | NEW YORK |
| CHICAGO | CHICAGO, ILLINOIS  60603 | SAN FRANCISCO |
| DALLAS | TELEPHONE 312 853 7000 | SHANGHAI |
| GENEVA | FACSIMILE 312 853 7036 | SINGAPORE |
| | www.sidley.com | |
| HONG KONG | FOUNDED 1866 | TOKYO |
| LONDON | | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(312) 853-0643

WRITER'S E-MAIL ADDRESS
hmann@sidley.com

June 23, 2005

**By Fed Ex**

Michael D. Kaminski, Esq.
Foley & Lardner LLP
300 K. St. N.W.
Washington, D.C. 20007

      Re:    Hitachi, Ltd. v. BorgWarner, Inc. – Civil Action No. 05-048-SLR

Dear Mike:

      Enclosed are 2 CDs containing BorgWarner documents bearing Bates labels BW000001-BW004561 and BW004562-BW006494, respectively

           Sincerely yours,

           Hillary A. Mann

Encl.

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP
PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

# EXHIBIT F

iR1U3
Rev 2·90

ISSUE NOTIFICATION 

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D C 20231

| APPLICATION NUMBER | PATENT NUMBER | ISSUE DATE | ATTORNEY DOCKET NO |
|---|---|---|---|
| 07/870,437 | 5361735 | 11/08/94 | 89014D |

1735                                              7707
PATENT DOCKET ADMINISTRATOR
BORG-WARNER AUTOMOTIVE, INC.
67000 181/2 MILE ROAD
P.O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

APPLICANT(S)    ROGER P. BUTTERFIELD, INTERLAKEN NEW YORK: STANLEY
K. DEMBOSKY, ITHACA NEW YORK; FRANKLIN R. SMITH,
SLATERVILLE SPRNEW YORK

OCT 1 3 1994

BW 004960

# EXHIBIT G

## SIDLEY AUSTIN BROWN & WOOD LLP

| BEIJING | BANK ONE PLAZA | LOS ANGELES |
|---|---|---|
| BRUSSELS | 10 S. DEARBORN STREET | NEW YORK |
| CHICAGO | CHICAGO, ILLINOIS 60603 | SAN FRANCISCO |
| DALLAS | TELEPHONE 312 853 7000 | SHANGHAI |
| GENEVA | FACSIMILE 312 853 7036 | SINGAPORE |
| HONG KONG | www.sidley.com | TOKYO |
| LONDON | FOUNDED 1866 | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(312) 456-5852

WRITER'S E-MAIL ADDRESS
shomorozan@sidley.com

June 30, 2005

**By Federal Express**

Michael D. Kaminski, Esq.
Foley & Lardner LLP
300 K. St. N.W.
Washington, D.C. 20007

Re:  Hitachi, Ltd. v. BorgWarner, Inc. – Civil Action No. 05-048-SLR

Dear Mr. Kaminski:

Enclosed please find BorgWarner production documents bearing bates labels BW 012596 – BW 015914.

Sincerely yours,

*Mariacristi Homorozan*

S. Mariacristi Homorozan

Legal Assistant

Enclosure

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

CHI 2796718v1

# EXHIBIT H

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT I

# SIDLEY AUSTIN BROWN & WOOD LLP

| BEIJING | BANK ONE PLAZA | LOS ANGELES |
|---|---|---|
| BRUSSELS | 10 S. DEARBORN STREET | NEW YORK |
| CHICAGO | CHICAGO, ILLINOIS 60603 | SAN FRANCISCO |
| DALLAS | TELEPHONE 312 853 7000 | SHANGHAI |
| GENEVA | FACSIMILE 312 853 7036 | SINGAPORE |
| HONG KONG | www.sidley.com | TOKYO |
| LONDON | FOUNDED 1866 | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(312) 456-5852

WRITER'S E-MAIL ADDRESS
shomorozan@sidley.com

August 10, 2005

**By Federal Express**

Michael D. Kaminski, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, DC 20007

Re:    Hitachi, Ltd. v. BorgWarner, Inc. – Civil Action No. 05-048-SLR

Dear Mr. Kaminski:

Enclosed please find BorgWarner production documents bearing bates labels
BW 0032984 – BW 0054392.

Sincerely yours,

S. Mariacristi Homorozan

Legal Assistant

Enclosures

cc:    Hugh A. Abrams

SIDLEY AUSTIN BROWN & WOOD LLP IS AN ILLINOIS LIMITED LIABILITY PARTNERSHIP PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

# EXHIBIT J

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT K



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

shomorozan@sidley.com
(312) 456-5852

| | | |
|---|---|---|
| BEIJING | GENEVA | SAN FRANCISCO |
| BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO | LONDON | SINGAPORE |
| DALLAS | LOS ANGELES | TOKYO |
| | NEW YORK | WASHINGTON, DC |

FOUNDED 1866

February 6, 2006

**By Federal Express**

Liane M. Peterson, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, DC 20007

Re: Hitachi, Ltd. v. BorgWarner, Inc. – Civil Action No. 05-048-SLR

Dear Ms. Peterson:

Enclosed please find copies of BorgWarner production documents bearing bates labels BW 0110246 - BW 0110608 and BW 0113986 - BW 0124409. Please be advised that numbers BW 0110609 - BW 0110700 were not used.

