## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. NO. 05-048-SLR |
| v. | ) ) ) | |
| BORGWARNER, INC., and BORGWARNER MORSE TECH, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## DECISION ON PLAINTIFFS' THIRD MOTION TO COMPEL
## DOCUMENTS ON PLAINTIFFS' PRIVILEGE LOG
## <u>THE CATEGORY 4 DOCUMENTS</u>

Steven J. Balick, Esquire, and John G. Day, Esquire, of ASHBY & GEDDES, Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.

Richard K. Herrmann, Esquire, and Mary Matterer, Esquire, of MORRIS JAMES HITCHENS & WILLIAMS, Attorneys for Defendants BorgWarner, Inc. and BorgWarner Morse Tech, Inc.

Collins J. Seitz, Jr., Special Master

## I.    **PROCEDURAL HISTORY**

On July 19, 2006, Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") filed its Third Motion to Compel (the "Third Motion") the production of documents listed on BorgWarner's privilege log. Hitachi argues, among other things, that BorgWarner has not adequately described its privilege log entries with respect to certain documents to enable Hitachi to test BorgWarner's privilege claims (hereinafter referred to as the "Category 4 Documents"). On August 1, 2006, BorgWarner, Inc. and BorgWarner Morse Tech, Inc. (collectively "BorgWarner") filed an opposition to the Motion.

At my request, and as agreed to by the parties, BorgWarner submitted the Category 4 Documents for *in camera* review along with a slip sheet providing additional information to assess BorgWarner's privilege claims. After consideration of the parties' submissions and an *in camera* review of the contested documents, Hitachi's Third Motion is granted in part and denied in part.

## II.    **LEGAL STANDARD**

In my August 2, 2006 Decision on Plaintiffs' Second Motion to Compel, I set forth in detail the law with respect to attorney-client privilege and work product immunity. For purposes of this Third Motion, I will summarize the law on those two issues.

- 2 -

## A. The Attorney-Client Privilege

The attorney-client privilege protects a client's confidential communication to an attorney necessary to obtain legal counseling. *In re: Spalding Sports Worldwide, Inc.*, 203 F. 3d 800, 805 (Fed. Cir. 2000). The communication must be one that was made by a client to an attorney for the purpose of obtaining legal advice or services. *Id.* With respect to patent prosecution activities, the attorney-client privilege "protect[s] not only the giving of professional advice . . . but also the giving of information to the lawyer to enable him to give sound and informed advice." *Id.* at 805-06. However, the privilege does not automatically attach merely because a lawyer is involved, and the communication was uttered by or to an attorney. *Pfizer, Inc. v. Ranbaxy Laboratories, Limited,* No. 03-209-JJF, 2004 WL 2323135, at *2 (D. Del. Oct. 7, 2004). Nor does the privilege automatically attach merely because the document relates to the subject matter being considered by the attorney. *Polyvision Corp. v. Sport Tech., Inc.*, No. 1:03-CV-476, 2006 WL 581037, at *4 (W.D. Mich. March 7, 2006) ("Merely because a lawyer or patent agent is working on a patent application does not mean that all communications between non-attorney client personnel regarding that patent are protected. It is communication to and from the attorney . . . that may be protected."). The communication must have been for the specific purpose of receiving legal advice.

## B.    Work Product Immunity

With respect to work product immunity, documents are only protected as work product if they are prepared "in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); Fed. R. Civ. P. 26(b)(3).  To invoke successfully the work product immunity, a party must identify the withheld documents with sufficient particularity to enable opposing counsel to argue intelligently that the protection ought not apply.    *Willemijn Houdstermaatschaapij BV v. Appollo Computer*, 707 F. Supp. 1429, 1439 (D. Del. 1989) (citing *Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D. Conn. 1985)).

## III.    ANALYSIS

### A.    Category 4 Documents

In its Third Motion, Hitachi claims that BorgWarner's revised privilege log still includes a large number of entries for which BorgWarner has not met its burden of establishing a proper claim of either attorney-client privilege or work product immunity. As a result of BorgWarner's failure to establish either a claim for attorney-client privilege or work product immunity, Hitachi asserts that the following entries on BorgWarner's privilege log should be produced: [1]

---

[1] Motion at 5.

-4-

| 50-51 | 218 | 424 | 658 | 881 | 1102 | 1266 | 1384 |
| 71 | 224 | 436-38 | 682 | 889-91 | 1104 | 1268 | 1413 |
| 75 | 227 | 470-73 | 689 | 904-05 | 1111 | 1271-73 | 1532 |
| 77 | 235 | 480-81 | 694 | 909 | 1146-48 | 1285 | 1539 |
| 79 | 245 | 510 | 699 | 918 | 1151 | 1288 | 1552-53 |
| 94-95 | 253-56 | 519 | 734 | 931 | 1153 | 1291 | 1578 |
| 128-30 | 264 | 521 | 737 | 946 | 1159-60 | 1297 | 1601 |
| 137 | 280 | 529-30 | 774 | 963-65 | 1164-67 | 1300 | 1610-16 |
| 139 | 287 | 546 | 781 | 980-81 | 1185 | 1310 | 1625-26 |
| 146 | 292-93 | 557-58 | 798 | 993 | 1187-88 | 1316 | 1637-41 |
| 155 | 295-96 | 575 | 808 | 1008 | 1193 | 1325 | 1643-48 |
| 158-59 | 306 | 580 | 810 | 1010-11 | 1193.1 | 1332-33 | 1650-54 |
| 163 | 308 | 624 | 823 | 1035 | 1210 | 1335-36 | |
| 171 | 310 | 628 | 833 | 1037 | 1215 | 1339-40 | |
| 174 | 316 | 637-39 | 837-40 | 1039 | 1218 | 1345 | |
| 177 | 327 | 640.1 | 858 | 1046 | 1220 | 1353 | |
| 182-83 | 400 | 641 | 860 | 1051 | 1222 | 1355 | |
| 188 | 406 | 651 | 862 | 1053 | 1234 | 1357 | |
| 194 | 420 | 654 | 866-67 | 1055 | 1242-43 | 1379 | |

With the above legal principles in mind, I will address Hitachi's claims with respect to the Category 4 Documents.

**1)**    **Patent Evaluation Reports and Applications**

Document Nos. 50, 51, 75, 79, 94, 95, 155, 163, 171, 174, 177, 182, 183, 188, 218, 245, 280, 287, 292, 400, 406, 420, 424, 438, 694, 734, 774, 838, 840, 931, 946, 980, 981, 1271, and 1272

**Individuals involved:**    BorgWarner employees: T. Ledvina, R. Butterfield, K. Schneider, S. Quinn, O. Carrick.

**Privilege claimed:** Attorney-client

**Log description:**    Generally described as reports requesting action with regard to domestic and foreign patent applications.

**Slip sheet description:**    Generally described as communications from BorgWarner employee to BorgWarner's patent department providing information to BorgWarner counsel necessary to obtain legal advice regarding the filing of a patent application.

**Ruling:**    A review of these documents confirms the description that BorgWarner employees are providing information to BorgWarner in-house or outside counsel to assist counsel in providing legal advice to BorgWarner regarding patent applications.    These documents are subject to attorney-client privilege.

**2)**    **Invention Disclosure Record/Summary:**

Document Nos. 128, 158, 253, 529, 654

**Individuals involved:** R. Butterfield, S. Dembosky

- 6 -

**Privilege claimed:** Attorney-client

**Log descriptions:** Generally described as memoranda reflecting information necessary for counsel to prepare patent application.

**Slip sheet description:** Generally described as an invention disclosure submitted to BorgWarner's General Patent Counsel by inventors to obtain legal advice regarding preparation of a patent application.

**Ruling:** A review of these documents confirms the description that BorgWarner employees are providing information to BorgWarner in-house and outside counsel to assist counsel in providing legal advice to BorgWarner regarding patent applications. These documents are subject to attorney-client privilege. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-806 (Fed. Cir. 2000) (an invention record constitutes an [attorney-client] privileged communication as long as it is provided to an attorney "for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding."

