# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INCORPORATED | ) | **REDACTED PUBLIC VERSION** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-048-SLR |
| | ) | |
| BORGWARNER INC., and BORGWARNER MORSE TEC INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| BORGWARNER INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INCORPORATED | ) | |
| | ) | |
| Counterdefendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Liane M. Peterson
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007–5109

William J. Robinson
Foley & Lardner LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-2223

Dated: October 12, 2006

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654–1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and Hitachi Automotive Products (USA), Inc.*

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDING ........................................................ 1

II.   SUMMARY OF ARGUMENT ............................................................................. 1

III.  STATEMENT OF FACTS ................................................................................... 2

IV.   SUMMARY JUDGMENT IS APPROPRIATE ..................................................... 4

      A.    The Legal Standards ................................................................................. 4

            1.    The Summary Judgment Standard .................................................. 4

            2.    The Willful Infringement Standard ................................................. 6

      B.    BorgWarner Has No Evidence Of Willfulness ........................................... 9

V.    CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abbott Labs. v. Diamedix Corp.,*
1998 WL 901671 (N.D. Ill. 1998) ............................................................... 5

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.,*
228 F.3d 1338 (Fed. Cir. 2000)............................................................... 6-7

*Amstar Corp. v. Envirotech Corp.,*
823 F. 2d 1538 (Fed. Cir 1987)............................................................... 8

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)............................................................................... 2, 6

*Arctic Cat, Inc. v. Injection Research Specialists, Inc.,*
362 F. Supp.2d 1113 (D. Minn. 2005) ..................................................... 5

*ATC Corp. v. Lydall, Inc.,*
159 F.3d 534 (Fed. Cir. 1998) ................................................................. 5

*Bhatla v. U.S. Capital Corp.,*
990 F.2d 780 (3d Cir. 1993)..................................................................... 5

*BIC Leisure Prods., Inc. v. Windsurfing Int'l Inc.,*
1 F.3d 1214 (Fed. Cir. 1993)................................................................. 2, 5

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)............................................................................... 5-6

*Central Soya Co., Inc. v. Geo. A. Hormel Co.,*
723 F.2d 1573 (Fed. Cir. 1983)............................................................... 8

*Chore-Time Equipment, Inc. v. Cumberland Corp.,*
713 F.2d 774 (Fed. Cir. 1983)................................................................. 5

*Del Mar Avionics, Inc. v. Quinton Instruments Co.,*
836 F.2d 1320 (Fed. Cir. 1987)............................................................... 8

*GFL Advantage Fund, Ltd. v. Colkitt,*
272 F.3d 189 (3d Cir. 2001)................................................................... 5-6

*Goodman v. Mead Johnson & Co.,*
534 F.2d 566 (3d Cir. 1976).................................................................... 5

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,*
383 F.3d 1337 (Fed. Cir. 2004)........................................................ 7-9, 12

i

## TABLE OF AUTHORITIES

**Page(s)**

*Markman v. Westview Instruments, Inc.,*
    52 F.3d 967 (Fed. Cir. 1995)................................................................ 7

*Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics,*
    976 F.2d 1559 (Fed. Cir. 1992)........................................................... 8

*nCube Corp. v. Seachange Int'l, Inc.,*
    436 F.3d 1317 (Fed. Cir. 2006)........................................................... 6

*Norian Corp. v. Stryker Corp.,*
    363 F.3d 1321 (Fed. Cir. 2004)......................................................6-7, 9

*Ortho Pharmaceutical Corp. v. Smith,*
    959 F.2d 936 (Fed. Cir. 1992)............................................................ 8

*Procter & Gamble Co. v. Nabisco Brands, Inc.,*
    711 F. Supp. 759 (D. Del. 1989).......................................................... 5

*Radio Steel & Mfg. Co. v. MTD Prods., Inc.,*
    788 F.2d 1554 (Fed. Cir. 1986)........................................................... 8

*Read Corp. v. Portec, Inc.,*
    970 F.2d 816 (Fed. Cir. 1992) ......................................................7-8, 10

*Simmons, Inc. v. Bombardier, Inc.,*
    328 F. Supp.2d 1188 (N.D. Utah 2004) ............................................... 5

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.,*
    862 F.2d 1564 (Fed. Cir. 1988)........................................................... 8

*Tenneco Automotive Operating Co., Inc. v. Visteon Corp.,*
    375 F. Supp.2d 360 (D. Del. 2005) ..................................................... 7

*Toro Co. v. Ariens Co.,*
    232 F.3d 915, 2000 WL 504209 (Fed. Cir. 2000) ................................. 5

