# Exhibit 20

**REDACTED**

# Exhibit 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and BORGWARNER MORSE TEC INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-048-SLR |
| BORGWARNER INC., <br><br> Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and UNISIA NORTH AMERICA, INC., <br><br> Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) | |

**PLAINTIFF HITACHI, LTD.'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS
BORGWARNER INC. AND BORGWARNER MORSE TEC INC.**

Pursuant to FED. R. CIV. P. 33, Plaintiff Hitachi, Ltd. ("Hitachi") directs the following interrogatories to Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. (collectively "BorgWarner") to be answered fully under oath within thirty (30) days of service.

**INSTRUCTIONS**

1. The following interrogatories are continuing and, in accordance with FED. R. CIV. P. 26(e), if after answering the interrogatories BorgWarner acquires knowledge or information regarding additional information responsive to any of these interrogatories, BorgWarner shall

provide Hitachi with a statement of such additional information in a supplemental interrogatory response.

2. Each interrogatory should be answered in full. If BorgWarner cannot do so after conducting a reasonable investigation, answer to the fullest extent possible, explaining why BorgWarner cannot answer completely, stating any knowledge, information, or belief BorgWarner has concerning the unanswered portion of the interrogatory, what information or documents cannot be provided, why the information or documents are not available, and what efforts were made to obtain the unavailable documents or information. If BorgWarner perceives a question to be inapplicable, then indicate as much rather than leaving the question unanswered.

3. The following interrogatories call for information (including any information contained in any Documents) that is known or available to, or in the possession, custody, or control of, BorgWarner or BorgWarner's attorneys, agents, representatives, investigators, or any other person acting on BorgWarner's behalf.

4. If BorgWarner contends that any of the following interrogatories are objectionable in whole or in part, BorgWarner shall state with particularity each objection, the reasons for the objection and the categories of information to which the objection applies. As required by FED. R. CIV. P. 33(b)(1), BorgWarner shall then answer to the extent the interrogatory is not objectionable.

5. If BorgWarner withholds any information or document responsive to any interrogatory, please identify (a) any basis for privilege or immunity from discovery asserted; (b) all documents that contain or refer to the information; (c) all individuals having knowledge of the information; (d) the subject matter and general nature of the information; and (e) all facts that are alleged to support the assertion of privilege or immunity.

6. Where an identified document has been destroyed, or is alleged to have been destroyed, state the reasons for its destruction, the names of the persons having any knowledge of its destruction, the names of persons responsible for its destruction, and the names of each recipient of the destroyed document.

7. If BorgWarner finds the meaning of any term in these interrogatories unclear, BorgWarner shall assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatories according to the assumed meaning.

8. With respect to any response for which BorgWarner specifies records pursuant to FED. R. CIV. P. 33(d), specify such records by identification numbers imprinted upon them.

## DEFINITIONS

1. "BorgWarner" refers to Defendants BorgWarner Inc. and BorgWarner Morse Tec Inc., any predecessor or successor of BorgWarner Inc. and BorgWarner Morse Tec Inc., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of BorgWarner Inc. and BorgWarner Morse Tec Inc. If BorgWarner's response to an interrogatory only applies to a particular Defendant, please indicate as such in BorgWarner's response.

2. "Hitachi" refers to Plaintiff Hitachi, Ltd., any predecessor or successor of Hitachi, Ltd., and any past or present division, subsidiary, affiliate, joint venture, director, officer, agent, employee, consultant, attorney, accountant, or representative of Hitachi, Ltd., including Unisia North America, Inc., Unisia Jecs Corporation and Hitachi Unisia Automotive, Ltd.

3. The "'738 patent" refers to U.S. Patent No. 5,497,738, titled "VCT Control with a Direct Electromechanical Actuator."

4. The "Bruss patent" refers to U.S. Patent No. 4,627,825 to Bruss et al., titled "Apparatus for the Angular Adjustment of a Shaft, Such as a Camshaft, With Respect to a Drive Wheel."

5. The "'023 patent" refers to U.S. Patent No. 5,002,023, entitled "Variable Camshaft Timing for Internal Combustion Engine."

6. The "Interference" refers to Patent Office Interference No. 102,923 that involved BorgWarner's U.S. Patent No. 5,002,023.

