IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and UNISIA NORTH AMERICA, INC.,       ) ) ) | |
| Plaintiffs,       ) ) | C.A. NO. 05-048-SLR |
| v.       ) ) | |
| BORGWARNER, INC., and BORGWARNER MORSE TECH, INC.,       ) ) ) ) | |
| Defendants.       ) | |

## SUPPLEMENTAL DECISION ON PLAINTIFFS' THIRD MOTION TO COMPEL DOCUMENTS ON DEFENDANTS' PRIVILEGE LOG
## THE CATEGORY 4 DOCUMENTS

Steven J. Balick, Esquire, and John G. Day, Esquire, of ASHBY & GEDDES, Attorneys for Plaintiffs Hitachi, Ltd. and Unisia North America, Inc.

Richard K. Herrmann, Esquire, and Mary Matterer, Esquire, of MORRIS JAMES HITCHENS & WILLIAMS, Attorneys for Defendants BorgWarner, Inc. and BorgWarner Morse Tech, Inc.

Collins J. Seitz, Jr., Special Master

I.  **PROCEDURAL HISTORY**

On July 19, 2006, Plaintiffs Hitachi, Ltd. and Unisia North America, Inc. (collectively "Hitachi") filed a Third Motion to Compel (the "Third Motion") the production of documents listed on the privilege log of BorgWarner, Inc. and BorgWarner Morse Tech, Inc. (collectively "BorgWarner"). On September 11, 2006, I issued a decision on Hitachi's Third Motion regarding Hitachi's claims relating to Category 4 documents. With respect to several of the Category 4 Documents, I informed BorgWarner that it needed to supplement the record if it intended to maintain its privilege claims. On September 18 and 19, BorgWarner supplemented the record with four declarations regarding BorgWarner's privilege log entries Nos. 781, 867, 993, 1053, 1167, 1325 1357 and 1646. This is my decision on those entries.

II.  **ANALYSIS**

**Document No. 781**

**Individuals involved and date:** Author and recipient unknown, dated 11/18/93.

**Privilege claimed:** Attorney-client

**Log description:** Note reflecting advice of counsel T. Meehan regarding '804 interference proceedings.

**Slip sheet description:** Entry 781 is the client's (Roger Butterfield) handwritten note on Nov. 18, 1993 that reflects a request for legal advice after receiving information from counsel T. Meehan. All but page one of this document will be produced to Hitachi.

**Ruling:** My initial review of the first page of Entry No. 781 (the only page at issue) showed that BorgWarner had failed to demonstrate that the handwritten notes reflected legal advice from an attorney or that the information in question was communicated to an attorney for the purpose of receiving legal advice. On September 18, 2006, BorgWarner supplemented the record and submitted the September 14, 2006 Declaration of Roger Butterfield, BorgWarner's Chief Engineer, Variable Camshaft Timing. In his Declaration, Mr. Butterfield confirms that Entry No. 781 contains his handwritten notes reflecting legal advice he received from a communication with BorgWarner's counsel (T. Meehan).

To qualify for protection under the attorney-client privilege, the communication must have been for the specific purpose of receiving legal advice. Mr. Butterfield has confirmed that that was the purpose of the communication. As a result, the first page of Entry No. 781 is subject to the attorney-client privilege and that page need not be produced.

## Document No. 867

**Individuals involved and date:** Author, recipient, and date unknown.

**Privilege claimed:** Work product

**Log description:** Information collected for potential litigation regarding '738 patent infringement.

**Slip sheet description:** This document was obtained at the request of trial counsel, Hugh Abrams, in order to provide legal advice.

**Ruling:** BorgWarner has claimed work product protection for this document. On September 19, 2006, BorgWarner supplemented the record and submitted the September 19, 2006 Declaration of Roger Simpson, BorgWarner's Chief Engineer, Advanced Product Development. In his Declaration, Mr. Simpson states that Entry No. 867 consists of notes taken during a meeting with other BorgWarner employees, in order to collect information needed by BorgWarner's outside trial counsel, Hugh Abrams, regarding the ongoing licensing discussions between BorgWarner and Hitachi, which eventually resulted in the present litigation regarding the '738 patent.

With respect to the work product claim, documents are only protected as work product if they are prepared "in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); Fed. R. Civ. P. 26(b)(3). Although the specter of patent litigation looms with every patent application, BorgWarner has presented evidence that this document was prepared with an eye toward potential litigation regarding the patent at issue, the '738 patent. In particular, BorgWarner has shown

that the communication in question involved an interaction with counsel concerning a license agreement regarding the '738 patent, which ultimately led to litigation between the same parties. Accordingly, these documents are subject to protection under the work product immunity and need not be produced.

