## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HITACHI, LTD. and HITACHI AUTOMOTIVE ) 
PRODUCTS (USA), INC., )
                                                )
          Plaintiffs, )
                                                  )
    v. )
                                                ) Civil Action No. 05-048-SLR
BORGWARNER INC., )
and BORGWARNER MORSE TEC INC., )
                                                 )
          Defendants. )

———————————————————— )
                                                  )
BORGWARNER INC., )
                                                  )
          Counterclaimant, )
                                                  )
    v. )
                                                  )
HITACHI, LTD., and HITACHI AUTOMOTIVE )
PRODUCTS (USA), INC., )
                                                  )
          Counterdefendants. )

## DECLARATION OF MARY B. MATTERER IN SUPPORT OF
## THE SUR-REPLY CLAIM CONSTRUCTION BRIEF
## OF BORGWARNER INC. AND BORGWARNER MORSE TEC INC.

*OF COUNSEL:*

SIDLEY AUSTIN BROWN & WOOD, LLP
Hugh A. Abrams
Thomas D. Rein
Lisa Schneider
Marc A. Cavan
Lara V. Hirshfeld
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated:  November 3, 2006

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com
*Attorneys for BorgWarner Inc. and*
*BorgWarner Morse TEC Inc.*

I, Mary B. Matterer, do hereby declare and say as follows:

1.    I am a member in good standing of the Bar of the State of Delaware and a partner at the law firm of Morris, James, Hitchens & Williams LLP, counsel to Defendant BorgWarner Morse TEC Inc. and Defendant/Counterclaimant BorgWarner Inc. (collectively "BorgWarner") in the above action.

2.    I submit this declaration in support of the Sur-Reply Claim Construction Brief of BorgWarner Inc. and BorgWarner Morse TEC Inc.

3.    Attached hereto as Exhibit 33 is a true and correct copy of the Preliminary Amendment from the prosecution history of U.S. Patent No. 5,497,738 ("the '738 patent").

4.    Attached hereto as Exhibit 34 is a true and correct copy of the December 5, 1994 Office Action from the prosecution history of the '738 patent.

5.    Attached hereto as Exhibit 35 is a true and correct copy of MPEP § 806.04.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  November 3, 2006

Mary B. Matterer

# EXHIBIT 33



I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING
DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS
FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO:
COMMISSIONER OF PATENTS AND TRADEMARKS WASH-
INGTON, D.C. 20231 ON    11-23-93
(DATE OF DEPOSIT)

_Wenda J. _____

11-23-93
DATE OF SIGNATURE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:          :   Group Art Unit: 3402
                               :
EDWARD C. SIEMON ET AL.        :
                               :
Serial No. 08/056,635          :   Examiner: W. Lo
                               :
Filed: May 3, 1992             :
                               :
For: VCT CONTROL WITH A        :   Atty. Dkt. No.: 91016A
     DIRECT ELECTRO-           :
     MECHANICAL ACTUATOR       :

---

### PRELIMINARY AMENDMENT

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

This paper is in response to the various telephone
conversations which have taken place between Examiner and
counsel for Applicants regarding the above-named
application.  No Office Action has been issued as of the
date of filing this paper.

### IN THE SPECIFICATION

Applicants respectfully request that the following be
added immediately after the application title, but before
the heading "FIELD OF THE INVENTION":

CROSS REFERENCE TO CO-PENDING APPLICATION
This application is a continuation-in-part of co-
pending application Serial No. 940,273 which was filed
September 3, 1992, now U.S. Patent No. 5,218,935, granted
June 15, 1993..

BW 002134

<u>IN THE CLAIMS</u>

Applicants respectfully request that previously submitted Claim 12 be cancelled without prejudice.

Applicants respectfully request that Claims 11 and 13-15 be amended as follows:

10
~~11~~. (amended)  In an internal combustion engine having a variable camshaft timing system <u>for varying the phase angle of a camshaft relative to a crankshaft</u>, a method of regulating the flow of hydraulic fluid <u>from a source to a means for transmitting rotary movement from said crankshaft to a housing</u>, comprising the steps of:

sensing the positions of [a] <u>said</u> camshaft and [a] <u>said</u> crankshaft;

calculating a relative phase angle between said camshaft and said crankshaft, said calculating step using an engine control unit [to] <u>for</u> processing information obtained from said sensing step, said engine control unit <u>further</u> issuing a electrical signal corresponding to said phase angle; [and,]

controlling the position of a vented spool slidably positioned within a spool valve body, said controlling step being in response to said signal received from said engine control unit, said controlling step utilizing an electromechanical actuator to vary the position of said vented spool [whereby allowing or preventing flow of hydraulic fluid through said valve body.]<u>, said electromechanical actuator comprising a variable force solenoid;</u>

<u>supplying hydraulic fluid from said source through said spool valve to a means for transmitting rotary movement to said camshaft, said spool valve selectively allowing and blocking flow of hydraulic fluid through an inlet line and through return lines; and.</u>

transmitting rotary movement to said camshaft in such a manner as to vary the phase angle of said camshaft with respect to said crankshaft, said rotary movement being transmitted through a housing, said housing being mounted on said camshaft, said housing further being rotatable with said camshaft and being oscillatable with respect to said camshaft.

