

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO/TITLE |
|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON     E | 92007 |

03B1/0608

GERALD R. BLACK
BORG WARNER AUTOMOTIVE, INC.
PATENT DEPARTMENT
6700 18 1/2 MILE ROAD
STERLING HEIGHTS, MI 48311-8022

0000

DATE MAILED: 06/08/93

**RECEIVED**
**JUL 06 1993**
**APPLICATION DIVISION**

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### FILING DATE GRANTED

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ 130.00 for large entities or $ 65.00 for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e).

If all required items on this form are filed within the period set below, the total amount owed by applicant as a ☒ large entity, ☐ small entity (verified statement filed), is $ 130.00

Applicant is given ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE of this application, WHICHEVER IS LATER, within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity, must submit $_____ to complete the basic filing fee.

2. ☐ Additional claim fees of $_____ as a ☐ large entity, ☐ small entity, including any required multiple dependant claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due.

3. ☒ The oath or declaration:
   ☒ is missing.
   ☐ does not cover items omitted at time of execution.
   An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

5. ☐ The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration:
   _____ An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

7. ☐ The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $_____ under 37 CFR 1.17(k), unless this fee has already been paid.

8. ☐ A $_____ processing fee is required for returned checks. (37 CFR 1.21(m)).

9. ☐ Your filing receipt was mailed in error because your check was returned without payment.

10. ☐ The application does not comply with the Sequence Rules. See attached Notice to Comply with Sequence Rules 37 CFR 1.821-1.825.

11. ☐ Other.

Direct the response and any questions about this notice to _____, Application Processing Division, Special Processing and Correspondence Branch (703) 308-1202.

SC13669  07/02/93  08056635          02-3182  130  105          130.00CH

*A copy of this notice MUST be returned with the response.*

FORM PTO-1533 (REV. 5-89)          COPY TO BE RETURNED WITH RESPONSE.

BW 002124



92007

<u>IN THE UNITED STATES PATENT & TRADEMARK OFFICE</u>

In re Application of:  Edward C. Siemon and Stanley B. Quinn, Jr.

Serial No.:  08/056,635

Filed:  May 03, 1993

For:  VCT CONTROL WITH A DIRECT
      ELECTROMECHANICAL ACTUATOR

Attorney Docket No.:  92007

Date: June 18, 1993

ATTENTION:  <u>Application Division,
            Special Handling Unit</u>

<u>RESPONSE TO NOTICE TO FILE MISSING PARTS OF APPLICATION</u>

Honorable Commissioner of Patents
& Trademarks
Washington, D.C. 20231

Dear Sir:

In response to the Notice to File Missing Parts of Application mailed
June 08, 1993, please find enclosed the Declaration form signed by the
inventors and a copy of the Form PTO-1533.

The Patent and Trademark Office is authorized to charge the surcharge
of $130.00 or any fees incurred in the filing of this Declaration to our
Deposit Account No. 02-3182.

Respectfully submitted,

Greg Dziegielewski
Reg. No. 28,073

BORG-WARNER AUTOMOTIVE, INC.
6700 18-1/2 Mile Road
P.O. Box 8022
Sterling Heights, Michigan 48311-8022
(313) 726-4431

<u>CERTIFICATE OF MAILING (37 CFR 1.8a)</u>

I hereby certify that this paper (along with any paper referred to as being
attached or enclosed) is being deposited with the United States Postal Service
on the date shown below with sufficient postage as first class mail in an
envelope addressed to the:  Commissioner of Patents and Trademarks,
Washington, D.C. 20231.

Date: June 18, 1993

Olive Carrick

BW 002125



#3

92007    DECLARATION FOR PATENT APPLICATION

As a below named inventor, I hereby declare that my residence, post office address and citizenship are as stated below next to my name; I believe that I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR

the specification of which (check one):  ___ is attached hereto;  X  was filed on May 03, 1993, as Application Serial No. 08/056,635 , and was amended on (or amended through) _____ (if applicable).  I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment(s) referred to above.  I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).  I hereby claim foreign priority benefits under Title 35, United States Code, § 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed.

Prior Foreign Application(s)                    Priority Claimed

_____                 __Yes __No
(Number)   (Country)   (Day/Month/Year Filed)

_____                 __Yes __No
(Number)   (Country)   (Day/Month/Year Filed)

_____                 __Yes __No
(Number)   (Country)   (Day/Month/Year Filed)

I hereby claim the benefit under Title 35, United States Code, § 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

_____
(Application Serial No.) (Filing Date) (Status: Patented,
                                        Pending or Abandoned)

_____
(Application Serial No.) (Filing Date) (Status: Patented,
                                        Pending or Abandoned)

92007                                    - 2 -

   I hereby declare that all statements made herein of my own knowledge are true
and that all statements made on information and belief are believed to be true;
and further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both,
under Section 1001 of Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the application or any patent
issued thereon.

   POWER OF ATTORNEY:  I (We) hereby appoint as my (our) attorneys, with full
powers of substitution and revocation, to prosecute this application and transact
all business in the Patent and Trademark Office connected therewith:

| Attorney | Reg. No. | Telephone No. |
|----------|----------|---------------|
| Greg Dziegielewski | 28,073 | 313-726-4431 |
| Gerald R. Black | 29,514 | 313-726-4432 |
| Thomas A. Meehan | 19,713 | 419-244-6578 |
| David D. Murray | 28,647 | 419-244-6578 |
| Vincent L. Barker, Jr. | 21,130 | 419-244-6578 |
| David B. Kelley | 33,718 | 419-244-6578 |
| Larry R. Meenan | 33,423 | 419-244-6578 |

Please Direct Telephone Calls To:
         Thomas A. Meehan            419-244-6578

Send correspondence to:  Borg-Warner Automotive, Inc.
                         Patent Docket Administrator
                         6700 18-1/2 Mile Road
                         P.O. Box 8022
                         Sterling Heights, Michigan  48311-8022

Name of First or Sole Inventor:        Citizenship:

     Edward C. Siemon                       U.S.A.

Residence Address-Street:              POST OFFICE
                                       Address-Street

   119 Simsbury Drive                  119 Simsbury Drive

City (Zip):                            City (Zip):
   Ithaca        14850                    Ithaca        14850

State or Country:                      State or Country:
   New York                               New York

Date:                     Signature:

   MAY 24, 1991           _Edward C. Siemon_

BW 002127

92007                                             - 3 -

Name of Second Joint Inventor:              Citizenship:

_Stanley B. Quinn, Jr._                      _U.S.A._

Residence Address-Street:                   POST OFFICE
                                            Address-Street
_113 Terrace View Drive_                     _113 Terrace View Drive_

City (Zip):                                 City (Zip):
_Ithaca        14850_                        _Ithaca        14850_

State or Country:                           State or Country:
_New York_                                   _New York_

Date:                    Signature:
_5/24/93_                _____

Name of Third Joint Inventor:               Citizenship:

_____                        _____

Residence Address-Street:                   POST OFFICE
                                            Address-Street
_____

_____                        _____

City (Zip):                                 City (Zip):
_____                        _____

State or Country:                           State or Country:
_____                        _____

Date:                    Signature:
_____     _____

Name of Fourth Joint Inventor:              Citizenship:

_____                        _____

Residence Address-Street:                   POST OFFICE
                                            Address-Street
_____

_____                        _____

City (Zip):                                 City (Zip):
_____                        _____

State or Country:                           State or Country:
_____                        _____

Date:                    Signature:
_____     _____

BW 002128

08 056635

| Form PTO-1449 (REV. 2-83) | U.S. Department of Commerce Patent and Trademark Office | ATTY. DOCKET NO. 92007 | SERIAL NO. 056,635 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | APPLICANT Edward C. Siemon, et al. | |
| (Use several sheets if necessary) | | FILING DATE Herewith | GROUP 3402 |

Sheet 1 of 1

MAY 3 1993

**U.S. PATENTS DOCUMENTS**

| *EXAMINER INITIAL | PATENT NUMBER | ISSUE DATE | PATENTEE | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| WA | 5 0 8 8 4 5 6 | 02/18/92 | S. Suga | 123 | 90.17 | 01/29/91 |
| ↓ | 4 8 5 8 5 7 2 | 06/22/89 | E. Shirai, et al. | 123 | 90.12 | 09/30/88 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NUMBER | PUBLICATION DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS** (Including Author, Title, Date, Pertinent Pages, Place of Publication, Etc.)

| EXAMINER | | DATE CONSIDERED 12/22/93 |
|---|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



SUPPLEMENTAL DECLARATION FOR A CONTINUATION-IN-PART APPLICATION

As a below named inventor, I hereby declare that my residence, post office address and citizenship are as stated below next to my name; I believe that I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR

the specification of which (check one): ___ is attached hereto; _X_ was filed on May 03, 1993, as Application Serial No. 08/056,635, and was amended on (or amended through) _____ (if applicable). I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment(s) referred to above. I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a). I hereby claim foreign priority benefits under Title 35, United States Code, § 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application(s) | | | Priority Claimed |
|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | __Yes __No |
| (Number) | (Country) | (Day/Month/Year Filed) | __Yes __No |
| (Number) | (Country) | (Day/Month/Year Filed) | __Yes __No |

I hereby claim the benefit under Title 35, United States Code, § 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

U.S. Serial No. 07/940,273 Filed 09/03/1992 Now Patent No. 5,218,935

(Application Serial No.) (Filing Date) (Status: Patented, Pending or Abandoned)

_____

(Application Serial No.) (Filing Date) (Status: Patented, Pending or Abandoned)

BW 002130

91016A                              - 2 -

   I hereby declare that all statements made herein of my own knowledge are true
and that all statements made on information and belief are believed to be true;
and further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both,
under Section 1001 of Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the application or any patent
issued thereon.

   POWER OF ATTORNEY:  I (We) hereby appoint as my (our) attorneys, with full
powers of substitution and revocation, to prosecute this application and transact
all business in the Patent and Trademark Office connected therewith:

| Attorney | Reg. No. | Telephone No. |
|---|---|---|
| Greg Dziegielewski | 28,073 | 313-726-4431 |
| Gerald R. Black | 29,514 | 313-726-4432 |
| Thomas A. Meehan | 19,713 | 419-244-6578 |
| David D. Murray | 28,647 | 419-244-6578 |
| Vincent L. Barker, Jr. | 21,130 | 419-244-6578 |
| Larry R. Meenan | 33,423 | 419-244-6578 |
| David A. Spenard | 37,449 | 419-244-6578 |

   Please Direct Telephone Calls To:
                        David A. Spenard    419-244-6578


   Send correspondence to:  Borg-Warner Automotive, Inc.
                            Patent Docket Administrator
                            6700 18-1/2 Mile Road
                            P.O. Box 8022
                            Sterling Heights, Michigan  48311-8022


Name of First or Sole Inventor:        Citizenship:


   Edward C. Siemon                        U.S.A.

Residence Address-Street:           POST OFFICE
                                    Address-Street

   119 Simsbury Drive                  119 Simsbury Drive

City (Zip):                         City (Zip):
   Ithaca   14850                      Ithaca   14850

State or Country:                   State or Country:
   New York                            New York

Date:                       Signature:

   Nov. 15, 1993              Edward E Siemon

BW 002131

91016A                          - 2 -

I hereby declare that all statements made herein of my own knowledge are true
and that all statements made on information and belief are believed to be true;
and further that these statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or imprisonment, or both,
under Section 1001 of Title 18 of the United States Code and that such willful
false statements may jeopardize the validity of the application or any patent
issued thereon.

POWER OF ATTORNEY:  I (We) hereby appoint as my (our) attorneys, with full
powers of substitution and revocation, to prosecute this application and transact
all business in the Patent and Trademark Office connected therewith:

| Attorney | Reg. No. | Telephone No. |
|----------|----------|---------------|
| Greg Dziegielewski | 28,073 | 313-726-4431 |
| Gerald R. Black | 29,514 | 313-726-4432 |
| Thomas A. Meehan | 19,713 | 419-244-6578 |
| David D. Murray | 28,647 | 419-244-6578 |
| Vincent L. Barker, Jr. | 21,130 | 419-244-6578 |
| Larry R. Meenan | 33,423 | 419-244-6578 |
| David A. Spenard | 37,449 | 419-244-6578 |

Please Direct Telephone Calls To:
                        David A. Spenard    419-244-6578

Send correspondence to:  Borg-Warner Automotive, Inc.
                         Patent Docket Administrator
                         6700 18-1/2 Mile Road
                         P.O. Box 8022
                         Sterling Heights, Michigan  48311-8022

Name of First or Sole Inventor:        Citizenship:

_Edward C. Siemon_                       _U.S.A._

Residence Address-Street:              POST OFFICE
                                       Address-Street

_119 Simsbury Drive_                   _119 Simsbury Drive_

City (Zip):                            City (Zip):
_Ithaca    14850_                      _Ithaca    14850_

State or Country:                      State or Country:
_New York_                             _New York_

Date:                Signature:

_Nov. 15, 1993_      _Edward C. Siemon_

BW 002131

91016A                          - 3 -

Name of Second Joint Inventor:          Citizenship:

Stanley B. Quinn, Jr.                        U.S.A.

Residence Address-Street:               POST OFFICE
                                        Address-Street
113 Terrace View Drive                  113 Terrace View Drive

City (Zip):                             City (Zip):
Ithaca            14850                  Ithaca          14850

State or Country:                       State or Country:
New York                                New York

Date:                       Signature:
November 15, 1993

BW 002132



| | Attorney's Docket No. 91016A |
|---|---|
| TRANSMITTAL LETTER | |

| Serial No. 08/056,635 | Filing Date May 3, 1992 | Examiner W. Lo | Group Art Unit 3402 |
|---|---|---|---|

**Inventor(s)**
Edward C. Siemon et al.

**Title of Invention**
VCT CONTROL WITH A DIRECT ELECTRO-MECHANICAL ACTUATOR

### TO THE COMMISSIONER OF PATENTS AND TRADEMARKS

Transmitted herewith is _a Preliminary Amendment, Supplemental Declaration, Terminal Disclaimer._

☐ Small entity status of this application under 37 CFR § 1.27 has been established by verified statement previously submitted.

☐ A verified statement to establish small entity status under 37 CFR §§ 1.9 and 1.27 is enclosed.

☐ Petition for a ___ month(s) extension of time.

☒ No additional fee is required;

☐ The fee has been calculated as shown below:

| | Claims Remaining After Amendment | | Highest No. Previously Paid For | Present Extra | Small Entity | | or | Other Than Small Entity | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Rate | Add'l Fee | | Rate | Add'l Fee |
| Total | | Minus | | | x $11 = $ | | | x $22 = $ | |
| Indep. | | Minus | | | x $37 = $ | | | x $74 = $ | |
| First Presentation of Multiple Dep. Claim | | | | | +$115 = $ | | | + $230 = $ | |
| | | | | | total add'l fee | $ | | total add'l fee | $ |

☐ Please charge Deposit Account No. 23-1925 (WILLIAN BRINKS HOFER GILSON & LIONE) in the amount of $_____. A duplicate copy of this sheet is enclosed.

