IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INC., <br>     Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., and <br> BORGWARNER MORSE TEC INC., <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 05-048-SLR |
| BORGWARNER INC., <br><br>     Counterclaimant, <br><br> v. <br><br> HITACHI, LTD., and HITACHI AUTOMOTIVE PRODUCTS (USA), INC., <br><br>     Counterdefendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
<u>MOTION TO FILE CLAIM CONSTRUCTION SUR-REPLY BRIEF</u>**

              ASHBY & GEDDES
              Steven J. Balick (I.D. #2114)
              John G. Day (I.D. #2403)
              Tiffany Geyer Lydon (I.D. #3950)
              222 Delaware Ave., 17th Floor
              P.O. Box 1150
              Wilmington, DE 19899
              (302) 654-1888

              *Attorneys for Plaintiffs Hitachi, Ltd. and*
              *Hitachi Automotive Products (USA), Inc.*

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Mary M. Calkins
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

William J. Robinson
Foley & Lardner LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-2223

Dated: November 20, 2006

# **TABLE OF CONTENTS**

I. SUMMARY OF THE ARGUMENT ..................................................................................1

II. BW'S MOTION IS WITHOUT MERIT AND IS NOTHING MORE THAN A PRETEXT FOR THE SUBMISSION OF FURTHER CLAIM CONSTRUCTION ARGUMENTS PRIOR TO THE COURT'S *MARKMAN* HEARING................................2

    A. BW's Argument Is Contrary To The Court's Claim Construction Briefing Procedures ...........................................................................................2

    B. The "New Arguments" About Which BW Complains All Were Addressed In Hitachi's Opening Brief Or In Direct Response To Arguments BW Made In Its Own Opening Brief ..................................................4

    C. BW's Own Responsive Brief Demonstrates That BW's Motion Is Meritless..............................................................................................................6

    D. BW's Motion Is A Pretext For Providing Itself With An Additional Round Of Briefs ..................................................................................................7

III. CONCLUSION.....................................................................................................................8

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE CLAIM CONSTRUCTION SUR-REPLY BRIEF

Plaintiffs Hitachi Ltd. and Hitachi Automotive Products (USA), Inc. ("Hitachi") hereby oppose the motion by defendants BorgWarner Inc. and BorgWarner Morse Tec Inc. ("BW") for leave to file a claim construction sur-reply brief.

## I. SUMMARY OF THE ARGUMENT

The parties already have filed their opening and answering claim construction briefs, and according to the Scheduling Order, claim construction briefing is now complete. Nonetheless, without meeting and conferring, BW has moved to file a 19-page sur-reply.[1] BW's motion is baseless and represents a transparent attempt to needlessly expand *Markman* briefing and obtain the last word.

Hitachi followed the Court's procedure for claim construction briefs to the letter. BW, on the other hand, first conjured up an obligation that does not exist under the Court's *Markman* procedures, and then criticized Hitachi for failing to follow it. BW's motion essentially admits as much. As to each of Hitachi's allegedly "new" arguments, Hitachi either made them in its opening brief or made them in direct response to arguments made in BW's opening brief. BW simply is seeking to manipulate the Court's

---

[1] After receiving Hitachi's responsive claim construction brief on October 23, 2006, BW waited nearly two weeks (until November 3, 2006) to contact Hitachi about its proposed sur-reply. Hitachi responded within two hours that it could meet and confer the next business day. Instead of responding, BW simply filed its motion that evening. Based on the 19-page proposed sur-reply that BW went ahead and filed as an attachment to its motion, BW obviously had been working on its unauthorized third *Markman* brief for some time – but apparently had no intention of making any meaningful pre-filing effort to discuss the issue with opposing counsel, or of awaiting the Court's permission to submit its sur-reply.

1

briefing procedures in order to grant itself an extra round of claim construction arguments. BW's motion should be denied.

