## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HITACHI, LTD. and HITACHI AUTOMOTIVE PRODUCTS (USA), INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| BORGWARNER INC. and BORGWARNER MORSE TEC INC., ) ) ) | Civil Action No. 05-048-SLR |
| Defendants. ) ) ) | |
| BORGWARNER INC., ) ) | **PUBLIC VERSION** |
| Counterclaimant, ) ) | |
| v. ) ) | |
| HITACHI, LTD. and HITACHI AUTOMOTIVE PRODUCTS (USA), INC., ) ) ) | |
| Counterdefendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF LESLIE J. KASPER AND ROGER L. MAY REGARDING PLAINTIFFS' RELIANCE ON AN OPINION OF COUNSEL TO REBUT DEFENDANTS' WILLFUL INFRINGEMENT CLAIM

*OF COUNSEL:*

SIDLEY AUSTIN BROWN & WOOD, LLP
Hugh A. Abrams
Thomas D. Rein
Lisa Schneider
Marc A. Cavan
Lara V. Hirshfeld
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Date: December 14, 2006
Redacted Version: December 21, 2006

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Lewis H. Lazarus (I.D. #2374)
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
mmatterer@morrisjames.com

*Attorneys for BorgWarner Inc. and BorgWarner Morse TEC Inc.*

# TABLE OF CONTENTS

I.      Statement of nature and stage of proceedings.....................................................................1

II.     Statement of facts..................................................................................................................2

III.    Argument ...............................................................................................................................5

        A.      The Standard for Admissibility of Expert Testimony...............................................5

        B.      Kasper and May Are Not Qualified To Testify Regarding The
                Competency Of The Sughrue Opinion And The Reasonableness of Hitachi
                Relying Upon the Opinion. .......................................................................................6

        C.      Kasper and May's Conclusions That The Sughrue Opinion Is Competent
                and That Hitachi Was Reasonable In Relying Upon It Are Not Reliable. .............7

        D.      Kasper and May's Opinion That The Sughrue Opinion Is Competent And
                That Hitachi Was Reasonable In Relying Upon It Will Not Assist The
                Trier Of Fact Because It Substitutes Their Opinions For That Of The
                Jury's, And Thus Lacks The Requisite Fit.................................................................9

        E.      At A Minimum, Hitachi Should Be Forced To Select One Expert To
                Opine On The Issue Of Willful Infringement.........................................................11

IV.     CONCLUSION.....................................................................................................................12

## TABLE OF AUTHORITIES

### CASES

*Abrams v. Van Kampen Funds, Inc.,*
No. 01 C 7538, 2005 U.S. Dist. LEXIS 531 (N.D. Ill. Jan. 13, 2005) ........................9

*Am. Tourmaline Fields v. Int'l Paper Co.,*
No. Civ. A. 3:96CV3363D, 1999 WL 242690 (N.D. Tex. Apr. 19, 1999) .................9

*Comark Commc'ns, Inc. v. Harris Corp.,*
156 F.3d 1182 (Fed. Cir. 1998) ..............................................................................7

*Daubert v. Merrell Dow Pharms., Inc.,*
509 U.S. 579 (1993).............................................................................................1, 5

*Elcock v. Kmart Corp.,*
233 F.3d 734 (3d Cir. 2000) .....................................................................................5

*Eolas Techs., Inc. v. Microsoft Corp.,*
270 F. Supp. 2d 997 (N.D. Ill. 2003) ....................................................................10

*Group Health Plan, Inc. v. Philip Morris USA, Inc.,*
344 F.3d 753 (8th Cir. 2003) ..................................................................................8

*Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.,*
315 F. Supp. 2d 589 (D. Del. 2004), *aff'd,* 140 Fed. Appx. 236 (Fed. Cir.
2006) (unpublished opinion), *cert. denied,* 1269 S. Ct. 1772 (2006) .......................5, 6

*Kumho Tire Co., Ltd. v. Carmichael,*
526 U.S. 137 (1999) ................................................................................................5

