IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HITACHI, LTD. and HITACHI AUTOMOTIVE )
PRODUCTS (USA), INC., )
                                       )
        Plaintiffs, )
                                         )
        v. )
                                         )        Civil Action No. 05–048–SLR
BORGWARNER INC. and BORGWARNER )
MORSE TEC INC., )
                                         )        **REDACTED**
        Defendants. )        **PUBLIC VERSION**
_____ )
BORGWARNER INC., )
                                         )
        Counterclaimant, )
                                         )
        v. )
                                         )
HITACHI, LTD. and HITACHI AUTOMOTIVE )
PRODUCTS (USA), INC., )
                                         )
        Counterdefendants. )
_____ )

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654–1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and
Hitachi Automotive Products (USA), Inc.*

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

William J. Robinson
Foley & Lardner LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-2223

Dated: December 19, 2006

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION....................................................................................................1

II.   ARGUMENT...........................................................................................................1

    A.    Willful Infringement Can Properly Be Decided On Summary Judgment
        In This Matter....................................................................................................1

III.  BW Did Not Identify Any Material Issues Of Fact Sufficient To Meet Its
    Burden Of Proving Willful Infringement...................................................................2

    1.    BW Did Not Present Any Actual Evidence Of Copying.........................3

        a.    Hitachi's Possession of BW's Alleged Confidential
            Information Alone Does Not Equate to Copying.......................4

        b.    BW Did Not Perform A Comparison To Demonstrate
            The Similarity Between The Accused VCT And The
            Patented Ideas..........................................................................5

        c.    The Timing Of Hitachi's Development Of The Accused
            VCT Precludes A Finding Of Copying ....................................6

    2.    The Sughrue Opinion Was Competent And Hitachi Exhibited A
        Good Faith Reliance On The Opinion......................................................7

        a.

        b.

        c.

**REDACTED**

        d.

        e.

    3.    Hitachi Has Not Engaged In Litigation Misconduct.............................14

IV.   CONCLUSION......................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abbott Labs. v. Diamedix Corp.*, 1998 WL 901671 (N.D. Ill. 1998) ..................................... 2

*Applera Corp. v. MJ Research Inc.*, 372 F. Supp. 2d 233 (D. Conn. 2005)......................... 10

*Arctic Cat, Inc. v. Injection Research Specialists, Inc.*,
    362 F. Supp. 2d 1113 (D. Minn. 2005) ........................................................ 2

*ATC Corp. v. Lydall, Inc.*, 159 F.3d 534 (Fed. Cir. 1998)...................................................... 1

*BIC Leisure Prods., Inc. v. Windsurfing Int'l Inc.*, 1 F.3d 1214
    (Fed. Cir. 1993) ........................................................................................... 2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..................................................................... 2

*Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1117 (E.D. Cal. 2002) ........................... 12

*Comark Commc'ns v. Harris Corp.*, 156 F.3d 1182 (Fed. Cir. 1998) ................................ 8-9

*GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189 (3d Cir. 2001) ...................................... 2

*Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. 2005) ........................................... 13

*In re Oetiker*, 977 F.2d 1443 (Fed. Cir. 1992) ..................................................................... 11

*Johns Hopkins Univ. v. Cell Pro*, 978 F. Supp. 184 (D. Del. 1997) .............................. 10, 13

*Michlin v. Canon, Inc.*, No. 00 CV 73306 DT, 2002 U.S. Dist. LEXIS 8079
    (E.D. Mich. Apr. 30, 2002) ........................................................................ 12

*Norian Corp. v. Stryker Corp.*, 363 F.3d 1321 (Fed. Cir. 2004) ............................................ 3

*NTP, Inc. v. Research in Motion, Ltd.*, 270 F. Supp. 2d 751 (E.D. Va. 2003) ..................... 12

*Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) .................................. 5, 7, 11, 14

*Simmons, Inc. v. Bombardier Inc.*, 328 F. Supp. 2d 1188 (N.D. Utah 2004) ........................ 2

*SRI Int'l, Inc. v. Adv. Tech. Labs., Inc.*, 127 F.3d 1462 (Fed. Cir. 1997) ....................... 12, 14

*State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) ...................... 4-5

*Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983) .................................... 11

*Toro Co. v. Ariens Co.*, 232 F.3d 915, 2000 WL 504209 (Fed. Cir. 2000).......................... 2

## TABLE OF AUTHORITIES

**Page(s)**

*Toro Co. v. Ariens Co.*, Civ. No. 3-96-416, 1998 U.S. Dist. LEXIS 22856
   (D. Minn. Sept. 2, 1998) ................................................................................. 2

*Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366 (Fed. Cir. 2002) .................. 2, 4

*Webloyalty.Com, Inc. v. Consumer Innovations, LLC*, No. 04-90-KAJ,
   2005 U.S. Dist. LEXIS 791 (D. Del. Jan. 13, 2005) .................................... 7

*Westvaco Co. v. Int'l Paper Co.*, 991 F.2d 735 (Fed. Cir. 1993) .......................................... 4

## I.   INTRODUCTION

BW's Opposition fails to set forth any genuine issues of material fact with respect to willful infringement. *First*, BW's theory that Hitachi copied the '738 patent and/or BW's confidential information remains unsupported by any evidence. All BW has alleged, and may be able to show, is that Hitachi knew of the '738 patent and possessed allegedly confidential information, *after* Hitachi had already began developing the accused VCTs.

*Second*, the evidence is clear that Hitachi obtained, and relied on in good faith, a competent opinion of counsel stating that Hitachi did not infringe the '738 patent and that the '738 patent was invalid. Because this constitutes such strong evidence of no willful infringement, BW attempts to make several minor attacks on the opinion, which are only attorney argument or completely unsupported by the evidence in this case.

*Third*, BW dedicates over four and half pages of its brief to Hitachi's alleged litigation misconduct. BW focuses on this issue, which is of no, or only marginal, relevance to willful infringement, in yet another attempt to paint Hitachi in a bad light in this litigation (while ignoring its own conduct).

BW cannot point to enough evidence, let alone clear and convincing evidence, to allow a reasonable jury to find willful infringement. Therefore, it is appropriate for the Court to grant Hitachi's motion, which will avoid the unnecessary time and expense that would be needed at trial on this issue.

## II.   ARGUMENT

### A.   Willful Infringement Can Properly Be Decided On Summary Judgment In This Matter

Contrary to BW's assertion, willful infringement can be, and often is, resolved on summary judgment. *See e.g.*, *ATC Corp. v. Lydall, Inc.*, 159 F.3d 534, 539 (Fed. Cir. 1998);

*Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 362 F. Supp. 2d 1113, 1117, 1128 (D. Minn. 2005) (granting summary judgment to dismiss patentee's claims of willful infringement); *Simmons, Inc. v. Bombardier Inc.*, 328 F. Supp. 2d 1188, 1206-07 (N.D. Utah 2004) (granting summary judgment of nonwillfulness); *Toro Co. v. Ariens Co.*, 232 F.3d 915, 2000 WL 504209, *1, * 9 (Fed. Cir. 2000) (non-precedential) (affirming summary judgment of no willful infringement); *Abbott Labs. v. Diamedix Corp.*, 1998 WL 901671, *5 (N.D. Ill. 1998) (non-precedential) (granting summary judgment of no willful infringement).

To avoid summary judgment, BW must go beyond the pleadings and establish a genuine issue of material fact as to willfulness. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). "Because willfulness must be proved by clear and convincing evidence, [Hitachi] is entitled to summary judgment if it can show that no reasonable jury could find willfulness by that standard." *Toro Co. v. Ariens Co.*, Civ. No. 3-96-416, 1998 U.S. Dist. LEXIS 22856 at *51, 55 (D. Minn. Sept. 2, 1998) (granting summary judgment of no willful infringement). Because BW has failed to meet this burden, summary judgment of no willful infringement is proper. *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189,199 (3d Cir. 2001).

## III.  BW DID NOT IDENTIFY ANY MATERIAL ISSUES OF FACT SUFFICIENT TO MEET ITS BURDEN OF PROVING WILLFUL INFRINGEMENT

BW, as the patentee, bears the burden of proving willful infringement by "clear and convincing" evidence. *BIC Leisure Prods., Inc. v. Windsurfing Int'l Inc.*, 1 F.3d 1214, 1222 (Fed. Cir. 1993). To satisfy that burden, BW must show that the totality of the circumstances evidence egregious conduct that constitutes willful infringement. *See Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1378-79 (Fed. Cir. 2002).