Sincerely yours,

S. Mariacristi Homorozan

Legal Assistant

Enclosures

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

CH1 3426639v.1

# EXHIBIT L

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT M

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HITACHI, LTD., and UNISIA NORTH
AMERICA, INC.,

      Plaintiff,

    v.

BORGWARNER INC.,
and BORGWARNER MORSE TEC INC.,

      Defendants.

_____

BORGWARNER INC.,

      Counterclaimant,

    v.

HITACHI, LTD., and UNISIA NORTH
AMERICA, INC.

      Counterdefendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 05-048-SLR

## DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-10) TO PLAINTIFFS HITACHI, LTD. AND UNISIA NORTH AMERICA, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants BorgWarner Inc., and BorgWarner Morse TEC Inc., hereby request that Plaintiffs Hitachi, Ltd., and Unisia North America, Inc., answer the following interrogatories in writing and under oath within the time allowed by the Federal Rules of Civil Procedure.

## DEFINITIONS

In the interrogatories appearing below, the following definitions shall apply:

A.    "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including plaintiff Unisia North America, Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.    "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

C.    The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

D.    The term "variable camshaft timing components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation:

(1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves,(4) variable timing control systems and related components, (5) camshaft phase

adjustment systems, and (6) electronic control units, and software and hardware contained therein;

that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

E.    The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

F.    The term "prosecution history" shall mean proceedings before the United States Patent and Trademark Office, including any interview, correspondence or other materials, whether or not included in the prosecution file history maintained at the United States Patent and Trademark Office.

G.    The term "date of conception" shall mean the earliest date that Hitachi contends the patented invention was conceived.

H.    "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

I.    "Communications" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, or whether face-to-face, by telephone,

3

mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interview, consultations, agreements and other understandings.

J.    "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

K.    "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.    "Any," "all," "each" or "every" means any and all, each and every.

M.    The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under U.S.C. § 154 and 35 U.S.C. §271(a).

N.    The term "prior art" means any patent publication, document, tangible thing, or event falling within any of the classes of information set forth in 35 U.S.C. §102 or §103 or 37 C.F.R. §1.56.

## GENERAL INSTRUCTIONS

Please comply with the following instructions:

A.    If any objection is made to any interrogatory herein, the objection shall state with particularity the bases therefor, and the interrogatory shall be answered to the extent

4

not objected to.  If the objection is based on the attorney-client privilege or the work product doctrine, the objection shall identify the communication and shall in addition state the bases for the claim of privilege or work product as required by Federal Rule of Civil Procedure 26(b)(5).

B.     Consistent with the requirements of Federal Rule of Civil Procedure 26(e), Plaintiff shall promptly serve upon Defendants, in the form of additional or supplemental answers, any information requested in these interrogatories that may become known to Plaintiff after the date of Plaintiff's answers hereto.

## INTERROGATORIES

1.     Identify the following by product name, model number, and/or part number, and year of manufacture, use, sale and/or offer for sale in the United States:

(a)     all variable camshaft timing components, as defined in the Definitions herein, that have been made, used, prototyped, sold, offered or intended to be sold in the United States, or imported or exported by or on behalf of Hitachi, or imported into the United States, as part of an engine or vehicle system, since January 31, 1999;

(b)     all engine systems (by model number, manufacturer and date(s) of manufacture) using or intending to use the variable camshaft timing components described in part (a) above;

(c)     all vehicles (by model name, manufacturer and date(s) of manufacture) using or intending to use the variable camshaft timing components described in part (a) above;

(d)     all variable camshaft timing components, as defined in the Definitions herein, that have been made, used, prototyped, sold, offered or intended to be sold in the United States, or imported or exported by or on behalf of Hitachi, or imported into the United States, as part of an engine or vehicle system for Nissan Motors ("Nissan"), including without limitation, the Nissan 3.5L V-6 engine and/or the 2004 Nissan Altima; and,

(e)     all variable camshaft timing components, as defined in the Definitions herein, that have been made, used, prototyped, sold, offered or intended to be sold in the United States, or imported or exported by or on behalf of Hitachi, or imported into the United States, as part of an engine or vehicle system for Ford Motor Company ("Ford"), including without limitation, the Ford Duratec engine (2.5 L V-6 and 3.0L V-6), and Jaguar X-type vehicles, including the Jaguar XJ6; and,

(f)     documents sufficient to show the structure and operation of components identified in response to parts (a) through (e) above.