## Document No. 137

**Individuals involved and date:** Author: O. Carrick, no recipient; undated

**Privilege claimed:** Attorney-client

**Log description:** Note regarding prosecution of '659 patent application.

**Slip sheet description:** Entry 137 is BorgWarner docket administrator's notes memorializing legal advice received during discussions with outside counsel (Brinks Hofer Toledo office's attorney David Murray).

**Ruling:** A review of this document confirms that these are handwritten notes reflecting legal advice received by BorgWarner in-house patent docket administrator in communication with BorgWarner's outside counsel, Brinks Hofer Gilson Lione. This document is subject to the attorney-client privilege.

### Document No. 139

**Individuals involved and date:** Author and recipient unknown, dated 3/20/92

**Privilege claimed:** Attorney-client

**Log description:** Note regarding prosecution of '659 patent application.

**Slip sheet description:** Entry 139 is BorgWarner docket administrator's (Olive Carrick) notes memorializing legal advice received during discussions with counsel.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with Tom Meehan, BorgWarner's outside counsel, regarding a patent application. This document is subject to the attorney-client privilege.

**Document No. 146**

**Individuals involved and date:** Author: O Carrick, recipient unknown; dated 8/6/91

**Privilege claimed:** Attorney-client

**Log description:** Note reflecting request for legal advice from counsel regarding pending '659 patent application.

**Slip sheet description:** Entry 146 is BorgWarner docket administrator's notes memorializing legal advice received and to be received from outside counsel.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice requested and received from a communication with T. Meehan, outside counsel to BorgWarner. This document is subject to the attorney-client privilege.

**Document No. 327**

**Individuals involved and date:** Author and recipient unknown; dated 9/12/94

**Privilege claimed:** Attorney-client

**Log description:** Note reflecting legal advice of counsel regarding interference proceedings.

**Slip sheet description:** Entry 327 consists of the client's (Roger Butterfield) notes memorializing legal advice received from counsel T. Meehan

during a telephone call on September 12, 1994, including legal advice from BorgWarner in-house counsel G. Dziegielewski.

**Ruling:** A review of this document confirms that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel T. Meehan regarding litigation strategy. This document is subject to the attorney-client privilege.

### Document No. 437

**Individuals involved and date:** Author: R. Butterfield, recipient unknown, dated 1/13/93

**Privilege claimed:** Attorney-client

**Log description:** A report regarding potential interference of Butterfield et al patent.

**Slip sheet description:** Entry 437 is a January 13, 1993 report that documents legal advice of in-house counsel referenced in introduction during a meeting regarding strategy and course of action regarding Melchior and potential Bosch interference.

**Ruling:** A review of this document confirms that it is a memorandum that reflects legal advice from a communication with BorgWarner in-house counsel regarding strategy for the Melchior and Bosch patent interferences. This document is subject to attorney-client privilege.

**Document No. 471**

**Individuals involved and date:** n/a

**Privilege claimed:** n/a

**Log description:** Investigation of potential infringement of '738 patent at request of counsel.

**Slip sheet description:** This document was obtained from DaimlerChrysler and contains DaimlerChrysler confidential information. BorgWarner no longer claims privilege on this document, but cannot produce it to Hitachi due to BorgWarner's belief that this document contains third party confidential information. In light of the fact that the information pertains to DaimlerChrysler, not BorgWarner, and the fact that the document is dated in 2003, BorgWarner does not believe this document is relevant to any issue in dispute.

**Ruling:** BorgWarner admits that this document is not subject to any privilege but claims that it contains third party confidential information and therefore it cannot be produced to Hitachi. Moreover, BorgWarner claims that this document is irrelevant to the issues in this litigation. In reviewing the contents of this document, the information does not appear to be relevant to the issues in this matter, and therefore need not be produced.

**3)   Research Materials Regarding Possible Infringement**

Document Nos.: 472, 473, 480, 481, 889, 891, 909, 1325, 1353, 1357, 1601, 1640, 1646

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client and Work Product

**Log description for Entry No. 472:** Investigation of potential infringement of '738 patent at request of counsel.

**Slip sheet description for Entry No. 472:** These documents were prepared in the course of BorgWarner's investigation into possible infringement of the patent in suit in conjunction with the advice of lawyers.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for these documents. With respect to the work product claim, BorgWarner has not met its burden. Like all other documents, patent documents are only protected as work product if they are prepared "in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); Fed. R. Civ. P. 26(b)(3). Although the specter of patent litigation looms with every patent application, BorgWarner has not presented any evidence that this document was prepared with an eye toward imminent anticipated litigation. Accordingly, these documents are not subject to work product immunity. *Pfizer Inc. v. Ranbaxy Laboratories, LTD.,* No. 03-209-JJF, 2004 WL 2323135 (D. Del. Oct. 7, 2004) at *3 (rejecting work product claim where no dates given on the log or dates too early to have been prepared in anticipation of any specific litigation).

- 12 -

With respect to the attorney-client privilege, after reviewing the documents, they appear to contain factual information and do not appear to have been assembled for any specific request for legal advice. There is also nothing to substantiate that they were prepared for an attorney or that they were ever sent to counsel and maintained in confidence. The attorney-client privilege only protects communications to counsel for the purpose of seeking legal advice as opposed to the underlying facts. *Polyvision Corp. v. Smart Technologies Inc.*, No. 1:03-CV-476, 2006 WL 581037 (W.D. Mich. Mar. 7, 2006), at \*4; *Messagephone, Inc. v. SVI Systems, Inc.*, No. 3-97-CV-1813-H, 1998 WL 874945 (N.D. Tex. Dec. 8, 1998), at \*2 (documents regarding a potential patent claim were not subject to the attorney-client privilege since there was no evidence that the documents were forwarded to an attorney). Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that these documents were actually either prepared in anticipation of litigation, reflect attorney advice or legal analysis, or that they were sent to counsel as a confidential communication for the purpose of obtaining legal advice, the documents must be produced.

## Document No. 519

**Individuals involved and date:** Author: Stan Quinn, recipients: Roger Butterfield, Don Freyburger, Frank Smith, Dave Spenard, and Tom Meehan; dated 9/21/93 and 2/17/93

**Privilege claimed:** Attorney-client

**Log description:** Memorandum reflecting advice of counsel T. Meehan regarding pending application for '860 patent.

**Revised Log Description:** Entry 519 was incorrectly described on the privilege log. The revised description is "memorandum reflecting advice of counsel T. Meehan regarding pending application for '860 patent and enclosing letter to outside counsel D. Spenard requesting legal advice regarding '860 patent application."

**Slip sheet description:** Entry 519 consists of two documents: The first reflects legal advice of outside counsel T. Meehan and D. Spenard (see paragraph 1). The second is a memo to D. Spenard providing information and requesting legal advice.

**Ruling:** A review of the two documents which comprise Entry No. 519 confirms the description that both documents reflect legal advice by or a request for legal advice from, BorgWarner's outside legal counsel, T. Meehan and D. Spenard. This Entry is subject to the attorney-client privilege.

**Document No. 530**

**Individuals involved and date:** Author and recipient unknown; dated 5/10/91

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting legal advice conveyed during meeting with counsel (Meehan) regarding proposed course of action in prosecution of patent applications.

**Slip sheet description:** Entry 530 is a document memorializing comments and legal advice received from counsel during a meeting.

**Ruling:** A review of this document confirms that this document reflects legal advice from a communication with a BorgWarner patent attorney regarding patent applications. This document is subject to the attorney-client privilege.

### Document No. 580

**Individuals involved and date:** Author: R. Butterfield, recipients: T. Messina, R. Llope; S. Gallette, R. Wood; P. Mott, S. Dembosky, F. Smith, B. Vergason, S. Snyder; dated 6/18/98

**Privilege claimed:** Attorney-client

**Log description for Entry No. 580:** Report prepared for investigation of potential licensing of Mechadyne technology and enclosing report by European patent attorney A. Messulam.