*U.S. v. Panhandle Eastern Corp.,*
    681 F. Supp. 229 (D. Del. 1988)......................................................... 4

*Underwater Devices Inc. v. Morrison-Knudsen Co.,*
    717 F.2d 1380 (Fed. Cir. 1983)........................................................... 8

*Uniroyal, Inc. v. Rudkin-Wiley Corp.,*
    939 F.2d 1540 (Fed. Cir. 1991)........................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

FED. R. CIV. P. 56 ....................................................................................................... 5

FED. R. CIV. P. 56(C) ................................................................................................. 4

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

## I.    NATURE AND STAGE OF PROCEEDING

Plaintiffs Hitachi Ltd. and Hitachi Automotive Products (USA), Inc. (collectively "Hitachi") submit this memorandum in support of their motion for summary judgment that Hitachi has not willfully infringed U.S. Patent No. 5,497,738 ("the '738 patent"), as alleged by Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner").

Hitachi initiated this action for a declaratory judgment of noninfringement, invalidity and unenforceability against the '738 patent. BorgWarner counterclaimed for patent infringement of the '738 patent, including a counterclaim that the infringement was "willful," but proffered no facts or evidence in support of this allegation. Although BorgWarner has conducted extensive discovery in this case, there is no evidence to support its willfulness allegation, as underscored by BorgWarner's responses to Hitachi's Interrogatories seeking the factual bases regarding willfulness. Thus, summary judgment of no willful infringement is appropriate, removing this unnecessary and potentially time consuming issue from consideration at trial.

## II.    SUMMARY OF ARGUMENT

BorgWarner has no evidence of willful infringement. The allegations set forth in its Fifth Supplemental Response to Plaintiff Hitachi, Ltd.'s First Set of Interrogatories (Ex. 20, "Fifth Supplemental Response"), which are repeated in its Fourth Supplemental Response to Hitachi's Interrogatory No. 12 ("Fourth Response to No. 12") are mere theories and not evidence. For example, in its Fifth Supplemental Response (Ex. 20, page 10, 2nd full paragraph, summarizing pages 7-10), BorgWarner asserts that "in light of Hitachi's clear appreciation of the significance of the '738 patent, its possession of proprietary BorgWarner information relating to VCT technology, and its failure to rely on anything but an **REDACTED**

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

REDACTED                                    Hitachi is liable for willful

infringement." Such evidence-free assertions are wholly insufficient to establish willfulness.

BorgWarner bears the burden of proving willful infringement by "clear and

convincing" evidence. *BIC Leisure Prods., Inc. v. Windsurfing Int'l Inc.*, 1 F.3d 1214, 1222

(Fed. Cir. 1993). Thus, to avoid summary judgment BorgWarner must go beyond the

pleadings and identify genuine issues of material fact as to willfulness. "[A] mere scintilla of

evidence" is not enough to create such a fact issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 252 (1986). Rather, there must be sufficient evidence meeting the clear and convincing

standard favoring the nonmoving party for a jury to return a verdict for that party. BorgWarner

cannot meet that standard.

## III.    STATEMENT OF FACTS

In its First Set of Interrogatories, Interrogatory No. 12 (Ex. 21 at 9), Hitachi requested

that BorgWarner "[d]escribe in detail the factual and legal basis for BorgWarner's allegations

that Hitachi has willfully infringed the '738 patent." In its initial Responses to this

interrogatory, BorgWarner failed to provide any information whatsoever regarding willfulness,

except to assert that Interrogatory No. 12 was "premature" (Ex. 22). In later supplemental

Responses, BorgWarner merely suggested that Hitachi had knowledge of the '738 patent when

it began selling its product, and that it conducted due diligence regarding the patent.

BorgWarner identified the alleged bases for its willfulness allegations for the first time

in its Fifth Supplemental Response to Plaintiff Hitachi, Ltd.'s First Set of Interrogatories (Nos.

1-11), dated February 22, 2006 (Ex. 20)[1]. BorgWarner repeated those bases in response to

---

[1] All exhibits are included in the Combined Appendix in Support of Hitachi, Ltd's and
Hitachi Automotive Products (USA), Inc.'s Opening Summary Judgment Motions.

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

another interrogatory, in its Fourth Supplemental Response to Hitachi's Interrogatory No. 12, dated July 7, 2006 (Ex. 23).