7. "Prior Art" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and each and every subdivision of 35 U.S.C. § 102.

8. "Related Patents or Patent Applications" means and includes:

    a. all U.S. and non-U.S. patents and patent applications that claim the benefit, directly or indirectly, of the filing date of the '738 patent;

    b. all U.S. and non-U.S. patents and patent applications from which the '738 patent claims the benefit, directly or indirectly, of the filing date;

    c. all U.S. and non-U.S. patents and patent applications that claim the benefit, directly or indirectly, of the filing date of the same patent or patent application from which the '738 patent claims benefit; and,

    d. all U.S. and non-U.S. patents and patent applications cited in the "Background of the Invention" section of the '738 patent.

9. "USPTO" means the U.S. Patent & Trademark Office.

10. "Hitachi Accused Device" means the Hitachi product(s) that BorgWarner accused of infringement in its Counterclaim and Third Party Complaint, and any other Hitachi product that BW alleges infringes the '738 patent.

4

11. "State" and "Describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, reflect, comprise or bear upon the matter concerning which information is requested.

12. "All" or "each" shall be construed as "all and each."

13. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. "Relate" and "relating to" shall be construed in its broadest sense to require information or documents which construe, comprise, concern, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, comment upon or summarize the subject of the interrogatory.

15. The term "document" shall be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and includes, without limitation, any information containing paper, computer file or other medium and materials, including drafts, whether handwritten, printed, recorded, filmed or produced by any other mechanical or electronic process and includes writings and printed matter of any kind and description, computer generated documents, entails, faxes, photographs, graphs, charts, drawings, tapes, computer disks, notes, messages, laboratory notebooks, notebooks, reports, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by FED. R. EVID. 1001(1) and (2), in the possession, custody or control of BorgWarner, or known to it, wherever located. The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure. Any translation of a document as well as any copy of any document that contains any marking, comment, or notation not

appearing on the original document or that is an alteration of the original in any way is to be considered a separate document. Each copy of any document that is discovered at a different location or in the possession or custody of a different person than the original is to be considered a separate document. The term "document" also shall be construed to include "tangible things" in the broadest meaning permitted under the Federal Rules of Civil Procedure.

16. "Identify" when used in connection with a person, means: (1) if the person is a natural person, the person's name, present or last known business address, telephone numbers and occupation or job title; or (2) if the person is a legal, business or governmental entity or association, the full name, present or last known address, present or last known telephone number, and the names and positions of the individual or individuals connected with such entity or association who have knowledge of the information requested; when used in connection with a document, the term "identify" means to state the production or identification number imprinted on it, or if such numbers are not available, the type of document, its date, author, addressee, general subject matter, and present location and custodian.

17. "Person" or "persons" refers to any natural person or legal, business or governmental entity or association.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each and every claim of the '738 patent that BorgWarner asserts is infringed by the Hitachi Accused Device, whether literally or under the doctrine of equivalents.

6

**INTERROGATORY NO. 2**

For each claim identified in response to Interrogatory No. 1, state all of the factual bases for BorgWarner's allegation that the Hitachi Accused Device infringes each of those claims, including without limitation, in an element-by-element claim chart, where in the Hitachi Accused Device each element of the claim is found, and whether the element is met literally or under the doctrine of equivalents.

**INTERROGATORY NO. 3**

For each claim of the '738 patent, identify the date(s) BorgWarner contends that the claimed invention was conceived, any actual reduction to practice, the earliest effective constructive reduction to practice date to which the claim is entitled, and/or reasonable diligence in reducing the invention to practice, and identify all the facts related to the conception, reduction to practice, and/or reasonable diligence, including but not limited to the Persons involved and their respective contribution to the subject matter of each asserted claim, the location(s) and circumstances, events, and all related documents.

**INTERROGATORY NO. 4**

For each claim of the '738 patent, explain what claim terms should be given their plain or ordinary meaning, if any, and which claim terms, if any, should be interpreted by prevailing claim interpretation principles, including without limitation review of the specification and prosecution history of the '738 patent, inventor testimony, expert testimony, dictionary definitions or learned treatises, etc.