### Document No. 993

**Individuals involved and date:** Author: S. Quinn, recipient: R. Butterfield, dated 9/11/91.

**Privilege claimed:** Attorney-client

**Log description:** Memorandum providing information regarding patent search to be provided to counsel.

**Slip sheet description:** Entry 993 is the BorgWarner employee Ed Siemon's analysis of a prior art search to be submitted to counsel for use in rendering legal advice.

**Ruling:** On September 18, 2006, BorgWarner supplemented the record and submitted the Declaration by Roger Butterfield. In his Declaration, Mr. Butterfield states "Entry No. 993 reflects my former co-worker's (i.e., Stan Quinn) analysis of a prior art search. I asked Dr. Quinn to prepare this analysis for use by our legal counsel." R. Butterfield attached a cover letter dated September 16, 1991, from Mr. Butterfield to T. Meehan, BorgWarner's outside legal counsel (this document is listed on BorgWarner's privilege log as Entry No. 285), that references and

attaches as an exhibit, Entry No. 993. In light of BorgWarner's supplemental submission, BorgWarner has shown that Entry No. 993 was sent to BorgWarner's outside legal counsel for the purpose of assisting counsel in rendering legal advice to BorgWarner. As a result, Entry No. 993 is subject to the attorney-client privilege and need not be produced.

### Document Nos. 1053 and 1167

**Individuals involved and date:** Author: R. Butterfield, recipient unknown, dated 7/14/93.

**Privilege claimed:** Attorney-client

**Log description:** Report regarding potential Melchior interference settlement and reflecting advice.

**Slip sheet description:** Entry 1053 is a report with the client's (Roger Butterfield's) annotations used at a meeting with in-house counsel (Greg Dziegielewski) on July 14, 1993 related to strategy and course of action in the Melchior interference. Entry 1055 (also submitted *in camera*) consists of handwritten notes from the meeting on July 14 and confirms that Greg Dziegielewski ("GD") was in attendance at the meeting. Entry 1167 is a later iteration of entry 1053 which is a report used at a meeting with in-house counsel Greg Dziegielewski on July 14, 1993, related to strategy and course of action in the Melchior interference.

**Ruling:** On September 18, 2006, BorgWarner supplemented the record and submitted the Declaration by Roger Butterfield. In his Declaration, Mr. Butterfield states in summary fashion that "Entries 1053 and 1167 are two versions of the same document and contain my handwriting. These documents were prepared by me <u>either</u> with counsel or for use in discussions with BorgWarner's counsel regarding possible settlement of the Melchior interference." (emphasis added). BorgWarner claims that this document is subject to the attorney-client privilege because it is a report with a BorgWarner employee's annotations used at a meeting with in-house counsel. As I previously noted, there is no evidence on the face of the document that BorgWarner's claim is correct. Even if a BorgWarner attorney was present at the meeting, there is no indication that this document was prepared at the request of counsel, or ever sent to counsel and maintained in confidence. Moreover, there is no indication that the handwritten notes reflect any legal advice by counsel. Indeed, Mr. Butterfield's Declaration is ambiguous as to when or under what circumstances he made the handwritten notes. As a result, BorgWarner has failed to carry its burden with respect to its claim of attorney-client privilege regarding these two documents, so they must be produced.

**Document No. 1325**

**Individuals involved and date:** Author, recipient, and date unknown.

**Privilege claimed:** Attorney-client and Work Product

**Log description:** Notes reflecting advice regarding strategy for potential litigation for infringement of '738 patent.

**Slip sheet description:** Entry 1325 consists of the client's notes corresponding to pages 4-5 of entry 1357 (also submitted *in camera* and is notes from meeting with in-house counsel M. Tucker) reflecting legal advice regarding strategy related to potential litigation over the '738 patent.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for Entry No. 1325. On September 18, 2006, BorgWarner supplemented the record and submitted the September 15, 2006 Declaration of Wolfgang Bullmer, BorgWarner's Vice President and General Manager, Engine Products. In his Declaration, Mr. Bullmer states that he participated in a series of meetings with a limited number of BorgWarner employees, including Borg-Warner's in-house counsel (M. Tucker) regarding potential licensing or litigation over the '738 patent. He also states that Entry No. 1325 consists of "my handwritten notes and a list of suppliers and systems developers we discussed during these meetings." As for the handwritten notes, he states that "during those meetings the information contained in Entry No. 1325 was conveyed to counsel for the purposes of receiving legal advice."