23. (amended)  The method of Claim [12] 21 wherein said variable force solenoid comprises:

a coil, said coil [for receiving] being adapted to receive said electrical signal from said engine control unit;

an armature, said armature being substantially surrounded by said coil, said armature being connected to said spool, said coil, when energized, creating a magnetic field sufficient to cause said armature to exert a force upon said spool and induce movement in said spool, said movement corresponding to said signal from said engine control unit;

an air gap, said air gap [for] separating said coil from said armature; and,

a housing, said housing [for] providing an enclosure for said coil, said armature, and said air gap.

24. (amended)  The method of Claim [13] 22 wherein said electromechanical actuator further comprises a stroke amplifier, said stroke amplifier for providing a net gain in force as applied to said spool.

25. (amended)  The method of Claim [16] 24 wherein said stroke amplifier comprises a lever arrangement.

Applicants respectfully request that previously submitted Claims 16-22 be cancelled without prejudice.

<u>REMARKS</u>

This preliminary amendment and accompanying remarks are submitted in response to the various telephone conversations between counsel for Applicants and Examiner regarding the above-named application.  During those conversations the Examiner expressed his concern that the present invention was obvious over prior art, but suggested that a continuation-in-part would be considered for allowance if the proper formalities were observed.  The Examiner:

1) required that a supplemental declaration be submitted;

2) required that a terminal disclaimer be submitted in light of the double patenting and obviousness issues;

3) stated that Claims 1-10 were allowable as submitted, provided the above requirements were met;

4) stated that method Claims 11-15 needed more detail before they would be allowed; and,

5) requested that Claims 16-22 be cancelled because of their scope which exceeded that of combustion engine art.

Applicants respectfully respond as follows:

1) A supplemental declaration is enclosed;

2) A terminal disclaimer is enclosed:

3) Claims 1-10 are not amended, in light of Examiner's previous comments.

4) Claims 11 and 13-15 are amended to add the detail required by the Examiner; Claim 12 is cancelled.

5) Claims 16-22 are cancelled, as requested.

A

BW 002137

## CONCLUSION

In summary, it is respectfully submitted that Applicants have properly responded to all matters which are at issue in this application and that this application is now in condition for allowance. Reconsideration of this application and allowance of all pending claims is earnestly solicited. Should Examiner require additional information or wish to discuss matters further, the undersigned attorney for Applicants is willing to do so.

Respectfully submitted,

David A. Spenard
Registration No. 37,449

Willian Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578

# EXHIBIT 34

 

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON | E | 92007 |

| | EXAMINER |
|---|---|
| LU.W | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3402 | 16 |

:34M1/1205

BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

DATE MAILED: 12/05/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☒ Responsive to communication filed on 11/7/94   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I** THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II** SUMMARY OF ACTION

1. ☒ Claims _1-11 and 13-15_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-11 and 13-15_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____ ; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

BW 002173

Serial Number: 08/ 056,635                                    -2-

Art Unit: 3402


Part III   DETAILED ACTION


*Claim Rejections – 35 USC § 103*

1.   The text of those sections of Title 35, U.S. Code not
included in this action can be found in a prior Office action.

2.   Claims 1-11 and 13-15 are rejected under 35 U.S.C. § 103 as
being unpatentable over Butterfield et al. ('659), Linder et al.,
Hendrixon et al., and Strauber et al.  Butterfield et al. show an
internal combustion engine with a camshaft phase varying system
substantially as claimed including a vane, a housing, a spool
valve, and various return lines.  Butterfield et al. show in fig.
20 a lever arrangement to actuate the spool valve.  Linder et al.
teach a camshaft phase varying system including the utilization
of camshaft torque reversals similar to the system of the instant
application and a solenoid valve 24 to control the flow of the
working fluid between two chambers 7 and 8.  Linder et al. also
show a close-loop feed back system to control a camshaft phase
varying mechanism (fig. 7).   Strauber et al. are relied upon
solely to further show a camshaft phase varying mechanism which
utilizes a solenoid to operate a spool valve to control the flow
of the working fluid.  Strauber et al. show a common solenoid
which includes all the elements as claimed.  All solenoid valves
are of the variable force type by nature, which depend on the
voltage or current change delivered to the solenoids.  It is well