☐ A check in the amount of $_____ to cover the filing fee is enclosed.

☒ The Commissioner is hereby authorized to charge payment of any additional filing fees required under 37 CFR § 1.16 and any patent application processing fees under 37 CFR § 1.17 associated with this communication or credit any overpayment to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

☒ I hereby petition under 37 CFR § 1.136(a) for any extension of time required to ensure that this paper is timely filed. Please charge any associated fees which have not otherwise been paid to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

Respectfully submitted,

WILLIAN BRINKS HOFER
GILSON & LIONE
1130 Edison Plaza
TOLEDO, OHIO 43604-1537
(419) 244-6578

David A. Spenard
Registration No. 37,449
Attorney for Applicant

rev. 04/1993

BW 002133



I HE   I CERTIFY THAT THIS CORRESPONDENCE IS   NG
DEPOSITED WITH THE UNITED STATES POSTAL SERV   AS
FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO
COMMISSIONER OF PATENTS AND TRADEMARKS, WASH-
INGTON, D.C. 20231 ON   11-23-93  GHP 340
                                    (DATE OF DEPOSIT)
Wanda J. Kramer
                          11-23-93
                        DATE OF SIGNATURE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:          :   Group Art Unit: 3402
                               :
EDWARD C. SIEMON ET AL.        :
                               :
Serial No. 08/056,635          :   Examiner:  W. Lo
                               :
Filed:  May 3, 1992            :
                               :
For: VCT CONTROL WITH A        :   Atty. Dkt. No.: 91016A
     DIRECT ELECTRO-           :
     MECHANICAL ACTUATOR       :

---

## PRELIMINARY AMENDMENT

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

    This paper is in response to the various telephone
conversations which have taken place between Examiner and
counsel for Applicants regarding the above-named
application.  No Office Action has been issued as of the
date of filing this paper.

## IN THE SPECIFICATION

    Applicants respectfully request that the following be
added immediately after the application title, but before
the heading "FIELD OF THE INVENTION":

## CROSS REFERENCE TO CO-PENDING APPLICATION

    This application is a continuation-in-part of co-
pending application Serial No. 940,273 which was filed
September 3, 1992, now U.S. Patent No. 5,218,935, granted
June 15, 1993.

BW 002134

IN THE CLAIMS

Applicants respectfully request that previously submitted Claim 12 be cancelled without prejudice.

Applicants respectfully request that Claims 11 and 13-15 be amended as follows:

11. (amended)  In an internal combustion engine having a variable camshaft timing system for varying the phase angle of a camshaft relative to a crankshaft, a method of regulating the flow of hydraulic fluid from a source to a means for transmitting rotary movement from said crankshaft to a housing, comprising the steps of:

sensing the positions of [a] said camshaft and [a] said crankshaft;

calculating a relative phase angle between said camshaft and said crankshaft, said calculating step using an engine control unit [to] for processing information obtained from said sensing step, said engine control unit further issuing a electrical signal corresponding to said phase angle; [and,]

controlling the position of a vented spool slidably positioned within a spool valve body, said controlling step being in response to said signal received from said engine control unit, said controlling step utilizing an electromechanical actuator to vary the position of said vented spool [whereby allowing or preventing flow of hydraulic fluid through said spool valve body.], said electromechanical actuator comprising a variable force solenoid;

supplying hydraulic fluid from said source through said spool valve to a means for transmitting rotary movement to said camshaft, said spool valve selectively allowing and blocking flow of hydraulic fluid through an inlet line and through return lines; and,

transmitting rotary movement to said camshaft in
such a manner as to vary the phase angle of said camshaft
with respect to said crankshaft, said rotary movement being
transmitted through a housing, said housing being mounted on
said camshaft, said housing further being rotatable with
said camshaft and being oscillatable with respect to said
camshaft.

13. (amended)  The method of Claim [12] 10 wherein said
variable force solenoid comprises:

a coil, said coil [for receiving] being adapted to
receive said electrical signal from said engine control
unit;

an armature, said armature being substantially
surrounded by said coil, said armature being connected to
said spool, said coil, when energized, creating a magnetic
field sufficient to cause said armature to exert a force
upon said spool and induce movement in said spool, said
movement corresponding to said signal from said engine
control unit;

an air gap, said air gap [for] separating said
coil from said armature; and,

a housing, said housing [for] providing an
enclosure for said coil, said armature, and said air gap.

14. (amended)  The method of Claim [13] 10 wherein said
electromechanical actuator further comprises a stroke
amplifier, said stroke amplifier for providing a net gain in
force as applied to said spool.

15. (amended)  The method of Claim [16] 12 wherein said
stroke amplifier comprises a lever arrangement.

Applicants respectfully request that previously
submitted Claims 16-22 be cancelled without prejudice.

BW 002136

## REMARKS

This preliminary amendment and accompanying remarks are submitted in response to the various telephone conversations between counsel for Applicants and Examiner regarding the above-named application. During those conversations the Examiner expressed his concern that the present invention was obvious over prior art, but suggested that a continuation-in-part would be considered for allowance if the proper formalities were observed. The Examiner:

1) required that a supplemental declaration be submitted;

2) required that a terminal disclaimer be submitted in light of the double patenting and obviousness issues;

3) stated that Claims 1-10 were allowable as submitted, provided the above requirements were met;

4) stated that method Claims 11-15 needed more detail before they would be allowed; and,

5) requested that Claims 16-22 be cancelled because of their scope which exceeded that of combustion engine art.

Applicants respectfully respond as follows:

1) A supplemental declaration is enclosed;

2) A terminal disclaimer is enclosed:

3) Claims 1-10 are not amended, in light of Examiner's previous comments.

4) Claims 11 and 13-15 are amended to add the detail required by the Examiner; Claim 12 is cancelled.

5) Claims 16-22 are cancelled, as requested.

A

## CONCLUSION

In summary, it is respectfully submitted that Applicants have properly responded to all matters which are at issue in this application and that this application is now in condition for allowance. Reconsideration of this application and allowance of all pending claims is earnestly solicited. Should Examiner require additional information or wish to discuss matters further, the undersigned attorney for Applicants is willing to do so.

Respectfully submitted,

David A. Spenard
Registration No. 37,449

Willian Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578



**TERMINAL DISCLAIMER**

| | | |
|---|---|---|
| In re application of: | : | Group Art Unit:  3402 |
| EDWARD C. SIEMON ET AL. | : | |
| Serial No. 08/056,635 | : | Examiner:  W. Lo |
| Filed:  May 3, 1992 | : | |
| For: VCT CONTROL WITH A | : | Atty. Dkt. No.:  91016A |
| DIRECT ELECTROMECHANICAL | : | |
| ACTUATOR | : | |

Petitioner, Borg-Warner Automotive, Inc., is the owner of 100 percent interest in the instant application. Petitioner hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. 154 to 156 and 173 as shortened by any terminal disclaimer filed prior to the grant of any patent granted on pending second application Number 07/940,273, filed on September 3, 1992, now U.S. Patent 5,218,935 issued June 15, 1993. Petitioner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the second application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, petitioner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173 of any patent granted on the second application, as shortened by any terminal disclaimer filed prior to the patent grant, in the event that any such granted patent:  expires for failure to pay a

BW 002139

maintenance fee, is held unenforceable, is found invalid by a
court of competent jurisdiction, is statutorily disclaimed in
whole or terminally disclaimed under 37 CFR 1.321, has all claims
canceled by a reexamination certificate, is reissued, or is in
any manner terminated prior to the expiration of its full
statutory term as presently-shortened by any terminal disclaimer
filed prior to its grant.

     For submissions on behalf of an organization (e.g.,
corporation, partnership, university, government agency, etc.),
the undersigned (whose title is supplied below) is empowered to
act on behalf of the organization.

     I hereby declare that all statements made herein of my own
knowledge are true and that all statements made on information
and belief are believed to be true; and further that these
statements were made with the knowledge that willful false
statements and the like so made are punishable by fine or
imprisonment, or both, under Section 1001 of Title 18 of the
United States Code and that such willful false statements may
jeopardize the validity of the application or any patent issued
thereon.

| | |
|---|---|
| _____11/15/93_____ | _Greg Dziegielewski_ |
| Date | Signature |
| | Greg Dziegielewski |
| | Assistant Secretary |
| | _Typed or printed name and title if applicable_ |

Terminal disclaimer fee under 37 CFR 1.20(d) is included.

PTO suggested wording for terminal disclaimer was unchanged.

BW 002140



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON | 15 | 83007 |

| | EXAMINER |
|---|---|
| | LO, W |
| ART UNIT | PAPER NUMBER |
| 2402 | 8 |

34M2/1222

BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

DATE MAILED: 12/22/93

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. David Spenard_       (3) _____

(2) _Ex. Weilun Lo_       (4) _____

Date of Interview: _12/20/93_

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: _N/A_

Identification of prior art discussed: _N/A_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Applicants were notified of the deficiencies in the terminal disclaimer. The terminal disclaimer received on 12/20/93 is acceptable._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_Weilun Lo_
Examiner's Signature

PTOL-413 (REV. 1-84)

**'ORIGINAL' FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

BW 002141

#9
7H

FAX COPY RECEIVED 12-21-93
DEC 20 1993 (ACCEPTABLE)
GROUP 3400

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:           : Group Art Unit: 3402
EDWARD C. SIEMON ET AL.         :
Serial No. 08/056,635           : Examiner: W. Lo
Filed: May 3, 1992              :
For: VCT CONTROL WITH A         : Atty. Dkt. No.: 91016A
     DIRECT ELECTRO-            :
     MECHANICAL ACTUATOR        :

SUPPLEMENTAL SUBMISSION OF CERTIFICATE
UNDER 37 C.F.R. §3.73(B)

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

    This paper is in response to the most recent telephone
conversation which has taken place between Examiner and
counsel for Applicants regarding the above-named
application. No Office Action has been issued as of the
date of filing this paper.

    In order to convert the above-named application into a
continuation-in-part of co-pending application Serial No.
840,273 (now U.S. Patent 5,218,935), a Preliminary
Amendment, Terminal Disclaimer, and Supplemental Declaration
were filed on November 23, 1993. On December 20, 1993,
Examiner telephoned counsel for Applicants and stated that
several deficiencies existed with the Terminal Disclaimer as
filed.

    To correct the deficiencies, a certificate under 37
C.F.R. §3.73(b) was completed by Assignee and is attached
hereto. This certificate is intended to supplement the

148
$110

YC30003  12/21/93  08036635      23-1925  030  148      110.00CH

BW 002142

previously submitted documents to complete the prosecution
of the above-named application.  Further, authorization is
granted to charge the recording fee of $110.00 to deposit
account 23-1925.  A photocopy of this authorization is
attached hereto for use by the Billing Department.

    Counsel wishes to thank Examiner for his patience and
assistance in this matter.

                         Respectfully submitted,

                         David A. Spanard
                         Registration No. 37,449

William Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578

DEC-20-93 MON 15:38    WILLIAM BRINKS HOFER    FAX NO. 4180048862    P.04

DEC -20'93(MON) 15:26    BORG-WARNER AUTO. INC.    TEL:1 810 726 6590    P.002

CERTIFICATE UNDER 37 CFR § 3.73(b)

Applicant    Edward C. Bieser, et al.

Application No.    08/096,435    Filed    05/03/93

For    VCT With Direct Electromechanical Actuator

Borg-Warner Automotive, Inc.    Corporation of the State of Delaware

Date    December 20, 1993

Name    Greg Dziegielewski - Reg. No. 28,073

Title    Assistant Secretary

Signature    [signature]

BW 002144

# PROSECUTION BY ASSIGNEE

## CERTIFICATE UNDER 37 C.F.R. § 3.73(b)

Applicant: _____

Application No.: _____ Filed: _____

For: _____

_____  a _____
(Name of Assignee)                         (Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

certifies that it is the assignee of the entire right, title and interest in the patent application identified above by virtue of either:

A. [ ] An assignment from the inventor(s) of the patent application identified above. The assignment was recorded in the Patent and Trademark Office at Reel _____ Frame _____ or for which a copy thereof is attached.

OR

B. [ ] A chain of title from the inventor(s), of the patent application identified above, to the current assignee as shown below:

    1. From:_____ To:_____
    The document was recorded in the Patent and Trademark Office at
    Reel _____ Frame _____ or for which a copy thereof is attached.

    2. From:_____ To:_____
    The document was recorded in the Patent and Trademark Office at
    Reel _____ Frame _____ or for which a copy thereof is attached.

    3. From:_____ To:_____
    The document was recorded in the Patent and Trademark Office at
    Reel _____ Frame _____ or for which a copy thereof is attached.

    [ ] Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.

The undersigned has reviewed all the documents in the chain of title of the patent application identified above and, to the best of undersigned's knowledge and belief, title is in the assignee identified above.

The undersigned (whose title is supplied below) is empowered to act on behalf of the assignee.

I hereby declare that all statements made herein of my own knowledge are true, and that all statements made on information and belief are believed to be true; and further, that these statements are made with the knowledge that willful false statements, and the like so made, are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Date   : _____

Name  : _____

Title    : _____

Signature:_____

BW 002145



DEC-20-93 MON 15:35    WILLIAN BRINKS HOFER    FAX NO. 419°48862    P.01

# WILLIAN BRINKS HOFER GILSON & LIONE

1130 EDISON PLAZA

**CHICAGO OFFICE**
NBC TOWER
455 NORTH CITYFRONT PLAZA DRIVE
SUITE 3600
CHICAGO, ILLINOIS 60611-5599
TELEPHONE 312 321-4200
TELEX 254300
FACSIMILE 312 321-4299

**TOLEDO, OHIO 43604-1537**
TELEPHONE 419 244-6876
TELEX 140345
FACSIMILE 419 244-8862

**ARLINGTON, VA. OFFICE**
CRYSTAL PLAZA ONE
SUITE 305
2001 JEFFERSON DAVIS HWY.
ARLINGTON, VIRGINIA 22202-3603
TELEPHONE 703 415-0301
TELEX 140304
FACSIMILE 703 415-0304

**WASHINGTON OFFICE**
1000 B STREET, N.W.
SUITE 505
WASHINGTON, D.C. 20004-4603
TELEPHONE 202 413-9404
TELEX 950 357-9401
FACSIMILE 202 393-1619

**INDIANAPOLIS OFFICE**
ONE INDIANA SQUARE
SUITE 2495
INDIANAPOLIS, INDIANA 46204-2013
TELEPHONE 317 634-0448
TELEX 469402
FACSIMILE 317 634-9701

## FACSIMILE COVER SHEET

DATE:    December 20, 1993    NO. OF PAGES   4
(Including Cover Sheet)

TIME:    15:30

**NAME/FIRM/LOCATION**    **FACSIMILE NUMBERS:**

TO:    Examiner W. Lo, USPTO    ( 703) 305-3463

( ) _____
If you have any problems receiving this
transmission please call (419) 244-6518
and ask for _____

FROM:    David A. Spenard

CONFIRMATION COPY TO FOLLOW: YES___ NO _X_

THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. It may contain privileged, confidential, attorney work product, or trade secret information which is exempt for disclosure under applicable laws. If you are NOT the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone and return the original message (and all copies) to us by mail at the above address. We will reimburse you for postage. Thank you.