## II. BW'S MOTION IS WITHOUT MERIT AND IS NOTHING MORE THAN A PRETEXT FOR THE SUBMISSION OF FURTHER CLAIM CONSTRUCTION ARGUMENTS PRIOR TO THE COURT'S *MARKMAN* HEARING

BW's entire motion is premised on the outlandish position that Hitachi's opening brief not only should have included Hitachi's arguments in support of its own proposed claim constructions, but that it also should have included Hitachi's response to the arguments it *anticipated* seeing in BW's opening brief so that BW could respond to them. BW's Motion at 2. BW even identifies a purported list of "new arguments" by Hitachi. BW's Motion at 2-3. BW's argument lacks merit on many levels, including its fallacious argument about the proper procedure for claim construction briefing and Hitachi's supposed "new arguments." The Court should have no tolerance for such gamesmanship.

### A. BW's Argument Is Contrary To The Court's Claim Construction Briefing Procedures

BW incorrectly describes the Court's claim construction procedures, creating a fictitious obligation on the part of Hitachi that simply does not exist. Hitachi precisely followed the Court's claim construction briefing procedures. BW merely wants to manipulate those procedures to provide itself with another round of arguments because Hitachi's responsive brief demonstrated that BW's claim construction was incorrect and overreaching.

By its own words, BW's argument essentially admits the erroneous nature of its position. BW complains that Hitachi should have responded in full to BW's proposed claim constructions in Hitachi's opening brief. BW is wrong. The scheduling order in

2

this case envisions just two rounds of briefing – simultaneous opening briefs in which each side supports its own proposed claim constructions, followed by simultaneous answering briefs in which each side responds to the proposed claim constructions of its adversary. Unlike motion practice, in which briefing is sequential and the moving party gets the last word, with claim construction there is no moving party. Briefing is simultaneous, not sequential, and neither side gets the last word. Entirely consistent with this Court's practice, Hitachi's opening brief supported its own claim constructions. Hitachi had no obligation in that brief to anticipate every possible claim construction argument BW might make and lay out anticipated rebuttal arguments so that BW could "respond" to them.

In its answering brief, Hitachi rebutted BW's arguments on BW's proffered claim constructions. Hitachi demonstrated why BW's constructions are overreaching and nothing more than an attempt to ensnare technology far outside the claims of the patent in issue, while Hitachi's constructions closely track the intrinsic evidence. These arguments were directly driven by BW's opening brief, as even a simple review of the Table of Contents of Hitachi's answering brief demonstrates.

In sum, Hitachi's responsive brief was directly and exclusively focused on rebutting the assertions in BW's opening brief. That is the nature of such a brief.[2]

---

[2] BW's citations of *United States v. Fleetwood Enters., Inc.*, 702 F. Supp. 1082, 1091 n. 25 (D. Del. 1988) and *Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) have no bearing on this case. They relate to *sequential* briefing, where a moving party saves for its reply new arguments that it should have made in its opening brief. By contrast, the Court's Scheduling Order required *simultaneous* opening and responsive briefing, without reply briefs. The responsive briefs were to address points in the other party's opening brief, just as Hitachi's did here. Indeed, *Bayer* fully recognizes that it is entirely reasonable for a party to raise new points that are driven by the other party in fair

3

Plainly, arguments made in opening and answering briefs will not be identical because the purposes of the two briefs are different. It would have been a meaningless exercise for Hitachi to simply parrot back in its responsive brief precisely the same points, and in exactly the same terms, that it made in its opening brief.

B.  **The "New Arguments" About Which BW Complains All Were Addressed In Hitachi's Opening Brief Or In Direct Response To Arguments BW Made In Its Own Opening Brief**

Putting aside BW's repeated mischaracterizations, BW's list of "new arguments" shows the fallacy of its contentions and the pretextual and frivolous nature of its Motion. Just as one example, Hitachi could not possibly anticipate that BW would incorrectly argue that the term "VCT mechanism," which is part of BW's prosecution disclaimer over the Strauber prior art, is not used anywhere in the specification or in the prosecution history. BW's Opening Brief (D.I. 267) at 17. When BW made such an incorrect argument, Hitachi responded by pointing out that the intrinsic record is replete with references to "VCT mechanism" and gave several examples from the intrinsic record. Hitachi's responsive brief simply set the record straight. Interestingly, BW now argues that it has been sandbagged. This is not true. Hitachi cannot be blamed for BW's misstatements about the intrinsic record of its own patent.