*Liquid Dynamics Corp. v. Vaughan Co., Inc.,*
449 F.3d 1209 (Fed. Cir.), *cert. denied,* -- S.Ct. – No. 06-508, 2006 WL
2929871 (U.S. Nov. 13, 2006).................................................................................9

*Oxford Gene Tech. Ltd. v. Mergen Ltd.,*
345 F. Supp. 2d 431 (D. Del. 2004).....................................................................7, 10

*Phillips v. General Motors Corp.,*
2000 WL 1285380 (E.D. La. 2000) .......................................................................11

*Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.,*
219 F.R.D. 135 (N.D. Iowa 2003) .......................................................................9, 10

*United States v. Duncan,*
42 F.3d 97 (2d Cir. 1994)......................................................................................10

ii

*Waldorf v. Shuta*,
  142 F.3d 601 (3d Cir. 1998) ......................................................................5, 6

## **RULES**

Fed. R. Evid. 702 ...................................................................................1, 5, 8, 11

BorgWarner Inc. and BorgWarner Morse Tec Inc. ("BorgWarner") hereby move to exclude the expert testimony of Hitachi expert witnesses Leslie J. Kasper ("Kasper") and Roger L. May ("May") with respect to the issue of willful infringement.    Specifically, BorgWarner seeks to exclude any testimony of these witnesses regarding (1) whether Hitachi relied on the the April 20, 1999 opinion of counsel prepared by Alan Kasper of the Sughrue Mion firm ("the Sughrue Opinion");[1] (2) whether any such reliance was reasonable; and (3) whether that opinion was competent.   (*See, e.g.*, Expert Rpt. of Leslie J. Kasper (Ex. 1 to Declaration of Mary Matterer ("Matterer Decl."), at ¶¶ 137-139; Expert Rpt. of Roger L. May (Matterer Decl. Ex. 2), at ¶¶ 126-127).

The portions of the Kasper and May reports containing these opinions should be stricken and neither witness should be allowed to testify on these matters at trial.    Not only are Mr. Kasper and Mr. May unqualified to offer such testimony, but the opinions expressed in their expert reports and during their depositions lack the reliability and fit that is required by *Daubert* and Federal Rule of Evidence 702.   *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993).    Moreover, the competency of an opinion of counsel and the reasonableness of a party's reliance upon such an opinion of counsel is a factual determination to be made by the trier of fact.    As such, the testimony of Mr. Kasper and Mr. May in which each witness does nothing more than opine on the ultimate conclusion adds nothing and improperly usurps the role of the fact finder.

## I.    STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

The present case is a declaratory judgment patent case involving U.S. Patent No. 5,497,738 ("the '738 patent"), which relates to variable camshaft timing systems.    BorgWarner

---

[1]    Attorney Alan Kasper, who is the author of the Sughrue Opinion, is not related to attorney Leslie Kasper, who is Hitachi's proposed expert witness.

asserts that claims 10 and 11 of the '738 patent are valid and infringed, and that Hitachi's infringement was willful. Fact discovery and expert discovery is closed. Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on September 9, 2006 and rebuttal reports on October 12, 2006. Opening and Responsive *Markman* briefs have been served. Also currently before the court are BorgWarner's Motion for Summary Judgment That the Butterfield Paper Does Not Constitute Prior Art Under 35 U.S.C. §§ 102(a) and 102(b) (D.I. 270); plaintiffs' motions for summary judgment based on invalidity (D.I. 272; D.I. 278); Plaintiffs' Motion for Summary Judgment of No Willful Infringement (D.I. 276); and Plaintiffs' Motion for Summary Judgment of Non-infringement of the '738 Patent (D.I. 274). An understanding of the patented technology is not necessary to resolve the present motion.