2

BW makes several conclusory allegations in an attempt to prove willful infringement, including: (1) Hitachi copied BW's VCT ideas, (2) Hitachi's opinion of counsel is incompetent and Hitachi did not rely on the opinion, and (3) Hitachi is guilty of litigation misconduct. Yet, with respect to each of these arguments, BW has not presented even "threshold evidence of culpable behavior." *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004).

### 1.    BW Did Not Present Any Actual Evidence Of Copying

To support its copying allegations, BW initially relies on a series of three confidentiality and collaboration agreements between Hitachi, Ltd. (and its subsidiary Hitachi Automotive Products (USA), Inc. ("HAP")) and BW related to VCT and electronic control technology.

**REDACTED**

BW's allegations that Hitachi somehow copied BW's alleged confidential information on the '738 patent in the accused VCT fall far short of meeting its burden of avoiding summary judgment for several reasons. *First*, BW has done nothing more than simply demonstrate that

BW shared certain alleged confidential information with Hitachi, which alone does not indicate that Hitachi engaged in any culpable behavior, especially since BW has not established a link between that information and the claimed method. *Second*, BW has not sufficiently compared the accused VCT and the alleged BW confidential information in such a way that the fact finder could determine that Hitachi copied anything from the alleged confidential BW information. *Third*, the evidence is undisputed that Hitachi and Unisia JECS developed and/or commercially sold the components in the accused VCT *well before* receipt of BW's alleged confidential information and discovery of the '738 patent. Before October 2002, Unisia JECS was a separate company from Hitachi, Ltd. and Hitachi, Ltd. did not sell any VCT components prior to that time.

### a. Hitachi's Possession of BW's Alleged Confidential Information Alone Does Not Equate to Copying

Mere possession of a patented device or the patent alone is not enough to establish copying; rather, the accused infringer must show a "deliberate disregard for the property rights of the patentee." *See Vulcan Eng'g*, 278 F.3d at 1378. For example, in *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1234-38 (Fed. Cir. 1985), the court found no willful infringement even though the accused infringer "carefully examined and tested" the patented device prior to developing its own product. Although the accused infringer studied the patented device, it "did not copy State's structure." *Id.* at 1238; *see also Westvaco Co. v. Int'l Paper Co.*, 991 F.2d 735, 745 (Fed. Cir. 1993). Here, BW has not shown that Hitachi incorporated or copied BW's allegedly confidential information into the accused VCTs. As such, Hitachi's mere possession of such confidential information, without more, cannot constitute copying. This is especially true given the lack of any established connection between the information and the claimed method.

**b.** **BW Did Not Perform A Comparison To Demonstrate The Similarity Between The Accused VCT And The Patented Ideas**

BW asserts that "[s]imilarity between the accused device and the patented device can, alone, be sufficient for a jury to find copying." Opp. Br. at 14-15. This is untrue. *See Read Corp.*, 970 F.2d 827 n.7 ("'Ideas' and 'design' would encompass, for example, copying the commercial embodiment, not merely the elements of a patent claim."). BW did not compare any of the features of the accused Hitachi VCT with BW's patented VCT or any of BW's alleged confidential information. This was no oversight, as there is no established link between the allegedly confidential information and the claimed method.

Such a comparison is required before a finding of copying can be made. *State Indus.*, 751 F.2d at 1234 (finding no copying after a comparison showed that the accused infringer had not incorporated the novel portions of the patented device into the accused device). Absent such a comparison, there is no support for any finding as to the similarity between the accused VCT and BW's patented VCT or its alleged confidential information.

Nor could BW have made an adequate comparison between the accused VCT and the patented VCT or confidential information.

# REDACTED

---

[1] Exs. 1-27 are found in Plaintiffs' Combined Appendix in Support of its Opening Summary Judgment Motions (D.I. 280). Exs. 27-48 are found in Plaintiffs' Combined Appendix in Support of its Summary Judgment Replies.