2.     With respect to the allegations in its pleadings that Hitachi has not infringed any claims of the '738 patent: (a) state the factual basis for that contention for each of claims 10 and 11 of the '738 patent and for each variable camshaft timing component and/or engine system and/or vehicle described in response to Interrogatory No. 1 above, by providing an element by element comparison between each of claims 10 and 11 with each variable camshaft timing component and/or engine system; (b) identify each feature, element, or limitation of each of claims 10 and 11 alleged to be absent from each such variable camshaft timing component and/or engine system and/or vehicle; (c) separately state the factual basis, with reference to the specific page and line number of the prosecution history of the '738 patent,

for any reliance on the prosecution history in support of any noninfringement contention; and

(d) identify persons having the most knowledge of the facts set forth in responses to paragraphs (a) through (c) above.

      3.     For each of claims 10 and 11 of the '738 patent, state each fact, identify each document (including prior art), and identify each person known to or believed by Hitachi to have information that supports, refers to, relates to, or is inconsistent with, any of the following claims and/or defenses that Hitachi is asserting:

          a)     invalidity of the '738 patent under 35 U.S.C. §§ 102, 103 and/or 112;

          b)     noninfringement of claims 10 and/or 11 of the '738 patent; and

          c)     unenforceability of the '738 patent due to inequitable conduct.

      4.     Identify each document, thing, or event that Hitachi contends is prior art to the patent-in-suit on which Hitachi intends to rely, in whole or in part, to show that any claim(s) of the patent-in-suit are invalid for anticipation and/or obviousness under 35 U.S.C. §§ 102 and/or 103. For each such piece of prior art, identify specifically, by claim chart or otherwise, any portion of that piece of prior art that discloses any element of any of the claims of the patent-in-suit or that tend to show that any of the claims of the patent-in-suit is invalid for anticipation or obviousness. If Hitachi intends to rely on any combination of prior art references to show that the patent-in-suit is invalid for obviousness, identify that combination of prior art references in detail and state specifically if and where the prior art provides the motivation to

make each such combination, and identify the characteristics of a person of ordinary skill in the relevant art.

5.     Identify the person most knowledgeable of and describe their roles, duties, and responsibilities in each of the following activities with respect to the variable camshaft timing components identified in the answer to Interrogatory 1:

   a)  design;

   b)  commercialization and marketing;

   c)  research, development and/or testing;

   d)  manufacturing and product specifications;

   e)  manufacture of products or components thereof by third parties;

   f)  marketing and sales;

   g)  advertising;

   h)  finance and accounting;

   i)  executive management; and

   j)  review, analysis and opinions relating to the patent-in-suit.

6.     Identify each person or entity who has considered or provided information, or has been consulted by Hitachi or on its behalf concerning the validity, invalidity, enforceability, unenforceability, infringement or non-infringement of any of the claims of the

8

patent-in-suit, and identify all documents relating or referring to such consideration, information or consultation.

7.    Describe the circumstances under which Hitachi first learned of the patent-in-suit including the dates and the identities of the persons involved.

8.    Identify, by name and current mailing address, any fact witness Hitachi intends to call to testify at trial, and for each such fact witness, provide a statement of the testimony that witness plans to provide.

9.    Identify, by name and current mailing address, each expert or consultant (including employees of Hitachi) retained by Hitachi to assist in the present litigation who may or may not testify at trial, and for each such expert identified, state the subject matter of the expert's expertise, the factual basis for any opinion each expert has relating to the present litigation, and any documents relied upon, disclosed to, or persons consulted, concerning that opinion.

10.    For any claim of the patent-in-suit which Hitachi contends should be construed by the Court:

    a)    state Hitachi's proposed construction;

    b)    identify each portion of the specification and prosecution of the patent-in-suit that Hitachi contends supports its proposed construction; and

9

c)    identify any extrinsic evidence that Hitachi contends supports its

construction.


Dated: April 25, 2005                          Respectfully submitted,

                                               Richard K. Herrmann (I.D. #405)
                                               Lewis H. Lazarus (I.D. #2374)
                                               Morris James Hitchens & Williams LLP
                                               222 Delaware Avenue, 10th Floor
                                               Wilmington, DE 19899
                                               (302) 888-6800

                                               Hugh A. Abrams (pro hac vice)
                                               Marc A. Cavan (pro hac vice)
                                               Hillary A. Mann (pro hac vice)
                                               Sidley Austin Brown & Wood, LLP
                                               10 South Dearborn Street
                                               Chicago, Illinois 60603
                                               (312) 853-7000

                                               Attorneys for BorgWarner Inc., and
                                               BorgWarner Morse Tec Inc.