**Slip sheet description for Entry No. 580:** Entry 580 is a report regarding strategy and course of action related to potential licensing activity and which discusses (see p. 10) and encloses a report from a European patent attorney (A. Messulam) reflecting legal advice regarding potential licensing activity.

**Ruling:** A review of this entry shows that there is no proof that the document was ever sent to counsel and maintained in confidence. The attorney-client privilege only protects communications to counsel for the purpose of seeking legal advice as opposed to the underlying facts. *Polyvision Corp.*, 2006 WL 581037, at *4; *Messagephone, Inc.*, 1998 WL 874945, at *2 (documents regarding a potential patent claim were not subject to the attorney-client privilege since there was no evidence that the documents were forwarded to an attorney). Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that this document was actually sent to counsel as a confidential communication for the purpose of obtaining legal advice, the document must be produced.

### Document No. 637

**Individuals involved and date:** Author and recipient unknown; dated 1/12/94

**Privilege claimed:** Attorney-client

**Log description:** Handwritten notes reflecting advice of counsel T. Meehan regarding '023 interference strategy.

**Slip sheet description:** Entry 637 is the client's notes reflecting legal advice of counsel ("T. Meehan") conveyed during discussions on January 12, 1994 between counsel and the client.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel, T. Meehan, regarding strategy. This document is subject to attorney-client privilege.

### Document No. 640.1

**Individuals involved and date:** Author: R. Butterfield, recipients: Olsen, Ledvina; dated 8/25/92

**Privilege claimed:** Attorney-client

**Log description:** Email reflecting legal advice regarding strategy concerning patent protection in Europe.

**Slip sheet description:** Entry 640.1 is an internal email that reflects legal advice of in-house counsel Greg Dziegielewski regarding course of action and strategy for patent protection in Europe.

**Ruling:** A review of this document confirms the description that it is a BorgWarner email reflecting legal advice from a communication with BorgWarner's in-house counsel, Greg Dziegielewski. This document is subject to attorney-client privilege.

### Document No. 651

**Individuals involved and date:** Author and recipient unknown; dated 4/6/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel G. Ziegielewski regarding product development and testing.

**Slip sheet description:** The redacted portion of entry 651 is the client's handwritten notes that reflect legal advice of in-house counsel Greg Dziegielewski.

**Ruling:** A review of the redacted portion of the document confirms that these handwritten notes reflect advice from a communication with BorgWarner's in-house counsel, Greg Dziegielewski. The redacted portion of the document is subject to attorney-client privilege.

### Document No. 658

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding prosecution of '460 patent application.

**Revised Log Description:** Entry 658 was incorrectly described on the privilege log. Revised description is "notes reflecting advice of counsel T. Meehan and in-house counsel G. Dziegielewski regarding prosecution of '460 patent application."

**Slip sheet description:** Entry 658 is the client's handwritten notes that reflect legal advice conveyed during discussions with counsel Tom Meehan and in-house counsel G. Dziegielewski.

**Ruling:** A review of this document confirms that these handwritten notes reflect legal advice from a communication with BorgWarner's in-house counsel Greg Dziegielewski, and outside legal counsel, Tom Meehan. This document is subject to the attorney-client privilege.

### Document No. 737

**Individuals involved and date:** Author and recipient unknown; dated 5/15/92

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding preparation of '659 patent applications.

**Revised Log Description:** Entry 737 was incorrectly described on the privilege log. The revised description is "notes reflecting advice of counsel T. Meehan regarding preparation of '659 and '249 patent applications."

**Slip sheet description:** Entry 737 is the client's handwritten notes that reflect legal advice conveyed during discussions with counsel Tom Meehan related to the '659 and '249 applications.

**Ruling:** A review of this document confirms the description that these are handwritten notes that reflect legal advice from a communication with BorgWarner's outside counsel, Tom Meehan, related to patent applications. This document is subject to the attorney-client privilege.

**Document No. 781**

**Individuals involved and date:** Author and recipient unknown; dated 11/18/93

**Privilege claimed:** Attorney-client

**Log description:** Note reflecting advice of counsel T. Meehan regarding '804 interference proceedings

**Slip sheet description:** Entry 781 is the client's (Roger Butterfield) handwritten note on Nov. 18, 1993 that reflects a request for legal advice after receiving information from counsel T. Meehan. All but page one of this document will be produced to Hitachi.

**Ruling:** A review of the first page of Entry No. 781 (the only page at issue) does not demonstrate that the handwritten notes reflect an attorney providing legal advice or that the information in question was communicated to an attorney regarding the rendering of legal advice. Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that page one of this document was either prepared by an attorney or in communication with an attorney who was rendering legal advice, the entire document must be produced.

**Document No. 798**

**Individuals involved and date:** Author and recipient unknown; dated 3/6/92

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel D. Kelley regarding preparation of patent application.

**Slip sheet description:** Entry 798 is the client's handwritten notes that reflect legal advice conveyed during discussions with counsel David Kelley on March 6, 1992 regarding Docket 91103.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with outside counsel for BorgWarner, David Kelley. This document is subject to the attorney-client privilege.

### Document No. 808

**Individuals involved and date:** Author and recipient unknown; dated 7/14/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel L. Meenan regarding prosecution of '992 patent application.

**Slip sheet description:** Entry 808 is the client's handwritten notes that reflect legal advice conveyed during discussions with counsel Larry Meenan.

**Ruling:** A review of this document confirms the description that these are handwritten notes that reflect legal advice from a communication with BorgWarner outside counsel, Larry Meenan. This document is subject to the attorney-client privilege.

### Document No. 823

**Individuals involved and date:** Author and recipient unknown; dated 5/5/93

**Privilege claimed:** Attorney-client

**Log description:** Note reflecting advice of counsel G. Dziegielewski and T. Meehan regarding preparation of '992 patent application.

**Slip sheet description:** Entry 823 is the client's handwritten notes that reflect legal advice conveyed during discussions with counsel Tom Meehan and Greg Dziegielewski.

**Ruling:** A review of this document confirms the description that these are handwritten notes that reflect legal advice from a communication with BorgWarner's outside counsel Tom Meehan and BorgWarner's in-house counsel G. Dziegielewski regarding a patent application. This document is subject to the attorney-client privilege.

### Document No. 839

**Individuals involved and date:** Author: J.J. Jennings, recipients: R. Butterfield and J.A. Geppert; dated 6/4/86

**Privilege claimed:** Attorney-client

**Log description:** Report reflecting legal advice on D. Garner invention disclosure.

**Slip sheet description:** Entry 839 is a collection of communications that reflect a request from counsel J. Geppert for information from the client in order to provide legal advice to the client.

**Ruling:** A review of this document confirms the description that these are communications that reflect a request from BorgWarner's in-house counsel J. Geppert for information to provide legal advice to BorgWarner. This document is subject to the attorney-client privilege.

### Document No. 860

**Individuals involved and date:** Author: T. Manganello, recipients: R. Butterfield, T. Ledvina, P. Mott, R. Ruzic, and J. Collins; dated 5/10/91

**Privilege claimed:** Attorney-client

**Log description:** Memorandum reflecting advice of counsel J. Black and G. Dziegielewski regarding proposed Yamaha confidentiality agreement.

**Slip sheet description:** Entry 860 is an internal communication attached to a draft confidentiality agreement reflecting legal advice of counsel Greg Dziegielewski and Jerry Black.

**Ruling:** A review of this document confirms the description that it is an internal BorgWarner communication reflecting legal advice from a communication with BorgWarner in-house counsel Greg Dziegielewski. This document is subject to the attorney-client privilege.