In its last supplementation, BorgWarner stated several theories. First, BorgWarner stated that it "shared proprietary VCT technology with Hitachi" in the form of diagrams and specifications relating to BorgWarner's own VCT system.[2] BorgWarner did not assert or provide any evidence, however, as to how that "shared proprietary VCT technology" relates to claims 10 and 11 of the '738 patent. BorgWarner also did not provide any evidence to show that Hitachi copied anything from BorgWarner or the '738 patent. In fact, BorgWarner did not allege that Hitachi engaged in theft of proprietary information, that Hitachi breached any collaboration/confidentiality agreements, or that BorgWarner ever raised such claims in any related litigation. Furthermore, simply alleging that BorgWarner shared "proprietary VCT technology" with Hitachi does not, by itself, indicate that Hitachi engaged in anything remotely resembling willful infringement of claims 10 and 11.

Second, BorgWarner theorizes that "Hitachi has failed to prove that it independently developed all the VCT systems accused of infringement .... Hitachi's failure ... suggests that Hitachi did, in fact, utilize information obtained from BorgWarner's patent." Fourth Supplemental Response to No. 12, page 8 (Ex. 23). Likewise, BorgWarner claims that Hitachi "has failed to identify documents" showing that the technology used in Hitachi's products was developed at Hitachi. Third Supplemental Response to No. 14, pages 3-5 (Ex. 24). In other

---

[2] *See* Fifth Supplemental Response, pages 7-8 (Ex. 20); Fourth Supplemental Response to No. 12, pages 5-8 (Ex. 23); *see also* Third Supplemental Response to No. 14, pages 3-7 (Ex. 24).

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

words, in a tacit recognition of its own lack of evidence, BorgWarner improperly tries to shift the burden of proving no willful infringement to Hitachi.

Third, BorgWarner asserts that Hitachi knew of the existence of the '738 patent.

**REDACTED**

such knowledge, without more, does not show willful infringement, as discussed *infra*.

Fourth, notwithstanding that Hitachi received a very competent non-infringement opinion,

**REDACTED**

Fifth Supplemental Response, pages 9-10; Fourth Supplemental Response to No. 12, pages 4-5 (Ex. 23).

**REDACTED**

(Ex. 23). All of these allegations are unsupported and/or irrelevant. More fundamentally, such attorney arguments do not constitute evidence.

In sum, there simply is no evidence of willfulness, much less clear and convincing evidence needed to survive summary judgment.

## IV. SUMMARY JUDGMENT IS APPROPRIATE

### A. The Legal Standards

#### 1. The Summary Judgment Standard

FED. R. CIV. P. 56(c) provides that "[summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

**CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION**

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The purpose of this rule is "to eliminate the excess expense and delay which are attendant to an unnecessary trial." *U.S. v. Panhandle Eastern Corp.*, 681 F. Supp. 229, 233 (D. Del. 1988) (quoting *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)). *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 778-79 (Fed. Cir. 1983) ("Where no issue of material fact is present . . . courts should not hesitate to avoid an unnecessary trial by proceeding under FED. R. CIV. P. 56 without regard to the particular type of suit involved."); *see also Procter & Gamble Co. v. Nabisco Brands, Inc.*, 711 F. Supp. 759, 761-62 (D. Del. 1989).

The issue of willful infringement may be resolved on summary judgment. *See e.g., ATC Corp. v. Lydall, Inc.*, 159 F.3d 534, 539 (Fed. Cir. 1998) (affirming summary judgment of no literal infringement and no willful infringement); *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 362 F. Supp.2d 1113, 1117, 1128 (D. Minn. 2005) (granting summary judgment of no willful infringement); *Simmons, Inc. v. Bombardier, Inc.*, 328 F. Supp.2d 1188, 1206-07 (N.D. Utah 2004) (granting summary judgment of nonwillfulness); *Toro Co. v. Ariens Co.*, 232 F.3d 915, 2000 WL 504209, *1, * 9 (Fed. Cir. 2000) (non-precedential) (affirming summary judgment of no willful infringement); *Abbott Labs. v. Diamedix Corp.*, 1998 WL 901671, *5 (N.D. Ill. 1998) (non-precedential) (granting summary judgment of no willful infringement).

BorgWarner bears the burden of proving willful infringement by "clear and convincing" evidence. *BIC Leisure Prods.*, 1 F.3d at 1222. Thus, to avoid summary judgment BorgWarner must go beyond the pleadings and designate specific facts establishing a genuine issue of material fact as to willfulness. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

(1986). BorgWarner "cannot rest simply on the allegations in the pleadings," but "must rely on affidavits, depositions, answers to interrogatories, or admissions on file." *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 199 (3d Cir. 2001) (quoting *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993)). Further, "a mere scintilla of evidence" is not enough to create such a fact issue. *See Anderson*, 477 U.S. at 252. Rather, there must be "*sufficient evidence* favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *See id.* at 249-50 (emphasis supplied) (citations omitted).