**INTERROGATORY NO. 5**

For claim 10 of the '738 patent, state what each claim term means, and identify all supporting evidence, including but not limited to the specification and prosecution history of the

7

'738 patent, inventor testimony, expert testimony, dictionary definitions or learned treatises, etc., including for but not limited to the following claim terms of claim 10:

(a) "means for transmitting rotary movement from said crankshaft to a housing";

(b) "controlling the position of a vented spool slidably positioned within a spool valve body";

(c) "said controlling utilizing an electromechanical actuator to vary the position of said vented spool, said electromechanical actuator comprising a variable force solenoid"; and

(d) "supplying hydraulic fluid from said source through said spool valve to a means for transmitting rotary movement to said camshaft, said spool valve selectively allowing and blocking flow of hydraulic fluid through an inlet line and through return lines."

## INTERROGATORY NO. 6

Identify the damages that BorgWarner contends it is entitled to recover, state all factual bases for its contentions, including without limitation, what theory such damages are based upon, the identity of any product(s) for which BorgWarner contends it has suffered damages (if any), and the name of the entity responsible for the manufacture and sale of such product(s).

## INTERROGATORY NO. 7

Identify all Persons, associations and/or companies that BorgWarner has contacted, or who has contacted BorgWarner, regarding the '738 patent, including any offers and/or grants of licenses or any rights under the '738 patent or any larger portfolio including the '738 patent, and set forth the details of each such offer, grant or request including identifying all the documents related to the same.

8

**INTERROGATORY NO. 8**

Identify by serial or application number, title, inventor(s), filing date, issue date (if applicable) and country, all BorgWarner patents or patent applications related to variable camshaft timing control systems, whether pending, issued or abandoned.

**INTERROGATORY NO. 9**

Identify every study, test, and/or analysis performed by or for BorgWarner related to the Hitachi Accused Device and/or any other device that BorgWarner has asserted infringes any claim of the '738 patent or otherwise considered to determine whether it infringes any claim of the '738 patent, all documents associated with the study, test or analysis, and all Persons with knowledge of any such study, test or analysis.

**INTERROGATORY NO. 10**

Identify those Persons from whom you, and the date on which you, received any assertion, analysis, review, study, summary, advice, opinion or report, whether oral or written, relating to the '738 patent including, but not limited to those relating to the issues of scope, claim interpretation, infringement, validity or enforceability of the '738 patent.

**INTERROGATORY NO. 11**

Identify each Person who was involved in the preparation and/or prosecution of the '738 patent or Related Patents or Patent Applications, and summarize the respective role played by each such Person by patent or patent application.

**INTERROGATORY NO. 12**

Describe in detail the factual and legal basis for BorgWarner's allegation that Hitachi has willfully infringed the '738 patent.

9

                              ASHBY & GEDDES

                              /s/

                              Steven J. Balick (I.D. #2114)
                              John G. Day (I.D. #2403)
                              222 Delaware Avenue, 17th Floor
                              P.O. Box 1150
                              Wilmington, DE 19899
                              (302) 654-1888

                              *Attorneys for Plaintiffs Hitachi, Ltd. and*
                              *Unisia North America, Inc.*

*Of Counsel*:

Michael D. Kaminski
Pavan K. Agarwal
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: April 25, 2005
{56393.1}

## CERTIFICATE OF SERVICE

I hereby certify that on 25th day of April, 2005, the attached **PLAINTIFF HITACHI, LTD.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS BORGWARNER INC. AND BORGWARNER MORSE TEC INC.** was served upon the following counsel of record in the manner indicated:

Richard K. Herrmann  
Lewis H. Lazarus  
Morris James Hitchens & Williams LLP  
222 Delaware Avenue, 10th Floor  
Wilmington, DE 19899  
(302) 888-6800

**HAND DELIVERY**

Hugh A. Abrams  
Marc A. Cavan  
Hillary A. Mann  
Sidley Austin Brown & Wood, LLP  
10 South Dearborn Street  
Chicago, Illinois 60603  
(312) 853-7000 (phone)  
(312) 853-7036 (fax)

**VIA ELECTRONIC MAIL and FEDERAL EXPRESS**

_[Signature]_  
John G.

# Exhibit 22

# REDACTED