With respect to the work product claim, BorgWarner has met its burden. Documents are only protected as work product if they are prepared "in anticipation

of litigation." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); Fed. R. Civ. P. 26(b)(3). Mr. Bullmer, in his Declaration, states that this document was prepared "regarding potential licensing or litigation," concerning the '738 patent at issue. Accordingly, BorgWarner has carried its burden and this document is protected from discovery due to the work product immunity.

With respect to the attorney-client privilege, after reviewing the Declaration of Mr. Bullmer, BorgWarner has shown that these notes were taken as a result of a communication with a BorgWarner attorney, but Mr. Bullmer fails to provide any particulars such as the name or names of the particular BorgWarner attorney(s). Mr. Bullmer simply states that he participated in a series of meetings with a limited number of BorgWarner employees, including BorgWarner counsel, regarding potential licensing or litigation over the '738 patent. This showing is insufficient to carry BorgWarner's burden with regard to its attorney-client privilege claim.

Because I have sustained BorgWarner's work product claim, the document does not have to be produced.

### Document No. 1357

**Individuals involved and date:** Author, recipient and date unknown.

**Privilege claimed:** Attorney-client

**Log description:** Assignments and schedule reflecting legal advice regarding potential infringement strategy of M. Tucker.

**Slip sheet description:** Entry 1357 consists of the client's notes reflecting legal advice received during a meeting from counsel (note "Mike Tucker" is in-house counsel and is specifically referred to on pages 1, 6 and 7) regarding strategy and course of action related to potential litigation over '738 patent.

**Ruling:** BorgWarner has claimed attorney-client privilege with respect to this document. On September 18, 2006, BorgWarner supplemented the record and submitted the September 18, 2006 Declaration by Michael Tucker, BorgWarner's Senior Patent Counsel. In his Declaration, Mr. Tucker states that he participated in a series of meetings regarding potential licensing or litigation over the '738 patent. And during these meetings, Mr. Tucker conveyed legal advice to a number of BorgWarner employees. With respect to Entry 1357, he identified the information contained in the documents as the legal advice he gave regarding the '738 patent.

To qualify for protection under the attorney-client privilege, the communication must have been for the specific purpose of rendering legal advice. Because Mr. Tucker has shown through his Declaration that the communications memorialized in part in Entry No. 1357 related to his rendering of legal advice with respect to his client, BorgWarner, Entry No. 1357 is subject to attorney-client privilege and the document need not be produced.

**Document No. 1646**

**Individuals involved and date:** Author, recipient, and date unknown.

**Privilege claimed:** Attorney-client – work product

**Log description:** Report regarding investigation of potential infringement of '738 patent.

**Slip sheet description:** This document was prepared in the course of BorgWarner's investigations into possible infringement of the patent in suit in conjunction with the advice of lawyers.

**Ruling:** BorgWarner has claimed both attorney-client privilege and work product protection for this document. On September 19, 2006, BorgWarner supplemented the record and submitted the September 19, 2006 Declaration by Roger Simpson, BorgWarner's Chief Engineer, Advanced Product Development.

With respect to the work product claim, BorgWarner has met its burden. As previously noted, documents are only protected as work product if they are prepared "in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); Fed. R. Civ. P. 26(b)(3). BorgWarner has shown that this document was prepared "regarding potential licensing of the '738 patent or litigation involving the '738 patent," which is the patent at issue in this litigation. Accordingly, BorgWarner has carried its burden, and these documents are subject to protection under the work product immunity.

With respect to the attorney-client privilege, Mr. Simpson states that "this document was prepared by BorgWarner employees and was provided to in-house

counsel, Michael Tucker, to assist in providing legal advice regarding potential licensing of the '738 patent or litigation involving the '738 patent." Since the attorney-client privilege protects communications with counsel for the purpose of seeking/rendering legal advice, BorgWarner has carried its burden with respect to its claim of attorney-client privilege for this document, and as a result, this document need not be produced.

### III. CONCLUSION

In accordance with this decision, BorgWarner shall produce documents on its privilege log for which the attorney-client privilege or work product claim is denied.

_____
Special Master

Dated: October 12, 2006