BW 002174

Serial Number: 08/ 056,635                                          -3-
Art Unit: 3402

known to provide a variable force solenoid valve to obtain linear
control and variable fluid rate of flow as taught by Hendrixon et
al.  It would have been obvious for one of ordinary skill in the
art at the time the invention was made to have made a system as
presently claimed by utilizing a system as shown by Butterfield
et al. and substituting a solenoid control valve system of Linder
et al. which includes a solenoid actuated spool valve combination
as taught by Strauber et al. with a variable force function as
shown to be common by Hendrixon et al. for the variable similar
variable force controlled hydraulic spool valve system of
Butterfield et al. in that the solenoid and hydraulic actuators
are obvious common variants and additionally the solenoid
actuator may provide a quicker response and to better control the
working fluid in the system.  Additionally, it would have been
obvious for said individual at the time the invention was made to
have to amplify the stroke or provide a net gain in force by
varying the lever ratio in the system of Butterfield et al. which
is a basic engineering principle, and by using a lever to gain
amplification of force in not new or an unusual result.

*Response to Amendment*

3.   Applicant's arguments filed 111/7/94 have been fully
considered but they are not deemed to be persuasive.

Serial Number: 08/ 056,635                                              -4-

Art Unit: 3402

     In response to Applicant's argument that the Examiner's
conclusion of obviousness is based upon improper hindsight
reasoning, it must be recognized that any judgement on
obviousness is in a sense necessarily a reconstruction based upon
hindsight reasoning.  But so long as it takes into account only
knowledge which was within the level of ordinary skill at the
time the claimed invention was made, and does not include
knowledge gleaned only from the applicant's disclosure, such a
reconstruction is proper.  *In re McLaughlin*, 443 F.2d 1392; 170
USPQ 209 (CCPA 1971).

     In response to Applicant's argument that there is no
suggestion to combine the references, the Examiner recognizes
that references cannot be arbitrarily combined and that there
must be some reason why one skilled in the art would be motivated
to make the proposed combination of primary and secondary
references.  *In re Nomiya*, 184 USPQ 607 (CCPA 1975).  However,
there is no requirement that a motivation to make the
modification be expressly articulated. The test for combining
references is what the combination of disclosures taken as a
whole would suggest to one of ordinary skill in the art.  *In re*
*McLaughlin*, 170 USPQ 209 (CCPA 1971). References are evaluated
by what they suggest to one versed in the art, rather than by
their specific disclosures.  *In re Bozek*, 163 USPQ 545 (CCPA)
1969.  In this case, the fact the Butterfield shows the use of a

Serial Number: 08/ 056,635                                    -5-

Art Unit: 3402

hydraulic actuator 234 with or without a lever arrangement 440
would have been easily replaced by a solenoid actuator,
especially when Linder et al. teach the use of a solenoid control
valve 24 as do Strauber et al. (a solenoid actuated spool valve).
Additionally, Hendrixon et al. are relied upon to specifically
teach that variable force solenoid actuated spool valves are old.
The teaching available to one of ordinary skill in the art, as
shown by the references cited, would render the claims obvious.

### Conclusion

4.    The prior art made of record and not relied upon is
considered pertinent to applicant's disclosure.  Note, the
additional citing of Kano et al. teaching that a control valves
24 and 25 provide for linear control of the hydraulic fluid in a
variable valve timing system.

5.    THIS ACTION IS MADE FINAL.  Applicant is reminded of the
extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

Serial Number: 08/ 056,635                                         -6-

Art Unit: 3402


        Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Weilun Lo
whose telephone number is (703) 308-1957.

        Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0861.



Weilun Lo
Patent Examiner
Art Unit 3402
November 29, 1994

                                    HENRY C. YUEN
                                  PRIMARY EXAMINER
                                   ART UNIT 3402

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892<br>(REV. 2-92) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>056,635 | GROUP ART UNIT<br>3402 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER<br>16 |
|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S)<br>SIEMON et al. | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 5 2 7 1 3 6 0 | 12/1993 | KANO et al. | 123 | 90.17 | 11/91 |
| B | | | | | | | |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT<br>SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | |
| M | | | | | | | | | |
| N | | | | | | | | | |
| O | | | | | | | | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER<br>Neilan Lo | DATE<br>11/29/94 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

BW 002179

# EXHIBIT 35

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision August 2006



## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

Rev. 5, Aug. 2006

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

Superintendent of Documents          Telephone:   202-512-2267
Mail List Section
Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

Superintendent of Documents          Telephone:   202-512-1800
United States Government Printing Office
Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

Mail Stop Document Services          Telephone:   1-800-972-6382 or 571-272-3150
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

U.S. Patent and Trademark Office          Telephone:   571-272-5600
Office of Electronic Information Products
MDW 4C18, P.O. Box 1450
Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.          Telephone:   571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text.  Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983
Sixth Edition, January 1995
Seventh Edition, July 1998
Eighth Edition, August 2001
    Revision 1, February 2003
    Revision 2, May 2004
    Revision 3, August 2005
    Revision 4, October 2005
    Revision 5, August 2006

See MPEP § 802.01 for criteria for patentably distinct inventions.