MESSAGE

Examiner Lo:
Attached is the documentation which you require.  If you have any questions
or need anything further, please call.
Very truly yours,

DAS

Client Name/Number    91016A

RECEIVED
DEC 20 1993
GROUP 3400

BW 002146



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON        E. | 92007 |

```
                              34M2/1222
BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022
```

| | EXAMINER |
|---|---|
| | LO, W |
| ART UNIT | PAPER NUMBER |
| 2402 | 10 |

DATE MAILED:

**EXAMINER INTERVIEW SUMMARY RECORD**                    12/22/93

All participants (applicant, applicant's representative, PTO personnel):

(1) M. David Aspenard                                (3) _____

(2) Ex. Weilun Lo                                    (4) _____

Date of Interview:  9/23/93

Type:  ☒ Telephonic   ☐ Personal (copy is given to  ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.   If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question.   ☐ was not reached.

Claims discussed:  _All_

Identification of prior art discussed:  _Art of record_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Agreement was reached to provide a supplemental declaration to claim continuing status (CIP); a terminal disclaimer to 5,218,935, and amend claims to a unified invention._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV. 1-84)                            Examiner's Signature  _Weilun Lo_

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

BW 002147



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON | S | 92007 |



BORG-WARNER AUTOMOTIVE, INC.          34M1/0104
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

| | EXAMINER |
|---|---|
| LO, N | |
| ART UNIT | PAPER NUMBER |
| 2402 | 11 |
| DATE MAILED: | |

EXAMINER INTERVIEW SUMMARY RECORD          01/04/94

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. David Aplenard_          (3) _____

(2) _EX. Nelson LO_          (4) _____

Date of Interview: _12/22/93_

Type: ☒ Telephonic   ☐ Personal (copy is given to  ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question. ☒ was not reached.

Claims discussed: _all_

Identification of prior art discussed: _Art of record_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Upon further review, claims are not patentable. Agreement could not be reached and an office action will be issued._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1~7 on the reverse side of this form). If a response to the last office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

☒ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

PTOL-413 (REV. 1-84)

Examiner's Signature

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

BW 002148



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

08/056,635    05/03/93    SIEMON

E    92007

LO,W

| | EXAMINER |
|---|---|

BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

34M2/0104

| ART UNIT | PAPER NUMBER |
|---|---|
| 3402 | 12 |

DATE MAILED:
01/04/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined.    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), **0** days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☒ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☒ *Examiner interview sum.*

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1-11, and 13-15_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-11 and 13-15_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

Serial Number: 08/ 056,635                                              -2-

Art Unit: 3402

      This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. § 103, the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 C.F.R. § 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

The following is a quotation of 35 U.S.C. § 103 which forms the

basis for all obviousness rejections set forth in this Office

action:

      A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

      Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

      Claims 1-11 and 13-15 are rejected under 35 U.S.C. § 103 as

being unpatentable over Linder et al., Butterfield et al. ('659),

and Strauber et al. Linder et al. show a camshaft phase varying

system including the utilization of camshaft torque reversals and

a solenoid valve 24 to control the flow of the working fluid

between two chambers 7 and 8. Linder et al. also shows a close-

loop feed back system to control a camshaft phase varying

BW 002150

Serial Number: 08/ 056,635                                    -3-
Art Unit: 3402

mechanism (fig. 7). Butterfield et al. show an internal
combustion engine with a camshaft phase varying system
substantially as claimed including a vane, a housing, a spool
valve, and various return lines. Butterfield et al. show in fig.
20 a lever arrangement to actuate the spool valve. Strauber et
al. are relied upon to further show a camshaft phase varying
mechanism which utilizes a solenoid to operate a spool valve to
control the flow of the working fluid. Strauber et al. show a
common solenoid which includes all the elements as claimed. It
would have been obvious for one of ordinary skill in the art at
the time the invention was made to have made a system as
presently claimed by the showing and teaching of Linder et al.,
Butterfield et al., and Strauber et al. in that the mechanism of
Linder et al. and Butterfield et al. are functionally equivalent
and a close-loop system would control the system of Butterfield
et al. more accurately. It would have been obvious for said
individual to have used the lever arrangement to actuate the
spool valve and to amplify the stroke or provide a net gain in
force by varying the lever ratio which is a basic engineering
principle.

Claims 1, 10, 11, 14, 15, and claims dependent thereon are
rejected under 35 U.S.C. § 112, second paragraph, as being
indefinite for failing to particularly point out and distinctly

BW 002151

Serial Number: 08/ 056,635                                    -4-

Art Unit: 3402

claim the subject matter which applicant regards as the

invention.  In claim 1, line 11, "." should be change to -- ; --.

In claim 10, line, "8" should be changed to -- 9 --.  In claim

11, line 25, "or" should be change to -- and --; line 26, --

fluid -- should be added after "hydraulic".  In claim 14, line 1,

"12" should be changed to -- 11 --.  In claim 15, line 1, "13"

should be changed to -- 14 --.

    The terminal disclaimer received on 12/20/93 is acceptable.

    The prior art made of record and not relied upon is

considered pertinent to applicant's disclosure.

    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Weilun Lo
whose telephone number is (703) 308-1957.

    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0861.

Weilun Lo
Patent Examiner
Art Unit 3402
December 22, 1993

E. Rollins Cross
Supervisory Patent Examiner
Group 340

BW 002152

PTO FORM 948
(REV. 7-82)

GROUP 3402

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

ATTACHMENT TO PAPER NUMBER
12

APPLICATION NUMBER
056635.

# NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

THE PTO DRAFTSMEN REVIEW ALL ORIGINALLY FILED DRAWINGS REGARDLESS
OF WHETHER THEY WERE DESIGNATED AS INFORMAL OR FORMAL. ADDITIONALLY, THE PATENT
EXAMINER WILL ALSO REVIEW THE DRAWINGS FOR COMPLIANCE WITH THE REGULATIONS.

The drawings filed  5/3/93

A. ☐ are approved by the draftsperson.

B. ☑ are objected to by the draftsperson under 37 CFR 1.84 for the reason(s) checked below. The examiner will require
submission of new, corrected drawings at the appropriate time. Corrected drawings must be submitted according to the
instructions listed on the back of this Notice.

1. Paper and Ink. 37 CFR 1.84(a)

☐ Sheet(s)_____Poor.

2. Size of Sheet and Margins. 37 CFR 1.84(b)
Acceptable Paper Sizes and Margins

| Margin | 8 1/2 by 14 Inches | 8 1/2 by 13 Inches | DIN size A4 21 by 29.7 cm. |
|--------|------|------|------|
| Top | 2 Inches | 1 Inch | 2.5 cm. |
| Left | 1/4 Inch | 1/4 Inch | 2.5 cm. |
| Right | 1/4 Inch | 1/4 Inch | 1.5 cm. |
| Bottom | 1/4 Inch | 1/4 Inch | 1.0 cm. |

☐ Proper Size Paper Required.
All Sheets Must be Same Size.
Sheet(s)_____

☑ Proper Margins Required.
Sheet(s) Fig. 1-9, 20.
☑ TOP      ☐ RIGHT
☑ LEFT     ☐ BOTTOM

3. Character of Lines. 37 CFR 1.84(c)

☑ Lines Pale or Rough and Blurred.
Fig(s) 1-20

☐ Solid Black Shading Not Allowed.
Fig(s)_____

4. ☐ Photographs Not Approved._____

5. Hatching and Shading. 37 CFR 1.84(d)

☐ Shade Lines are Required.
Fig(s)_____

☐ Criss-Cross Hatching Not Allowed.
Fig(s)_____

☐ Double Line Hatching Not Allowed.
Fig(s)_____

☐ Parts In Section Must be Hatched.
Fig(s)_____

6. Reference Characters. 37 CFR 1.84(f)

☑ Reference Characters Poor or Incorrectly Sized.
Fig(s) 1-20

☐ Reference Characters Placed Incorrectly.
Fig(s)_____

7. Views. 37 CFR 1.84(i) & (j)

☐ Figures Must be Numbered Properly.

☐ Figures Must Not be Connected.
Fig(s)_____

8. ☐ Identification of Drawings. 37 CFR 1.84(1)
Extraneous Matter or Copy Machine
Marks Not Allowed. Fig(s)_____

9. ☐ Changes Not Completed from Prior
PTO-948 dated _____

☐ Comments;

Telephone inquiries concerning this review should be directed to the Chief Draftsperson at telephone number (703) 305-8404.

_____
Reviewing Draftsperson

2/30/93
Date

Note: Any objection to the drawings made by the examiner will be communicated separately in an office action.

PTO Copy

BW 002153

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 056,635 | GROUP ART UNIT 3402 | ATTACHMENT TO PAPER NUMBER | 12 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) SIEMON et al. | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|---|
| A | | 5 1 7 2 6 5 9 | | 12/92 | BUTTERFIELD et al. | 123 | 90,17 | |
| B | | 5 0 1 2 7 7 4 | | 5/91 | STRAUBER et al. | | | |
| C | | 5 0 5 6 4 7 7 | | 10/91 | LINDER et al. | | | |
| D | | 5 2 1 8 9 3 5 | | 6/93 | QUINN, JR. et al. | | | |
| E | | 5 2 0 1 2 8 9 | | 4/93 | IMAI | | | |
| F | | 5 1 5 0 6 7 1 | | 9/92 | SUGA | | | |
| G | | 4 8 5 6 4 6 5 | | 8/89 | DENZ et al. | | | |
| H | | 4 7 6 2 1 4 1 | | 8/88 | KARPIS | 137 | 312 | |
| I | | 5 0 0 0 4 2 0 | | 3/91 | HENDRIXON | | 625.65 | |
| J | | | | | | | | |
| K | | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | | | |
| M | | | | | | | | | | |
| N | | | | | | | | | | |
| O | | | | | | | | | | |
| P | | | | | | | | | | |
| Q | | | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER | DATE |
|---|---|
| *[signature]* | 12/22/93 |

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED
WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN
AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND
TRADEMARKS, WASHINGTON, D.C. 20231 ON:

June 30, 1994
(DATE OF DEPOSIT)

June 30, 1994
(DATE OF SIGNATURE)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | : | Group Art Unit: 3402 |
| EDWARD C. SIEMON ET AL. | : | |
| Serial No. 08/056,635 | : | Examiner: W. Lo |
| Filed: May 3, 1992 | : | |
| For: VCT CONTROL WITH A | : | Atty. Dkt. No.: 91016A |
|   DIRECT ELECTRO- | : | |
|   MECHANICAL ACTUATOR | : | |

---

### REPLY TO OFFICE ACTION AND AMENDMENT

### AND

### THREE MONTH EXTENSION OF TIME

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

This paper is in response to the Office Action (Paper No. 12) mailed on January 4, 1994. That Office Action was not made final.

Applicant also respectfully petitions for a three-month extension of time under 37 C.F.R. §1.136(a) for the above-named application. A timely response may now be filed up to and including July 4, 1994.

A check in the amount of $840.00 is enclosed herewith for the fee for said extension under 37 C.F.R. §1.17(c). Deposit account 23-1925 may be charged for any additional fee required or may be credited for any excess fee paid.

090 MN 07/15/94 08056635          1 117     840.00 CK

BW 002155

IN THE DRAWINGS

Please accept the attached substitute drawings for Figures 14-18 to remedy incorrect reference characters.

IN THE CLAIMS

Claim 1, line 11:  change "." to --;--.

Claim 5, line 5:  change "the other of said second recess" to --the other of said first recess and said second recess--.

Claim 10, line 9:  change "8" to --9--.

Claim 11, line 26:  change "or" to --and--.

Claim 14, line 1:  change "12" to --11--.

Claim 15, line 1:  change "13" to --14--.

REMARKS

This amendment and accompanying remarks are submitted in response to the Office Action (Paper No. 12) regarding the above-named application.  In that Office Action, the Examiner:

1) Expressed concern regarding the common ownership of any inventions made at a later time;

2) Quoted relevant sections of 35 U.S.C. §103;

3) Rejected Claims 1-11 and 13-15 under 35 U.S.C. §103 as being unpatentable over Linder et al., Butterfield et al., and Strauber et al.; specifically because:

a) Linder et al. teaches a VCT system which utilizes "torque reversals and a solenoid 24 to control the flow of working fluid" and a "close-loop feed back system to control" the VCT system;

b) Butterfield et al. teaches a VCT system which utilizes "a lever arrangement to actuate the spool valve;"

2



c) Strauber et al. teaches a spool valve which "utilizes a solenoid to control the flow of the working fluid," and,

d) "in light of the fact that Linder et al. and Butterfield et al. are functionally equivalent and a close-loop system would control the system of Butterfield et al. more accurately."

4) Rejected Claims 1, 10, 11, 14, 15, and claims dependent thereon under 35 U.S.C. §112, second paragraph; and,

5) Acknowledged that the Terminal Disclaimer received by the USPTO on December 20, 1993 was acceptable.

Applicants respectfully respond as follows:

1) All inventions as claimed were commonly owned by Assignee at the time of invention. Assignee stands ready to provide an affidavit to that effect if Examiner believes such an affidavit is necessary.

2) No response required.

3) First, Applicant respectfully submits that use of a closed-loop feedback system to control a VCT system is not at issue. The present invention relates to the use of a variable force solenoid in a VCT system to position a spool valve and the use of a lever arrangement to amplify the force applied to the spool valve. Comments related to those subjects alone are as follows.

a) Applicant respectfully contends that Linder et al. does not teach subject matter specifically related to the present application. It is true, as Examiner states, that Linder et al. teaches a VCT system which uses torque reversals and a common ("on-off") solenoid 24 to directly control the flow of the working fluid. But the present application uses a proportional spool valve 200 to directly control the flow of the working fluid and a variable force solenoid 201 to control the positioning of the spool valve.

3

BW 002157

b) Again, the statement made by Examiner (regarding the lever in Butterfield et al. '659) is true in general. However, upon closer inspection, it can be seen in Figure 20 that Butterfield et al. '659 merely teaches a simple lever arm 440 for use in a situation where piston 434a is physically unable to align with free end 400c of spool 400. According to the corresponding specification, "this is an advantage when adapting the variable camshaft timing system of the present invention [Butterfield et al.] to some vehicle/engine configurations." Lever arm 440 is used only for packaging convenience. Contrastingly, Figure 20 of the present application illustrates a complex lever arrangement 201e which is used solely to provide amplification of the force applied to spool 200. Accordingly, Applicant respectfully disagrees with Examiner's contention that Butterfield et al. '659 teaches the same lever arrangement as that described in the instant application.

c) The Strauber et al. disclosure teaches a common ("on-off" only) solenoid to control a spool of a two-position only system. Unlike Strauber et al., the present invention utilizes a variable force solenoid to control the position of a spool of a continuously variable system. Further, the Strauber et al. system controls the flow of oil both internal and external to the VCT mechanism. The present invention, however, controls the flow of oil internal to the VCT mechanism only.

d) Examiner places some significance on his assertion that Linder et al. and Butterfield et al. are functionally equivalent. It is not clear to Applicant why, if true, this assertion is relevant to Examiner's rejection based on obviousness. Regardless, Applicant respectfully submits that the two are far from functionally equivalent.