The frivolous nature of BW's list of alleged "new arguments" is shown in the following table, which identifies where Hitachi raised each issue in its opening brief and/or the specific argument from BW's opening brief to which Hitachi was responding:

---

response to points raised in other party's opposition papers. *Bayer*, 129 F. Supp. 2d at 717. In *Bayer*, the Court found the arguments in the reply brief to be a fair response to points raised in other party's answering papers. *Id.*

4

| The Alleged New Argument in Hitachi's Responsive Brief[3] | Place in Hitachi's Opening Brief Where Argument was Addressed and/or Place in BW's Opening Brief that Argument Responds To |
|---|---|
| Hitachi now contends that BorgWarner's construction of the claim term "source" in claim 10 of U.S. Patent No. 5,497,738 ("the '738 patent") is inconsistent with the preamble "regulating" phrase in the preferred cam-torque actuated ("CTA") embodiment | • Hitachi's Opening Brief at 23 (discussing that MOG oil flow not regulated by spool valve); and 24-25 and 34 (discussing that MOG cannot be "source" of claim 10).<br>• Response to BW's Opening Brief at 15-16 (arguing that "source" in preamble should be the MOG) |
| Hitachi now contends that claim 10 must be limited to CTA like claim 1 because of an amendment during the prosecution history to a "unified invention" | • Hitachi's Opening Brief at 34 (discussing that claim 10 amended when PTO examiner required claims to be directed to a unified invention)<br>• Response to BW's Opening Brief at 14-15 (arguing claim differentiation between claims 1 and 10) |
| Hitachi has included newly-filed expert declarations, which opine on claim construction for the first time, and raised new arguments regarding the prosecution history of the '738 patent, including new arguments about the Strauber reference and statements made about it during prosecution, new arguments about the Linder reference and statements made about it during prosecution, and revised arguments about what is included in the "VCT mechanism" referenced in the prosecution history | • Hitachi's Opening Brief at 14-15 and 23 (discussing meaning of prosecution history disclaimer)<br>• Response to BW's Opening Brief at 17-20 (arguing that specification and prosecution do not refer to "VCT mechanism")<br>• Response to Ribbens Report at 30-31 and 36, which was filed with and relied upon in BW's Opening Brief at 18 as to VCT mechanism. Technical declarations respond to other statements in Ribbens Report relied upon throughout BW's Opening Brief. |

---

[3] BW's list makes mischaracterizations about Hitachi's positions taken in its responsive brief, including stating that certain arguments have changed. BW is wrong. Hitachi's arguments in its responsive brief are entirely consistent with its opening brief.

5

| *The Alleged New Argument in Hitachi's Responsive Brief*[3] | *Place in Hitachi's Opening Brief Where Argument was Addressed and/or Place in BW's Opening Brief that Argument Responds To* |
|---|---|
| Hitachi advances new arguments regarding the "allowing and blocking" limitation in claim 10 | • Hitachi's Opening Brief at 34 (discussing that spool valve does not allow and block flow from MOG)<br>• Response to BW's Opening Brief at 34 (pointing to MOG flow in connection with claim phrase requiring allowing and blocking) |
| Hitachi addresses the preferred embodiment for the "variable force solenoid" and closed-loop control system of claim 10 for the first time and cites numerous passages from an extrinsic expert declaration that was only filed with Hitachi's reply | • Hitachi's Opening Brief at 11 and 37-38 (discussing specification and BW prior patents confirming interpretation of variable force solenoid)<br>• Response to BW's Opening Brief at 29-31, and Ribbens Report at 13-15, 18, 23-24, and 34-36) relied upon in BW's Opening Brief (arguing that variable force solenoid includes PWM driving signal) |
| Hitachi now contends that BorgWarner's construction for the term "connected" in claim 11 is inconsistent with the specification of the '738 patent | • Response to BW's Opening Brief at 37 (arguing that "connected" covers an embodiment that BW characterizes as not showing armature physically attached to spool) |
| Hitachi advances new arguments regarding the term "air gap" in claim 11 and appears to have changed it claim construction regarding the length of the air gap | • Hitachi's Opening Brief at 40 (discussing meaning of air gap, including that it separates coil from armature)<br>• Response to BW's Opening Brief at 38, and Ribbens Report at 28, 37-38 (arguing that air gap can be any form of gap in ferromagnetic material) |