## II.    STATEMENT OF FACTS

Two of Hitachi's three damages experts, Mr. Kasper and Mr. May, submitted expert reports on October 12, 2006 with respect to (1) the appropriate royalty rate and royalty base for a hypothetical negotiation between Hitachi and BorgWarner in April 2000 for a license under the '738 patent, and (2) Hitachi's claim that reliance upon the Sughrue opinion shields it from a finding of willful infringement. (*See* Matterer Decl. Ex. 1 at ¶ 2; Matterer Decl. Ex. 2 at ¶ 2). This motion is directed solely at the latter issue; a separate motion is directed at the former set of issues.

The inadequate nature of the testimony of both Mr. Kasper and Mr. May is readily apparent from the face of their expert reports. Both witnesses provide only a cursory discussion of the willfulness issues. Mr. Kasper's expert report devotes a sum total of three short paragraphs towards these issues, while Mr. May's opinion on these issues is contained in two short paragraphs. (*See* Matterer Decl. Ex. 1 at ¶¶ 137-39; Matterer Decl. Ex. 2 at ¶¶ 126-27).

2

More specifically, Mr. Kasper testifies that he reviewed the opinion and that he believes it provides "a complete and reasonable analysis, legally and factually." (*See* Matterer Decl. Ex. 1 at ¶ 137). He further opines that Hitachi was "totally justified in relying upon the conclusions" in the opinion. (*Id.* at ¶ 139). Similarly, Mr. May makes the sweeping assertion in the conclusion of his report that "[t]he April 30, 1999 opinion prepared by Alan Kasper was competently prepared and Hitachi was reasonable in relying on that opinion." (Matterer Decl. Ex. 2 at ¶ 128). Neither witness explains *why* he believes the opinion is competent or *why* he believes Hitachi was reasonable in allegedly relying upon that opinion.

Moreover, Mr. Kasper and Mr. May assume that Hitachi relied on the Sughrue opinion, yet fail to identify, and cite no evidence to indicate, who at Hitachi relied on the opinions and what information was before them. Nor do they indicate what actions, if any, were taken by Hitachi in reliance on these opinions.

For example, Mr. Kasper's report fails to identify a single Hitachi employee who as much as saw the opinion, and this omission was not remedied at his deposition. In fact, Mr. Kasper admitted to a complete lack of knowledge on this issue. (*See* Kasper 11/15/06 Dep. Trans. (Matterer Decl. Ex. 4), at pp. 23-24 ("Q: Are you – but you're not aware of who specifically at *Hitachi* has ever read the opinion, correct? A: No, I'm not.")).

Mr. May's report is only marginally more detailed.

REDACTED

. (Matterer Decl. Ex. 5), at pp. 93-94 .

3

2

Not only did Mr. Kasper and Mr. May ignore the record evidence, but neither spoke to anyone at Hitachi to determine what Mr. Kondo, Mr. Suga or anyone else at Hitachi knew about the '738 patent or what they allegedly did in reliance on the Sughrue Opinion. (*See* May 11/7/06 Dep. Trans. (Matterer Decl. Ex. 3), at pp. 197-198). Instead, for purposes of their opinions, Mr. Kasper and Mr. May relied solely upon information received from Hitachi's counsel. (*See, e.g., id.* at p. 196 ("I only spoke to counsel in this case and read the [Sughrue] opinion."); Matterer Decl. Ex. 4 at pp. 18-19 ("I did not speak to anybody at Hitachi directly.")).

Mr. Kasper and Mr. May also gloss over the fact that the accused Hitachi VCT components are different from the VCT product addressed by the Sughrue Opinion. Mr. Kasper makes the bald assertion that "the products accused of infringement are further from the patent than the products described in the 1999 opinion." (Matterer Decl. Ex. 1 at ¶ 139). But there is no evidence that any Hitachi employees who "relied" on the Sughrue Opinion thought so, much less that the relevant Hitachi decision makers gave any consideration to the Sughrue Opinion when deciding to make and sell the accused products. (Matterer Decl. Ex. 3 at pp. 202-03). Indeed, Mr. Kasper himself lacked any knowledge regarding the difference between the accused VCT components made by Hitachi and the VCT components that are the subject of the Sughrue Opinion that were prepared by Unisia JECS. (*See* Matterer Decl. Ex. 4 at pp. 27-28).