**REDACTED**

      c.       **The Timing Of Hitachi's Development Of The Accused VCT Precludes A Finding Of Copying**

The timing of BW's disclosure of confidential information to Hitachi and the issuance of the '738 patent precludes a finding that Hitachi copied BW's patented ideas for two important reasons. *First*, Unisia JECS had already developed the accused VCT prior to learning of the '738 patent in late 1998. *See* Ex. 37, Inuzuka 1/19/06 Dep. Tr. at 20-21.

*Second*, Unisia JECS also developed and commercially sold the accused VCT more than two years       **REDACTED**      , and well before its October 2002 merger with Hitachi. Ex. 37, Inuzuka 1/19/06 Dep. Tr. at 20-21; Schneider Decl., Ex. 31 at Tab 1, Exhibit A1. Prior to the October 2002 merger, Hitachi and Unisia JECS were completely separate companies,

      **REDACTED**

**REDACTED**  Therefore, there is no evidence that Unisia JECS copied the '738 patent or received and used any BW confidential information in developing the accused VCT.[2]

BW's assertion that Unisia JECS' evaluation and analysis of the '738 patent in 2002 (Schneider Decl., Ex. 11) is additional evidence of Hitachi's alleged copying is completely unfounded as well.  Opp. Br. at 15.  This too occurred well after Unisia JECS had already developed and began commercial sales of the accused VCT.  Ex. 37, Inuzuka 1/19/06 Dep. Tr. at 20-21; Schneider Decl., Ex. 31 at Tab 1, Exhibit A1.

## 2.    The Sughrue Opinion Was Competent And Hitachi Exhibited A Good Faith Reliance On The Opinion

Upon learning of the '738 patent, Hitachi (then Unisia JECS for VCT) received a well-reasoned and competent opinion of counsel (the "Sughrue Opinion") from Mr. Kasper of the Sughrue law firm in Washington, D.C.  The law is clear that such reliance on competent opinion of counsel provides compelling evidence of nonwillfulness.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 828-29 (Fed. Cir. 1992) ("Those cases where willful infringement is found despite the presence of an opinion of counsel generally involve situations where opinion of counsel was either ignored or found to be incompetent.").  BW makes several attacks on the Sughrue Opinion and Hitachi's/Unisia JECS's reliance thereon, but fails to raise a genuine issue of material fact to withstand summary judgment.

---

[2]  Hitachi's arguments regarding the timing and circumstances of Unisia JECS' development of the accused VCT is entirely proper under the local rules as well as the case law cited by BW in footnote 3 of its brief.  Hitachi is simply responding to the assertions made by BW in its opposition brief regarding the alleged copying.  *Webloyalty.Com, Inc. v. Consumer Innovations, LLC*, No. 04-90-KAJ, 2005 U.S. Dist. LEXIS 791, at *20-21 (D. Del. Jan. 13, 2005) (noting that it is permissible to raise new arguments in a Reply Brief when they are in response to arguments made in the Opposition Brief).

**a.     The Sughrue Opinion Analyzed A Prior VCT That Is
Closer To The '738 Patent Than The Accused VCT**

BW is incorrect that the Sughrue Opinion is incompetent for not analyzing the accused

VCT.

**REDACTED**

The accused VCT in this litigation, however, relies solely on oil pressure

control and does not use torque reversal.  Ex. 37, Inuzuka 1/19/06 Dep. Tr. at 28-29, 67, 77-78.

In other words, the accused VCT is even further away from the '738 patent than the

Unisia JECS device addressed in the opinion.  *Id.* at 78.

**REDACTED**

The *Comark* case relied upon by BW is distinguishable from the present case.  In

*Comark*, the accused infringer originally designed a product with a spectral analyzer, but later

removed the spectral analyzer over infringement concerns.  *Comark Commc'ns v. Harris

Corp.*, 156 F.3d 1182, 1192 (Fed. Cir. 1998).  After obtaining opinion of counsel on the non-

spectral analyzer product, the accused infringer changed the design back to include the spectral

analyzer without seeking an updated opinion. *Id*. Therefore, in *Comark*, the subsequent design change reincorporated the infringing aspect that was not a subject of the opinion. Here, the opposite occurred. The subsequent design change in the accused VCT even further removed it from any possibility of infringement than the components that were the subject of the opinion. Accordingly, it was reasonable for Hitachi to continue to rely on the Sughrue Opinion in good faith, especially with its design change.