10

# EXHIBIT O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HITACHI, LTD., and UNISIA NORTH           )
AMERICA, INC.,                            )
                                          )
      Plaintiff,                        )
                                          )    Civil Action No. 05-048-SLR
    v.                                  )
                                          )
BORGWARNER INC.,                          )
and BORGWARNER MORSE TEC INC.,            )
                                          )
      Defendants.                       )
_____ )
                                          )
BORGWARNER INC.,                          )
                                          )
      Counterclaimant,                  )
                                          )
    v.                                  )
                                          )
HITACHI, LTD., and UNISIA NORTH           )
AMERICA, INC.                             )
                                          )
      Counterdefendants.                )

### STIPULATION CONCERNING SCHEDULING

        IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, that the Scheduling Order entered June 8, 2005 is amended as follows:

        5. **Claim Construction Issue Identification:** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on September 14, 2005, the Parties shall exchange lists of those claim terms that they believe need construction. The Parties shall exchange their proposed claim construction of those terms on October 14, 2005. This initial construction shall consist of proposed meanings only and need not contain a citation of intrinsic or extrinsic evidence supporting the proposed constructions. These documents will

not be filed with the Court. Subsequent to exchanging these documents, the Parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**: All summary judgment motions shall be served and filed with an opening brief on or before April 3, 2006. Response briefs in opposition to motions for summary judgment shall be filed no later than May 1, 2006. Reply briefs in support of such motions for summary judgment shall be filed no later than May 15, 2006. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court. Hitachi reserves the right to request an early summary judgment motion on a case dispositive issue.

7. **Claim Construction**: The parties shall agree upon and file the Joint Claim Construction Statement on March 27, 2006, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on March 27, 2006. Simultaneous response briefs should be filed by April 17, 2006. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on June 15, 2006 at 3:00 p.m.

All other deadlines as set forth in the Court's June 8, 2005 Scheduling Order shall remain in full force and effect.

ASHBY & GEDDES

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ John G. Day_
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com

_/s/ Richard K. Herrmann_
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800
rherrmann@morrisjames.com

_Of Counsel:_

Michael D. Kaminski (_pro hac vice_)
Liane M. Peterson (_pro hac vice_)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

_Of Counsel:_

Hugh A. Abrams (_pro hac vice_)
Lisa A. Schneider (_pro hac vice_)
Marc A. Cavan (_pro hac vice_)
Lara Hirshfeld (_pro hac vice_)
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

_Attorneys for Hitachi, Ltd., and Unisia North America, Inc._

_Attorneys for BorgWarner Inc., and BorgWarner Morse Tec Inc._

**SO ORDERED** this _____ day of September, 2005.

_____
Sue L. Robinson, J.

CM/ECF LIVE - U.S. District Court:ded                                          Page 1 of 1

**Other Documents**
1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Herrmann, Richard entered on 9/13/2005 at 1:24 PM EDT and filed on 9/13/2005

| | |
|---|---|
| **Case Name:** | Hitachi Ltd. v. Borgwarner Inc., et al |
| **Case Number:** | 1:05-cv-48 |
| **Filer:** | Hitachi Ltd. |
| | Borgwarner Inc. |
| | BorgWarner Morse Tec Inc. |
| | Unisia North America, Inc. |

**Document Number:** 68

**Docket Text:**
STIPULATION Concerning Scheduling re [67] Letter *to the Hon. Sue L. Robinson* by Hitachi Ltd., Borgwarner Inc., BorgWarner Morse Tec Inc., Unisia North America, Inc.. (Herrmann, Richard)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=9/13/2005] [FileNumber=98078-0]
[ae8c7f4c584c26fbd0b8c47641c9b6b6079e51ef4c970643b026f4953027667cec9e1
0a75dbf566942e3ba90320fa5a59868a054fa013f0f77b32c305b384756]]

**1:05-cv-48 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com;mkipp@ashby-geddes.com;dfioravanti@ashby-geddes.com;nlopez@ashby-geddes.com

Richard K. Herrmann    rherrmann@morrisjames.com,

**1:05-cv-48 Notice will be delivered by other means to:**

# EXHIBIT P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HITACHI, LTD., and UNISIA      )
NORTH AMERICA, INC.,      )
     )
       Plaintiffs,      )
     )
       v.      )
     )    C.A. No. 05-048-SLR
BORGWARNER, INC., and      )
BORGWARNER MORSE TECH, INC.,      )
     )
       Defendants.      )

## FIRST AMENDED SCHEDULING ORDER

Upon the recommendation of the Special Master that more time is needed to complete discovery in an orderly fashion, and good cause having been shown, IT IS ORDERED that the June 8, 2005 Scheduling Order is amended as follows:

1. Paragraph 2(b) is amended as follows: All fact discovery shall be commenced in time to be completed by January 27, 2006.

2. Paragraph 2(c)(1) is amended as follows: Expert reports on issues for which the Parties have the burden of proof are due February 20, 2006. Rebuttal expert reports are due March 13, 2006.