**Document No. 862**

**Individuals involved and date:** Author: T.K. Lindquist, recipients: R. Ruzic, T. Ledvina, K. Schneider, C. Neff; dated 9/22/89

**Privilege claimed:** Attorney-client

**Log description:** Memorandum provided to counsel C. Neff regarding protection of intellectual property strategy.

**Slip sheet description:** Entry 862 is an internal communication reflecting legal advice of in-house counsel C. Neff regarding strategy and course of action.

**Ruling:** A review of this document confirms the description that it is a BorgWarner memorandum reflecting legal advice of BorgWarner's in-house counsel C. Neff. This document is subject to the attorney-client privilege.

**Document No. 866**

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** work product

**Log description:** Information collected in investigation of infringement of the '738 patent at request of counsel.

**Slip sheet description:** This document was obtained at the request of trial counsel, Hugh Abrams, in order to provide legal advice.

**Ruling:** BorgWarner has claimed work product protection for this document. However, BorgWarner has failed to meet its burden in that it has not presented any evidence that this document was prepared with an eye toward

imminent anticipated litigation. Accordingly, the document is not subject to work product immunity. *Pfizer Inc.*, 2004 WL 2323135, at \*3 (rejecting work product claim where no dates given on the log or dates too early to have been prepared in anticipation of any specific litigation). Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that it was prepared in anticipation of litigation, the document must be produced.

## Document No. 867

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** work product

**Log description:** Information collected for potential litigation regarding '738 patent infringement.

**Slip sheet description:** This document was obtained at the request of trial counsel, Hugh Abrams, in order to provide legal advice.

**Ruling:** BorgWarner has claimed work product protection for this document. However, BorgWarner has not met its burden. BorgWarner has not presented any evidence that this document was prepared with an eye toward imminent anticipated litigation. Accordingly, the document is not subject to work product immunity. Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that this document was prepared in anticipation of litigation, the document must be produced.

### Document No. 964

**Individuals involved and date:** Author: Roger Butterfield, recipient unknown; dated 9/21/93

**Privilege claimed:** Attorney-client

**Log description:** Letter regarding advice of counsel D. Spenard related to preparation of '860 patent application.

**Slip sheet description:** Entry 964 is a communication between BorgWarner employees reflecting legal advice received during discussions with outside counsel Dave Spenard and Mr. Spenard's request for information needed to provide legal advice.

**Ruling:** A review of this document confirms the description that it is a communication reflecting legal advice from BorgWarner's outside counsel, Dave Spenard and Mr. Spenard's request for information needed for Mr. Spenard to provide legal advice to BorgWarner. This document is subject to the attorney-client privilege.

### Document No. 965

**Individuals involved and date:** Author: S. Quinn, recipients: R. Butterfield, D. Freyburger, and F. Smith; dated 9/21/93

**Privilege claimed:** Attorney-client

**Log description:** Memorandum regarding preparation by counsel of '860 patent application.

**Revised Log Description:** Entry 965 was incorrectly described on the privilege log. The revised description is "memorandum reflecting advice of counsel T. Meehan regarding pending application for '860 patent and enclosing letter to outside counsel D. Spenard requesting legal advice regarding '860 patent application."

**Slip sheet description:** Entry 965 consists of two documents. The first reflects legal advice of outside counsel T. Meehan and D. Spenard. The second is a memo to D. Spenard providing information and requesting legal advice.

**Ruling:** A review of the two documents confirms the description that S. Quinn is reporting on legal advice he received from a communication with BorgWarner's outside counsel T. Meehan and D. Spenarad regarding a pending patent application and a letter to outside requesting legal advice. These two documents comprising Entry 965 are subject to the attorney-client privilege.

## Document No. 993

**Individuals involved and date:** Author: S. Quinn, recipient: R. Butterfield; dated 9/11/91

**Privilege claimed:** Attorney-client

**Log description:** Memorandum providing information regarding patent search to be provided to counsel.

**Slip sheet description:** Entry 993 is the BorgWarner employee Ed Siemon's analysis of a prior art search to be submitted to counsel for use in rendering legal advice.

**Ruling:** A review of this document shows that there is no proof that the document was ever sent to counsel and maintained in confidence. Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that this document was actually sent to counsel as a confidential communication for the purpose of obtaining legal advice, the document must be produced.

## Document No. 1008

**Individuals involved and date:** Author and recipient unknown; dated 8/14/92

**Privilege claimed:** Attorney-client

**Log description:** Handwritten notes reflecting legal advice of Thomas Meehan and Greg Dziegielewski on '023 patent interference.

**Slip sheet description:** Entry 1008 consists of the client's (Roger Butterfield) notes reflecting legal advice of counsel conveyed during discussions between outside counsel Thomas Meehan, in-house counsel Greg Dziegielewski, and the client on August 14, 1992.

**Ruling:** A review of this document confirms that these are handwritten notes reflecting legal advice from a communication with BorgWarner in-house

- 28 -

counsel Greg Dziegielewski and BorgWarner outside counsel T. Meehan who were providing legal advice regarding a patent interference. This document is subject to attorney-client privilege.

### Document No. 1010

**Individuals involved and date:** Author and recipient unknown; dated 7/24/92

**Privilege claimed:** Attorney-client

**Log description:** Handwritten notes regarding legal advice of Thomas Meehan related to Ford confidentiality agreement.

**Slip sheet description:** BorgWarner employee's (Roger Butterfield) notes reflecting legal advice received during discussions with outside counsel T. Meehan and in-house counsel G. Dziegielewski.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner in-house patent counsel G. Dziegielewski and BorgWarner outside counsel Tom Meehan. This document is subject to the attorney-client privilege.

### Document No. 1035

**Individuals involved and date:** Author and recipient unknown; dated 9/12/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice regarding '804 interference.

**Slip sheet description:** Entry 1035 is the client's (Roger Butterfield) notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on September 12, 1994 between in-house counsel and the client regarding interference strategy and course of action.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner in-house counsel G. Dziegielewski. This document is subject to the attorney-client privilege.

### Document No. 1037

**Individuals involved and date:** Author and recipient unknown; dated 8/12/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice regarding '804 interference.

**Slip sheet description:** Entry 1037 is the client's notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on Aug. 12, 1994, between in-house counsel and the client regarding interference strategy and course of action.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner in-house counsel, G. Dziegielewski. This document is subject to the attorney-client privilege.

**Document No. 1039**

**Individuals involved and date:** Author and recipient unknown; dated 8/4/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice regarding '804 interference.

**Slip sheet description:** Entry 1039 is the client's (Roger Butterfield) notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on Aug. 4, 1994, between in-house counsel and the client regarding interference strategy and course of action.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner in-house counsel G. Dziegielewski. This document is subject to the attorney-client privilege.

**Document No. 1046**

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client

**Log description:** Interoffice memorandum regarding '804 interference settlement proposal.

**Slip sheet description:** Entry 1046 is an internal communication summarizing settlement negotiations with annotations of BorgWarner employee

(Roger Butterfield) reflecting request for legal advice regarding strategy and course of action on proposed June 10, 1993 Melchior interference settlement.

**Ruling:** A review of this document confirms that the document was prepared as part of legal strategy discussions about resolving the Melchior proceedings and is therefore subject to the attorney-client privilege.

## Document No. 1051

**Individuals involved and date:** Author and recipient unknown; dated 10/12/93

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting legal advice from counsel regarding depositions for Melchior patent interference.

**Slip sheet description:** Entry 1051 is a document memorializing comments and legal advice received from counsel Meehan and Dziegielewski on October 12, 1993.

**Ruling:** A review of this document does not confirm the description in the privilege log. BorgWarner claims that this document is subject to the attorney-client privilege, but there is no evidence that the document was ever sent to counsel and maintained in confidence, or that it is a communication to or from counsel for the purpose of seeking legal advice. On its face, the document appears to be notes taken by someone attending the Melchior deposition at Detroit. While there are references to the initials of T. Meehan and G. Dziegielewski, there is no evidence

that they were providing legal advice or that there were any "memorializing comments and legal advice received from counsel." BorgWarner has failed to carry its burden that this document is subject to the attorney-client privilege so the document must be produced.