Accordingly, BorgWarner must "make a showing sufficient to establish the existence of an element essential to . . . [its] case" in order to survive the summary judgment motion. *Celotex*, 477 U.S. at 322. Summary judgment of non-willfulness is appropriate if the Court concludes that there is insufficient evidence for a reasonable jury to return a verdict for BorgWarner on this issue. *GFL Advantage Fund*, 272 at 199. In this case, the Court can and should avoid the unwarranted expense and time that would be required at trial to address the issue of willful infringement. Even after conducting a wide-net fishing expedition during discovery, BorgWarner has not, and cannot, provide sufficient evidence to show willful infringement.

## 2.   The Willful Infringement Standard

BorgWarner must show "that the totality of the circumstances evince the egregious conduct that constitutes willful infringement." *nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1323-24 (Fed. Cir. 2006). As stated in *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004): "There is no evidentiary presumption that every infringement is willful. Willful infringement is not established by the simple fact of infringement, even though Stryker

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

stipulated that it had knowledge of the Norian patents." *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1351-52 (Fed. Cir. 2000) (stating that an accused infringer's knowledge of asserted patent, without more, is insufficient to support a conclusion of willfulness).

When analyzing willfulness under the "totality of the circumstances" test, a court may consider a number of factors, such as: (1) whether the party deliberately copied the ideas or design of another; (2) whether the party, when it knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the party's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) closeness of the case; (6) the duration of defendant's alleged misconduct; (7) remedial action taken by defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) (providing a list of factors considered by courts in the "totality of the circumstances" test for willfulness), abrogated on other grounds by *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343 (Fed. Cir. 2004); *Tenneco Automotive Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp.2d 360, 365 (D. Del. 2005) (noting that "[a]lthough *Read Corp.* presented these factors as part of its analysis on enhancing damages, the Federal Circuit subsequently adopted these factors for determining willfulness," citing *Knorr-Bremse*, 383 F.3d at 1343).

The Federal Circuit also has made clear what does *not* constitute willfulness. *First*, knowledge of a patent without more is wholly insufficient to establish willful infringement.

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

*Norian*, 363 F.3d at 1332; *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1351-52 (Fed. Cir. 2000).

  *Second*, reliance on a competent opinion of counsel provides compelling evidence of nonwillfulness. *Read*, 970 F.2d at 829 (stating that "[t]hose cases where willful infringement is found despite the presence of an opinion of counsel generally involve situations where opinion of counsel was either ignored or found to be incompetent."). If a party provides an opinion of counsel during litigation, a court may consider several factors in evaluating whether that opinion is "competent":  (1) whether counsel rendering the opinion was a patent attorney or a general practitioner (*Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1390 (Fed. Cir. 1983)); *Ortho Pharmaceutical Corp. v. Smith*, 959 F.2d 936 (Fed. Cir. 1992)); (2) whether counsel was "in-house" counsel to the infringer or was independent outside counsel (*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579 (Fed. Cir. 1988); *see also Amstar Corp. v. Envirotech Corp.*, 823 F. 2d 1538 (Fed. Cir 1987); *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554 (Fed. Cir. 1986)); (3) whether the opinion was oral or written (*Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics*, 976 F.2d 1559, 1580 (Fed. Cir. 1992)); (4) when the opinion was obtained by the alleged infringer (*Del Mar Avionics, Inc. v. Quinton Instruments Co.*, 836 F.2d 1320 (Fed. Cir. 1987); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991)); (5) whether opinion was well reasoned or merely provided conclusory statements (*Underwater Devices*, 717 F.2d at 1390); (6) whether a validity opinion included an examination of the prosecution file history and prior art (*Central Soya Co., Inc. v. Geo. A. Hormel Co.*, 723 F.2d 1573, 1577 (Fed. Cir. 1983)); and (7) whether an infringement opinion compared the alleged infringing product and the patented claims (*Underwater Devices*, 717 F.2d at 1390).

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

Under the "totality of the circumstances" test, the significance of each factor depends on the facts of the particular case. *Read*, 970 F.2d at 826-27; *Studiengesellschaft Kohle*, 862 F.2d at 1574-75. Furthermore, even if Hitachi had not obtained an opinion, it would be error to draw a negative inference regarding willfulness for reasons relating to attorney-client privilege concerns. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344-45 (Fed. Cir. 2004).

*Third*, while actual notice of another's patent rights triggers an affirmative duty of due care, "[t]he patentee must present threshold evidence of culpable behavior" before the burden of production shifts to the accused to put on evidence that it acted with due care. *Norian*, 363 F.3d at 1332 ("[A]bsent an initial presentation of evidence ... this burden of coming forward in defense [does] not arise."). In *Norian*, the Federal Circuit affirmed the district court's grant of a motion to dismiss the issue of willfulness.