## 806.01    Compare    Claimed    Subject Matter [R-3]

In passing upon questions of double patenting and restriction, it is the claimed subject matter that is considered and such claimed subject matter must be compared in order to determine the question of distinctness or independence. >However, a provisional election of a single species may be required where only generic claims are presented and the generic claims recite such a multiplicity of species that an unduly extensive and burdensome search is necessary. See MPEP § 803.02 and § 808.01(a).<
**

## 806.03    Single Embodiment, Claims Defining Same Essential Features [R-3]

Where the claims of an application define the same essential characteristics of a *single* disclosed embodiment of an invention, restriction therebetween should never be required. This is because the claims are *>not directed to distinct inventions; rather they are< different definitions of the same disclosed subject matter, varying in breadth or scope of definition.

Where such claims *>are voluntarily presented< in different applications **>having at least one common inventor or a common assignee (i.e., no restriction requirement was made by the Office)<, disclosing the same embodiments, see MPEP § 804 - § 804.02.

## 806.04    **>Genus and/or Species< Inventions [R-3]

**>Where an application includes claims directed to different embodiments or species that could fall within the scope of a generic claim, restriction between the species may be proper if the species are independent or distinct. However, 37 CFR 1.141 provides that an allowable generic claim may link a reasonable number of species embraced thereby. The practice is set forth in 37 CFR 1.146.

*37 CFR 1.146. Election of species.*

In the first action on an application containing a generic claim to a generic invention (genus) and claims to more than one patentably distinct species embraced thereby, the examiner may require the applicant in the reply to that action to elect a species of his or her invention to which his or her claim will be restricted if no claim to the genus is found to be allowable. However, if such application contains claims directed to more than a reasonable number of species, the examiner may require restriction of the claims to not more than a reasonable number of species before taking further action in the application.

See MPEP § 806.04(d) for the definition of a generic claim, and MPEP § 806.04(e) for a discussion of claims that include one or more species.<
**

## 806.04(b)    Species May Be >Independent or< Related Inventions [R-3]

Species **>may be either< independent **>or< related under the particular disclosure. >Where species under a claimed genus are not connected in any of design, operation, or effect under the disclosure, the species are independent inventions. See MPEP § 802.01 and § 806.06.< Where inventions as disclosed and claimed are both (A) species under a claimed genus and (B) related, then the question of restriction must be determined by both the practice applicable to election of species and the practice applicable to other types of restrictions such as those covered in MPEP § 806.05 - § *>806.05(j)<. If restriction is improper under either practice, it should not be required.

For example, two different subcombinations usable with each other may each be a species of some common generic invention. **>If so,< restriction practice under election of species and the practice applicable to restriction between combination and subcombinations >must be addressed<.

As a further example, species of carbon compounds may be related to each other as intermediate and final product. Thus, these species are not independent and in order to sustain a restriction requirement, distinctness must be shown. Distinctness is proven if >the intermediate and final products do not overlap in scope and are not obvious variants and< it can be shown that the intermediate product is useful other than to make the final product. Otherwise, the disclosed relationship would preclude their being issued in separate patents. >See MPEP § 806.05(j) for restriction practice pertaining to related products, including intermediate-final product relationships.<
**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I caused the following document, **DECLARATION OF MARY B. MATTERER IN SUPPORT OF THE SUR-REPLY CLAIM CONSTRUCTION BRIEF OF BORGWARNER INC. AND BORGWARNER MORSE TEC INC.** to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Steven J. Balick, Esq.
John G. Day, Esq.
Tiffany Geyer Lydon, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on November 3, 2006, I caused the foregoing document to be served via email on the following non-registered participants:

Michael D. Kaminski, Esq.
Pavan K. Agarwal, Esq.
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
mkaminski@foley.com
pagarwal@foley.com
lpeterson@foley.com

Mary B. Matterer (I.D. #2696)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com
   Attorneys for Defendants and Counterclaimant,
   BORGWARNER INC., and
   BORGWARNER MORSE TEC INC.