The Linder et al. VCT uses camshaft torque energy to alternately pressurize two opposing chambers in the VCT mechanism. Solenoid valve 24 is turned on or off to selectively allow fluid to flow from chamber to chamber. It is strictly an "on-off" system that allows either oil to flow in either direction or blocks the flow in either direction. The key element required to make the Linder et

4



al. system work is to first synchronize the opening of the
solenoid valve with camshaft torque pulses so that the oil
flows in the desired direction and then synchronize the
closing of the valve to prevent flow when it is not desired.
For example, for oil to flow from chamber 7 to chamber 8,
the solenoid valve must be opened precisely when a camshaft
pulse pressurizes chamber 7 and closed before the reversing
camshaft torque pulse pressurizes chamber 8 (otherwise the
oil would flow back out of chamber 8 into chamber 7, thus
causing oscillation). Thus, this system requires that
solenoid 24 turn on and off with each camshaft torque pulse
if the mechanism is to actuate and vary the phase of the
camshaft.

Even though Butterfield et al. also uses camshaft
torque energy to alternately pressurize two opposing
chambers, Butterfield et al. utilizes a completely different
control method. The control valve, in this case a spool
valve, has a mid position that blocks the flow in either
direction, much like Linder et al. Additionally, the spool
valve also has an infinite number of positions on either
side of that mid position that not only controls the flow of
oil form chamber to chamber but, depending on the position
of the spool valve, also controls the rate of flow of the
oil and hence the rate of phase change. Butterfield et al.
also includes check valves between the working chambers.
When the system is instructed to advance, for example, all
the negative torque pulses cause the transfer of oil to flow
from the retard chamber to the advance chamber. When the
camshaft torque reverses and pressurizes the advance
chamber, the oil is blocked from exhausting by the check
valve. Therefore, the spool valve can remain in any
selected position and the VCT will move in the selected
direction without having to cycle the valve or reposition it
with every torque pulse.

Assuming for the sake of argument that Linder et al.,
Butterfield et al., and Strauber et al. do indeed teach the
concepts suggested by Examiner, and that the other
statements made by Examiner are true, Applicant still
respectfully submits that the obviousness rejection is not
valid. The Federal Circuit has ruled that:

5

BW 002159

It is impermissible to use the claimed invention
as an instruction manual or "template" to piece
together the teachings of the prior art so that
the claimed invention is obvious. This court has
previously stated that "[o]ne cannot use hindsight
reconstruction to pick and choose among isolated
disclosures in the prior art to deprecate the
claimed invention."

In Re Fritch, 23 USPQ 2d 1780, 1784 (Fed. Cir. 1992)
(citations omitted).

    Therefore, Applicant respectfully submits, to combine
the three references without some suggestion of doing so in
the references themselves is improper. Nothing in Linder et
al., a device having a completely different control system,
suggests using a variable force solenoid to position the
spool and/or a lever arrangement to amplify the force
applied to the spool. Nothing in Butterfield et al.
suggests using a lever arrangement in combination with a
variable-force solenoid to amplify the force applied to the
spool valve. And nothing in Strauber et al., a two-position
only device which uses a "common" (i.e., two-position only)
solenoid, suggests using a variable force solenoid to
actuate the spool valve of a continuously variable VCT
system like the present invention.

    In light of the above, Applicant respectfully submits
that the obviousness rejection is improper and Applicant,
therefore, respectfully traverses such rejection.

    4) All of the changes suggested by Examiner for Claims
1, 10, 11, 14, and 15 are incorporated to address the
grounds for rejection under 35 U.S.C. § 112, second
paragraph.

    5) No response required.

    In addition to the above changes, Applicant submits the
following to further place the present application in better
condition for allowance.

    The language in Claim 5, line 5 is amended as specified
above to correctly reflect the present invention.

6

BW 002160



Substitute informal drawings are respectfully submitted for Figures 14-18. The drawings originally submitted contained incorrect reference characters. Amended reference characters in Figures 14-18 contained in the substitute drawings now correctly correspond to the reference characters contained in the specification. All reference characters which incorrectly used the prefix "2" have been amended so that the prefix is now --1--. For example, previous reference character "260" is changed to --160--. No new matter is added. Formal drawings will be submitted at a later date if requested by Examiner or the Drafting Branch.

CONCLUSION

In summary, it is respectfully submitted that Applicants have properly responded to all matters which are at issue in this application and that this application is now in condition for allowance. Reconsideration of this application and allowance of all pending claims is earnestly solicited. Should Examiner require additional information or wish to discuss matters further, the undersigned attorney for Applicants is willing to do so.

Respectfully submitted,

David A. Spenard
Registration No. 37,449

William Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578

<table>
<tr><td colspan="2">TRANSMITTAL LETTER</td><td>Attorney's Docket No.<br>91016A</td></tr>
</table>

| Serial No. 880,635 | Filing Date<br>May 3, 1992 | Examiner<br>W. Lo | Group Art Unit<br>3402 |
|---|---|---|---|

Inventor(s) EDWARD C. SIEMON ET AL.

Title of Invention  VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR

### TO THE COMMISSIONER OF PATENTS AND TRADEMARKS

Transmitted herewith is  REPLY TO OFFICE ACTION AND AMENDMENT

[ ]  Small entity status of this application under 37 CFR § 1.27 has been established by verified statement previously submitted.

[ ]  A verified statement to establish small entity status under 37 CFR §§ 1.9 and 1.27 is enclosed.

[X]  Petition for a  3  month(s) extension of time.

[X]  No additional fee is required.

[ ]  The fee has been calculated as shown below:

| | Claims Remaining After Amendment | | Highest No. Previously Paid For | Present Extra | Small Entity | | | Other Than Small Entity | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Rate | Add'l Fee | or | Rate | Add'l Fee |
| Total | | Minus | | | x $11 = $ | | | x $22 = $ | |
| Indep. | | Minus | | -0- | x $37 = $ | | | x $74 = $ | |
| First Presentation of Multiple Dep. Claim | | | | | +$115 = $ | | | + $230 = $ | |
| | | | | | total add'l fee | $ | | total add'l fee | $ |

[ ]  Please charge Deposit Account No. 23-1925 (WILLIAM BRINKS HOFER GILSON & LIONE) in the amount of $_____. A duplicate copy of this sheet is enclosed.

[X]  A check in the amount of $640.00   to cover the filing fee is enclosed.

[X]  The Commissioner is hereby authorized to charge payment of any additional filing fees required under 37 CFR § 1.16 and any patent application processing fees under 37 CFR § 1.17 associated with this communication or credit any overpayment to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

[X]  I hereby petition under 37 CFR § 1.136(a) for any extension of time required to ensure that this paper is timely filed. Please charge any associated fees which have not otherwise been paid to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

Respectfully submitted,

WILLIAM BRINKS HOFER
GILSON & LIONE
1130 EDISON PLAZA
TOLEDO, OHIO 43604-1537
(419) 247-6578

David A. Spenard
Registration No. 37,449
Attorney for Applicant

rev. 04/1993

 

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| 08/056,695 | 05/03/93 | SIEMON | E    92007 |

|  |
|---|
| **EXAMINER** |
| LO,W |

34M2/0801

BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

| ART UNIT | PAPER NUMBER |
|---|---|
| | *14* |
| 3402 | |

DATE MAILED:

08/01/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on *7/5/94*    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire *3* month(s), *0* days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.         2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.              4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims *1-10 and 13-15* _____ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims *1-11 and 13-15* _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☒ The proposed drawing correction, filed *7/5/94* _____, has been ☒ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 2/93)                         **EXAMINER'S ACTION**

BW 002163

Serial Number: 08/ 056,635                                                   -2-

Art Unit: 3402

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

Subject matter developed by another person, which qualifies
as prior art only under subsection (f) or (g) of section 102
of this title, shall not preclude patentability under this
section where the subject matter and the claimed invention
were, at the time the invention was made, owned by the same
person or subject to an obligation of assignment to the same
person.

A patent may not be obtained though the invention is not
identically disclosed or described as set forth in section
102 of this title, if the differences between the subject
matter sought to be patented and the prior art are such that
the subject matter as a whole would have been obvious at the
time the invention was made to a person having ordinary
skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which
the invention was made.

Claims 1-11 and 13-15 are rejected under 35 U.S.C. § 103 as
being unpatentable over Butterfield et al. ('659), Linder et al.,
Hendrixon et al., and Strauber et al.   Butterfield et al. show
an internal combustion engine with a camshaft phase varying
system substantially as claimed including a vane, a housing, a
spool valve, and various return lines.   Butterfield et al. also
show in fig. 20(a) lever arrangement to actuate the spool valve.
Linder et al. teach a camshaft phase varying system including the
utilization of camshaft torque reversals similar to the system of
the instant application and are relied upon solely to teach a
solenoid control valve 24 to control the flow of the working
fluid between two chambers 7 and 8.   Strauber et al. are relied
upon solely to teach a solenoid operated spool valve to control

BW 002164

Serial Number: 08/ 056,635                                          -3-

Art Unit: 3402

the flow of the working fluid which includes all the detailed
elements as claimed.   All solenoid valves are of the variable
force type by nature, which depend on the voltage or current
change delivered to the solenoids.  To provide for a variable
force solenoid valve to obtain linear control and variable fluid
rate of flow is well known as taught by Hendrixon et al.  It
would have been obvious for one of ordinary skill in the art at
the time the invention was made to have made a system as
presently claimed by utilizing a solenoid control valve of Linder
et al. and well known elements thereof as taught by Strauber et
al. to include a variable force function as taught by Hendrixon
et al. for the similar variable force controlled hydraulic spool
valve system of Butterfield et al. in that a solenoid controlled
spool valve could provide a quicker response and to better
control of the working fluid in the system.  It would have been
obvious for said individual at the time the invention was made to
have used a lever arrangement to actuate the spool valve as
taught by Butterfield et al. and to additionally amplify the
stroke or provide a net gain in force by varying the lever ratio
which is a basic engineering principle and not a "complex
arrangement" as alleged; using a lever to gain amplification of
force is not a new or unusual result.

BW 002165

Serial Number: 08/ 056,635                                           -4-

Art Unit: 3402

    Applicant's arguments with respect to the claims have been considered but are deemed to be moot in view of the new grounds of rejection.

    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Weilun Lo whose telephone number is (703) 308-1957.

    Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0861.


Weilun Lo
Patent Examiner
Art Unit 3402
July 28, 1994

E. Rolline Cross
Supervisory Patent Examiner
Group 340

MAIL ROOM
NOV
7
1994

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE
UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE
ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON,
D.C. 20231 ON:

November 1, 1994
(DATE OF DEPOSIT)

*Wanda J. Lawrence*

November 1, 1994
(DATE OF SIGNATURE)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|  |  |  |
|---|---|---|
| In re application of: | : | Group Art Unit: 3402 |
| EDWARD C. SIEMON ET AL. | : | |
| Serial No. 08/056,635 | : | Examiner: W. Lo |
| Filed: May 3, 1992 | : | |
| For: VCT CONTROL WITH A DIRECT ELECTRO-MECHANICAL ACTUATOR | : | Atty. Dkt. No.: 91016A |

## REPLY TO OFFICE ACTION

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

This paper is in response to the Office Action (Paper No. 14) mailed on August 1, 1994. That Office Action was not made final.

### REMARKS

The accompanying remarks are submitted in reply to the Office Action (Paper No. 14) regarding the above-named application. In that Office Action, the Examiner:

1) Rejected Claims 1-11 and 13-15 under 35 U.S.C. §103 as being unpatentable over Butterfield et al., Linder et al., Hendrixon, et al., Strauber et al., and a general engineering principle, specifically because:

a) Butterfield et al. teaches "an internal combustion engine with a camshaft phase varying system as claimed including a vane, a housing, a spool valve, and

various return lines" as well as "a lever arrangement to actuate the spool valve;"

b) Linder et al. teaches a VCT system which utilizes "torque reversals and a solenoid 24 to control the flow of working fluid between two chambers 7 and 8;"

c) Hendrixon et al. "provide[s] for a variable force solenoid valve to obtain linear control and variable fluid rate of flow;"

d) Strauber et al. teaches "a solenoid operated spool valve to control the flow of the working fluid;" and,

e) "[T]o additionally amplify the stroke or provide a net gain in force by varying the lever ratio . . . is a basic engineering principle . . . ."

Applicants respectfully respond as follows:

1) Applicants respectfully submit that first, three of the four cited references do not precisely teach the functions as recited by Examiner; specifically:

a) Applicants concede that the statement made by Examiner (regarding the lever in Butterfield et al. '659) is true in general. However, Applicants respectfully reassert their argument that, upon closer inspection, it can be seen in Figure 20 that Butterfield et al. '659 merely teaches a simple lever arm 440 for use in a situation where piston 434a is physically unable to align with free end 400c of spool 400. According to the corresponding specification, "this is an advantage when adapting the variable camshaft timing system of the present invention [Butterfield et al.] to some vehicle/engine configurations." Lever arm 440 is used only for packaging convenience. Contrastingly, Figure 20 of the present application illustrates a complex lever arrangement 201e which is used solely to provide amplification of the force applied to spool 200. Accordingly, Applicants respectfully disagree with Examiner's contention that Butterfield et al. '659 teaches the same lever arrangement as that described in the instant application.

2

BW 002168

b) Applicants respectfully reassert their position that Linder et al. does not teach subject matter specifically related to the present application. In the present Office Action, Examiner states that Linder et al. is "relied upon solely to teach a solenoid control valve 24 to control the flow of the working fluid between chambers 7 and 8.". Again, the present application uses a proportional spool valve 200 to directly control the flow of the working fluid and a variable force solenoid 201 to control the positioning of the spool valve, not the common two-position ("on-off") solenoid valve taught in Linder et al.

c) Applicants concede that Hendrixon et al. (Figures 4-7) discloses a variable force solenoid used as a flow control device.

d) Applicants again reassert their position that Strauber et al. does not teach what Examiner suggests. The Strauber et al. disclosure teaches a common ("on-off" only) solenoid to control a spool of a two-position only system. Unlike Strauber et al., the present invention utilizes a variable force solenoid to control the position of a spool of a continuously variable system. Further, the Strauber et al. system controls the flow of oil both internal and external to the VCT mechanism. The present invention, however, controls the flow of oil internal to the VCT mechanism only.