### C. BW's Own Responsive Brief Demonstrates That BW's Motion Is Meritless

BW's statements about "new arguments" are particularly surprising and ill-conceived given how much new evidence, and how many new arguments, BW raised in its own responsive brief. Just as a few examples, BW's responsive brief includes:

- A new report by its expert Ribbens (Ex. 18) having new claim construction arguments that BW relies upon in its responsive brief.

- New extrinsic evidence in the form of patents, publications and internal documents not previously submitted, including Exhibits 19, 21, 22, 25, and 29-31.

- New arguments about Strauber prior art at pages 9, 17, and 19 of responsive brief.

- New positions and arguments about Hitachi's construction of the term "source" at 22-24 of responsive brief.

- New arguments about recited calculating step at page 29 of responsive brief.

- New positions and arguments about "vented spool" at pages 32-33 of responsive brief.
- New argument about "means for transmitting rotary movement to said camshaft" at page 35 n. 23 of responsive brief, and

- New positions and arguments about variable force solenoid at 37-38 of responsive brief, including newly cited patents.

Following BW's own reasoning, BW should have submitted this new evidence and these new arguments in its opening brief along with anticipated rebuttal arguments, so that Hitachi would have a "full and fair opportunity to respond." Such a proposition is absurd on its face – as BW well knows.

### D.  BW's Motion Is A Pretext For Providing Itself With An Additional Round Of Briefs

BW's "opportunity to respond" argument should be seen for what it is – a pretext for a sur-reply that the Court's Scheduling Order does not allow. BW knows the claim construction briefing procedure. Whether designed to address shortcomings in its claim construction position or simply to get another bite at the apple before the Court's hearing, BW's submission of nineteen pages of further arguments has no justification. BW's Motion should be denied and its proposed sur-reply should be stricken from the record without being considered.

7

III.  **CONCLUSION**

For the above-stated reasons, Hitachi respectfully requests that the Court deny in its entirety BW's motion to file a sur-reply and strike its "proposed" extra brief from the record. In the alternative, if the Court accepts BW's surreply, then Hitachi respectfully requests the opportunity to file a sur-reply of its own.

                ASHBY & GEDDES

                */s/ Steven J. Balick*

                _____
                Steven J. Balick (I.D. #2114)
                John G. Day (I.D. #2403)
                Tiffany Geyer Lydon (I.D. #3950)
                222 Delaware Ave., 17th Floor
                P.O. Box 1150
                Wilmington, DE 19899
                (302) 654-1888

                *Attorneys for Plaintiffs Hitachi, Ltd. and*
                *Hitachi Automotive Products (USA), Inc.*

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Mary M. Calkins
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

William J. Robinson
Foley & Lardner LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-2223

Dated: November 20, 2006
175365.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2006, the attached **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE CLAIM CONSTRUCTION SUR-REPLY BRIEF** was served upon the following counsel of record in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19801 | HAND DELIVERY |
| Hugh A. Abrams, Esquire<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603 | VIA ELECTRONIC MAIL |

/s/ Steven J. Balick
_____
Steven J. Balick

154486.1