---

[2] BorgWarner never had the opportunity to question Mr. Kondo regarding this turn of events, and Mr. Suga offered no further information during his deposition to clarify this uncertainty in the record.

III.    **ARGUMENT**

A.    **The Standard for Admissibility of Expert Testimony.**

"Federal Rule of Evidence 702 governs the admissibility of expert testimony." *Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 589, 600 (D. Del. 2004), *aff'd*, 140 Fed. Appx. 236 (Fed. Cir. 2005) (unpublished opinion), *cert. denied*, 126 S.Ct. 1772 (2006). It requires that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Ev. 702. "The Third Circuit has construed Rule 702 as embodying 'three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit.'" *Izume*, 315 F. Supp. 2d at 600 (*quoting Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)). To qualify as an expert the witness must have "specialized knowledge" that requires the "proffered expert witness ... [to] possess skill or knowledge greater than the average layman." *Izume*, 315 F. Supp. 2d at 600 (*quoting Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998) (internal citation and quotation marks omitted) (ellipses in original) (alteration added)). In order to satisfy the reliability requirement of expert testimony, an expert's opinion must be based upon sound methods and procedures and not the expert's "'"subjective belief or unsupported speculation"; the expert must have "good grounds" for his or her belief.'" *Id.* (internal citation omitted). "Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Id.* at 601. The Supreme Court has made clear that the Judge serves the gatekeeping function pursuant to Rule 702 to prevent the admissibility of expert opinion, whether scientific or otherwise, that does not embody these three distinctions. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-49 (1999).

**B.     Kasper and May Are Not Qualified To Testify Regarding The Competency Of The Sughrue Opinion And The Reasonableness of Hitachi Relying Upon the Opinion.**

Both Mr. Kasper and Mr. May opine that Hitachi relied on the Sughrue opinion, that the opinion was competent, and that the reliance was reasonable. Yet, there is no evidence that either witness possesses "skill or knowledge greater than the average layman" on any of these issues. *Izume*, 315 F. Supp. 2d at 600 (quoting *Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998)).

Certainly, Hitachi is hard-pressed to explain why expert testimony is required on the question of whether Hitachi relied on the Sughrue Opinion. That is a question of fact that is most appropriately addressed by the Hitachi witness or witnesses who allegedly made business decision(s) based on the opinion. And not surprisingly, no such witness has come forward in this litigation. Hitachi should not be permitted to shield relevant fact witnesses from discovery, and then use its experts to try to convince the jury that unspecified personnel at Hitachi acted based on the Sughrue Opinion. This would be highly inappropriate and unfair.

Nor do Mr. Kasper and Mr. May have any specialized knowledge regarding whether the Sughrue opinion was competent. The stated expertise of these two witnesses is licensing. (*See, e.g.*, Matterer Decl. Ex. 1 at ¶¶ 8-9; Matterer Decl. Ex. 2 at ¶¶ 9-10). There is no evidence that they have expertise in drafting or reviewing opinions of counsel for purposes of defending against charges of willful infringement. There is no evidence that either witness has ever before even considered the question of whether an opinion of counsel was competent or whether reliance on such an opinion was appropriate. Nor is there any evidence that either witness even *understands* the opinion or the issues raised therein. Indeed, Mr. Kasper admitted that he lacked any knowledge regarding the difference between the accused VCT components made by Hitachi and the VCT components that are the subject of the Sughrue opinion that were

prepared by Unisia JECS. (*See* Matterer Decl. Ex. 4 at pp. 27-28). How can one address the competency of an opinion or the reasonableness of relying on an opinion if one does not even understand how the device addressed in the opinion differs from the accused device?

Because Mr. Kasper and Mr. May are not qualified to render an opinion regarding the willfulness issues addressed in their reports, their testimony on these issues should be excluded.