           **b.**    **The Sughrue Opinion Defenses Are Similar To With The Defenses Hitachi Will Assert At Trial**

BW argues that Hitachi's invalidity defense at trial "will bear little resemblance to its opinion letter defense." Opp. Br. at 18 & n.10. This is wrong. Although Hitachi's invalidity defense includes additional references (such as the Butterfield Article that BW withheld from the USPTO),

**REDACTED**

9

**REDACTED**

The case law BW cites is not controlling here.  In *Johns Hopkins Univ. v. Cell Pro*, 978 F. Supp. 184, 194 (D. Del. 1997), in addition to not asserting a particular prior art reference during trial that was relied on in the opinion, the accused infringer also changed its entire invalidity strategy at trial to lack of enablement, which was inconsistent with the anticipation defense set forth in the opinion of counsel it claimed to have relied on.  Similarly, the accused infringer in *Applera Corp. v. MJ Research Inc.*, 372 F. Supp. 2d 233, 239 (D. Conn. 2005) also completely failed to assert at trial prior art references relied on in the invalidity opinion.

To                                  **REDACTED**

                                        That Hitachi has found additional prior art speaks to the clear invalidity of the '738 patent,                  **REDACTED**

                          Accordingly, BW has not raised any issue of fact to call into question Hitachi's good faith reliance on the invalidity defense set forth in the Sughrue Opinion.[3]

---

[3] BW has not presented any evidence that the non-infringement arguments asserted by Hitachi in this matter are different from the non-infringement arguments set forth in the Sughrue opinion.  Indeed, as explained above, certain noninfringement grounds for the accused VCT became even stronger than the noninfringement grounds for the VCT in the opinion.

**c.     The Sughrue Opinion Is Not Incompetent For Failing To Address Secondary Considerations That Did Not Exist At The Time The Opinion Was Prepared**

BW offers only attorney argument and cites no relevant case law[4] indicating that an opinion of counsel is incompetent if it does not analyze secondary considerations. Certainly, secondary considerations may be used by a patentee (like BW) to rebut a prima facie case of obviousness based on prior art references. *In re Oetiker*, 977 F.2d 1443, 1445 (Fed. Cir. 1992). However, an invalidity opinion cannot address secondary considerations for which the relevant information is available only to the patentee and not the party requesting an opinion of counsel.

REDACTED

BW only asserts such success or recognition as understood today in 2006, however.

REDACTED

BW has not alleged otherwise. Thus, BW's allegation regarding secondary considerations is irrelevant to the issue of willfulness. *Accord Read*, 970 F.2d at 829 (explaining that at the time the opinion was prepared, the accused infringer had not yet designed its device and therefore, opinion counsel "had no idea whether [the accused infringer] could design a commercially acceptable device").

---

[4] The only case BW cites in its brief relates to the need to address secondary considerations at trial, not in the context of preparing an invalidity opinion. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1539 (Fed. Cir. 1983) (noting that it was error for the judge to not make findings on secondary considerations).

d.    **The Sughrue Firm Was Independent And Objective In Preparing The Opinion**

Similarly, BW offers no case law and only attorney argument that the Sughrue law firm was not independent of Hitachi and therefore, could not have prepared an objective opinion. While the objectivity of an opinion is a relevant factor, *SRI Int'l, Inc. v. Adv. Tech. Labs., Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997), most, if not all, of the cases addressing the objectivity of opinion counsel refer to the independence (or lack thereof) of in-house counsel. *See, e.g., NTP, Inc. v. Research in Motion, Ltd.*, 270 F. Supp. 2d 751, 757 (E.D. Va. 2003) (calling into question the objectivity of opinion counsel because they were in-house rather than outside counsel); *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1117, 1122 (E.D. Cal. 2002) (noting that while there is no *per se* rule concerning in-house lawyers, "counsel's objectivity is an important factor") (citing *SRI Int'l*, 127 F.3d at 1467).