3. All other provisions of the June 8, 2005 Scheduling Order shall remain as stated.

_____
Chief Judge Sue L. Robinson

Dated: 12/14/05

# EXHIBIT Q

## Hadley, Susan C.

| | |
|---|---|
| **From:** | Matterer, Mary B. |
| **Sent:** | Thursday, February 02, 2006 12:45 PM |
| **To:** | Hadley, Susan C. |
| **Subject:** | FW: Activity in Case 1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al "SO ORDERED" |

------------------------------------

**From:** ded_nefreply@ded.uscourts.gov[SMTP:DED_NEFREPLY@DED.USCOURTS.GOV]
**Sent:** Thursday, February 02, 2006 12:45:09 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al "SO ORDERED"
**Auto forwarded by a Rule**


**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from rld, entered on 2/2/2006 at 12:45 PM EST and filed on 2/2/2006
**Case Name:**       Hitachi Ltd. v. Borgwarner Inc., et al
**Case Number:**    1:05-cv-48
**Filer:**
**Document Number:**

**Docket Text:**
SO ORDERED, re [182] Stipulation,, filed by Hitachi Ltd.,, Borgwarner Inc.,, BorgWarner Morse Tec Inc.,, Unisia North America, Inc.,, ORDER, Setting Scheduling Order Deadlines, ORDER, Motions terminated: [167] SEALED MOTION to Amend/Correct *Scheduling Order* filed by Borgwarner Inc.,, BorgWarner Morse Tec Inc., (motion is withdrawn per the granting of D.I. 182).Fact Discovery ddl. is 2/10/06; initial expert reports due 3/6/06; rebuttal expert reports due 3/27/2006. SEE order for further details. Signed by Judge Sue L. Robinson on 2/1/06. (rld, )

The following document(s) are associated with this transaction:


**1:05-cv-48 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Mary Matterer    mmatterer@morrisjames.com

**1:05-cv-48 Notice will be delivered by other means to:**

# EXHIBIT R

**From:** Matterer, Mary B. [MMatterer@morrisjames.com]
**Sent:** Tuesday, February 14, 2006 7:44 AM
**To:** Hadley, Susan C.
**Subject:** FW: Activity in Case 1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al "SO ORDERED"

------------------------------------------

**From:** ded_nefreply@ded.uscourts.gov[SMTP:DED_NEFREPLY@DED.USCOURTS.GOV]
**Sent:** Tuesday, February 14, 2006 8:41:35 AM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al "SO ORDERED"
**Auto forwarded by a Rule**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from rld, entered on 2/14/2006 at 8:41 AM EST and filed on 2/14/2006
**Case Name:**     Hitachi Ltd. v. Borgwarner Inc., et al
**Case Number:**     1:05-cv-48
**Filer:**
**Document Number:**

**Docket Text:**
SO ORDERED, re [186] Stipulation filed by Hitachi Ltd.,, Borgwarner Inc.,, BorgWarner Morse Tec Inc.,, Unisia North America, Inc., ReSetting Deadlines/Hearings: Fact discovery ddl extended to 2/24/06; initial expert rpts due 3/20/06; rebuttal expert rpts due 4/10/2006; Daubert Motions due 4/28/06. Signed by Judge Sue L. Robinson on 2/13/06. (rld, )

The following document(s) are associated with this transaction:

**1:05-cv-48 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com;
lmaguire@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com;
dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Mary Matterer    mmatterer@morrisjames.com

**1:05-cv-48 Notice will be delivered by other means to:**

# EXHIBIT S

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| HITACHI, LTD. and<br>UNISIA NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 05-048-SLR |
| v. | ) | |
| | ) | |
| BORGWARNER INC. and<br>BORGWARNER MORSE TEC INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BORGWARNER INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HITACHI, LTD. and<br>UNISIA NORTH AMERICA, INC., | ) | |
| | ) | |
| Counterdefendants. | ) | |

## JOINT STIPULATION AND ORDER TO AMEND SCHEDULE

The parties, by and through their undersigned counsel, move this Court to further extend by five weeks all remaining dates in the Schedule as most recently set forth in the April 3, 2006 Joint Stipulation.

1.    The parties submitted a Joint Stipulation to Amend the Schedule on April 3, 2006, setting a fact discovery deadline of April 21, 2006. Although the April 21st deadline has passed, significant discovery still remains outstanding on both sides. Special Discovery Master Seitz has scheduled an in-person discovery hearing to take place on May 22, 2006 to address all outstanding discovery disputes.