## Document No. 1053

**Individuals involved and date:** Author: R. Butterfield, recipient unknown; dated 7/14/93

**Privilege claimed:** Attorney-client

**Log description:** Report regarding potential Melchior interference settlement and reflecting advice.

**Slip sheet description:** Entry 1053 is a report with the client's (Roger Butterfield) annotations used at a meeting with in-house counsel (Greg Dziegielewski) on July 14, 1993 related to strategy and course of action in the Melchior interference. Entry 1055 (also submitted *in camera*) consists of handwritten notes from the meeting on July 14 and confirms that Greg Dziegielewski ("GD") was in attendance at the meeting.

**Ruling:** A review of this document reveals that the underlying document was prepared by Roger Butterfield, and most likely reflects his view of the settlement proceedings. The annotations also do not demonstrate any advice of counsel. Even if a BorgWarner attorney was present at the meeting, there is no indication that this document was prepared at the request of counsel, or ever sent to

counsel and maintained in confidence. There is also no indication that the handwritten notes reflected any legal advice by counsel. Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that this document was actually sent to counsel as a confidential communication for the purpose of obtaining legal advice, and that the changes to the document reflect legal advice, the document must be produced.

## Document No. 1055

**Individuals involved and date:** Author and recipient unknown; dated 7/14/93

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting legal advice of counsel regarding Melchior patent interference strategy.

**Slip sheet description:** Entry 1055 is the client's (Roger Butterfield) handwritten notes memorializing comments and legal advice received from counsel during a meeting on July 14, 1993 with Greg Dziegielewski.

**Ruling:** A review of this document confirms that a portion of the document is subject to attorney-client privilege. The portion of this document that reflects legal advice from a communication with BorgWarner in-house counsel Greg Dziegielewski should be redacted. The remainder of the document should be produced unless BorgWarner supplements the record on or before September 18,

2006, to demonstrate that the remainder of the document reflects legal advice from BorgWarner counsel.

### Document No. 1102

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client

**Log description:** Draft declaration for the '804 interference.

**Slip sheet description:** Entry 1102 is a draft declaration prepared by counsel Thomas Meehan in October 1993.

**Ruling:** A review of this document confirms the description that it is a draft declaration for the '804 patent interference prepared by counsel for BorgWarner. This document is subject to the attorney-client privilege.

### Document No. 1104

**Individuals involved and date:** Author and recipient unknown; dated 9/21/93

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding '804 patent interference proceedings.

**Slip sheet description:** Entry 1104 is the client's notes reflecting legal advice received during discussions with outside counsel Tom Meehan on September 21, 1993 regarding strategy and course of action related to Melchior interference.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel Tom Meehan regarding strategy related to the Melchior interference. This document is subject to attorney-client privilege.

### Document No. 1111

**Individuals involved and date:** Author and recipient unknown; dated 11/18/92

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding Melchior patent interference strategy.

**Slip sheet description:** Entry 1111 consists of the client's notes memorializing comments and legal advice received during discussions with counsel regarding strategy and course of action related to Melchior interference.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner outside counsel Tom Meehan regarding strategy related to Melchior interference. This document is subject to the attorney-client privilege.

### Document No. 1147

**Individuals involved and date:** Author: Roger Butterfield, recipient: Wally Olsen; dated 1/5/95

**Privilege claimed:** Attorney-client

**Log description:** Email reflecting request for advice regarding Melchior patent interference strategy.

**Slip sheet description:** Entry 1147 is a January 5, 1995 internal communication between BorgWarner employees R. Butterfield and W. Olsen reflecting legal advice received from counsel.

**Ruling:** A review of this document shows that BorgWarner has failed to carry its burden to support the attorney-client privilege concerning this document. While this is an internal BorgWarner communication, there is nothing on its face to indicate that it reflects legal advice from counsel for BorgWarner. It is a communication between two employees discussing the Melchior interference proceedings. As a result, BorgWarner must produce this document.

### Document No. 1148

**Individuals involved and date:** Author: Roger Butterfield, recipient: Wally Olsen; dated 12/23/94

**Privilege claimed:** Attorney-client

**Log description:** Email reflecting request for advice regarding Melchior patent interference strategy.

**Slip sheet description:** Entry 1148 is an internal communication between R. Butterfield and W. Olsen dated Dec. 23, 1994 reflecting legal advice received from counsel Tom Meehan.

**Ruling:** A review of this document confirms that this is an internal communication between R. Butterfield and W. Olsen reflecting legal advice from a communication with BorgWarner's outside counsel Tom Meehan in Paragraph No. one. As a result, Paragraph No. one should be redacted because it is subject to attorney-client privilege, and the remainder of the document, which does not reflect legal advice from BorgWarner's counsel, should be produced.

### Document No. 1151

**Individuals involved and date:** Author: R. Butterfield, recipients: Wally Olsen, Ron Ruger, and Leslie Jilson; dated 12/8/94

**Privilege claimed:** Attorney-client

**Log description:** Draft Melchior patent interference settlement proposal and advice of counsel T. Meehan.

**Revised Log Description:** Entry 1151 was incorrectly described in the privilege log. The revised description is "email reflecting legal advice of counsel T. Meehan and reflecting request for advice from counsel Greg Dziegielewski regarding attached draft Melchior settlement proposal."

**Slip sheet description:** Entry 1151 contains an internal communication dated Dec. 8, 1994 reflecting legal advice received from counsel Tom Meehan. Entry 1151 also contains a facsimile to G. Dziegielewski requesting legal advice.

- 38 -

**Ruling:** A review of Entry 1151 (which consists of multiple documents) confirms the revised description that it is an email reflecting legal advice from a communication with BorgWarner's outside counsel T. Meehan and a document requesting advice from BorgWarner in-house counsel G. Dziegielewski regarding the Melchior settlement proposal. Entry No. 1151 is subject to the attorney-client privilege.

### Document No. 1153

**Individuals involved and date:** Author and recipient unknown; dated 10/25/94

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding Melchior patent interference strategy and proceedings.

**Slip sheet description:** Entry 1153 is the client's (Roger Butterfield) notes reflecting legal advice of counsel (Tom Meehan) conveyed during discussions between outside counsel and the client on Oct. 25, 1994.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner outside counsel, Tom Meehan. This document is subject to the attorney-client privilege.

## Document No. 1164

**Individuals involved and date:** Author: Roger Butterfield, recipient: Wally Olsen; dated 10/14/94

**Privilege claimed:** Attorney-client

**Log description:** Email reflecting advice regarding Melchior patent interference strategy and settlement proposal.

**Slip sheet description:** Entry 1164 is an internal communication from R. Butterfield dated Oct. 14, 1994 reflecting legal advice received from counsel Tom Meehan.

**Ruling:** A review of this document confirms the description that it is an internal BorgWarner communication reflecting legal advice from a communication with BorgWarner outside counsel Tom Meehan. This document is subject to the attorney-client privilege.

## Document No. 1167

**Individuals involved and date:** Author: R. Butterfield, recipient unknown; dated 7/15/93

**Privilege claimed:** Attorney-client

**Log description:** Report reflecting advice regarding Melchior patent interference settlement proposal.

**Slip sheet description:** Entry 1167 is a later iteration of entry 1053 (also submitted *in camera*) which is a report used at a meeting with in-house counsel

Greg Dziegielewski on July 14, 1993 related to strategy and course of action in the Melchior interference.    Entry 1055 (also submitted *in camera*) consists of handwritten notes from the meeting on July 14 and confirms that Greg Dziegielewski was in attendance at the meeting.