### B.    BorgWarner Has No Evidence Of Willfulness

Summary judgment is appropriate because BorgWarner has no evidence of willful infringement and its proffered theories, based on attorney argument, are not evidence. Exactly like the losing patentee in *Norian*, BorgWarner has failed to "present threshold evidence of culpable behavior." BorgWarner has presented (1) "no evidence of copying," (2) "no evidence of failure to obtain an opinion of counsel," (3) no evidence that Hitachi "invoked the attorney-client privilege as to its counsel,"[3] and (4) no evidence "as to whether or not [Hitachi] had acted reasonably once it acquired knowledge of the patent." *Norian*, 363 F.3d at 1332.

---

[3]    After *Norian*, the Federal Circuit eliminated invoking attorney-client privilege as an issue. *Knorr-Bremse*, 383 F.3d at 1344-45.

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

In fact, case law rejects all of BorgWarner's theories. First, any knowledge of Hitachi of the '738 patent is not evidence of willfulness. *Id.* at 1332.

Second, any evidence that BorgWarner generally shared "proprietary VCT technology" with Hitachi cannot, by itself, indicate that Hitachi engaged in anything remotely resembling culpable behavior, much less deliberate copying. BorgWarner does not even allege anything more, except to try to improperly shift the burden to Hitachi to show that it did not copy. Thus, BorgWarner asserts that "*Hitachi has failed to prove* that it independently developed all the VCT systems accused of infringement . . . . Hitachi's failure . . . suggests that Hitachi did, in fact, utilize information obtained from BorgWarner's patent." Fourth Supplemental Response to No. 12, page 8 (Ex. 23) (emphasis added). Likewise, BorgWarner alleges that "*Hitachi has failed to identify documents*" showing that the technology used in Hitachi's products was developed at Hitachi. Third Supplemental Response to No. 14, pages 3-5 (Ex. 24) (emphasis added). Thus, BorgWarner improperly tries to shift to Hitachi the burden of proving no willful infringement, an argument equivalent to Hitachi asserting that BorgWarner has the burden of proving that the '738 patent is "not invalid."

Third, BorgWarner's attack on Hitachi's opinion of counsel falls flat under *Read,* 970 F.2d at 829, and other relevant case law.

**REDACTED**

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

**REDACTED**

**REDACTED**

Fifth Supplemental Response,
page 10 (Ex. 20); Fourth Supplemental Response to No. 12, pages 4-5 (Ex. 23). BorgWarner
fails to provide any factual evidence in support of its allegations. BorgWarner also offers no
legal support whatsoever for the proposition that such alleged "failures" (even assuming they
existed) could render an opinion of counsel incompetent regarding an obviousness analysis.

**CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION**

**REDACTED**

This allegation is unsupported, misleading and irrelevant.

Finally, BorgWarner improperly asserts that the Court should draw a negative inference from Hitachi's failure to rely on

**REDACTED**

Fifth Supplemental Response, page 10 (Ex. 20); Fourth Supplemental Response to No. 12, page 5 (Ex. 23). Putting aside the baseless nature of BorgWarner's allegation, such implication is legally inappropriate because a negative inference cannot be drawn from a failure to provide an opinion of counsel for reasons relating to attorney-client privilege concerns. *Knorr-Bremse*, 383 F.3d at 1344-45.

In sum, BorgWarner has no evidence, much less clear and convincing evidence to support an assertion of willfulness. Its argument of counsel is insufficient to survive summary judgment.

CONTAINS HITACHI CONFIDENTIAL AEO INFORMATION

**V.     CONCLUSION**

For each and all of the foregoing reasons, Hitachi respectfully submits that its Motion for Summary Judgment of No Willful Infringement should be granted.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and.*
*Hitachi Automotive Products (USA), Inc.*

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007–5109
(202) 672–5300

William J. Robinson
Foley & Lardner LLP
2029 Century Park East Blvd., Ste. 3500
Los Angeles, CA 90067-3021
(310) 277-2223

Dated: October 4, 2006
173858.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2006, the attached **REDACTED PUBLIC VERSION OF PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT** was served upon the following counsel of record in the manner indicated:

Richard K. Herrmann, Esquire                                        HAND DELIVERY
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19801


Hugh A. Abrams, Esquire                                        VIA FEDERAL EXPRESS
Sidley Austin LLP
One South Dearborn Street
Chicago, IL  60603




                                        /s/ John G. Day
                                        _____
                                        John G. Day

154486.1