2) Assuming for the sake of argument that all cited references (Butterfield et al., Linder et al., Hendrixon et al., and Strauber et al.) combined with the general engineering priciple cited (i.e., that a lever may be used to increase force) do indeed teach the concepts suggested by Examiner, Applicants respectfully reassert their argument that the obviousness rejection is still not valid. The Federal Circuit has ruled that:

> It is impermissible to use the claimed invention as an instruction manual or "template" to piece together the teachings of the prior art so that the claimed invention is obvious. This court has previously stated that "[o]ne cannot use hindsight reconstruction to pick and choose among isolated disclosures in the prior art to deprecate the claimed invention."

3

In Re Fritch, 23 USPQ 2d 1780, 1784 (Fed. Cir. 1992) (citations omitted).

Therefore, Applicants respectfully submit, to combine four references and a general engineering principle without some suggestion of doing so is improper. Butterfield et al. discloses a VCT system, but nothing suggests using a lever arrangement in combination with a variable-force solenoid to amplify the force applied to the spool valve. Nothing in Linder et al., which discloses a device having a completely different control system, suggests using a variable force solenoid to position the spool and/or a lever arrangement to amplify the force applied to the spool. Hendrixon does teach a variable force solenoid to control fluid flow, but in no way suggests use with a variable camshaft timing system. And nothing in Strauber et al., a two-position only device which uses a "common" (i.e., two-position only) solenoid, suggests using a variable force solenoid to actuate the spool valve of a continuously variable VCT system like the present invention.

In light of the above, Applicants respectfully reassert their position that the obviousness rejection is an improper "hindsight" rejection and that Applicants, therefore, respectfully traverse such rejection with the above arguments.

CONCLUSION

In summary, it is respectfully submitted that Applicants have properly responded to all matters which are at issue in this application and that this application is now in condition for allowance. Reconsideration of this application and allowance of all pending claims is earnestly solicited. Should Examiner require additional information or wish to discuss matters further, the undersigned attorney for Applicants is willing to do so.

Respectfully submitted,

David A. Spenard
Registration No. 37,449

4

BW 002170

Willian Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578

5

BW 002171

MAIL ROOM
NOV 7 1994
PATS. & TRADE MARK OFFICE

| TRANSMITTAL LETTER | | | Attorney's Docket No. 91016A |
|---|---|---|---|
| Serial No. 08/056,635 | Filing Date 05-03-93 | Examiner W. Lo | Group Art Unit 3402 |

Inventor(s)
Edward C. Siemon et al.

Title of Invention
VCT CONTROL WITH A DIRECT ELECTROMECHANICAL ACTUATOR

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS

Transmitted herewith is ___ an Amendment _____

[ ] Small entity status of this application under 37 CFR § 1.27 has been established by verified statement previously submitted.

[ ] A verified statement to establish small entity status under 37 CFR §§ 1.9 and 1.27 is enclosed.

[ ] Petition for a ___ month(s) extension of time.

[X] No additional fee is required.

[ ] The fee has been calculated as shown below:

| | Claims Remaining After Amendment | | | Highest No. Previously Paid For | Present Extra | Small Entity | | | or | Other Than Small Entity | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Rate | Add'l Fee | | Rate | Add'l Fee |
| Total | | Minus | | | | X $11 = | $ | | | x $22 = | $ |
| Indep. | | Minus | | | | X $37 = | $ | | | x $74 = | $ |
| First Presentation of Multiple Dep. Claim | | | | | | +$115 = | $ | | | + $230 = | $ |
| | | | | | | total add'l fee | $ | | | total add'l fee | $ |

[ ] Please charge Deposit Account No. 23-1925 (WILLIAM BRINKS HOFER GILSON & LIONE) in the amount of $_____ . A duplicate copy of this sheet is enclosed.

[ ] A check in the amount of $_____ to cover the filing fee is enclosed.

[X] The Commissioner is hereby authorized to charge payment of any additional filing fees required under 37 CFR § 1.16 and any patent application processing fees under 37 CFR § 1.17 associated with this communication or credit any overpayment to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

[X] I hereby petition under 37 CFR § 1.136(a) for any extension of time required to ensure that this paper is timely filed. Please charge any associated fees which have not otherwise been paid to Deposit Account No. 23-1925. A duplicate copy of this sheet is enclosed.

Respectfully submitted,

David A. Spenard
Registration No. 37,449
Attorney for Applicant

WILLIAM BRINKS HOFER
GILSON & LIONE
1130 Edison Plaza
TOLEDO, OHIO 43604-1537
(419) 244-6578

rev. 04/1993



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/056,635 | 05/03/93 | SIEMON | E | 92007 |

34M1/1205

BORG-WARNER AUTOMOTIVE, INC.
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

| | EXAMINER |
|---|---|
| ART UNIT | PAPER NUMBER |
| 3402 | 16 |
| DATE MAILED: | 12/05/94 |

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on 11/7/94    ☒ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.     2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.          4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1-11 and 13-15_ are pending in the application.

Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-11 and 13-15_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2-93)

BW 002173

Serial Number: 08/ 056,635                                    -2-
Art Unit: 3402

Part III   DETAILED ACTION

### Claim Rejections - 35 USC § 103

1.   The text of those sections of Title 35, U.S. Code not
included in this action can be found in a prior Office action.

2.   Claims 1-11 and 13-15 are rejected under 35 U.S.C. § 103 as
being unpatentable over Butterfield et al. ('659), Linder et al.,
Hendrixon et al., and Strauber et al.  Butterfield et al. show an
internal combustion engine with a camshaft phase varying system
substantially as claimed including a vane, a housing, a spool
valve, and various return lines.  Butterfield et al. show in fig.
20 a lever arrangement to actuate the spool valve.  Linder et al.
teach a camshaft phase varying system including the utilization
of camshaft torque reversals similar to the system of the instant
application and a solenoid valve 24 to control the flow of the
working fluid between two chambers 7 and 8.  Linder et al. also
show a close-loop feed back system to control a camshaft phase
varying mechanism (fig. 7).   Strauber et al. are relied upon
solely to further show a camshaft phase varying mechanism which
utilizes a solenoid to operate a spool valve to control the flow
of the working fluid.  Strauber et al. show a common solenoid
which includes all the elements as claimed.  All solenoid valves
are of the variable force type by nature, which depend on the
voltage or current change delivered to the solenoids.  It is well

Serial Number: 08/ 056,635                                   -3-
Art Unit: 3402

known to provide a variable force solenoid valve to obtain linear
control and variable fluid rate of flow as taught by Hendrixon et
al. It would have been obvious for one of ordinary skill in the
art at the time the invention was made to have made a system as
presently claimed by utilizing a system as shown by Butterfield
et al. and substituting a solenoid control valve system of Linder
et al. which includes a solenoid actuated spool valve combination
as taught by Strauber et al. with a variable force function as
shown to be common by Hendrixon et al. for the variable similar
variable force controlled hydraulic spool valve system of
Butterfield et al. in that the solenoid and hydraulic actuators
are obvious common variants and additionally the solenoid
actuator may provide a quicker response and to better control the
working fluid in the system. Additionally, it would have been
obvious for said individual at the time the invention was made to
have to amplify the stroke or provide a net gain in force by
varying the lever ratio in the system of Butterfield et al. which
is a basic engineering principle, and by using a lever to gain
amplification of force in not new or an unusual result.

### Response to Amendment

3.   Applicant's arguments filed 111/7/94 have been fully
considered but they are not deemed to be persuasive.

BW 002175

Serial Number: 08/ 056,635                                    -4-

Art Unit: 3402

In response to Applicant's argument that the Examiner's conclusion of obviousness is based upon improper hindsight reasoning, it must be recognized that any judgement on obviousness is in a sense necessarily a reconstruction based upon hindsight reasoning. But so long as it takes into account only knowledge which was within the level of ordinary skill at the time the claimed invention was made, and does not include knowledge gleaned only from the applicant's disclosure, such a reconstruction is proper. *In re McLaughlin*, 443 F.2d 1392; 170 USPQ 209 (CCPA 1971).

In response to Applicant's argument that there is no suggestion to combine the references, the Examiner recognizes that references cannot be arbitrarily combined and that there must be some reason why one skilled in the art would be motivated to make the proposed combination of primary and secondary references. *In re Nomiya*, 184 USPQ 607 (CCPA 1975). However, there is no requirement that a motivation to make the modification be expressly articulated. The test for combining references is what the combination of disclosures taken as a whole would suggest to one of ordinary skill in the art. *In re McLaughlin*, 170 USPQ 209 (CCPA 1971). References are evaluated by what they suggest to one versed in the art, rather than by their specific disclosures. *In re Bozek*, 163 USPQ 545 (CCPA) 1969. In this case, the fact the Butterfield shows the use of a

BW 002176

Serial Number: 08/ 056,635                                    -5-

Art Unit: 3402

hydraulic actuator 234 with or without a lever arrangement 440 would have been easily replaced by a solenoid actuator, especially when Linder et al. teach the use of a solenoid control valve 24 as do Strauber et al. (a solenoid actuated spool valve). Additionally, Hendrixon et al. are relied upon to specifically teach that variable force solenoid actuated spool valves are old. The teaching available to one of ordinary skill in the art, as shown by the references cited, would render the claims obvious.

## Conclusion

4.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.  Note, the additional citing of Kano et al. teaching that a control valves 24 and 25 provide for linear control of the hydraulic fluid in a variable valve timing system.

5.    THIS ACTION IS MADE FINAL.  Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

BW 002177

Serial Number: 08/ 056,635                                    -6-

Art Unit: 3402


    Any inquiry concerning this communication or earlier
communications from the examiner should be directed to Weilun Lo
whose telephone number is (703) 308-1957.

    Any inquiry of a general nature or relating to the status of
this application should be directed to the Group receptionist
whose telephone number is (703) 308-0861.



Weilun Lo
Patent Examiner
Art Unit 3402
November 29, 1994                    HENRY C. YUEN
                                     PRIMARY EXAMINER
                                     ART UNIT 3402

BW 002178



TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 056,635 | GROUP ART UNIT 3402 | ATTACHMENT TO PAPER NUMBER | 16 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) SIEMON et al. | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5 2 7 1 3 6 0 | 12/1993 | KANO et al. | 123 | 90.17 | 11/91 |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER *Nilan Lo* | DATE 11/29/94 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

BW 002179



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | : | Group Art Unit: 3402 |
| EDWARD C. SIEMON, ET AL. | : | |
| Serial No. 08/056,635 | : | Examiner: W. Lo |
| Filed: May 3, 1993 | : | |
| For: VCT CONTROL WITH A | : | Attorney Dkt. No.: 91016A |
| DIRECT ELECTRO- | : | |
| MECHANICAL ACTUATOR | : | |

## NOTICE OF APPEAL FROM THE PRIMARY EXAMINER
## TO THE BOARD OF PATENT APPEALS AND INTERFERENCES
## AND
## PETITION FOR A ONE-MONTH EXTENSION

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

Applicant hereby appeals to the Board from the decision of the Primary Examiner mailed December 5, 1994 finally rejecting Claims 1-11 and 13-15.

In addition, Applicant hereby petitions for a one-month extension.

The item(s) checked below are appropriate:

1. **STATUS OF APPLICANT**

   This application is on behalf of:

   _X_ other than a small entity.
   ___ small entity.

   Verified statement:
   ___ attached.
   ___ already filed on _____.

2. **FEE FOR FILING NOTICE OF APPEAL**

   Pursuant to 37 C.F.R. §1.17(e), the fee for filing the Notice of Appeal is:

   ___ small entity ................. $135.00.
   _X_ other than a small entity .... $280.00.

120 TE 03/30/95 08056635 ....    1 115    110.00 CK
120 TE 03/30/95 08056635 ....    1 119    280.00 CK

BW 002180

3.    **EXTENSION OF TERM**

The proceedings herein are for a patent application and the provisions of 37 C.F.R. §1.136 (fees: 37 C.F.R. §1.17(a)-(d) for the total number of months checked below:

| Extension (mos.) | other than small entity | small entity |
|---|---|---|
| _X_ one month ........ | $110.00 ...... | $55.00 |
| ___ two months ........ | $360.00 ...... | $180.00 |
| ___ three months ...... | $840.00 ...... | $420.00 |
| ___ four months ..... | $1,320.00 ...... | $660.00 |

Fee: $110.00

If an additional extension is required, please consider this a petition therefor.

___   An extension for ___ months has already been secured and the fee due paid therefor of $_____ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request: $110.00.

4.    **TOTAL FEE DUE**

The total fee due is:

Notice of Appeal:    $280.00
Extension of Time    $110.00
TOTAL FEE DUE:       $390.00

5.    **FEE PAYMENT**

_X_   Attached is a check in the sum of $390.00.
___   Charge Account No. 23-1925 the sum of $_____.

A duplicate of this transmittal is attached.

6.    **FEE DEFICIENCY**

_X_   If any additional extension and/or claims is required, charge Account No. 23-1925.

AND/OR

___   If any additional fee for claims is required, charge Account No. 23-1925.

Respectfully submitted,

David A. Spenard
Registration No. 37,449

WILLIAM BRINKS HOFER GILSON & LIONE
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578

BW 002181



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/056.635 | 05/03/93 | SIEMON | F  92007 |

BORG-WARNER AUTOMOTIVE, INC.          34M2/0414
PATENT DOCKET ADMINISTRATOR
6700 18-1/2 MILE ROAD
P. O. BOX 8022
STERLING HEIGHTS, MI 48311-8022

| | EXAMINER |
|---|---|
| ART UNIT | PAPER NUMBER |
| 3402 | 18 |

DATE MAILED:          04/14/95

*Below is a communication from the EXAMINER in charge of this application*

**COMMISSIONER OF PATENTS AND TRADEMARKS**

## ADVISORY ACTION

☐ THE PERIOD FOR RESPONSE:

☐ is extended to run _____ from the date of the Final Rejection

☐ continues to run _____ from the date of the Final Rejection

☒ expires three months from the date of the final rejection or as of the mailing date of this Advisory Action, whichever is later. In no event however, will the statutory period for response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date that the shortened statutory period for response expires as set forth above.

☒ Appellant's Brief is due in accordance with 37 CFR 1.192(a).

☐ Applicant's response to the final rejection, filed _____, has been considered with the following affect, but it is not deemed to place the application in condition for allowance:

1. ☐ The proposed amendments to the claim and/or specification will not be entered and the final rejection stands because:

   a. ☐ There is no convincing showing under 37 CFR 1.116(b) why the proposed amendment is necessary and was not earlier presented.

   b. ☐ They raise new issues that would require further consideration and/or search. (See Note).

   c. ☐ They raise the issue of new matter. (See Note).

   d. ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

   e. ☐ They present additional claims without cancelling a corresponding number of finally rejected claims.

   NOTE: _____
   _____
   _____

2. ☐ Newly proposed or amended claims _____ would be allowed if submitted in a separately filed amendment cancelling the non-allowable claims.