### C.    Kasper and May's Conclusions That The Sughrue Opinion Is Competent and That Hitachi Was Reasonable In Relying Upon It Are Not Reliable.

Mr. Kasper and Mr. May's conclusions regarding the Sughrue Opinion must be excluded as they do not 'reliably follow from the facts' of this case. *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 434-35 (D. Del. 2004) ("As part of [the reliability] inquiry, the court 'must examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used.'" (internal citation omitted)). As BorgWarner explains in its Opposition to Hitachi's Motion for Summary Judgment of No Willful Infringement, there are several facts that demonstrate that the Sughrue Opinion is incompetent – facts ignored by Mr. Kasper and Mr. May. (*See* BW Opp. Pln's. M. Summ. J. No Willful Infringement (D.I. 306), at pp. 17-19). For example, a party cannot reasonably rely upon a non-infringement opinion that does not apply to the accused product. *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1190-93 (Fed. Cir. 1998) (upholding jury verdict premised, in part, on failure to update opinion counsel when device was modified). Yet, Mr. Kasper and Mr. May conclude that Hitachi's reliance on the Sughrue Opinion is reasonable despite the fact that Hitachi did not commercially produce the product subject to the Sughrue Opinion, and that product is different from the accused VCT components. As such, Mr.

Kasper and Mr. May's testimony pertaining to willfulness does not comport with the facts of this case.[3]

      Mr. Kasper and Mr. May's opinions are also predicated on speculation. For example, Mr. May speculates that "the engineering managers … would do patent reviews, would be extensively involved in working with their intellectual property department to seek out opinions as to whether or not a particular patent presented a problem … but I don't have any direct knowledge as to what they did." (*See* Matterer Decl. Ex. 3 at p. 199). Mr. May further speculates that based upon his "experience in working with Japanese clients" that "it's likely" that someone at Unisia JECS read the Sughrue Opinion, the '738 patent, the '738 patent's prosecution history, and the prior art relied on for the Sughrue Opinion. (*See id.* at pp. 200-1). Mr. May does not point to any evidence from the record to support such speculative testimony. Clearly, this sort of speculative testimony does not embody the reliability required by *Daubert* and Rule 702 for expert testimony, and thus it should be excluded. *See Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 758 (8th Cir. 2003) (excluding expert's opinion based upon pure speculation.).

      Moreover, it is fundamental that in order for expert testimony to be considered "reliable" it must rely upon a sound or testable methodology, and that any expert testimony that

---

[3]

REDACTED

8

lacks such reliability must be excluded. *Am. Tourmaline Fields v. Int'l Paper Co.*, No. Civ. A. 3:96CV3363D, 1999 WL 242690, at *2-3, 5 (N.D. Tex. Apr. 19, 1999); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2005 U.S. Dist. LEXIS 531, at * 18 (N.D. Ill. Jan. 13, 2005) ("In determining the reliability of the proffered testimony, the focus must be on the soundness of the methodology that is used, not on whether the conclusions the expert reaches are correct.") (citing cases). Yet, Mr. Kasper and Mr. May's opinions are void of any discussion of the methodology they relied upon to reach their conclusions with respect to issues of willfulness. Specifically, there is no detailed explanation in either report as to how Mr. Kasper and Mr. May concluded that the Sughrue Opinion was competently prepared, or that Hitachi's reliance on the Sughrue Opinion was reasonable. The obvious reason for this blatant gap in their reports is that neither Mr. Kasper nor Mr. May actually followed a specific methodology -- they knew the conclusion Hitachi desired them to reach and they stated that conclusion, without analysis, in their reports. As such, their testimony is not reliable and should be excluded.