**REDACTED**

Other cases cited by BW question the independence of an opinion that was revised after receipt of comments on how to make the opinion more favorable. *See, e.g., Michlin v. Canon, Inc.*, No. 00 CV 73306 DT, 2002 U.S. Dist. LEXIS 8079, at *7-8 (E.D. Mich. Apr. 30, 2002) (explaining that the re-drafting of a draft opinion after receiving comments from trial counsel calls into question the independence of the opinion). No such facts exist in this case.

**REDACTED**

REDACTED

Accordingly, there is no evidence,

direct or circumstantial, to show that Mr. Kasper failed to draft the Sughrue Opinion

independently of Unisia JECS.

e.    **Hitachi And Unisia JECS Actually Relied On The Opinion Of Counsel In The Course Of Its VCT Business**

REDACTED

Opp. Br. at 6.  This allegation is both

incorrect and misleading.  Unisia JECS is a predecessor of Hitachi and became a division in

Hitachi upon its merger into Hitachi.

REDACTED

Contrary to the situation in *Harris v. Ericsson,*

REDACTED

*Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1259

(Fed. Cir. 2005) (finding willful infringement where the evidence suggested that "little, if any,

attention was given to the [opinion].").  In addition, BW's reliance on *Johns Hopkins*, 978 F.

Supp. at 194, provides no guidance here because BW has presented no evidence that Hitachi

did not request and/or consider the opinion until after making the decision to proceed with the

allegedly infringing VCT.   Hence, BW has not met its burden of pointing to evidence indicating that Unisia JECS and Hitachi did not rely on the Sughrue Opinion in good faith in deciding to sell the accused VCT.

### 3.    Hitachi Has Not Engaged In Litigation Misconduct

BW has greatly exaggerated Hitachi's so-called litigation misconduct, both in terms of its existence and its relevance to the issue of willful infringement.  The Federal Circuit initially considered the issue of litigation misconduct as a factor for enhancing damages only after willful infringement is found.  *Read*, 970 F.2d at 827 (Fed. Cir. 1992).   While courts have subsequently applied the *Read* factors in determining willful infringement as well, the Federal Circuit has stated that the "egregiousness of the infringer's conduct may receive greater emphasis" as a consideration for enhanced damages as compared to willfulness.  *See SRI Int'l*, 127 F.3d at 1469.

BW points to supposed instances of litigation misconduct,[5]

**REDACTED**

---

[5]

**REDACTED**

14

REDACTED                                    BW's attempt to show

contradictions where none exist merely demonstrates BW's continued quest to place Hitachi in

a bad light.  In so doing, BW tries to keep the light from shining on its own conduct in this case.

      BW's accusations fall quite close to its own home, as it has followed much of the same

types of conduct it now asserts to constitute litigation misconduct.

REDACTED

                                                                  It is highly

unlikely that BW would consider its own similar conduct during this case to be litigation

misconduct.[6]  As such, BW's unfounded accusations should be summarily dismissed.

---

[6] Furthermore, BW has actually encouraged the conduct it now complains of.  In its brief,
BW points to a deposition where a Hitachi witness supplemented his answer after
conferring with counsel.  Opp. Br. at n.4.  What BW fails to note, however,

REDACTED

## IV.     CONCLUSION

For each and all of the foregoing reasons, Hitachi respectfully submits that its motion

for summary judgment of no willful infringement should be granted.


ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs Hitachi, Ltd. and*
*Hitachi Automotive Products (USA), Inc.*

*Of Counsel:*

Kenneth E. Krosin
Michael D. Kaminski
Pavan K. Agarwal
C. Edward Polk
Liane M. Peterson
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
(202) 672-5300

William J. Robinson
FOLEY & LARDNER LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
(310) 277-2223

Dated: December 19, 2006
176220.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2006, the attached **REDACTED**

**PUBLIC VERSION OF PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO**

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL**

**INFRINGEMENT** was served upon the following counsel of record in the manner indicated:

Richard K. Herrmann, Esquire                    <u>HAND DELIVERY</u>
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19801

Hugh A. Abrams, Esquire                       <u>VIA FEDERAL EXPRESS</u>
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

*/s/ John G. Day*

John G. Day

154486.1