2.      The schedule proposed in the April 3, 2006 Joint Stipulation is not viable given the remaining discovery in this litigation.  Thus, the parties do hereby stipulate and agree, subject to the approval of the Court, to further amend the Scheduling Order dated June 8, 2005, as amended on September 14, 2005, December 14, 2005, February 2, 2006, and February 14, 2006, and as outlined in a proposed Joint Stipulation dated April 3, 2006, as follows:

a.      The fact discovery deadline in this case is extended until May 26, 2006.

b.      The date for initial expert reports is extended to June 23, 2006, and the date for rebuttal expert reports is extended to July 21, 2006.  The expert discovery closing deadline is extended to August 14, 2006.

c.      The date for Daubert Motions is extended to August 21, 2006.

d.      The date for summary judgment motions and opening briefs is extended to August 4, 2006.  The date for oppositions to summary judgment motions is extended to September 5, 2006.  The date for replies in support of summary judgment motions is extended to September 18, 2006.

e.      The date for opening claim construction briefs is extended to July 28, 2006.  The date for responsive claim construction briefs is extended to August 21, 2006.

f.      The date for exchanging fact witness lists is extended to August 28, 2006, and the date for exchanging rebuttal fact witness lists is extended to October 6, 2006.

g.      The hearing on claim construction and motion(s) for summary judgment will be held on _____ at _____.

h.    A pre-trial conference will be held on _____ at _____ in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.

i.    This matter is scheduled for a two-week jury trial to be scheduled at the Court's earliest convenience consistent with this schedule. The trial shall be conducted in courtroom 6B, Sixth Floor, Federal Building, 844 King Street, Wilmington, Delaware.

j.    All other provisions as set forth in the Court's June 8, 2005 Scheduling Order shall remain in full force and effect.

ASHBY & GEDDES

_/s/ John G. Day_
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com

*Of Counsel:*

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

*Attorneys for Hitachi, Ltd. and Unisia North America, Inc.*

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ Mary B. Matterer_
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Of Counsel:*

Hugh A. Abrams
Thomas D. Rein
Lisa A. Schneider
Marc A. Cavan
Lara V. Hirshfeld
1 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

**SO ORDERED** this _____ day of _____, 2006.


_____
Chief Judge Sue L. Robinson

## Other Documents
1:05-cv-00048-SLR Hitachi Ltd. v. Borgwarner Inc., et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Matterer, Mary entered on 5/4/2006 at 1:56 PM EDT and filed on 5/4/2006

| | |
|---|---|
| **Case Name:** | Hitachi Ltd. v. Borgwarner Inc., et al |
| **Case Number:** | 1:05-cv-48 |
| **Filer:** | Hitachi Ltd. |
| | Borgwarner Inc. |
| | BorgWarner Morse Tec Inc. |
| | Unisia North America, Inc. |

**Document Number:** 211

**Docket Text:**
Joint STIPULATION to Amend Schedule by Hitachi Ltd., Borgwarner Inc., BorgWarner Morse Tec Inc., Unisia North America, Inc.. (Matterer, Mary)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=5/4/2006] [FileNumber=208855-0]
[701bf87055a74e3b3a29baff98b46756c9fe30b7302b66d2c86d4d0f3fb0e181bb25a
03335b4aeb1065693d37ccd8478c6e1441026e07b21d47e0038fdffeb15]]

**1:05-cv-48 Notice will be electronically mailed to:**

Steven J. Balick    sbalick@ashby-geddes.com, jday@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

John G. Day    jday@ashby-geddes.com, sbalick@ashby-geddes.com; mkipp@ashby-geddes.com; dfioravanti@ashby-geddes.com; nlopez@ashby-geddes.com; tlydon@ashby-geddes.com; lmaguire@ashby-geddes.com; dharker@ashby-geddes.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Tiffany Geyer Lydon    tlydon@ashby-geddes.com, dfioravanti@ashby-geddes.com

Mary Matterer    mmatterer@morrisjames.com

**1:05-cv-48 Notice will be delivered by other means to:**

# EXHIBIT T

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HITACHI, LTD., and UNISIA NORTH )
AMERICA, INC., )
    )
    Plaintiff, )
    ) Civil Action No. 05-048-SLR
    v. )
    )
BORGWARNER INC., )
and BORGWARNER MORSE TEC INC., )
    )
    Defendants. )
_____ )

BORGWARNER INC., )
    )
    Counterclaimant, )
    )
    v. )
    )
HITACHI, LTD., and UNISIA NORTH )
AMERICA, INC. )
    )
    Counterdefendants. )

## DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS (NOS. 1-25) TO PLAINTIFFS HITACHI, LTD. AND UNISIA NORTH AMERICA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants BorgWarner Inc., and BorgWarner Morse TEC Inc., hereby request that Plaintiffs Hitachi, Ltd., and Unisia North America, Inc., within thirty (30) days, or such other time as is mutually agreed upon, respond to the following Requests, and produce the documents and things identified below for inspection and copying at the offices of Sidley Austin Brown & Wood LLP, 10 South Dearborn Street, Chicago, IL, 60603, or other mutually agreeable time and place, subject to the following definitions and instructions.