**Ruling:** A review of this document does not confirm the description in the privilege log. BorgWarner claims that this document is subject to the attorney-client privilege because it is a report with a BorgWarner employee's annotations used at a meeting with in-house counsel. There is no evidence on the face of the document that BorgWarner's claim is correct. Even if a BorgWarner attorney was present at the meeting, there is no indication that this document was prepared at the request of counsel, or ever sent to counsel and maintained in confidence. Moreover, there is no indication that the handwritten notes reflect any legal advice by counsel. Unless BorgWarner supplements the record on or before September 18, 2006, to demonstrate that this document was actually sent to counsel as a confidential communication for the purpose of obtaining legal advice, and that the changes to the document reflect legal advice, the document must be produced.

#### Document No. 1185

**Individuals involved and date:** Author: Frank Smith, recipient: Roger Butterfield; dated 8/10/92

**Privilege claimed:** Attorney-client

**Log description:** Note transmitting letter from counsel T. Meehan providing advice regarding '023 patent interference proceedings.

**Slip sheet description:** Entry 1185 is a communication reflecting legal advice received by the client from outside counsel (Thomas Meehan) in regard to course of action for Melchior interference on July 27, 1992.

**Ruling:** A review of this entry confirms the description that it is a communication reflecting legal advice from BorgWarner's outside counsel Thomas Meehan with respect to the Melchior interference proceeding. This entry is subject to the attorney-client privilege.

### Document No. 1187

**Individuals involved and date:** Author and recipient unknown; dated 7/24/92

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice from counsel T. Meehan regarding '023 patent interference proceedings.

**Slip sheet description:** Entry 1187 consists of the notes of BorgWarner employee R. Butterfield reflecting legal advice received in discussions with outside counsel Thomas Meehan on July 24, 1992 in regard to course of action for Melchior interference.

**Ruling:** A review of this document confirms the description that these handwritten notes reflect legal advice received in discussions with BorgWarner

outside counsel Thomas Meehan regarding the Melchior interference. This document is subject to the attorney-client privilege.

### Document No. 1188

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice from counsel T. Meehan regarding Melchior patent interference proceedings.

**Slip sheet description:** Entry 1188 consists of the client's (Roger Butterfield) notes reflecting legal advice received by the client during discussions with outside counsel Thomas Meehan regarding interference strategy.

**Ruling:** A review of this document confirms that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel Tom Meehan regarding Melchior interference proceedings. This document is subject to the attorney-client privilege.

### Document No. 1215

**Individuals involved and date:** Author and recipient unknown; dated 2/26/91

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting advice of T. Meehan regarding corrections to draft figures for '804 patent application.

**Revised Log Description:** Entry 1215 was incorrectly described on the privilege log. The revised description is "note reflecting legal advice conveyed during discussions with counsel T. Meehan regarding general disclosures."

**Slip sheet description:** Entry 1215 consists of the client's (R. Butterfield) notes reflecting legal advice received by the client during discussions with outside counsel Tom Meehan on February 26, 1991 regarding general disclosures.

**Ruling:** A review of this document confirms the revised description that these handwritten notes reflecting legal advice communicated during discussions with BorgWarner's outside counsel, Tom Meehan, regarding a patent application. This document is subject to the attorney-client privilege.

### Document No. 1218

**Individuals involved and date:** Author and recipient unknown; dated 2/14/91

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting advice of T. Meehan regarding preparation of '804 patent application.

**Revised Log Description:** Entry 1218 has recently been produced in redacted form. The revised description is "redacted portion of handwritten note reflects advice of T. Meehan regarding strategy and course of action."

**Slip sheet description:**  The redacted portion of entry 1218 reflects legal advice received during discussions with outside counsel Tom Meehan regarding strategy and course of action.

**Ruling:**  A review of this document confirms that the redacted portion reflects legal advice received from a communication with BorgWarner's outside counsel, Tom Meehan, regarding strategy.  The redacted portion of this document is subject to the attorney-client privilege.

## Document No. 1220

**Individuals involved and date:** Author and recipient unknown; dated 7/24/92

**Privilege claimed:** Attorney-client

**Log description:**  Handwritten note reflecting advice of counsel T. Meehan regarding prosecution of '804 patent application.

**Revised Log Description:**  Entry 1220 was incorrectly described on the privilege log.  The revised description is "handwritten note reflecting advice of counsel T. Meehan regarding strategy related to BorgWarner docket number 91069."

**Slip sheet description:**  Entry 1220 consists of the client's notes reflecting legal advice received by the client during discussions with outside counsel Tom Meehan on July 24, 1992 regarding BorgWarner docket 91069 disclosure.

**Ruling:** A review of this document confirms the revised description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel, Tom Meehan, regarding strategy related to patent application. This document is subject to the attorney-client privilege.

### Document No. 1242

**Individuals involved and date:** Author and recipient unknown; dated 7/19/94

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting request for advice of counsel T. Meehan regarding Melchior interference.

**Slip sheet description:** Entry 1242 consists of the client's notes reflecting legal advice of counsel Tom Meehan conveyed during discussions on July 19, 1994 between in-house counsel Greg Dziegielewski and the client.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's in-house counsel, Greg Dziegielewski, regarding patent interference. The document is subject to the attorney-client privilege.

### Document No. 1243

**Individuals involved and date:** Author and recipient unknown; dated 5/15/92

**Privilege claimed:** Attorney-client

**Log description:**  Handwritten note reflecting advice of counsel T. Meehan regarding status of '659 and '249 patent applications.

**Slip sheet description:**  Entry 1243 consists of the client's notes reflecting legal advice received by the client during discussions with outside counsel Tom Meehan regarding strategy and course of action.

**Ruling:**  A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel, Tom Meehan, regarding strategy related to patent applications.  This document is subject to the attorney-client privilege.

### Document No. 1266

**Individuals involved and date:** Author: Frank Smith, recipient: Roger Butterfield; date unknown

**Privilege claimed:** Attorney-client

**Log description:**  Note enclosing information provided to counsel D. Spenard regarding prosecution of '860 patent application.

**Slip sheet description:**  Entry 1266 is a communication from BorgWarner employee Stan Quinn reflecting information provided to counsel in order to obtain legal advice from outside counsel D. Spenard.

**Ruling:**  A review of this document confirms the description that this is information provided to BorgWarner outside counsel, D. Spenard, regarding

prosecution of a patent application. This document is subject to the attorney-client privilege.

## Document No. 1268

**Individuals involved and date:** Author: Frank Smith, recipient: Roger Butterfield; date unknown

**Privilege claimed:** Attorney-client

**Log description:** Note enclosing information provided to counsel D. Spenard regarding preparation of '860 patent application.

**Slip sheet description:** Entry 1268 is a communication from BorgWarner employee Stan Quinn reflecting information provided to counsel in order to obtain legal advice from outside counsel D. Spenard.

**Ruling:** A review of the document confirms that this information was being provided to Dave Spenard, BorgWarner outside counsel, regarding legal advice to BorgWarner. This document is subject to the attorney-client privilege.

## Document No. 1285

**Individuals involved and date:** Author and recipient unknown; dated 3/5/93

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting advice of T. Meehan regarding strategy relevant to potential patent interference.

**Slip sheet description:** Entry 1285 consists of the client's (Roger Butterfield) notes reflecting legal advice of counsel Tom Meehan conveyed during discussions on March 5, 1993 between outside counsel and the client.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel, Tom Meehan, regarding strategy concerning patent interferences. This document is subject to the attorney-client privilege.

### Document No. 1288

**Individuals involved and date:** Author and recipient unknown; dated 2/3/93

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting advice of counsel G. Dziegielewski regarding potential patent interference.

**Slip sheet description:** Entry 1288 is the client's (Roger Butterfield) notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on February 3, 1993 with the client.

**Ruling:** A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's in-house counsel, G. Dziegielewski, regarding potential patent interferences. This document is subject to the attorney-client privilege.