3. ☐ Upon the filing of an appeal, the proposed amendment ☐ will be ☐ will not be, entered and the status of the claims in this application would be as follows:

   Allowed claims: _____
   Claims objected to: _____
   Claims rejected: _____
   However;
   a. ☐ The rejection of claims _____ on references is deemed to be overcome by applicant's response.
   b. ☐ The rejection of claims _____ on non-reference grounds only is deemed to be overcome by applicant's response.

4. ☐ The affidavit, exhibit or request for reconsideration has been considered but does not overcome the rejection.

5. ☐ The affidavit or exhibit will not be considered because applicant has not shown good and sufficient reasons why it was not earlier presented.

☐ The proposed drawing correction ☐ has ☐ has not been approved by the examiner.

☐ Other

HENRY C. YUEN
PRIMARY EXAMINER
ART UNIT 344

PTOL-303 (REV 3-88)

BW 002182



I HEREBY CERTIFY THAT THIS CORRESPONDENCE
IS BEING DEPOSITED WITH THE UNITED STATES
POSTAL SERVICE AS FIRST CLASS MAIL IN AN
ENVELOPE ADDRESSED TO: COMMISSIONER OF
PATENTS AND TRADEMARKS, WASHINGTON, D.C.
20231 ON: *May 24, 1995*
(DATE OF DEPOSIT)

*Matilda Rainier*

*May 24, 1995*
(DATE OF SIGNATURE)

#19

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOARD OF PATENT APPEALS AND INTERFERENCES

34C1

| | |
|---|---|
| In re application of: | Group Art Unit: 3402 |
| EDWARD C. SIEMON, ET AL. | |
| Serial No. 08/056,635 | Examiner: W. Lo |
| Filed: May 3, 1993 | |
| For: VCT CONTROL WITH A DIRECT ELECTRO-MECHANICAL ACTUATOR | Attorney Dkt. No. 91016A |

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Dear Sir:

Enclosed herewith are three copies of an Appeal Brief captioned for the above-identified application.

Please charge the filing fee for this Appeal Brief against Deposit Account No. 02-3182.

Respectfully,

David A. Spenard
Registration No. 37,449
Attorney for Appellant

Willian Brinks Hofer
Gilson & Lione
1130 Edison Plaza
Toledo, OH 43604-1537
(419) 244-6578  (Phone)
(419) 244-8862  (Fax)

BW 002183



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | : | Group Art Unit: 3402 |
| EDWARD C. SIEMON, ET AL. | : | |
| Serial No. 08/056,635 | : | Examiner:  W. Lo |
| Filed:  May 3, 1993 | : | |
| For: VCT CONTROL WITH A | : | Attorney Dkt. No. 91016A |
| DIRECT ELECTRO- | : | |
| MECHANICAL ACTUATOR | : | |

Commissioner of Patents and Trademarks
Washington, D.C. 20231

ATTENTION:  Board of Patent Appeals and Interferences

### APPEAL BRIEF

Dear Sir:

This brief, which is transmitted in triplicate, is in furtherance of the Notice of Appeal filed March 15, 1995, for the above-mentioned application.  Accompanying this brief is a Transmittal of Appeal Brief which indicates that the fees required under 37 C.F.R. §1.17(f) and for any extension of time petitioned for in the Transmittal should be charged to Deposit Account No. 02-3182.

This brief contains the following items under the headings and in the order set forth below pursuant to 37 C.F.R. §1.192(c):

1. Status of Claims
2. Status of Amendments
3. Summary of Invention
4. Issues
5. Grouping of Claims

27162  06/12/95  08056635        02-3182  270  119      280.00CH

6.    Arguments & Conclusion

7.    Appendix A & B

The final page of this brief contains the attorney's
signature.

## STATUS OF CLAIMS

The total number of claims at issue in the application
is 14.  Claims 1-11 and 13-15 are pending in this
application and are on appeal.  Originally filed Claims 12
and 16-22 were cancelled.

## STATUS OF AMENDMENTS

After numerous telephones conversations with the
Examiner, a preliminary amendment was filed on November 23,
1993.  The purpose of the preliminary amendment was to avoid
a double patenting obviousness rejection which the Examiner
stated he would mail if the application remained unchanged.

Over the course of the telephone conversations, the
Examiner stated that: (1) Claims 1-10 were allowable,
provided that the application be converted into a
continuation-in-part and a terminal disclaimer and
supplemental declaration were filed; (2) Claims 11-15 needed
more detail; (3) Claims 16-22 should be cancelled, since
their scope exceeded that of internal combustion engine art.

Accordingly, Applicant: (1) amended the application to
convert it to a continuation-in-part (of co-pending
application Serial No. 940,273, filed on September 3, 1992,
now U.S. Patent No. 5,218,935, granted on June 15, 1993),
filed a terminal disclaimer, and filed a supplemental
declaration; (2) cancelled Claim 12 and included its
limitations into amended Claim 11 to provide a narrower
method claim; and, (3) cancelled Claims 16-22.

Ultimately, the Examiner and counsel for Applicant
could not agree on the telephone to claims language which
would put the application in a condition for allowance.

2

BW 002185

A second amendment was filed June 30, 1994 in response to an Office Action (Paper No. 12) mailed January 4, 1994. In that amendment, Applicant: (1) clarified certain ownership issues raised by the Examiner; (2) amended Claims 1, 5, 10, 11, 14, and 15 to correct typographical and administrative errors; and, (3) made arguments in favor of allowability in response to the Examiner's rejection under 35 U.S.C. §103 as obvious over Linder, et al., Butterfield, et al., and Strauber, et al.

On November 1, 1994, a third amendment was filed in response to an Office Action (Paper No. 14) mailed August 1, 1994. In that amendment, Applicant: (1) made arguments in favor of allowability in response to the Examiner's rejection under 35 U.S.C. §103 as obvious over Linder, et al., Butterfield, et al., Strauber, et al., and an additional reference, Hendrixon, et al.

On March 15, 1995, a Notice of Appeal was filed in response to a Final Office Action (Paper No. 16) mailed December 5, 1994.

## SUMMARY OF THE INVENTION

The present invention is one of a family of devices relating to a variable camshaft timing (VCT) system. The VCT system relies on hydraulic forces to vary the phase angle of the camshaft(s) of an automotive engine relative to the crankshaft.

The present invention provides an improved method and apparatus for controlling the position of a vented spool in a hydraulic control valve in a VCT system, for example, a hydraulic control valve similar to the one used in an oppositely-acting hydraulic cylinder VCT timing system of the type disclosed in U.S. Patent 5,002,023, or a hydraulic control valve similar to the one used in a vane-type VCT timing system of the type disclosed in U.S. Patent 5,107,804.

The control system of the present invention, i.e., use of an electromechanical actuator, eliminates the hydraulic

3

force on one end of the spool resulting from directly
applied hydraulic fluid from the engine oil gallery at full
hydraulic pressure, $P_s$, utilized by previous embodiments of
the VCT system. The force on the other end of the vented
spool results from the electromechanical actuator,
preferably of the variable force solenoid type, which acts
directly upon the vented spool in response to an electronic
signal issued from an engine control unit ("ECU") which
monitors various engine parameters. The ECU receives
signals from sensors corresponding to camshaft and
crankshaft positions and utilizes this information to
calculate a relative phase angle. The preferred embodiment
employs a closed-loop feedback system, such as the one
disclosed in U.S. Patent 5,184,578, which corrects for any
phase angle error. The present invention offers an
efficient and economical solution to the problems recited
above, as well as additional advantages over a conventional
differential pressure control system ("DPCS").

For the present invention, the VCT system used may be
one previously mentioned, or any one which uses a
proportional spool valve to regulate flow of engine oil to
control the phase angle adjustment. The control of the
position of spool 200 within member 198 is in direct
response to electromechanical actuator 201, preferably a
variable force solenoid, as shown in Figure 19. An
electrical current is introduced via cable 238 through
solenoid housing 201d into solenoid coil 201a which repels,
or "pushes", armature 201b. Armature 201b bears against
extension 200c of vented spool 200, thus moving vented spool
200 to the right, as oriented in Fig. 19. If the force of
spring 202 is in balance with the force exerted by armature
201b in the opposite direction, spool 200 will remain in its
null or centered position. Thus, vented spool 200 can be
moved in either direction by increasing or decreasing the
current to solenoid coil 201a, as the case may be. Of
course, the configuration of solenoid 201 may be reversed,
converting the force on spool extension 200c from a "push"
to a "pull." This would require the function of spring 202
to be redesigned to counteract the force in the new
direction of armature 201b movement. However, there are

A

BW 002187

instances when it is desirable for spool 200 to be forced to the far left, or biased, position. The location of spring 202 in cavity 198c, as shown in Figure 19, or in cavity 198a, as shown in Figure 20, ensures the return of spool 200 to its biased position when there is no current applied to solenoid coil 201a, such as periods of power failure or engine shutdown.

The movement of armature 201b is controlled by an electrical current applied to solenoid coil 201a in response to a control signal from electronic engine control unit (ECU) 208, shown schematically in Fig. 19, which may be of conventional construction. In previous versions of the VCT system, the force exerted against spool extension 200c must balance with the force of spring 202 plus any system oil pressure in cavity 198a acting on the end of land 200a if a null position of spool 200 was desired. Problems arose when attempting to achieve this balance because the system included a component which could vary significantly, namely oil pressure. The optimum solution is a control system completely independent of variable parameters, i.e., one independent of engine oil pressure.

In the present invention, oil pressure in cavity 198a is relieved, leaving only the force of armature 201b to be balanced against the force of spring 202 to achieve a null position of spool 200. Relieving the pressure in cavity 198a may be accomplished, for example, by providing an engine oil flow path to the vane system which bypasses spool 200, that is, does not utilize a passage internal to spool 200 to supply oil to inlet line 182, as in previous systems. The bypass of spool 200 may be achieved by connecting bypass line 220a directly to inlet line 182 and substituting inlet oil check valve 222a for the check valve previously contained in the passage internal to the spool. In conjunction with providing an alternate flow path, venting spool valve 198 to atmosphere via vent 198d would complete the objective of relieving the pressure in cavity 198a which acted on the end of land 200a in previous VCT systems.

5

BW 002188

In an alternate embodiment, lever arrangement 201e or
equivalent is functionally positioned between
electromechanical actuator 201 and spool 200, as shown in
Figure 20. Lever arrangement 201e effectively acts as a
stroke amplifier/force attenuator, allowing either a
reduction in the required solenoid current or reduction in
the air gap distance without sacrificing valve travel.

## ISSUES

Whether Claims 1-11 and 13-15 are unpatentable under 35
U.S.C. §103 as obvious over Linder, et al., Butterfield, et
al., Strauber, et al., and Hendrixon, et al.

No claims currently stand allowed. Claims on appeal
are attached for the Board's convenience (Appendix A).
Copies of the Linder, et al., Butterfield, et al., Strauber,
et al., and Hendrixon, et al. references are also attached
(Appendix B).

## GROUPING OF CLAIMS

Appellants consider the claims to each be independently
patentable in its own right. However, the following claims
are all rejected for the same reasons and may be grouped
together:

Claims 1-10, 11, and 13-15.

## ARGUMENTS

### CLAIMS 1-10, 11, AND 13-15 ARE NOT OBVIOUS

Appellant respectfully appeals from Examiner's
conclusion that the present application is unpatentable
under 35 U.S.C. §103 as being obvious over Butterfield et
al., Linder et al., Hendrixon, et al., Strauber et al., and
a basic engineering principle.

### The Cited References Do Not Precisely Teach the Functions as Stated by the Examiner

The Examiner, in his latest Office Action, first
explains what each reference teaches and then applies it to
the present application. Appellant respectfully submits
that three of the four cited references do not precisely

6

BW 002189

teach the functions stated by the Examiner <u>as applied to the present appication</u>.

The Examiner states that the first reference, Butterfield et al., teaches "an internal combustion engine with a camshaft phase varying system as claimed including a vane, a housing, a spool valve, and various return lines" as well as "a lever arrangement to actuate the spool valve."

Appellants concede that the first portion of the statement made by Examiner regarding the subject matter of the invention is true. Furthermore, the second portion of the statement (regarding the lever in Butterfield et al. '659) is true, but only <u>in general</u>. Appellants respectfully assert the argument that, upon closer inspection, it can be seen in Figure 20 that Butterfield et al. '659 merely teaches a simple lever arm 440 for use in a situation where piston 434a is <u>physically unable</u> to align with free end 400c of spool 400. According to the corresponding specification, "this is an advantage when adapting the variable camshaft timing system of the present invention [Butterfield et al. '659] to some vehicle/engine configurations." In other words, lever arm 440 is used only for packaging convenience. Contrastingly, Figure 20 of the present application illustrates a complex lever arrangement 201e which is used solely to provide amplification of the force applied to spool 200. Accordingly, Appellant respectfully disagrees with Examiner's contention that Butterfield et al. '659 teaches the same lever arrangement as that described in the application now on appeal.

Furthermore, lever arrangment 201e is included only as dependent Claims 9 and 15. In the event that Claims 9 and 15 are not allowed on their own merit, Appellant respectfully requests that they be allowed in light of the allowability of independent Claims 1 and 11.

The Examiner next relies upon the Linder et al. reference, stating that it teaches a VCT system which utilizes "torque reversals and a solenoid 24 to control the flow of working fluid between two chambers 7 and 8."

. 7

BW 002190

Appellant respectfully asserts the position that, like Butterfield et al., Linder et al. does not teach subject matter specifically related to the present application. In the present Office Action, Examiner states that Linder et al. is "relied upon solely to teach a solenoid control valve 24 to control the flow of the working fluid between chambers 7 and 8.". The present application uses a proportional spool valve 200 to directly control the flow of the working fluid and a variable force solenoid 201 to control the positioning of the spool valve. The Examiner states that "[a]ll solenoid valves are of the variable force type by nature, which depend on the voltage or current change delivered to the solenoids." Again, Appellant disagrees. "Solenoid valves are suitable for on-off service and utilize a solenoid to move the valve disc to either the fully open or fully closed position."[1] Accordingly, Linder et al. does not teach a variable force solenoid valve to position a proportional spool valve as in the application on appeal.

The Examiner also contends that Strauber et al. teaches "a solenoid operated spool valve to control the flow of the working fluid." Appellant again asserts the position that the relied upon reference does not teach what Examiner proposes. The Strauber et al. disclosure, like Linder et al., teaches a common ("on-off" only) solenoid to control a spool of a two-position only system. Unlike Strauber et al., the present invention utilizes a variable force solenoid to control the position of a spool of a continuously variable system. Further, the Strauber et al. system controls the flow of oil both internal and external to the VCT mechanism. The present invention, however, controls the flow of oil internal to the VCT mechanism only.

In short, Appellant submits that three of the four references cited by Examiner do not teach what the Examiner states, as applied to the present application, and therefore should not be allowed to substantiate the Examiner's obviousness rejection.

---

[1]Sanford I. Heisler, The Wiley Engineer's Desk Reference 378. (John Wiley & Sons 1984).