> **D.    Kasper and May's Opinion That The Sughrue Opinion Is Competent And That Hitachi Was Reasonable In Relying Upon It Will Not Assist The Trier Of Fact Because It Substitutes Their Opinions For That Of The Jury's, And Thus Lacks The Requisite Fit.**

Willfulness is a question of fact, requiring the *trier of fact*, and not expert witnesses, to weigh and evaluate the relevant evidence. *See, e.g., Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006), *cert. denied*, -- S.Ct. --, No. 06-508, 2006 WL 2929871 (U.S. Nov. 13, 2006)). It "is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143 (N.D. Iowa 2003). Thus, "willful[ness] is not an issue on which [courts have found] expert testimony [to] assist the trier of

fact to understand the evidence or determine the issue." *Id.* at 142-43 (emphasis omitted).  And such testimony consequently does not possess the requisite "fit" for expert testimony.

For these very reasons, courts have refused to allow expert witnesses to testify regarding whether the opinion of counsel is competent, and whether the infringer's reliance upon such opinion was reasonable.  *See, e.g., Oxford Gene*, 345 F. Supp. 2d at 443 (refusing to allow the expert to testify as to the legal standard of willfulness or as to whether the infringer's conduct met the general standard of reasonableness.); *Eolas Techs., Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997, 1008 (N.D. Ill. 2003) (excluding testimony from a willful infringement expert that would opine on the legal standard of willful infringement, and also noting that, "[i]t is also improper for Mr. Harmon to testify that based on the record before him, 'a reasonable jury could find that Microsoft did not obtain a competent opinion of counsel that would have provided it with a reasonable belief that the '906 patent would be held invalid, unenforceable, or not infringed.'").

As in *Oxford Gene* and *Eolas*, it is likewise improper for Mr. Kasper and Mr. May to testify that the Sughrue Opinion was competent and that it was reasonable for Hitachi to rely on that opinion (*see, e.g.*, Matterer Decl. Ex. 1 at ¶ 140; Matterer Decl. Ex. 2 at ¶ 128.  These are conclusions to be reached by the jury, not Mr. Kasper or Mr. May.  "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.  When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (emphasis omitted).  That is precisely what Mr. Kasper and Mr. May want to do here.  Such testimony will not assist the jury to reach its willfulness determination, and thus crosses the line of suitable expert testimony.  Mr. Kasper and Mr. May's testimony on willfulness simply

does not possess the requisite "fit" to satisfy *Daubert* and Rule 702, and should therefore be excluded.

**E.    At A Minimum, Hitachi Should Be Forced To Select One Expert To Opine On The Issue Of Willful Infringement.**

Assuming *arguendo* that the court concludes that Mr. Kasper and Mr. May's testimony does pass the rigors of *Daubert* (and it should not), then BorgWarner contends that Hitachi should be required to pick either Mr. Kasper or Mr. May to testify regarding willful infringement. Mr. Kasper and Mr. May provide the same testimony with respect to the issue of willful infringement, and such duplicative testimony should be excluded. *See, e.g., Phillips v. Gen. Motors Corp.*, No. Civ. A. 99-3423, 2000 WL 1285380, at *3 (E.D. La. Sept. 12, 2000) (excluding portion of one of the party's expert reports because it was entirely duplicative of a portion of the party's other expert's report, and cumulative expert testimony will not be permitted.). Indeed, to allow both Mr. Kasper and Mr. May to both testify with respect to willfulness is a waste of resources and time.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant BorgWarner's motion to exclude the expert testimony of Mr. Kasper and Mr. May on the willful infringement issue.

Dated:  December 14, 2006

_____
Richard K. Herrmann (I.D. #405)
Lewis H. Lazarus (I.D. #2374)
Mary B. Matterer (I.D. #2696)
Morris James Hitchens & Williams LLP
500 Delaware Avenue, Ste. 1500
Wilmington, DE 19899
(302) 888-6800

Hugh A. Abrams *(pro hac vice)*
Thomas D. Rein *(pro hac vice)*
Lisa A. Schneider *(pro hac vice)*
Paul E. Veith *(pro hac vice)*
Marc A. Cavan *(pro hac vice)*
Stephanie P. Koh *(pro hac vice)*
Lara V. Hirshfeld *(pro hac vice)*
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for BorgWarner Inc., and
BorgWarner Morse Tec Inc.*

12