## DEFINITIONS

In the document requests appearing below, the following definitions shall apply:

A.     "Hitachi" as used herein shall mean plaintiff Hitachi, Ltd., any corporate affiliates, including plaintiff Unisia North America, Inc., and any parent or parents, subsidiaries, domestic or foreign, partners, officers, directors, successors, predecessors, assigns, and the employees, attorneys and agents of any and all of them.

B.     "Defendants" or "BorgWarner" as used herein shall mean BorgWarner Inc., and BorgWarner Morse TEC Inc.

C.     The term "patent-in-suit" or "the '738 patent" shall mean U.S. Patent No. 5,497,738.

D.     The term "variable camshaft timing components" as used herein shall include, without limitation, components used, or which can be used, in a system for controlling the timing of the opening and closing of an intake valve and/or exhaust valve (or for controlling the position of a camshaft relative to the position of a crankshaft or another camshaft) in an internal combustion engine, such components including without limitation (1) camshaft sprockets capable of being hydraulically adjusted (e.g., sprockets with body vanes), (2) camshaft position sensors, (3) variable timing control solenoids and solenoid valves, (4) variable timing control systems and related components, (5) camshaft phase adjustment systems, and (6) electronic control units, and software and hardware contained therein; that have been, are, or are currently planned to be made, used, prototyped, sold, offered or intended for sale in the United

2

States, or imported or exported by or on Hitachi's behalf, or imported into the United States as part of an engine or vehicle system.

      E.    The term "concerning" means comprising, relating to, referring to, reflecting, describing, evidencing or constituting.

      F.    The term "prosecution history" shall mean proceedings before the United States Patent and Trademark Office, including any interview, correspondence or other materials, whether or not included in the prosecution file history maintained at the United States Patent and Trademark Office.

      G.    The term "date of conception" shall mean the earliest date that Hitachi contends the patented invention was conceived.

      H.    "Documents" as used herein is employed in the broadest possible sense and means without limitation any written, printed, typed, stored, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data whether assertedly privileged or not and including all copies of drafts of any document which differs in any respect from the original.

      I.    "Communications" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer or exchange of information of any nature whatsoever, by or to whomever, whether oral or written, or whether face-to-face, by telephone, mail, personal delivery or otherwise, including but not limited to, letters, correspondence, conversations, memoranda, dialogue, discussions, meetings, interview, consultations, agreements and other understandings.

3

J.      "Person" shall refer to any natural person, firm, association, partnership, corporation, group, organization, or other form of legal business entity.

K.      "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

L.      "Any," "all," "each" or "every" means any and all, each and every.

M.      The terms "make," "use," "sell," "offer to sell," and "import" each assume the broadest possible meaning given those terms under U.S.C. § 154 and 35 U.S.C. §271(a).

N.      The term "prior art" means any patent publication, document, tangible thing, or event falling within any of the classes of information set forth in 35 U.S.C. §102 or §103 or 37 C.F.R. §1.56.

## GENERAL INSTRUCTIONS

Please comply with the following instructions:

A.      All documents that respond, in whole or in part, to any portion of the requests below are to be produced in their entirety, including all attachments and enclosures.

B.      All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Request. The documents shall be produced with a copy of their original file folder, binder or other cover or container unless that is not possible. Whenever a

4

document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

        C.      Any documents called for herein that Defendants withhold from discovery on a claim of privilege or work-product shall be identified on a log prepared in compliance with Federal Rule of Civil Procedure 26(b)(5).

        D.      Notwithstanding any claim that a document is protected from disclosure, any document so withheld must be produced with the portion claimed to be protected excised.

        E.      Hitachi is advised that this Request is a continuing one and required further and supplemental prompt production by Hitachi in accordance with the Federal Rules of Civil Procedure, whenever Hitachi acquires, makes or discovers additional responsive documents, between the time of initial production and the conclusion of the trial in this action.

## REQUESTS FOR PRODUCTION

        1.      Documents sufficient to identify any variable camshaft timing components, as defined in the Definitions herein, and all engine systems and/or vehicles using or intending to use those variable camshaft timing components.

        2.      Documents sufficient to identify any variable camshaft timing components, as defined in the Definitions herein, and all engine systems and/or vehicles using or intending to use those variable camshaft timing components as part of an engine or vehicle system for Nissan Motors ("Nissan"), including without limitation, the Nissan 3.5L V-6 engine and/or the 2004 Nissan Altima.

3.      Documents sufficient to identify any variable camshaft timing components, as defined in the Definitions herein, and all engine systems and/or vehicles using or intending to use those variable camshaft timing components as part of an engine or vehicle system for Ford Motor Company ("Ford"), including without limitation, the Ford Duratec engine (2.5 L V-6 and 3.0L V-6), and Jaguar X-type vehicles, including the Jaguar XJ6.

4.      Documents sufficient to show the structure and operation of any variable camshaft timing components, as defined in the Definitions herein.

5.      All documents concerning the design of any variable camshaft timing components, as defined in the Definitions herein.