## Document No. 1291

**Individuals involved and date:** Author and recipient unknown; dated 9/21/93

**Privilege claimed:** Attorney-client

**Log description:** Handwritten note reflecting advice of counsel T. Meehan regarding preparation of Smith/Butterfield patent application.

**Revised Log Description:** Entry 1291 was incorrectly described on the privilege log. The revised description reads "handwritten note reflecting advice of counsel T. Meehan regarding interference."

**Slip sheet description:** Entry 1291 consists of the client's notes reflecting legal advice of counsel Thomas Meehan conveyed during discussions on September 21, 1993 regarding strategy and course of action.

**Ruling:** A review of this document confirms the revised description that these handwritten notes reflect legal advice from a communication with BorgWarner's outside counsel, Tom Meehan. This document is subject to the attorney-client privilege.

## Document No. 1297

**Individuals involved and date:** Author and recipient unknown; dated 3/25/93

**Privilege claimed:** Attorney-client

**Log description:**  Notes reflecting advice of counsel G. Dziegielewski regarding potential settlement of Bosch patent interference.

**Slip sheet description:**  Entry 1297 consists of the client's notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on March 25, 1993 regarding strategy and course of action.

**Ruling:**  A review of this document confirms the description that these are handwritten notes reflecting legal advice from a communication with BorgWarner's in-house counsel, Greg Dziegielewski.  The document is subject to the attorney-client privilege.

### Document No. 1300

**Individuals involved and date:** Author and recipient unknown; dated 1/12/93

**Privilege claimed:**  Attorney-client

**Log description:**  Notes reflecting advice of counsel G. Dziegielewski and T. Meehan regarding potential settlement of patent interference.

**Slip sheet description:**  Entry 1300 consists of the client's notes reflecting legal advice of counsel Greg Dziegielewski and Tom Meehan conveyed during discussions on January 12, 1993 regarding strategy and course of action.

**Ruling:**  A review of this document confirms the description that these handwritten notes reflect legal advice from a communication with BorgWarner's in-house counsel, G. Dziegielewski, and outside counsel, Tom Meehan, regarding

potential patent interferences.   This document is subject to the attorney-client privilege.

## Document No. 1310

**Individuals involved and date:** Author and recipient unknown; dated 2/19/92

**Privilege claimed:** Attorney-client

**Log description:**   Notes reflecting advice regarding investigation for potential infringement.

**Revised Log Description:**   Entry 1310 was incorrectly described on the privilege log. The revised description is "notes reflecting advice regarding potential Bosch interference."

**Slip sheet description:**   Entry 1310 consists of the client's notes reflecting legal advice of counsel Greg Dziegielewski conveyed during discussions on February 19, 1992 regarding strategy and course of action.

**Ruling:** A review of this document indicates that BorgWarner has not met its burden that the document is protected from discovery because of the attorney-client privilege. There is no evidence that these handwritten notes reflect any legal advice from any communication with any attorney for BorgWarner. Moreover, the reference to "Greg" is in a factual context and not a reference to providing legal advice. BorgWarner has failed to meet its burden with regards to this document, so it must be produced.

**Document No. 1332**

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client – work product

**Log description:** Handwritten notes reflecting advice regarding settlement discussions with Hitachi.

**Slip sheet description:** Entry 1332 consists of the client's notes reflecting legal advice of counsel Hugh Abrams at Sidley Austin conveyed during discussions regarding strategy and course of action related to potential litigation over '738 patent.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document confirms the description that it concerns legal advice regarding settlement discussions with Hitachi. BorgWarner has demonstrated that this document was prepared with an eye toward imminent anticipated litigation. Accordingly, with respect to the work product claim, BorgWarner has met its burden and the document does not have to be produced.

**Document No. 1333**

**Individuals involved and date:** Author and recipient unknown; dated 9/10/04

**Privilege claimed:** Attorney-client – work product

**Log description:** Note reflecting advice regarding meeting to discuss potential infringement of '738 patent.

**Slip sheet description:** Entry 1333 consists of the client's notes reflecting issues to discuss during meeting with counsel Hugh Abrams and in-house counsel Greg Dziegielewski, Michael Tucker, and Laurene Horiszny regarding strategy and course of action related to potential litigation over '738 patent.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document confirms that it was prepared with an eye toward imminent anticipated litigation. Accordingly, with respect to the work product claim, BorgWarner has met its burden and the document need not be produced.

## Document No. 1335

**Individuals involved and date:** Author and recipient unknown; dated 5/8/01

**Privilege claimed:** Attorney-client – work product

**Log description:** Notes regarding meeting to discuss potential infringement of '738 patent and reflecting advice of counsel G. Dziegielewski.

**Slip sheet description:** Entry 1335 consists of the client's notes reflecting legal advice received during meeting with counsel Greg Dziegielewski and Laurene Horiszny regarding strategy and course of action related to potential litigation over '738 patent.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document shows that with respect to the work product claim, BorgWarner has not met its burden. BorgWarner has not presented any evidence that this document was prepared with an eye toward imminent anticipated litigation. Accordingly, the document is not subject to work product immunity.

With respect to the attorney-client privilege, after reviewing the document, it appears to contain handwritten notes from a meeting with BorgWarner in-house counsel Greg Dziegielewski and Laurene Horiszny to discuss patent issues. Because the document reflects legal advice from a communication with BorgWarner's in-house attorney, it is protected by the attorney-client privilege and does not have to be produced.

#### Document No. 1336

**Individuals involved and date:** Author and recipient unknown; dated 5/8/01

**Privilege claimed:** Attorney-client – work product

**Log description:** Notes regarding meeting to discuss potential infringement of '738 patent and reflecting advice of counsel G. Dziegielewski.

**Slip sheet description:** Entry 1336 consists of the client's notes reflecting legal advice received during patent meeting from counsel Greg Dziegielewski regarding strategy and course of action related to potential litigation.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document shows that with respect to the work product claim, BorgWarner has not presented any evidence that this document was prepared with an eye toward imminent anticipated litigation. Accordingly, the document is not subject to work product immunity. Unless BorgWarner supplements the record by September 18, 2006, to demonstrate that this document was actually prepared with an eye toward imminent anticipated litigation, there is no protection from disclosure due to the work product immunity.

With respect to the attorney-client privilege, a review of the document confirms that the document contains a reference to some legal advice from BorgWarner's in-house counsel, Greg Dziegielewski, regarding strategy and course of action related to potential litigation. However, there is nothing in the document to indicate that any BorgWarner counsel participated in the preparation of the agenda or attended the meeting. As a result, while the entire document is not protected by the attorney-client privilege, the reference to what BorgWarner's counsel will do is protected by the attorney-client privilege and should be redacted. Unless BorgWarner supplements the record by September 18, 2006, to demonstrate that the underlying document was actually sent to counsel as a confidential communication for the purpose of obtaining legal advice, the document must be produced with the redactions as noted above.

**Document No. 1340**

**Individuals involved and date:** Author: Roger Simpson, recipient unknown; dated 7/22/05

**Privilege claimed:** Attorney-client – work product

**Log description:** Handwritten notes and outline reflecting legal advice re: potential litigation.

**Slip sheet description:** Entry 1340 consists of the client's (Roger Simpson) notes reflecting legal advice received during patent meeting from counsel Greg Dziegielewski regarding strategy and course of action related to Hitachi litigation.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this documents confirms that it was prepared with an eye toward imminent anticipated litigation. Accordingly, with respect to the work product claim, BorgWarner has met its burden and the document need not be produced.

**Document No. 1345**

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client – work product

**Log description:** Handwritten draft letter regarding potential settlement with Hitachi to be reviewed by counsel.

**Slip sheet description:** Entry 1345 is a draft settlement letter to Hitachi created in anticipation of litigation over the '738 patent and to be reviewed by counsel.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document confirms that it was prepared with an eye toward imminent anticipated litigation. Accordingly, with respect to the work product claim, BorgWarner has met its burden and the document need not be produced.