BW 002191

## Hindsight Rejections Are Not Allowed

Assuming for the sake of argument that all cited references (Butterfield et al., Linder et al., Hendrixon et al., and Strauber et al.) combined with the general engineering principle cited (i.e., that a lever may be used to increase force) do indeed teach the concepts suggested by the Examiner, Appellant respectfully asserts the argument that the obviousness rejection is still not valid. The Federal Circuit has ruled that:

> It is impermissible to use the claimed invention as an instruction manual or "template" to piece together the teachings of the prior art so that the claimed invention is obvious. This court has previously stated that "[o]ne cannot use hindsight reconstruction to pick and choose among isolated disclosures in the prior art to deprecate the claimed invention."

In Re Fritch, 23 U.S.P.Q.2d 1780, 1784 (Fed. Cir. 1992) (citations omitted); see also, Orthopedic Equipment Co., Inc. et al. v. U.S., 217 U.S.P.Q. 193, 199 (Fed. Cir. 1983). In the present application on appeal, the Examiner has inappropriately taken specific elements from four references (and a basic engineering principle) and used them to reconstruct the present invention and find that it is obvious.

## The Hendrixon et al. Reference

The Examiner concedes that references cannot be arbitrarily combined and that there must be some motivation for one skilled in the art to combine teachings from several patents. In Re Nomiya, et al., 184 U.S.P.Q. 607, 613 (C.C>P.A. 1975) citing, Graham v. John Deere Co., 383 U.S. 1, 36, 148 U.S.P.Q. 459, 474 (1966). But Nomiya also stands for the proposition that if an invention solves a problem which was not contemplated in a prior art reference, it may be patentable. Nomiya, 184 U.S.P.Q. at 612-13. The reasoning behind this principle is that if the problem was known, a person skilled in the art would be motivated to solve it. Lacking knowledge of the problem, one skilled in the art would not be so motivated.

Appellant submits that problems caused by the VCT system dependency on engine oil pressure were not known at

9

BW 002192

the time of the Hendrixon et al. patent.  The Hendrixon et al. invention was directed at a variable force solenoid having reduced frictional force between the moving elements resulting in the virtual elimination of hysteresis in a ball-armature position versus current.  U.S. Patent No. 5,000,420, col. 2, lines 41-46.  Furthermore, close inspection of the Hendrixon et al. patent reveals that there is engine oil pressure acting on the land of the spool not directly affected by the solenoid.  As shown in Figure 1 of Hendrixon et al., "[m]anifold passage 86, which is interconnected to manifold passage 84, provides control pressure feedback to the face of the spool land 62."  Id. at col. 4, lines 65-68.  Clearly, there is engine oil present in cavity 84 at control pressure which acts on spool land 62 and counteracts the force of the solenoid on spool land 60.  Given the presence of engine oil in cavity 84 acting on land 62, the Hendrixon et al. inventor could not have expected the problems caused by a VCT system dependent upon engine oil pressure.[2]

By utilizing a direct electromechanical actuator on one land of the spool in combination with relieving the oil pressure on the other land, the present invention provides a solution to problems not expected by Hendrixon et al.-- problems which are well documented and resolved in the application for the present invention.  For example, the lack of normal operating oil pressure during initial engine start-up does not result in start-up error because the signal from the ECU is fed immediately to the solenoid which directly positions the spool.  Other solutions to problems include: a response time faster than a purely hydraulic actuation (allowing the use of increased closed-loop gain and making the system less sensitive to component tolerances and operating environment); the elimination of chatter (resulting in a virtually noise-free system); and, use for

---

[2] See also, Ex Parte Hiyanizu, 10 U.S.P.Q. 2d 1393, 1394-95, (Bd. of Patent Appeals 1988) ("[W]here the claimed invention solves a problem, the discovery of the source of the problem and its solution are considered to be part of the 'invention as a whole' under §103.") (citations omitted).

10

applications where an oil-free actuator is desirable (such as with an engine which utilizes a timing belt).

In short, Appellants respectfully submit, to combine four references and a general engineering principle without some suggestion of doing so is improper. Butterfield et al. discloses a VCT system, but nothing suggests using a lever arrangement in combination with a variable-force solenoid to amplify the force applied to the spool valve. Nothing in Linder et al., which discloses a device having a completely different control system, suggests using a variable force solenoid to position the spool and/or a lever arrangement to amplify the force applied to the spool. Hendrixon does teach a variable force solenoid to control fluid flow, but in no way expected the problems of an engine oil pressure dependent system. And nothing in Strauber et al., a two-position only device which uses a "common" (i.e., two-position only) solenoid, suggests using a variable force solenoid to actuate the spool valve of a continuously variable VCT system like the present invention.

In light of the above, Appellant respectfully submits that the obviousness rejection is an improper "hindsight" rejection and that Appellant, therefore, respectfully traverses such rejection with the above arguments.

### CONCLUSION

Appellant respectfully submits that it has been shown that: (1) three of the four references cited do not teach the functions stated by the Examiner as applied to the present application; (2) the present invention identifies the source of problems not contemplated by a prior art reference and then solves them; and (3) Appellant believes that the rejection stated by the Examiner is an inappropriate "hindsight" rejection. Accordingly, the Board of Patent Appeals and Interferences is respectfully requested to reverse Examiner's rejections of Claims 1-11

11

BW 002194

and 13-15 and allow the claims at an early date.

Respectfully submitted,

David A. Spenard
Registration No. 37,449
Attorney for Appellant

Willian Brinks Hofer Gilson & Lione
1130 Edison Plaza
Toledo, Ohio 43604-1537
(419) 244-6578
(419) 244-8862 (fax)

12

BW 002195

A

BW 002196



**APPENDIX A**

<u>CLAIMS ON APPEAL</u>

1.    An internal combustion engine, comprising:

a crankshaft, said crankshaft being rotatable about an axis;

a camshaft (126), said camshaft being rotatable about a second axis, said camshaft being subject to torque reversals during rotation thereof;

a vane (160), said vane having first and second circumferentially spaced apart lobes (160a, 160b), said vane being attached to said camshaft, said vane being rotatable with said camshaft and being non-oscillatable with respect to said camshaft;

a housing (132), said housing being rotatable with said camshaft and being oscillatable with respect to said camshaft, said housing having first and second circumferentially spaced apart recesses (132a, 132b), each of said first and second recesses receiving one of said first and second lobes and permitting oscillating movement of said one of said first and second lobes therein;

means for transmitting rotary movement from said crankshaft to said housing; and,

means for controlling the oscillation of said housing, said control means being reactive to torque reversals in said camshaft for varying the position of said housing relative to said camshaft, said control means comprising:

a spool valve body (198);

a spool (200), said spool being reciprocable within said body and having first and second spaced apart lands (200a, 200b), said spool further having a vent to atmosphere (198d);

BW 002197

a first return line means (194) extending from one of said first recess and said second recess to said spool valve body, one of said first and second lands blocking flow through said first return line means in a first range of positions of said spool within said valve body and permitting flow through said first return line means in a second range of positions of said spool within said valve body;

a second return line means (196) extending from the other of said first recess and said second recess to said valve body, the other of said first and second lands blocking flow through said second return line means in said second range of positions of said spool within said valve body, permitting flow through said second return line means in a first portion of said first range of positions of said spool within said valve body, and blocking flow through said second return line means in a second portion of said first range of positions of said spool within said valve body;

an inlet line means (182) extending from said valve body to each of said first recess and said second recess, said inlet line means permitting hydraulic fluid to flow from said valve body to said each of said first recess and said second recess regardless of the position of said spool, said inlet line means having check valve means (184, 186) for preventing the flow of hydraulic fluid from each of said first recess and said second recess to said valve body;

means for sensing (207a, 207b) the positions of said crankshaft and said camshaft;

an engine control unit (208), said engine control unit for receiving information from said sensing means and for calculating a relative phase angle between said crankshaft and said camshaft using said information;

an electromechanical actuator (201), said electromechanical actuator for controlling the position of said spool in response to a signal issued from said engine control unit; and,

2

BW 002198

means for biasing (202) said spool valve, said
biasing means for urging said spool valve to a full
advance position during periods when said electromechani-
cal actuator is deenergized.


2.    An engine according to Claim 1 wherein each of
said first and second lobes respectively divides each of
said first and second recesses into a first portion and a
second portion, each of said one of said first portion
and said second portion of said each of said first and
second recesses being capable of sustaining hydraulic
pressure.


3.    An engine according to Claim 2 wherein said
control means is capable of being reversed to transfer
hydraulic fluid out of said one of said first portion and
said second portion of said each of said first and second
recesses and to transfer hydraulic fluid into said other
of said first portion and said second portion of said
each of said first and second recesses.


4.    An engine according to Claim 3 wherein said
hydraulic fluid comprises engine lubricating oil, said
engine further comprising at least one conduit means
(230a) for transferring engine lubricating oil from a
pressurized lubricating oil source (230) to said control
means and back again in response to said torque reversals
of said camshaft.


5.    An engine according to Claim 4 further compris-
ing means for hydraulically connecting (182a) one of said
first portion and said second portion of one of said
first recess and said second recess with one of said
first portion and said second portion of the other of
said first recess and said second recess to permit
hydraulic fluid to flow between said one of said first
portion and said second portion of said one of said first
recess and said second recess and said one of said first
portion and said second portion of said other of said
first recess and said second recess.


6.    An engine according to Claim 5 further compris-

3

BW 002199

ing at least one other conduit means (220a), said other conduit means providing communication for the flow of hydraulic fluid through said valve body to said inlet line means, said other conduit means having second check valve means (222a) for preventing the flow of hydraulic fluid from said inlet line means through said valve body.

7.    An engine according to Claim 6 wherein said electromechanical actuator comprises a variable force solenoid.

8.    An engine according to Claim 7 wherein said variable force solenoid comprises:

a coil (201a), said solenoid coil for receiving an electrical current from said engine control unit;

an armature (201b), said armature being substantially surrounded by said coil, said armature being connected to said spool, said coil, when energized, for creating a magnetic field sufficient to cause said armature to exert a force upon said spool and induce movement in said spool, said movement corresponding to said signal from said engine control unit;

an air gap, said air gap for separating said coil from said armature; and,

a housing, said housing for providing an enclosure for said coil, said armature, and said air gap.

9.    An engine according to Claim 7 wherein said electromechanical actuator further comprises a stroke amplifier, said stroke amplifier providing a net gain in force as applied to said vented spool.

10.    An engine according to Claim 9 wherein said stroke amplifier comprises a lever arrangement (201e).

11.    In an internal combustion engine having a variable camshaft timing system for varying the phase angle of a camshaft relative to a crankshaft, a method of regulating the flow of hydraulic fluid from a source to a

4

BW 002200



means for transmitting rotary movement from said crank-
haft to a housing, comprising the steps of:

sensing the positions of said crankshaft and
said camshaft;

calculating a relative phase angle between said
crankshaft and said camshaft, said calculating step using
an engine control unit for processing information ob-
tained from said sensing step, said engine control unit
further for issuing a electrical signal corresponding to
said phase angle;

controlling the position of a vented spool
slidably situated within a spool valve body, said control
being in response to said signal received from said
engine control unit, said controlling step utilizing an
electromechanical actuator to vary the position of said
vented spool, said electromechanical actuator comprising
a variable force solenoid;

supplying hydraulic fluid from said source through
said spool valve to a means for transmitting rotary
movement to said camshaft, said spool valve selectively
allowing and blocking flow of hydraulic throughan inlet
line and through return lines; and,

transmitting rotary movement to said camshaft in
such a manner as to vary the phase angle of said camshaft
with respect to said crankshaft, said rotary movement
being transmitted through a housing, said housing being
mounted on said camshaft, said housing further being
rotatable with said camshaft and being oscillatable with
repsect to sand camshaft.

13.    The method of Claim 11 wherein said variable
force solenoid comprises:

a coil, said coil being adapted to receive said
electrical signal from said engine control unit;

an armature, said armature being substantially

5

BW 002201

surrounded by said coil, said armature being connected to
said spool, said coil, when energized, creating a mag-
netic field sufficient to cause said armature to exert a
force upon said spool and induce movement in said spool,
said movement corresponding to said signal from said
engine control unit;

an air gap, said air gap separating said coil
from said armature; and,

a housing, said housing providing an enclosure
for said coil, said armature, and said air gap.

14.    The method of Claim 11 wherein said electro-
mechanical actuator further comprises a stroke amplifier,
said stroke amplifier for providing a net gain in force
as applied to said spool.

15.    The method of Claim 14 wherein said stroke
amplifier comprises a lever arrangement.

6

BW 002202

B

BW 002203



## APPENDIX B

### AUTHORITIES CITED

1. U.S. Patent No. 5,172,659 (Butterfield et al. '659).

2. U.S. Patent No. 5,012,774 (Strauber et al.).

3. U.S. Patent No. 5,056,077 (Linder et al.).

4. U.S. Patent No. 5,000,420 (Hendrixon et al.).

5. U.S. Patent No. 5,002,023 (Butterfield et al. '023).

6. U.S. Patent No. 5,107,804 (Becker et al.).

7. U.S. Patent No. 5,184,578 (Quinn, Jr. et al.).

8. In Re Fritch, 23 U.S.P.Q.2d 1780 (Fed. Cir. 1992).

9. In Re Nomiya, et al., 184 U.S.P.Q. 607 (C.C.P.A. 1975).

10. Ex Parte Hiyamizu, 10 U.S.P.Q.2d 1393 (Bd. of Patent Appeals 1988).

11. Orthopedic Equipment Co., Inc. et al. v. U.S., 217 U.S.P.Q. 193 (Fed. Cir. 1983).

12. Sanford I. Heisler, The Wiley Engineer's Desk Reference 378 (John Wiley & Sons 1984).

BW 002204

BW 002205

US005172659A

# United States Patent [19]

## Butterfield et al.

[11] Patent Number: 5,172,659

[45] Date of Patent: Dec. 22, 1992

[54] DIFFERENTIAL PRESSURE CONTROL SYSTEM FOR VARIABLE CAMSHAFT TIMING SYSTEM

[75] Inventors: Roger T. Butterfield, Interlaken; Franklin R. Smith, Slaterville Springs, both of N.Y.

[73] Assignee: Borg-Warner Automotive Transmission & Engine Components Corporation, Sterling Heights, Mich.

[21] Appl. No.: 763,514

[22] Filed: Sep. 20, 1991

### Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 713,465, Jun. 11, 1991, Pat. No. 5,107,804, which is a continuation-in-part of Ser. No. 584,913, Sep. 19, 1990, Pat. No. 5,046,460, which is a continuation-in-part of Ser. No. 422,153, Oct. 16, 1989, Pat. No. 5,002,023.