6.      All documents concerning the development of any variable camshaft timing components, as defined in the Definitions herein.

7.      All communications between Hitachi and any other person concerning the design of any variable camshaft timing components, as defined in the Definitions herein, including any customers and/or potential customers for such components, including without limitation Nissan Motors and Ford Motor Company.

8.      All documents concerning any work, research, development or testing done by Hitachi on any variable camshaft timing components, as defined in the Definitions herein.

9.      All documents concerning any work, research, development or testing done by a third-party at Hitachi's direction or on Hitachi's behalf on any variable camshaft timing components, as defined in the Definitions herein.

6

10.     All documents concerning the conception of any variable camshaft timing components that Hitachi contends to be invalidating prior art to the '738 patent, either alone or in combination with other prior art.

11.     All documents concerning the reduction to practice of any variable camshaft timing components that Hitachi contends to be invalidating prior art to the '738 patent, either alone or in combination with other prior art.

12.     All documents or inventor notebooks concerning any work, research, development or testing done by or for Hitachi on any variable camshaft timing components, as defined in the Definitions herein, that are the subject of any patents and/or patent applications filed by Hitachi in Japan or elsewhere in the world.

13.     All engineering drawings, manufacturing specifications, product specifications or design specifications for any variable camshaft timing components, as defined in the Definitions herein.

14.     All correspondence, contracts, or agreements (whether with actual or prospective manufacturers, suppliers, customers or any other person) concerning any variable camshaft timing components, as defined in the Definitions herein.

15.     Documents sufficient to identify the supplier or suppliers of any parts and/or materials of any variable camshaft timing components, as defined in the Definitions herein.

16.     Documents sufficient to show the location(s) where any variable camshaft timing components, as defined in the Definitions herein, are and/or were made.

17.    All documents concerning Hitachi's reasons and motivations for developing and seeking to market any variable camshaft timing components, as defined in the Definitions herein.

18.    All advertising and promotional materials, sales brochures, catalogs, data books, customer presentations and any documents relating thereto concerning any variable camshaft timing components, as defined in the Definitions herein.

19.    Organizational charts showing all personnel who at any time had responsibilities concerning any variable camshaft timing components, as defined in the Definitions herein.

20.    All United States or foreign patents or patent applications Hitachi owns or owned concerning any variable camshaft timing components, as defined in the Definitions herein, whether abandoned, pending or granted.

21.    All United States or foreign patents or patent applications Hitachi licenses to others, or has taken licenses under, concerning variable camshaft timing components, as defined in the Definitions herein.

22.    All articles, abstracts, and other publications concerning any variable camshaft timing components, as defined in the Definitions herein.

23.    Documents concerning the revenues, unit sales, gross sales, net profits, gross profits, fixed costs, variable costs, and sales prices attributable to any variable camshaft timing components, as defined in the Definitions herein, on an annual basis from January 31, 1999, to the present.

8

24.    All documents concerning sales, profit and marketing projections and/or business or strategic plans for any variable camshaft timing components, as defined in the Definitions herein.

25.    Any meeting minutes or notes, including but not limited to board and/or internal meeting minutes or other meeting minutes or notes, or other documents of Hitachi, relating to variable camshaft timing components, the patent-in-suit, or any actual or potential litigation relating thereto, including patent or intellectual property department reviews, studies and/or evaluations of the patent in suit.

Dated: April 25, 2005

Respectfully submitted,

Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams (pro hac vice)
Marc A. Cavan (pro hac vice)
Hillary A. Mann (pro hac vice)
Sidley Austin Brown & Wood, LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Attorneys for BorgWarner Inc., and
BorgWarner Morse Tec Inc.

9

# EXHIBIT U

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT V

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT W

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT X

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT Y

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT Z

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT AA

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT BB

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT CC

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT DD

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT EE

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

# EXHIBIT FF

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT GG

# EXHIBIT   REDACTED
# IN   ITS   ENTIRETY

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2006, I caused the following document, **[Redacted] BorgWarner's Opposition to Hitachi's Motion For Leave To File Third Amended Complaint**, to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801


Additionally, I hereby certify that on the 25th day of July, 2006, the foregoing document was served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Paven K. Agarwal, Esq.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
pagarwal@foley.com
lpeterson@foley.com


                    ___/s/ Mary B. Matterer_____
                    Richard K. Herrmann (#405)
                    Lewis H. Lazarus (I.D. #2374)
                    Mary B. Matterer (I.D. #2696)
                    MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                    222 Delaware Avenue, 10th Floor
                    Wilmington, Delaware 19801
                    302.888.6800
                    rherrmann@morrisjames.com
                    llazarus@morrisjames.com
                    mmatterer@morrisjames.com
                    Attorneys for Defendants and Counterclaimant,
                    BORGWARNER INC., and
                    BORGWARNER MORSE TEC INC.