## Document No. 1355

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** Attorney-client – work product

**Log description:** Notes regarding investigations of infringement of '738 patent.

**Slip sheet description:** Entry 1355 consists of the client's notes reflecting legal advice received during patent meeting with counsel regarding strategy and course of action related to potential litigation over '738 patent. While no attorney is listed on the document, the contents are clearly legal in nature.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. A review of this document confirms that it was prepared with an eye toward imminent anticipated litigation. Accordingly,

with respect to the work product claim, BorgWarner has met its burden, and the document need not be produced.

### 4)    Invoices Reflecting Legal Advice Regarding Foreign Patents

Document Nos. 1379, 1384, 1413, 1532, and 1539

**Individuals involved and date:** Authors: W. Wehnert, Houch, Graalfs and Wehnert, recipient: BorgWarner patent department; dated: various dates in 2004

**Privilege claimed:** Attorney-client

**Log description for No. 1379:** Invoice reflecting legal advice regarding prosecution of German counterpart to '738 patent.

**Slip sheet description for No. 1379:** Entry 1379 is an invoice that reflects legal advice provided to BorgWarner's patent department from German patent counsel Wehnert.

**Ruling:** A review of these documents confirms the description that they are invoices reflecting legal advice regarding prosecution of foreign patents. Although the legal advice contained in each document is subject to the attorney-client privilege, it should be redacted, and the remainder of each document should be produced.

## Document No. 1552

**Individuals involved and date:** Author, recipient, and date unknown

**Privilege claimed:** work product

**Log description:** Draft Hitachi confidentiality and sample review agreement.

**Slip sheet description:** Entry 1552 is a draft confidentiality agreement that reflects legal advice of BorgWarner in-house counsel. The last three pages of this document are being produced.

**Ruling:** A review of this document confirms the description that it is a draft confidentiality and sample review agreement. This document was prepared with an eye toward the current litigation. As a result, this document is protected by the work product immunity and need not be produced.

## Document No. 1613

**Individuals involved and date:** Author: Frank ?, recipient: R. Butterfield; dated 1/17/93

**Privilege claimed:** Attorney-client – work product

**Log description:** Report with annotations reflecting request for legal advice from T. Meehan regarding Melchior interferences and strategy.

**Revised Log Description:** Entry 1613 was incorrectly described on the privilege log. The revised description is "BorgWarner employee's report with

redacted portion reflecting request for legal advice regarding Melchior interferences and strategy."

**Slip sheet description:** Entry 1613 was produced in redacted form. The redactions pertain to "Legal Strategy/Issues" and reflect a request for legal advice.

**Ruling:** A review of this document confirms the revised description that the redacted portion of the document reflects a request for legal advice regarding the pending Melchior interference proceedings. The redacted portion of the document is subject to attorney-client privilege and work product doctrine.

### Document No. 1615

**Individuals involved and date:** Author: R. Butterfield, recipient unknown, dated 1/17/94

**Privilege claimed:** Attorney-client – work product

**Log description:** Report with annotations reflecting request for legal advice from Tom Meehan regarding Melchior interferences and strategy.

**Revised Log Description:** Entry 1615 will be produced in redacted form. The revised description is "report with redacted portions reflecting request for legal advice regarding Melchior interferences and strategy."

**Slip sheet description:** Entry 1615 is an internal report created for discussions on Jan. 17, 1994 with counsel regarding legal strategy and course of action.

**Ruling:** A review of this document confirms the revised description that the redacted portion of the document reflects a request for legal advice regarding the pending Melchior interference proceedings. The redacted portion of the document is subject to attorney-client privilege and work product doctrine.

## Document No. 1625

**Individuals involved and date:** Author: R. Butterfield, recipient: Mott; dated 4/18/91

**Privilege claimed:** Attorney-client

**Log description:** Email reflecting advice of counsel Tom Meehan regarding prosecution of application for 5,040,500 patent.

**Slip sheet description:** Entry 1625 is a communication reflecting legal advice received during discussions with outside counsel Tom Meehan regarding strategy and course of action for '500 patent application.

**Ruling:** A review of this document confirms the description that this is an email message that reflects legal advice from a communication with BorgWarner's outside counsel Tom Meehan concerning a patent application. This document is subject to the attorney-client privilege.

## Document No. 1626

**Individuals involved and date:** Author and recipient unknown; dated 4/18/91

**Privilege claimed:** Attorney-client

**Log description:** Notes reflecting advice of counsel T. Meehan regarding prosecution of application for US Patent No. 5,040,500.

**Slip sheet description:** Entry 1626 consists of the client's handwritten notes reflecting legal advice received during discussions with outside counsel Tom Meehan regarding strategy and course of action for '500 patent application.

**Ruling:** A review of this document confirms that these are handwritten notes reflecting legal advice from a communication with BorgWarner's outside counsel, Tom Meehan, regarding a patent application. This document is subject to the attorney-client privilege.

### Document No. 1637

**Individuals involved and date:** Author: Roger J. Wood, recipient: Ronald G. Campbell; date unknown

**Privilege claimed:** Attorney-client – work product

**Log description:** Draft letter prepared regarding dispute with Hitachi.

**Revised Log Description:** Entry 1637 was incorrectly described on the privilege log. The revised description is "draft letter prepared regarding potential litigation over '738 patent with Hilite."

**Slip sheet description:** Entry 1637 is a draft letter that was prepared in anticipation of litigation with Hilite over the '738 patent. This document is being submitted for *in camera* review, but will be moved to BorgWarner Rule 408 Documents log. (*See* December 19, 2005, Second Discovery Teleconference

- 63 -

Order, ¶ 5, ruling that BorgWarner does not have to produce documents related to substantive settlement discussions).

**Ruling:** A review of this document confirms the revised description that this is a draft letter regarding potential litigation and settlement with respect to a patent with Hilite. It therefore appropriately falls into the settlement discussions category of the Special Master's earlier ruling.

## Document No. 1641

**Individuals involved and date:** Author and recipient unknown; dated 4/28/04

**Privilege claimed:** Attorney-client – work product

**Log description:** Investigation of potential infringement of '738 patent at request of counsel.

**Slip sheet description:** The redacted portion of this document was prepared in the course of BorgWarner's investigations into possible infringement of the patent in suit by Hitachi in conjunction with the advice of lawyers.

**Ruling:** A review of the redacted portion of this document confirms that it contains information collected by BorgWarner to assist BorgWarner counsel in providing legal advice regarding possible infringement of the patent in suit. Because the redacted portion of this document contains information collected in anticipation of litigation, that information is protected from discovery by the work product doctrine.

**Document Nos. 1650, 1651, 1652, 1653 and 1654**

**Individuals involved and date:** Author: Phil Mott, recipients: Wood, Messina, Dusenberre, LaFaine, Dziegielewski, and Simpson; dated 11/18/02

**Privilege claimed:** Attorney-client

**Log description for No. 1650:** Redacted portion of email reflecting legal advice of counsel G. Dziegielewski conveyed during internal meeting regarding Hitachi and intellectual property.

**Slip sheet description for No. 1650:** The redacted portion of entry 1650 reflects legal advice received during meeting with in-house counsel Greg Dziegielewski regarding strategy and course of action.

**Ruling:** A review of the redacted portions of these documents confirms the description that they reflect legal advice from a communication with BorgWarner's in-house counsel Greg Dziegielewski regarding Hitachi. These portions of the documents are subject to the attorney-client privilege. As a result, the body of the message should be redacted, but the "From:," "Sent:," "To:," "cc:," and "Subject" sections should be produced in unredacted form.

## IV.    CONCLUSION

In accordance with this decision, BorgWarner shall produce documents on its privilege log for which the privilege assertion was denied.    Where further submissions are required to evaluate the privilege claims, those submissions shall be made on or before the date indicated herein.

Colin Jott
Special Master

Dated:  September 11, 2006