[51] Int. Cl.5 ............................................ F01L 1/34
[52] U.S. Cl. ............................ 123/90.17; 123/90.31; 464/2
[58] Field of Search ........ 123/90.12, 90.15, 90.17, 123/90.31; 464/2

[56] References Cited

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 4,858,572 | 8/1989 | Shimizu et al. ............ 123/90.15 |
| 4,869,086 | 12/1989 | Scoppechi et al. ......... 123/90.15 |
| 4,903,650 | 2/1990 | Ohkuno et al. ............ 123/90.17 |
| 5,003,023 | 3/1991 | Butterfield et al. ....... 123/90.15 |
| 5,012,773 | 5/1991 | Akasaka et al. ........... 123/90.17 |
| 5,046,460 | 9/1991 | Butterfield et al. ....... 123/90.17 |
| 5,056,477 | 10/1991 | Linder et al. ............. 123/90.17 |
| 5,056,478 | 10/1991 | Ma ........................... 123/90.17 |
| 5,058,539 | 10/1991 | Saito et al. ................ 123/90.17 |

5,080,056 1/1992 Suga ...................... 123/90.17

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 11608 | 2/1988 | Japan .................... 123/90.15 |
| 2033533 | 12/1913 | United Kingdom .... 123/90.17 |

Primary Examiner—E. Rollins Cross
Assistant Examiner—Weilun Lo
Attorney, Agent, or Firm—Willian, Brinks, Olds, Hofer, Gibson & Lione

[57] ABSTRACT

A camshaft (136) has a vane (160) secured to an end thereof for non-oscillating rotation therewith. The camshaft tends to change in reaction to pulses which it experiences during its normal operation, and it is permitted to change only in a given direction, either to advance or retard, by selectively blocking or permitting the flow of hydraulic fluid, preferably engine oil, through the return lines (194, 196) from the recesses by controlling the position of a spool (200) within a valve body (198) of a control valve in response to a signal indicative of an engine operating condition from an engine control unit (208). The spool is selectively positioned within the valve body by controlling hydraulic loads on its opposed end, one end being subjected to full-system pressure from the hydraulic source (230), the other end being subject to the action of an hydraulic pressure multiplier (234) which receives fluid from the hydraulic source by way of pulse-width modulated solenoid (206) that acts to controllably reduce hydraulic system pressure in response to a signal from an engine control unit (208). The spool is centered when the hydraulic loads acting on its opposed ends are in balance by the action of springs (202, 204) that also act on the opposed ends of the spool.

15 Claims, 16 Drawing Sheets



U.S. Patent        Dec. 22, 1992        Sheet 1 of 14        5,172,659



FIG. I

BW 002207

U.S. Patent    Dec. 22, 1992    Sheet 2 of 14    5,172,659



FIG. 2



FIG. 6

U.S. Patent    Dec. 22, 1992    Sheet 3 of 14    5,172,659



FIG. 3

FIG. 5

BW 002209



FIG. 4

FIG. 9

U.S. Patent          Dec. 22, 1992          Sheet 5 of 14          5,172,659



FIG. 7



FIG. 8

BW 002211

U.S. Patent        Dec. 22, 1992        Sheet 6 of 14        5,172,659



FIG. 10

BW 002212



U.S. Patent    Dec. 22, 1992    Sheet 7 of 14    5,172,659



FIG. 11

BW 002213

U.S. Patent        Dec. 22, 1992        Sheet 8 of 14        5,172,659



FIG. 12.

BW 002214



FIG. 13

BW 002215

U.S. Patent          Dec. 22, 1992          Sheet 10 of 14          5,172,659



FIG. 15          FIG. 16



FIG. 14

BW 002216

U.S. Patent       Dec. 22, 1992       Sheet 11 of 14       5,172,659



FIG. 17



FIG. 18

BW 002217

U.S. Patent    Dec. 22, 1992    Sheet 12 of 14    5,172,659



FIG. 19

BW 002218



FIG. 20

BW 002219






FIG. 21

BW 002220

5,172,659

<div style="display:flex">
<div>

**1**

## DIFFERENTIAL PRESSURE CONTROL SYSTEM FOR VARIABLE CAMSHAFT TIMING SYSTEM

### CROSS-REFERENCE TO RELATED APPLICATIONS

This application is a continuation-in-part of co-pending application Ser. No. 713,465 filed Jun. 11, 1991 now U.S. Pat. No. 5,107,804, which, in turn, is a continuation-in-part of co-pending application Ser. No. 584,911, filed Sept. 19, 1990 now U.S. Pat. No. 5,046,460, the disclosure of which is incorporated by reference herein. The aforesaid co-pending application Ser. No. 584,911, in turn, was a continuation-in-part of application Ser. No. 422,353 filed Oct. 16, 1988 which was co-pending therewith, now U.S. Pat. No. 5,002,023, the disclosure of which is also incorporated by reference herein.

### FIELD OF THE INVENTION

This invention relates to an hydraulic control system for controlling the operation of a variable camshaft timing (VCT) system of the type in which the position of the camshaft is circumferentially varied relative to the position of a crankshaft in reaction to torque reversals experienced by the camshaft during its normal operation. In such a VCT system, an hydraulic system is provided to effect the repositioning of the camshaft in reaction to such torque reversals, and a control system is provided to selectively permit or prevent the hydraulic system from effecting such repositioning.

### BACKGROUND OF THE INVENTION

The aforesaid U.S. Pat. No. 5,002,023 describes a VCT system within the field of the invention in which the system hydraulics includes a pair of oppositely acting hydraulic cylinders with appropriate hydraulic flow elements to selectively transfer hydraulic fluid from one of the cylinders to the other, or vice versa, to thereby advance or retard the circumferential position of a camshaft relative to a crankshaft. The aforesaid co-pending application Ser. No. 713,465 further describes a VCT system within the field of the invention in which the system hydraulics include a vane having lobes within an enclosed housing, the vane being oscillatable with respect to the housing, with appropriate hydraulic flow elements to transfer hydraulic fluid within the housing from one side of a lobe to the other, or vice versa, to thereby oscillate the vane with respect to the housing in one direction or the other, an action which is effective to advance or retard the position of the camshaft relative to the crankshaft. The control system for the VCT system of U.S. Pat. No. 5,002,023 utilizes a control valve in which the exhaustion of hydraulic fluid from one or another of the oppositely acting cylinders is permitted by moving a spool within the valve one way or another from its centered or null position. The movement of the spool occurs in response to an increase or decrease in control hydraulic pressure on an end of the spool and the relationship between the hydraulic force on such end and an oppositely directed mechanical force on the other end which results from a compression spring that acts thereon.

A problem with the control system of the aforesaid type is that it relies on an hydraulic force of variable magnitude to counteract a mechanical force. This problem arises from the fact that the pressure and viscosity of the hydraulic fluid that is used in the control system, illustratively engine lubricating oil in an automotive

</div>
<div>

**2**

VCT application, can change over a period of time due to changes in the engine r.p.m., the operating temperature or age of the oil, or variations in the composition of the engine oil from time to time as a result of an oil change in which the old oil is replaced by an oil of a different brand or grade. In any case, in a control system Of the aforesaid type the actual hydraulic control pressure, which is at least partly related to viscosity in a dynamic system, is maintained at a predetermined value by changing the duty cycle of a pulse width modulated (PWM) solenoid. The PWM solenoid, which is included in a control system of the aforesaid type, is used to control the hydraulic pressure at a reduced level from a higher pressure source, for example, the engine oil gallery, based on the duration of the "on" cycles of the PWM solenoid relative to its "off" cycles. Very sophisticated software is required to control the duty cycle of a PWM solenoid to prevent changes in engine oil pressure or viscosity from undesirably changing the desired centered or null position of the control valve spool.

### SUMMARY OF THE INVENTION

The present invention provides an improved method and apparatus for controlling the position of a spool in an hydraulic control valve. Specifically, the present invention provides an improved method and apparatus for controlling the position of a spool in an hydraulic control valve which is used in an oppositely-acting hydraulic cylinder VCT timing system of the type disclosed in U.S. Pat. No. 5,002,023, or an hydraulic control valve which is used in a vane-type VCT timing system of the type disclosed in U.S. Ser. No. 713,465.

The control system of the present invention utilizes hydraulic force on both ends of the spool, hydraulic force on one end resulting from directly applied hydraulic fluid from the engine oil gallery at full hydraulic pressure. The hydraulic force on the other end of the spool results from an hydraulic cylinder or other force multiplier which acts thereon in response to system hydraulic fluid at reduced pressure from a PWM solenoid. Because the force at each of the opposed ends of the spool is hydraulic in origin, based on the same hydraulic fluid, changes in pressure or viscosity of the hydraulic fluid will be self-negating, and will not affect the centered or null position of the spool.

Preferably, the force multiplier which acts on the other end of the spool will exactly double the force acting on the one end of the spool, assuming equal hydraulic pressures acting on each. This can be accomplished by providing the hydraulic force multiplier with a piston whose cross-sectional area is exactly double the cross-sectional area of the end of the spool which is acted on directly by system hydraulic pressure. In this way, the hydraulic forces acting on the spool will be exactly in balance when the hydraulic pressure within the force multiplier is exactly equal to one-half that of system hydraulic pressure. This operating condition is achieved with a PWM solenoid duty cycle of 50%, a desirable number because it permits equal increases and decreases in force at the force multiplier end of the spool, to thereby move the spool in one direction or the other by the same amount and at the same rate by increasing or decreasing the duty cycle of the PWM solenoid.

</div>
</div>

BW 002221



5,172,659

| 3 | 4 |

Accordingly, it is an object of the present invention to provide an improved method and apparatus for controlling the operation of an hydraulic control valve of the spool type. It is a further object of the present invention to provide an improved method and apparatus for controlling the operation of an hydraulic control valve of the spool type in an automotive variable camshaft timing system which utilizes oppositely acting, torque reversal reactive hydraulic means.

For a further understanding of the present invention and the objects thereof, attention is directed to the drawing and the following brief description thereof, to the detailed description of the preferred embodiment, and to the appended claims.

BRIEF DESCRIPTION OF THE DRAWING

FIG. 1 is a fragmentary view of a dual camshaft internal combustion engine incorporating an embodiment of a variable camshaft timing arrangement according to the present invention, the view being taken on a plane extending transversely through the crankshaft and the camshafts and showing the intake camshaft in a retarded position relative to the crankshaft and the exhaust camshaft;

FIG. 2 is a fragmentary view similar to a portion of FIG. 1 showing the intake camshaft in an advanced position relative to the exhaust camshaft;

FIG. 3 is a fragmentary view taken on line 3—3 of FIG. 4 with some of the structure being removed for the sake of clarity and being shown in the retarded position of the device;

FIG. 4 is a fragmentary view similar to FIG. 3 showing the intake camshaft in an advanced position relative to the exhaust camshaft;

FIG. 5 is a view similar view showing the reverse side of some of the structure illustrated in FIG. 1;

FIG. 6 is a fragmentary view taken on line 6—6 of FIG. 4;

FIG. 7 is a fragmentary view taken on line 7—7 of FIG. 1;

FIG. 8 is a sectional view taken on line 8—8 of FIG. 1;

FIG. 9 is a sectional view taken on line 9—9 of FIG. 3;

FIG. 10 is an end elevational view of a camshaft with an alternative embodiment of a variable camshaft timing system applied thereto;

FIG. 11 is a view similar to FIG. 10 with a portion of the structure thereof removed to more clearly illustrate other portions thereof;

FIG. 12 is a sectional view taken on line 12—12 of FIG. 10;

FIG. 13 is a sectional view taken on line 13—13 of FIG. 10;

FIG. 14 is a sectional view taken on line 14—14 of FIG. 11;

FIG. 15 is an end elevational view of an element of the variable camshaft timing system of FIGS. 10–14;

FIG. 16 is an elevational view of the element of FIG. 15 from the opposite end thereof;

FIG. 17 is a side elevational view of the element of FIGS. 15 and 16;

FIG. 18 is an elevational view of the element of FIG. 17 from the opposite side thereof; and

FIG. 19 is a simplified schematic view of the variable camshaft timing arrangement of FIGS. 10–18; and

FIG. 20 is a fragmentary view similar to FIG. 12 of an alternative embodiment of a variable camshaft timing system; and

FIG. 21 is a fragmentary schematic view similar to FIG. 19 of an alternative embodiment of the present invention.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

In the embodiment of FIGS. 1–9, a crankshaft 22 has a sprocket 24 keyed thereto, and rotation of the crankshaft 22 during the operation of the engine in which it is incorporated, otherwise not shown, is transmitted to an exhaust camshaft 26, that is, a camshaft which is used to operate the exhaust valves of the engine, by a chain 28 which is trained around the sprocket 24 and a sprocket 30 which is keyed to the camshaft 26. Although not shown, it is to be understood that suitable chain tighteners will be provided to ensure that the chain 28 is kept tight and relatively free of slack. As shown, the sprocket 30 is twice as large as the sprocket 24. This relationship results in a rotation of the camshaft 26 at a rate of one-half that of the crankshaft 22, which is proper for a 4-cycle engine. It is to be understood that the use of a belt in place of the chain 28 is also contemplated.

The camshaft 26 carries another sprocket, namely sprocket 32, FIG. 3, 4 and 6, journalled thereon to be oscillatable through a limited arc with respect thereto and to be otherwise rotatable with the camshaft 26. Rotation of the camshaft 26 is transmitted to an intake camshaft 34 by a chain 36 which is trained around the sprocket 32 and a sprocket 38 that is keyed to the intake camshaft 34. As shown, the sprockets 32 and 38 are equal in diameter to provide for equivalent rates of rotation between the camshaft 26 and the camshaft 34. The use of a belt in place of the chain 36 is also contemplated.

As is illustrated in FIG. 6, an end of each of the camshafts 26 and 34 is journalled for rotation in bearings 42 and 44, respectively, of the head 50, which is shown fragmentarily and which is bolted to an engine block, otherwise not shown, by bolts 48. The opposite ends of the camshafts 26 and 34, not shown, are similarly journalled for rotation in an opposite end, also not shown, of the head 50. The sprocket 38 is keyed to the camshaft 34 at a location of the camshaft 34 which is outwardly of the head 50. Similarly, the sprockets 32 and 30 are positioned, in series, on the camshaft 26 at locations outwardly of the head 50, the sprocket 32 being transversely aligned with the sprocket 38 and the sprocket 30 being positioned slightly outwardly of the sprocket 32, to be transversely aligned with the sprocket 24.

The sprocket 32 has an arcuate retainer 52 (FIGS. 7 and 8) as an integral part thereof, and the retainer 52 extends outwardly from the sprocket 32 through an arcuate opening 30a in the sprocket 30. The sprocket 30 has an arcuate hydraulic body 46 bolted thereto and the hydraulic body 46, which houses certain of the hydraulic components of the associated hydraulic control system, receives and pivotally supports the body end of each of a pair of oppositely acting, single acting hydraulic cylinders 54 and 56 which are positioned on opposite sides of the longitudinal axis of the camshaft 26. The piston ends of the cylinders 54 and 56 are pivotally attached to an arcuate bracket 58, and the bracket 58 is secured to the sprocket 32 by a plurality of threaded fasteners 60. Thus, by extending one of the cylinders 54

BW 002222